Shannon C. Williams, Esq. (SBN 196787)
Katelyn M.W. Burnett, Esq. (SBN 290812)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Phone: (949) 427-2010
Fax: (949) 427-2732
Email: kburnett@ghidottiberger.com

Attorneys for Defendants SN SERVICING CORPORATION and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST (erroneously sued as US BANK, N.A.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;

Plaintiffs,

v.

SETERUS, INC., a business entity; DOES 1 THROUGH 10 INCLUSIVE,

Defendants.

CASE NO.: 3:21-cv-02560-LB

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

**[Fed. R. Civ. P. 12(b)(6)]**

Hearing
Date: June 10, 2021
Time: 9:30 a.m.
Ctrm: B – 15th Floor
Judge: Laurel Beeler
Location: San Francisco Courthouse
450 Golden Gate Avenue
15th Floor, Courtroom B
San Francisco, CA 94102

/ / /

/ / /

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 10, 2021, or as soon thereafter as the matter may be heard in Courtroom B-15th Floor, of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants SN SERVICING CORPORATION ("SN") and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST ("US Bank") (together, "Defendants") will move this Court to dismiss the Second Amended Complaint of Plaintiffs TIMOTHY BOSTWICK and MICHELE NESSIER (together, "Plaintiffs") without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Second Amended Complaint fails to state any claim against Defendants upon which relief may be granted.

By this Motion, Defendants seek an Order from the Court granting the following relief:

1. Dismissing Defendants from Plaintiffs' First Cause of Action for Violation of California Civil Code Section 2923.7 because Plaintiffs have failed to state a claim against Defendants upon which relief may be granted.

2. Dismissing Defendants from Plaintiffs' Second Cause of Action for Violation of California Civil Code Section 2924c because Plaintiffs have failed to state a claim against Defendants upon which relief may be granted.

3. Dismissing Defendants from Plaintiffs' Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing because Plaintiffs have failed to state a claim against Defendants upon which relief may be granted.

4. Dismissing Defendants from Plaintiffs' Fifth Cause of Action for Violation of Business and Professions Code Section 17200 because Plaintiffs have failed to state a claim against Defendants upon which relief may be granted.

/ / /

/ / /

/ / /

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Request for Judicial Notice filed concurrently herewith, the pleadings and records on file, and such other argument or evidence as may be presented to the Court at the hearing on the motion.

Respectfully submitted,

DATED: April 29, 2021

**GHIDOTTTI | BERGER, LLP**

_/s/ Katelyn M.W. Burnett_
Katelyn M.W. Burnett, Esq.
Attorneys for Defendant SN SERVICING CORPORATION and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST (erroneously sued as US BANK, N.A.)

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

A. Loan Origination and Default ..... 2

B. Plaintiff MICHELE NESSIER'S Chapter 11 Bankruptcy Petition and Failure to Schedule Claims ..... 3

C. Procedural History ..... 3

III. ARGUMENT ..... 3

A. LEGAL STANDARD ..... 3

B. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF CIVIL CODE § 2923.7 ..... 5

C. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF CIVIL CODE § 2924C ..... 6

D. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING ..... 7

a. Defendants Performed On Obligations Under The DOT ..... 7

b. Plaintiffs Did Not Perform On Obligations Under The DOT ..... 8

c. Plaintiffs Do Not Set Forth A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing ..... 8

E. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE BUSINESS AND PROFESSIONS CODE § 17200 ..... 9

a. Plaintiffs Cannot Establish Standing To Bring A UCL Claim ..... 9

b. Plaintiffs Lack a Viable Predicate Violation of Law to Support their UCL Claim ..... 10

F. THE CLAIMS IN THIS ACTION ARE BARRED BY JUDICIAL ESTOPPEL ..... 10

a. Nessier Has Taken Two Positions ..... 11

b. Nessier's Positions Were Taken In Judicial Proceedings ..... 11

c. Nessier Was Successful In Asserting The First Position ..... 12

d. Nessier's Two Positions Are Totally Inconsistent ..... 12

e. Nessier's First Position Was Not A Result Of Ignorance, Fraud, Or Mistake ..... 12

G. LEAVE TO AMEND SHOULD BE DENIED ..... 13

IV. CONCLUSION ..... 13

**TABLE OF AUTHORITIES**

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 4, 6

*Balisteri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ........ 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 4, 7

*Bell v. Wells Fargo Bank, NA*, 663 Fed. Appx. 549 (9th Cir. 2016) ........ 9

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) ........ 3

*Dare v. Aegis Wholesale Corp*., 15-CV-02833 JAH(KSC), 2017 WL 1135587, at *7 (S.D. Cal. Mar. 27, 2017) ........ 5

*Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003) ........ 13

*Foman v. Davis,* 371 U.S. 178 (1962) ........ 13

*Galvez v. Wells Fargo Bank, N.A.* (N.D. Cal., Oct. 4, 2018, No. 17-CV-06003-JSC) 2018 WL 4849676, at *6 ........ 5

*Harvey v. Bank of America, N.A.*, 906 F.Supp.2d 982, 991 (N.D. Cal. 2012) ........ 7

*HPG Corp. v. Aurora Loan Services, LLC* (E.D. Cal. 2010) 436 B.R. 569 ........ 12

*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999) ........ 5

*Junod v. Mortg. Elec. Registration Sys., Inc.*, 584 Fed. Appx. 465 (9th Cir. 2014) ........ 9

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........ 5

*Kaurloto v. U.S. Bank, N.A.*, 2016 WL 6808117 (C.D. Cal. Nov. 17, 2016) ........ 10

*Moss v. United States Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ........ 4

*Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1988) ........ 4

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986) ........ 13

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ........ 5

**State Cases**

*Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 140 Cal. Rptr. 3d 796 (2012) .......................... 10

*Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086 (1995) .............................................. 11

*Hanna v. Los Angeles County Sheriff's Dept.,* 102, Cal.App.4th 887 (2002).................................... 11

*International Engine Parts, Inc.v. Feddersen & C.,* 64 Cal.App.4th 345 (1998)......................... 10, 11

*Jackson v. County of Los Angeles,* 60 Cal.App.4th 171 (1997).................................................. 10, 11

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 156 Cal. Rptr. 3d 912 (2013) ........ 9

*Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 107 Cal. Rptr. 2d 209 (2001)........................... 10

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 246 P.3d 877, 120 Cal. Rptr. 3d 741 (2011) ........ 9

*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* 36 Cal.4th 412, (2005) ........................................................................................................................ 10, 11

*People ex rel. Sneddon v. Torch Energy Services, Inc.* 102 Cal.App.4th 181 (2002) ....................... 10

*Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940, 134 Cal. Rptr. 2d 101 (2003)........... 10

*Thomas v. Gordon,* 85 Cal.App.4th 113 (2000) ............................................................................ 11, 12

**Statutes**

Cal. Bus. & Prof. Code § 17200 ....................................................................................................... 1, 9

Cal. Bus. & Prof. Code § 17204 ........................................................................................................... 9

Civil Code § 2923.7 ...................................................................................................................... 1, 5, 6

Civil Code §2924.15 .......................................................................................................................... 5, 6

Civil Code § 2924c ....................................................................................................................... 1, 6, 8

Fed. R. Civ. P. 12(b)(6)..................................................................................................................... 3, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants SN SERVICING CORPORATION ("SN") and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST ("US Bank") (together, "Defendants") respectfully submit this memorandum of points and authorities in support of their motion to dismiss Plaintiffs TIMOTHY BOSTWICK and MICHELE NESSIER's (together, "Plaintiffs") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiffs' SAC represents a years-long attempt to delay foreclosure proceedings in connection with their vacation property located at 14049 Skislope Way, Truckee, California 96161 ("Subject Property").

It is clear that each of Plaintiffs' individual claims fail as a matter of law. Indeed, by Plaintiffs' own admission the Subject Property is not their primary residence, making Civil Code section 2923.7 inapplicable to the facts of this matter. This is not an issue that can be amended; it represents a fatal defect in the first cause of action.

Similarly, Plaintiffs' second cause of action is based on an alleged failure to "promptly" issue a reinstatement quote. However, neither the word "prompt" nor any similar word, appears in Civil Code section 2924c. Plaintiffs admit in the SAC that a reinstatement quote was requested and subsequently provided, which is consistent with the requirements of Civil Code section 2924c. This is not an issue that can be amended; it represents a fatal defect in the second cause of action.

The Plaintiffs set forth an identical rationale in the third cause of action, relying on the language of the Deed of Trust at issue in these proceedings, instead of Section 2924c. However, that Deed of Trust and Section 2924c set forth the same guidelines for reinstatement as far as Plaintiffs' allegations are concerned. Again, Plaintiffs admit in the SAC that a reinstatement quote was requested and provided within days, in keeping with the language of the Deed of Trust in this matter. This issue is not an issue that can be amended; it represents a fatal defect in the third cause of action.

Finally, Plaintiffs' fifth cause of action fails with the prior causes of action. Plaintiffs' claim for alleged violations of the Business and Professions Code section 17200 is predicated on the same allegations that form the basis for their other failed claims. As Defendants did not violate any statutes or fail to fulfill any obligations that would support a claim in the first three causes of action, Defendants have not engaged in any unfair acts sufficient to support a claim for the final cause of action. This issue is not an issue that can be amended; it represents a fatal defect in the third cause of action. Accordingly, Defendants respectfully request that the Court grant this motion, and dismiss Plaintiffs' SAC without leave to amend.

## II. STATEMENT OF FACTS

### A. Loan Origination and Default

On June 20, 2013, Plaintiffs obtained a $403,350.00 mortgage loan secured by the Subject Property, by executing a promissory note ("Note") secured by a recorded Deed of Trust ("DOT") (obligations under the Note and DOT are collectively referred to as the "Loan").The DOT was recorded into the Official Records of Nevada County as document number 20130018679 on July 1, 2013. (See Request for Judicial Notice ["RJN"], Ex. 1.)

On or about July 27, 2018, a Notice of Default ("NOD") was recorded against the Subject Property by then Trustee and non-party to this action, PLM Loan Management Services, Inc., stating that Plaintiffs were in default of the Loan as of April 1, 2017. (RJN, Ex. 2.)

On or about November 12, 2020, a substitution of trustee was recorded in the Official Records of Nevada County as document number 20200030733, designating Prestige Default Services as Trustee. (RJN, Ex. 3.)

On or about November 18, 2020, a Notice of Trustee's Sale ("NOTS") was recorded in the Official Records of Nevada County as document number 20200031506, stating an unpaid balance of $447,255.50 and setting the sale for January 4, 2021. (RJN, Ex. 4.) Plaintiffs allege that they requested a reinstatement quote for the Loan on December 11, 2020 and Defendants complied with that request on December 21, 2020. (SAC, ¶ ¶ 46, 49.)

Plaintiff MICHELE NESSIER ("Nessier") filed for Chapter 11 Bankruptcy in the U.S. Bankruptcy Court for the Northern District of California on December 27, 2021. (RJN, Ex. 8, 9.)

**B. Plaintiff MICHELE NESSIER'S Chapter 11 Bankruptcy Petition and Failure to Schedule Claims**

Plaintiff MICHELE NESSIER ("Nessier") filed for Chapter 11 Bankruptcy in the U.S. Bankruptcy Court for the Northern District of California on December 27, 2021. (SAC ¶ 48; RJN, Ex. 8, 9.) Nessier filed schedules in connection with her petition confirming the following facts under penalty of perjury: (1) SN has a secured claim against the Subject Property; and (2) Nessier does not have any claims against third parties, such as Defendants. (See RJN, Ex. 8, Schedule A/B Property, Part 4, Question 33; Schedule D: Creditors Who Have Claims Secured by Property, Part 1, Question 2.4.) Nessier's petition remains before the Northern District of California. (RJN, Ex. 9.)

**C. Procedural History**

Plaintiffs initiated this action in San Francisco County Superior Court on January 22, 2019, asserting claims against Defendant SETERUS, INC. ("Seterus"). (RJN, Ex. 5.) On February 5, 2019, Plaintiffs filed a First Amended Complaint, again asserting claims against Seterus. (RJN, Ex. 6.) Plaintiffs and Seterus litigated this matter for almost two years before Plaintiffs filed a Motion to Amend in order to add additional defendants and supplemental allegations.

Plaintiffs filed the SAC on March 8, 2021 expressly naming SN and US Bank as direct defendants. (RJN, Ex. 7.) Neither SN or US Bank have been served with the SAC.

SN timely filed to remove the action to this Court on April 8, 2021. (See Docket.) The instant motion to dismiss follows.

## III. ARGUMENT

**A. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Dismissal is proper if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " (*Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balisteri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).) "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citation omitted.) "[F]actual allegations must be enough to raise a right to relief above the speculative level." (*Id.*)

To survive a motion to dismiss, a plaintiff must do more than assert "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly*, 550 U.S. at 555.) A complaint must provide "enough facts to state a claim to relief that is plausible on its face." (*Twombly*, 550 U.S. at 570.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft*, 556 U.S. at 677-78.) The claim must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." (*Id.* at 678, citing *Twombly,* 550 U.S. at 556.) A plausible claim requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. (*Twombly*, 550 U.S. at 556.)

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. (*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1988).) However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." (*Ashcroft*, 556 U.S. at 679; *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ["[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."].)

In its ruling, a court may also consider both exhibits attached to, or alleged in, the challenged complaint and judicially noticeable matters. (*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).)

**B. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF CIVIL CODE § 2923.7**

The first cause of action alleges a violation of Civil Code section 2923.7 for failure to appoint a single point of contact ("SPOC") for communication regarding the loan modification review and foreclosure. (SAC, ¶ 54.) Plaintiffs further allege that after making thirty three calls and leaving three voicemail messages for SN on Friday, December 11, 2020 they received a reinstatement quote from SN within six (6) business day providing a reinstatement quote. (SAC, ¶ 46.)

This first cause of action fails for a number of reasons. First, Civil Code section 2923.7 only applies to mortgages or deeds of trust described in Civil Code section 2924.15. By Plaintiffs' own admission, their Loan does not qualify under Civil Code section 2924.15 because subdivision (a)(1)(B) of that section specifies that the property must be the principal residence of the borrower. The Subject Property is located in Truckee, California in Nevada County. (SAC, ¶ 2.) Plaintiffs, meanwhile, admit that they reside in the City of San Francisco in San Francisco County. (SAC, ¶ 4.) Nessier also filed a Voluntary Petition for Individuals Filing for Bankruptcy on December 27, 2021 and explicitly stated that she lives in San Francisco. (RJN, Ex. 8.) By Plaintiffs' own admission, the Subject Property is not their primary residence, and thus, Civil Code section 2923.7 is not applicable to Plaintiffs' Loan.

Second, even if Section 2923.7 did apply, to state a claim under the statute Plaintiffs must allege that they *requested* a single point of contact. It is not enough to allege that one was not designated for them—the requirement to designate a SPOC is only triggered upon request from a borrower. (*see Galvez v. Wells Fargo Bank, N.A.* (N.D. Cal., Oct. 4, 2018, No. 17-CV-06003-JSC) 2018 WL 4849676, at *6; *see also Dare v. Aegis Wholesale Corp.*, 15-CV-02833 JAH(KSC), 2017 WL 1135587, at *7 (S.D. Cal. Mar. 27, 2017).) Here, Plaintiffs do not allege that they requested a SPOC and, therefore, they cannot maintain a claim pursuant to Section 2923.7.

Accordingly, Plaintiffs first cause of action must fail. Civil Code section 2923.7 does not apply to Plaintiffs' Loan when, by Plaintiffs' own admission, the Subject Property is not Plaintiffs' primary residence as required by Section 2924.15 and Section 2923.7. Even if the Subject Property and Plaintiffs' Loan were subject to Section, 2923.7, Plaintiffs did not request a SPOC. Further, Plaintiffs were provided a reinstatement quote within six (6) business days. This claim cannot be cured of its defect. The first cause of action must be dismissed without leave to amend.

**C. <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF CIVIL CODE § 2924c</u>**

Plaintiffs' second cause of action is for violation of Civil Code section 2924c: Defendants' alleged failure to provide Plaintiffs with a reinstatement quote. (SAC, ¶ 63.) However, Plaintiffs' own allegations contradict this claim. Plaintiffs allege that they began repeatedly calling SN on Friday, December 11, 2020, ostensibly to request a reinstatement quote. (SAC, ¶ 46.) Plaintiffs admit that SN provided a reinstatement quote on December 21, 2020. (SAC, ¶ 49.) Perhaps recognizing the fact this admission is fatal to their claims, Plaintiffs attempt to argue that SN violated Section 2924c by not providing the reinstatement quote "promptly" enough. This argument fails for a number of reasons. First, Plaintiffs have failed to cite any legal authority specifying the timeframe within which a reinstatement quote must be provided upon request. Second, Plaintiffs fail to explain how they were prejudiced by receiving the reinstatement quote on December 21 as opposed to December 11.

Section 2924c provides that a borrower has a right of reinstatement up to 5 days prior to the date of the scheduled foreclosure sale. Here, Plaintiffs admit that they received the reinstatement quote 13 days prior to the scheduled foreclosure sale, yet they nevertheless failed to reinstate the Loan. While they complain they did not receive the quote "promptly" enough, they fail to explain how this alleged delay in any way affected their ability to reinstate the loan and, therefore, fail to state a plausible claim for relief under Civil Code section 2924c. Put simply, if Plaintiffs are alleging that the alleged delay caused them harm, they are required to assert facts to support that assertion. (*See Ashcroft*, *supra,* 556 U.S. at 679.)

Plaintiffs' issue pursuant to the reinstatement quote is really that they felt the quote was incorrect. (SAC, ¶ 49.) Interestingly, the SAC acknowledges that the precise amount required for a borrower to reinstate may include amounts not shown in the notice of default and therefore only known to the Beneficiary or Loan Servicer. (SAC, ¶ 63.) This, however, is again beside the point as Plaintiffs admit that SN provided the restatement quote. (SAC, ¶ 49.) Hence, SN did not violate Section 2924c. If Plaintiffs are correct and there were inaccuracies in the reinstatement quote, Section 2924c is not the appropriate mechanism by which to seek restitution. The second cause of action must be dismissed without leave to amend.

**D. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiffs allege that Defendants breached the covenant of good faith and fair dealing by purportedly failing to promptly provide a reinstatement quote, pursuant to the terms of the DOT. To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must show: "(1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." (*Harvey v. Bank of America, N.A.*, 906 F.Supp.2d 982, 991 (N.D. Cal. 2012).) Here, using conclusory language, Plaintiffs assert that all or substantially all of their obligations were met under the DOT, and that Defendants unfairly interfered with Plaintiffs' right to receive the benefits of the contract. Plaintiffs' allegations fall woefully short of the requirements to state a plausible claim for relief. (*Twombly,* 550 U.S. at 556.) Essentially, Plaintiffs restate the allegations set forth in the second cause of action, basing them on a vaguely stated contractual obligation this time around. Despite the different name applied to the building blocks, the flaws in the argument remain.

**a. Defendants Performed On Obligations Under The DOT**

Per the DOT, Plaintiffs have a right to reinstatement provided certain factors are met. As

with Civil Code section 2924c, the DOT provides that a borrower has a right of reinstatement up to five (5) days prior to the date of the scheduled foreclosure sale. Here, Plaintiffs admit they were provided with a reinstatement quote approximately thirteen (13) days prior to the date of the scheduled foreclosure sale. (SAC, ¶ 49; RJN, Ex. 4.) Defendants clearly did not interfere with Plaintiffs' right to receive the benefits under the DOT. The DOT gives Plaintiff a contractual basis for reinstatement up to five (5) days prior to a foreclosure sale. Plaintiffs admit they had all the information they needed in order to reinstate the Loan within the timeframe allowed under the DOT, and simply chose not to do so. Instead, they filed a frivolous bankruptcy petition to frustrate the beneficiary's rights under the DOT.

**b. Plaintiffs Did Not Perform On Obligations Under The DOT**

Plaintiffs' assertion in the SAC that they had substantially performed on their obligations under the DOT are belied by other assertions in the SAC. Plaintiffs' statement that they complied with the terms of the DOT are allegedly supported by their email requesting foreclosure prevention alternatives and multiple phone calls to SN in December 2020. (SAC, ¶ 71.) Elsewhere in the SAC, Plaintiffs allege that they were informed that SN was the servicer on their Loan as of January 7, 2019 and that payment should be made thereto. (SAC, ¶ 19.) Plaintiffs then state that they became confused about where to make payments. (SAC, ¶ 22.) The DOT contains language stating that payments are due under the Note through periodic payment when notice, such as that described in Paragraph 19 of the SAC requiring payment to be made to SN, is provided. (RJN, Ex. 1 at pp. 3, 9.) SAC does not allege that any payments have ever been made to SN or that in their confusion, Plaintiffs made payments to Defendant Seterus. Accordingly, Plaintiffs have made the case that they did not substantially perform under the terms of the DOT, without making a valid claim that Defendants failed to perform under the terms of the DOT.

**c. Plaintiffs Do Not Set Forth A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing**

Plaintiffs have not set forth any facts alleging that Defendants unfairly interfered with Plaintiffs' right to receive the benefits of the contract or otherwise breached the covenant of good

faith and fair dealing. SN provided the reinstatement requested within a matter of days of Plaintiffs' request. (SAC, ¶¶ 46, 49.) Further SN provided the reinstatement quote prior to the five (5) day deadline for reinstatement set forth in the DOT. (SAC, ¶ 49; RJN, Ex. 4.) The third cause of action must be dismissed.

**E. <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE BUSINESS AND PROFESSIONS CODE § 17200</u>**

**a. Plaintiffs Cannot Establish Standing To Bring A UCL Claim**

Plaintiffs have standing to pursue a UCL claim only if they has suffered "injury in fact" and "has lost money or property" because of the unfair competition. (*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320-21, 246 P.3d 877, 883-84, 120 Cal. Rptr. 3d 741, 749-50 (2011); *see also* Cal. Bus. & Prof. Code § 17204.) Here, Plaintiffs utterly fail to allege a single fact showing how Defendants caused them any economic injury. Rather, they makes vague reference to unfair practices and unwarranted fees, while still trying to pin this claim on the defective third cause of action for breach of good faith and fair dealing. (SAC at ¶¶ 79, 81.)

Further, in the context of a defaulting borrower, such as here, defaulting on a mortgage loan prior to the alleged unfair acts negates causation. (*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523, 156 Cal. Rptr. 3d 912, 933-34 (2013), disapproved on other grounds in *Yvanova*, 62 Cal. 4th at 939, 365 P.3d at 859, 199 Cal. Rptr. 3d at 82, fn. 13; *see also Bell v. Wells Fargo Bank, NA*, 663 Fed. Appx. 549, 552-53 (9th Cir. 2016); *see also Junod v. Mortg. Elec. Registration Sys., Inc.*, 584 Fed. Appx. 465, 469 (9th Cir. 2014).) Here, Plaintiffs state they became confused about to whom to make payments beginning in December 2018 and thus were unable to respond to collection efforts made by prior servicer, Seterus. (SAC at ¶¶ 16-21.) Further, the nonjudicial foreclosure proceedings at issue in Plaintiffs' SAC began after they defaulted, as common sense would suggest. (RJN, Ex. 4.) As such, even if Plaintiffs could establish injury, they cannot establish causation and therefore lacks standing to bring their UCL claim.

/ / /

/ / /

**b. Plaintiffs Lack A Viable Predicate Violation Of Law To Support Their UCL Claim**

UCL claims are "predicated entirely upon a violation of another statutory or common law." (*Kaurloto v. U.S. Bank, N.A.*, 2016 WL 6808117, *7 (C.D. Cal. Nov. 17, 2016).) Therefore, UCL claims depend "on the fate of antecedent substantive causes of action." (*Id.*, citing *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178, 107 Cal. Rptr. 2d 209, 219-20 (2001).) It is well settled that without an underlying unlawful act, a UCL claim cannot survive. (*See Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185, 140 Cal. Rptr. 3d 796, 801 (2012) [" ' "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." ' (citation.) 'Virtually any law—federal, state or local—can serve as a predicate for a (UCL) action.' (citation.) When a statutory claim fails, ***a derivative UCL claim also fails***."], boldface and italics added; see also *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940, 134 Cal. Rptr. 2d 101, 116 (2003) [success under the "unfair" prong of the UCL also requires that the alleged misconduct be "tethered to any underlying unconstitutional, statutory or regulatory provision."].) Given that Plaintiffs' preceding causes of action fail, Plaintiffs' UCL claim fails as there is no predicate violation of law that Plaintiffs can rely upon. For all of the above reasons, Plaintiffs cannot pursue their UCL claim against Defendants.

**F. <u>THE CLAIMS IN THIS ACTION ARE BARRED BY JUDICIAL ESTOPPEL</u>**

Judicial estoppel is an equitable doctrine. (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* 36 Cal.4th 412, 422 (2005): *International Engine Parts, Inc.v. Feddersen & C.*. 64 Cal.App.4th 345, 350 (1998).) It may be invoked to preclude a litigant from obtaining an unfair advantage by taking a position in a judicial or administrative proceeding that is inconsistent with a position successfully asserted by the litigant in an earlier proceeding. (*See Jackson v. County of Los Angeles* 60 Cal.App.4th 171, 183 (1997).) Because it is an equitable doctrine, the decision whether to apply judicial estoppel rests in the sound discretion of the trial court. (*See People ex rel. Sneddon v. Torch Energy Services, Inc.* 102 Cal.App.4th 181, 189 (2002).) Judicial estoppel applies when: (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial

administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake. (*Jackson*, 60 Cal.App.4th at 183; *MWErectors, Inc.,* 36 Ca1.4th at 422-423.) The doctrine serves to protect the integrity of the judicial process by preventing a litigant from intentionally adopting inconsistent positions to obtain an unfair advantage in successive proceedings. (*Hanna v. Los Angeles County Sheriff's Dept.,* 102 Cal.App.4th 887, 896 (2002).) Importantly, judicial estoppel does not require reliance or prejudice before a party may invoke it. (*Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086, 1092 (1995).)

In California, judicial estoppel has been invoked to prevent a litigant from claiming in a lawsuit an interest in property that the litigant failed to disclose or intentionally concealed during a prior bankruptcy. (*Thomas v. Gordon,* 85 Cal.App.4th 113 (2000); *International Engine Parts, Inc., supra,*, 64 Cal.App.4th 345; *Billmeyer*, 42 Cal.App. 4th 1086.) Because Nessier is doing precisely that — claiming in this case an interest in pre-petition claims that Nessier failed to disclose in her bankruptcy proceedings — judicial estoppel should be invoked here.

**a. Nessier Has Taken Two Positions**

As noted above, the Bankruptcy Code places an affirmative duty on the debtor to schedule all assets in the bankruptcy petition, including pre-petition causes of action. (*See Cusano*, 264 F.3d at 945-947.) Here, however, Nessier failed to schedule any claims brought in this matter. (Compare RJN, Ex. 8 with RJN Ex. 5, 6.) Clearly, Nessier did not consider herself to have an interest in these claims for purposes of bankruptcy, yet Nessier — by filing the SAC against Defendants on or about March 8, 2021— ostensibly contends otherwise now.

**b. Nessier's Positions Were Taken In Judicial Proceedings**

Both of Nessier's position with respect to the claims in the SAC were taken in judicial proceedings: first, Nessier's December 2020 Chapter 11 Bankruptcy; and second Nessier's March 2021 SAC.

/ / /

**c. Nessier Was Successful In Asserting The First Position**

Because of the singular nature of bankruptcy law, Nessier obtained legal benefits — an automatic stay which delayed the foreclosure sale scheduled on January 4, 2021. (See RJN, Ex. 4, 8; SAC ¶ 48.) "When a debtor files a bankruptcy petition, an automatic stay immediately arises. The scope of the stay is quite broad. It is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in non-bankruptcy for or against the debtor or affecting the property of the estate." (*Thomas*, 85 Cal.App.4th at 119-120.)

A federal district court in California has decided a case very similar to Davis's case. In *HPG Corp. v. Aurora Loan Services, LLC* (E.D. Cal. 2010) 436 B.R. 569, two of the plaintiffs were home loan borrowers who had filed for bankruptcy prior to filing suit against their loan servicer. Neither plaintiff disclosed claims against the servicer in the bankruptcy filings. (*Id.* at 577-78.) The Court observed that it was not necessary for a debtor to receive a discharge of debts through the bankruptcy process in order to be "successful" in asserting its position. "By filing their petitions with the bankruptcy court, the debtors, by operation of laws that initially presume the filing of good-faith and truthful petitions, received the benefit of automatic stays from the bankruptcy courts." (*Id.* at 578.)

Here, Nessier admits she filed her Chapter 11 Bankruptcy petition in order to save her home — an objective she was successful in achieving. (See SAC, ¶48.) Thus, Nessier succeeded in asserting her first position.

**d. Nessier's Two Positions Are Totally Inconsistent**

Nessier failed to schedule *any claims* against *any* defendant in this action. Further, Nessier failed to schedule any claims arising from any alleged loan reinstatement quote issue. Indeed, despite the fact that Plaintiffs filed this ongoing action against Seterus more than two years ago, Nessier failed to schedule any claims whatsoever.

As such, for Nessier to now claim in this action any interest in any pre-petition claims against Defendants would be completely and totally inconsistent.

**e. Nessier's First Position Was Not A Result Of Ignorance, Fraud, Or Mistake**

There is no indication that Defendants prevented Nessier from scheduling her claims against

SN or US Bank in her bankruptcy action. To the contrary, Nessier is represented by counsel in her bankruptcy proceeding and all of the facts allegedly supporting Nessier's claims against Defendants occurred prior to the date she filed her bankruptcy schedules. (SAC; RJN Ex. 8.) There do not appear to be any facts to support the inference that Nessier's failure to schedule her claims against Defendants were the result of fraud, ignorance, or mistake. Accordingly, because all the elements of judicial estoppel are met in this case, judicial estoppel should be applied to bar Nessier's claims.

### G. LEAVE TO AMEND SHOULD BE DENIED

A court has discretion to deny leave to amend if amendment would be futile. (*Foman v. Davis* 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.* 316 F.3d 1048, 1052 (9th Cir. 2003) [dismissal without leave to amend is proper if a pleading's defects clearly cannot be cured by amendment].) Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).) Here, amendment would be futile because Plaintiffs could not possibly cure the defective causes of action set forth. Civil Code sections cannot be warped to apply to inapplicable facts. Plaintiffs cannot invalidate lawful activity by creating requirements for Defendants after the fact, such as with Plaintiffs demand for "prompt" action. Lastly, Plaintiffs cannot change the fact that they defaulted prior to the alleged misconduct and therefore cannot establish causation for his UCL claim. As such, leave to amend should be denied.

## IV. CONCLUSION

The instant SAC should be dismissed with prejudice. No cause of action, based on the facts currently alleged, can survive a Rule 12(b)(6) attack. Plaintiffs cannot allege any facts against Defendants that would be sufficient to state a claim for relief. The first two causes of action cite to statutes that do not apply to the facts of this matter and do not support Plaintiffs' position. The third cause of action does not state a claim and merely represents a contractual interpretation of the same failed argument set forth in the second cause of action. The final cause of action alleged against defendants fails for lack of standing and a lack of antecedent, supporting causes of action.

/ / /

For all the foregoing reasons, the SAC should be dismissed without leave to amend.

Respectfully submitted,

DATED: April 29, 2021

**GHIDOTTTI | BERGER, LLP**

__*/s/ Katelyn M.W. Burnett*__________________

Katelyn M.W. Burnett, Esq.
Attorneys for Defendant SN SERVICING CORPORATION and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST (erroneously sued as US BANK, N.A.)