UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TIMOTHY BOSTWICK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SN SERVICING CORPORATION, et al., <br><br> Defendants. | Case No. 21-cv-02560-LB <br><br> **ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTIONS TO DISMISS** <br><br> Re: ECF Nos. 5, 15 |

## INTRODUCTION

In 2017, the plaintiffs — Timothy Bostwick and Michele Nessier, San Francisco residents who own a second home in Truckee, California — defaulted on a mortgage loan secured by the property.[1] (A previous trustee —a non-party — initiated foreclosure proceedings, and ultimately rescinded them, in 2018.) In 2019, the plaintiffs sued defendant Seterus, Inc. (a previous loan servicer) in state court, claiming abusive debt-collection practices, in violation of California's Rosenthal Act Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.33.[2] In November 2020, SN Servicing (the

---

[1] Notice of Default, Ex. 2 to Req. for Jud. Notice – ECF No. 16-1 at 17–20. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl., Ex. 63 to Notice of Removal – ECF No. 1 at 826–33.

ORDER – No. 21-cv-02560-LB

current loan servicer) recorded a new Notice of Default and set a sale for January 2021.[3] In 2021, the plaintiffs amended the complaint, which has the same Rosenthal Act claim against Seterus, added SN Servicing and U.S. Bank (the beneficiary of the loan) as defendants, and added the following claims: (1) failure to promptly provide a single point of contact (by SN Servicing and U.S. Bank), in violation of the California Homeowner Bill of Rights (HBOR), Cal. Civ. Code § 2923.7; (2) failure to provide a timely reinstatement quote (by all defendants), in violation of Cal. Civ. Code § 2924c; (3) breach of the covenant of good faith and fair dealing for failure to timely provide the quote (by SN Servicing and U.S. Bank), and (4) unfair and unlawful business practices (by all defendants), in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof Code §§ 17200–17210.[4]

The defendants moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[5] The court dismisses (1) the HBOR claim because there is no HBOR violation, (2) the claim for a reinstatement quote because a quote was provided, (3) the breach-of-covenant claim because it is predicated on the reinstatement quote, and (4) the UCL claim to the extent it is predicated on these claims. The court denies Seterus's motion to dismiss the Rosenthal Act claim because the court cannot determine on this record and briefing that the mortgage was not a transaction "primarily for personal, family or household purposes." Cal. Civ. Code § 1788.2(f).

## STATEMENT[6]

In June 2013, the plaintiffs bought a second home in Truckee, California, with a $403,350 mortgage loan secured by a first deed of trust on the property. They defaulted on the loan on April

---

[3] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 13 (¶ 40); Notice of Trustee's Sale, Ex. 4 to Req. for Jud. Notice – ECF No. 16-1 at 25–26.

[4] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 6–21.

[5] Mots. – ECF Nos. 5, 15.

[6] The Statement summarizes information from the complaint, the state-court record (attached to the Notice of Removal), and other records that the parties ask the court to judicially notice. The court considers the loan documents under the incorporation-by-reference doctrine and the public records by judicial notice. *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1, 2017 (shown by a Notice of Default that ultimately was rescinded).[7] Seterus became the loan servicer in 2018.[8]

The plaintiffs allege that Seterus contacted them "multiple times and made confusing statements in connection with collection on the [l]oan." In a letter dated December 12, 2018, Seterus notified the plaintiffs that effective January 7, 2019, SN Servicing was the new loan servicer and that payments due on or after that date must be sent to SN Servicing at an identified address. But in a letter dated December 17, 2018, Seterus (1) told the plaintiffs that it had denied their loss-mitigation request, and they had 30 days to appeal, and (2) "represented that [the plaintiffs] . . . must continue making payments" to Seterus (or face foreclosure)." This caused the plaintiffs to think that they had more time to apply for foreclosure alternatives (beyond the 30 days for the appeal). This, the plaintiffs allege, made them "unable to adequately respond" to Seterus's collection efforts, confused them, and made them think they had to keep paying Seterus.[9]

In January 2019, the plaintiffs sued Seterus in state court, alleging abusive debt-collection practices in violation of the Rosenthal Act.[10]

In October 2020, the plaintiffs were "actively engaged in potential settlement negotiations with" Seterus.[11] On November 18, 2020, SN Servicing recorded a Notice of Trustee's Sale, which had an unpaid loan balance of $447,255.50 and set a foreclosure sale on January 5, 2021.[12] As a result, the plaintiffs lost rental income from tenants. They emailed a request for a reinstatement quote (the amount needed to reinstate the loan). They ultimately spoke to someone at SN Servicing and "were told that there was only one person authorized to speak to Plaintiffs about reinstatement, but he was extraordinarily busy and would respond to them at an unknown time in the future." Beginning on December 11, 2020, the plaintiffs called SN Servicing 33 times, leaving at least three voicemails for

---

[7] Deed of Trust, Ex. 1 to Req. for Jud. Notice – ECF No. 16-1 at 2–15; Notice of Default, Ex. 2 to *id.* – ECF No. 16-1 at 17–20; Recission, Ex. 5 to Req. for Jud. Notice – ECF No. 6 at 38–39.

[8] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 10 (¶ 17).

[9] *Id.* at 10–11 (¶¶ 15–29).

[10] Notice of Removal – ECF No. 1 at 2 (¶ 1); Compl., Ex. 63 to *id.* – ECF No. 1 at 826–33.

[11] SAC, Ex. 1 to *id.* – ECF 1 at 13 (¶ 39).

[12] *Id.* at 13 (¶ 40); Notice of Trustee's Sale, Ex. 4 to Req. for Jud. Notice – ECF No. 16-1 at 25–26.

the person who handled reinstatements and asked for "instructions for how to wire the required amount." They did not receive "a prompt response or call back regarding this requested foreclosure prevention alternative nor information about how to effectuate the reinstatement." They were forced to declare bankruptcy to save their home. (The bankruptcy petition identified SN Servicing's secured claim on the property and said that there were no claims against third parties.) The plaintiffs "finally received a reinstatement quote" from SN Servicing "around December 21, 2020," but it had unexplained fees and did not "include payments that Plaintiffs had made."[13]

The operative complaint names three defendants (Seterus, SN Servicing, and U.S. Bank) and has the following claims: (1) a failure to promptly provide a single point of contact, in violation of Cal. Civ. Code § 2923.7 (against SN Servicing and U.S. Bank); (2) a failure to provide a timely reinstatement quote, in violation of Cal. Civ. Code § 2924c (against all defendants); (3) a breach of the covenant of good faith and fair dealing for failing to provide a timely reinstatement quote (against SN Servicing and U.S. Bank); (4) unfair debt-collection practices, in violation of the Rosenthal Act, Cal. Civ. Code §§ 1788–1788.33 (against Seterus); and (5) unfair and unlawful business practices, in violation of the UCL, Bus. & Prof. Code §§ 17200–17210 (against all defendants).[14]

SN Servicing removed the case to federal court (with Seterus's consent) on April 8, 2021.[15] The court has diversity jurisdiction under 28 U.S.C. § 1332: the parties are diverse, and the amount in controversy exceeds $75,000.[16] The defendants moved to dismiss all the claims under Federal Rule of Civil Procedure 12(b)(6).[17] The court held a hearing on June 10, 2021. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[18]

---

[13] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 13–14 (¶¶ 40–49); Pet., Ex. 8 to Req. for Jud. Notice – ECF No. 16-1 at 83 (¶ 33).

[14] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 6–21.

[15] Notice of Removal – ECF No. 1 at 1–4.

[16] Id. at 2–3 (¶¶ 7–8).

[17] Mots. – ECF Nos. 5, 15.

[18] Consents – ECF Nos. 11, 12, 14, 19.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (cleaned up).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

The plaintiffs contend that (1) SN Servicing did not timely provide a single point of contact, in violation of Cal. Civ. Code §§ 2923.7, (2) all defendants did not timely provide a reinstatement quote, in violation of Cal. Civ. Code § 2924c, (3) SN Servicing breached the covenant of good faith and fair dealing by not providing a timely quote, (4) Seterus engaged in unfair debt-collection practices, in violation of the Rosenthal Act, Cal. Civ. Code §§ 1788–1788.33, and (5) these acts are unfair and unlawful business practices under the UCL. The court dismisses (1) the single-point-of-contact claim because there is no HBOR violation, (2) the claim for a reinstatement quote

because a quote was provided, (3) the breach-of-covenant claim because it is predicated on the reinstatement quote, and (4) the UCL claim to the extent it is predicated on these claims. The court denies Seterus's motion to dismiss the Rosenthal Act claim because the record does not establish as a matter of law that the Act does not apply to the property.

**1. HBOR Single Point of Contact — Cal. Civ. Code § 2923.7**

SN Servicing moved to dismiss the HBOR claim primarily on the ground that the requirement of a single point of contact does not apply to a second home.[19] The court grants the motion because — among other reasons — SN provided that contact.

Section 2923.7 provides that "[w]hen a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The requirement applies only to mortgages or deeds of trust that are either (1) "secured by owner-occupied residential real property containing no more than four dwelling units" or (2) "secured by residential real property that is occupied by a tenant, contains no more than four dwelling units" and meets the following conditions: (1) it is "owned by an individual who owns no more than three residential real properties;" (2) it is "occupied by a tenant pursuant to an applicable lease;" and (3) "a tenant occupying the property is unable to pay rent due to a reduction in income resulting from the novel coronavirus." Cal. Civ. Code §§ 2923.7(f), 2924.15.

The property here is not owner-occupied, and the plaintiffs did not plead facts or argue that it meets the eligibility criteria for rental property.[20] Also, there is no HBOR violation. The plaintiffs claim only that SN Servicing did not *timely* identify a single point of contact (not that it failed to identify one). After the Notice of Trustee's Sale was recorded, and around the time of the plaintiffs' request for reinstatement quote on December 11, 2020, SN Servicing identified the only person who

---

[19] Mot. – ECF No 15. at 11–12; Reply – ECF No. 27 at 3–4.

[20] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 8 (¶ 4).

ORDER – No. 21-cv-02560-LB                    6

could give the quote, and he gave the quote on December 21, 2020, 13 days before the scheduled foreclosure. This alleged delay does not state a claim. The court dismisses the claim with prejudice.

### 2. Reinstatement Quote — Cal. Civ. Code § 2924c

Section 2924c(a)(1) provides the following:

> Whenever all or a portion of the principal sum of any obligation secured by deed of trust or mortgage on real property . . . has . . . been declared due by reason of default . . ., the trustor or mortgagor . . . may pay to the beneficiary or the mortgagee or their successors in interest, respectively, the entire amount due, at the time payment is tendered, with respect to (A) all amounts of principal, interest, taxes, assessments, insurance premiums, or advances actually known by the beneficiary to be, and that are, in default and shown in the notice of default, under the terms of the deed of trust . . ., (B) all amounts in default on recurring obligations not shown in the notice of default, and (C) all reasonable costs and expenses . . . that are actually incurred in enforcing the terms of the . . . deed of trust . . . and thereby cure the default theretofore existing[.]

At the borrower's request, the lender must provide "a written itemization of the entire amount owed," and the borrower may cure the default "until five business days prior to the date of sale set forth in the initial recorded notice of sale." Cal. Civ. Code §2429c(b)(1)–(e).

For the reasons stated in the last section, the plaintiffs do not plausibly plead a claim. SN Servicing recorded the Notice of Trustee's Sale on November 18, 2020. Seterus was no longer the loan servicer. The plaintiffs asked for a reinstatement quote on December 11, 2020, and SN Servicing provided it on December 21, 2020, 13 days before the foreclosure sale. This complies with the statute. The plaintiffs also alleged that the quote had unexplained fees and didn't account for some payments they made, but the statute gives only an entitlement to a quote.

The court dismisses the claim with prejudice.

### 3. Reinstatement Quote — Breach of the Covenant of Good Faith and Fair Dealing

The plaintiffs also challenge the delay in SN Servicing's providing the quote as a breach of the covenant of good faith and fair dealing because the deed (like the statute) gave the plaintiffs a right of

reinstatement for up to five days prior to the date of a scheduled foreclosure sale on January 4, 2021.[21] Cal. Civ. Code § 2924c(e). For the reasons stated in the last section, the claim fails.

The covenant of good faith and fair dealing is implied in every contract and prevents one party from "unfairly frustrating the other party's right to receive the benefits" of the contract. *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (Cal. 2000). To allege a claim for breach of the covenant, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *Oculus Innovative Scis., Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007); Judicial Council of Cal. Civil Jury Instructions § 325 (2020).

The claim here is that the delay is a violation of the covenant. It is not: the reinstatement quote issued 10 days after the plaintiffs asked for it and 13 days before the sale. Also, the plaintiffs do not plausibly allege harm from the 10-day delay. The court dismisses the claim with prejudice.

**4. Rosenthal Act**

Seterus moved to dismiss the Rosenthal Act claim on the ground that the property is not the plaintiffs' principal place of residence and instead is a second home that they rent to a third party, and the loan thus is not a "consumer debt" under the Act.[22] At the pleadings stage, the court denies the motion to dismiss because it cannot conclude as a matter of law that the Act does not apply.

The Rosenthal Act's definition of "debt collector" is broader than it is under the Fair Debt Collections Practices Act. A mortgage servicer thus can be a debt collector under the Rosenthal Act even if it is the original lender, which would exclude it from the definition of debt collector under the federal act. *Torliatt v. Ocwen Loan Serv., LLC*, No. 19-cv-04303-WHO, 2020 WL 1904596, at *4

---

[21] Deed of Trust, Ex. 1 to Req. for Jud. Notice – ECF No. 16-1 at 10–11 (¶ 19).

[22] Mot. – ECF No. 5 at 10–14 (citing Pet., Ex. 6 to Req. for Jud. Notice – ECF No. 6 at 42).

(N.D. Cal. Apr. 17, 2020) (collecting cases). The parties do not dispute this. They also do not dispute that a mortgage loan is a consumer debt. *Castillo v. Nationstar Mortg., LLC*, No. 15-CV-01743-BLF, 2016 WL 6873526, at *5 (N.D. Cal. Nov. 22, 2015) (a mortgage on a single-family home is a consumer debt); *Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 298, 304 (2018) (the Rosenthal Act's definition of "debt collector" applied to a mortgage servicer engaged in debt-collection practices to obtain repayment of a mortgage debt). They dispute only whether the Act applies to a mortgage on the second home.

The weight of authority does not establish that the Rosenthal Act applies only to mortgage debt on a primary residence. In *Davidson*, the California Court of Appeal suggested that the Act can apply to second residences if the mortgage debt was primarily — as the statute requires — for personal, family, or household purposes. *Id.* at 296. *Davidson*'s holding — that a mortgage servicer is a debt collector and a mortgage debt is a consumer debt — did not involve a second home and instead addressed a borrower's challenge to Seterus's servicing of his home mortgage. *Id.* at 290. But the *Davidson* court said the following: "It is readily apparent that persons who obtain mortgages very often do so in order to purchase a primary or even secondary residence, which may be considered to be a 'personal, family, or household purpose.'" *Id*. at 296 (quoting Cal. Civ. Code § 1788.2(e)).

Before SN Servicing removed the case to federal court, the state court considered the issue. It held that under *Davidson*, the Rosenthal Act — which is construed broadly in favor of protecting the public — applied to mortgage debt on primary and secondary homes and that renting a home is not necessarily inconsistent with a mortgage loan's being a transaction "primarily for personal, family or household purposes." It concluded that Seterus thus was not entitled to judgment on the pleadings.[23]

Seterus did not cite *Davidson* in its motion, despite the fact that the state court admonished it for not citing the case, and it did not cite the state-court orders applying *Davidson* either.[24] That said, there is authority for the proposition that a rental might not be — in the language of the statute — primarily for personal, family, or household purposes. *Sayeed v. Cheatham Farms Master*

---

[23] Order, Ex. 19 to Notice of Removal – ECF No. 1 at 204–05 (citing *Davidson*, 21 Cal. App. 5th at 289, 303).

[24] Mot. – ECF No. 5 at 1–14; Orders*,* Exs. 19 & 47 to Notice of Removal – ECF No. 1 at 203–05, 681–83.

ORDER – No. 21-cv-02560-LB          9

*Homeowners' Ass'n*, No. 18-cv-2073-PA, 2018 WL 4297480, at *1–2 (C.D. Cal. Sept 7, 2018); *see Norton v. LVNV Funding, Inc.*, 396 F. Supp. 3d 901, 911 (N.D. Cal. 2019) (analyzing *Sayeed* 2018 WL 4297480, at *1–2). Seterus cites documents from the bankruptcy filings about how the Truckee property is a rental property.[25] The plaintiffs do not deny that the Truckee property is a rental property and instead contend that "its primary purpose is *still* that of a secondary residence. It is not at all uncommon for borrowers to rent out their secondary residences for various periods of time."[26]

The facts from the bankruptcy petition do not allow the court to conclude as a matter of law — at the pleadings stage — whether the mortgage was a transaction "primarily for personal, family or household purposes." Cal. Civ. Code § 1788.2(f). Seterus may be right as a matter of fact, but fact questions are better addressed at summary judgment. The court thus follows the state court order as persuasive, construes the Rosenthal Act broadly, and on this briefing, denies the motion to dismiss.

A related issue is that the plaintiffs' allegations about Seterus's conduct make it hard to discern the basis of their Rosenthal Act claim. As the Statement recounts, in December 2018, Seterus told the plaintiffs that SN Servicing would take over the loan servicing in January 2019. The plaintiffs make a conclusory reference to Seterus's contacting them multiple times and making confusing statements. The only specific allegations are that after telling the plaintiffs that servicing would be transferred, Seterus told them that it denied their loan-mitigation request, they could appeal, and that they had to make payments or face foreclosure.[27] Seterus did not move to dismiss on this ground, likely because the complaint references multiple communications, the parties know their communications with each other, and the complaint thus passes muster under Rule 8(a). That said, the court flags the issue to the extent that it is relevant to the parties' settlement postures. Also, the plaintiffs' counsel said at oral argument that he wanted to amend to shore up the Rosenthal allegations.

---

[25] Mot. – ECF No. 5 at 12 (citing Bankruptcy Docs., Exs. 6, 8–9, 13 to Req. for Jud. Notice – ECF No. 6 at 72, 77, 104, 117, 159) (showing rental income).

[26] Opp'n – ECF No. 25 at 19.

[27] SAC, Ex. 1 to Notice of Removal – ECF No. 1 at 10–11 (¶¶ 15–29).

### 5. UCL

The court denies the motion to dismiss the UCL claim to the extent that it is predicated on the Rosenthal Act claim and dismisses it with prejudice otherwise.

### 6. Judicial Estoppel

SN Servicing contends that the plaintiffs' claims are barred by the judicial-estoppel doctrine because Mr. Nessier did not list the claims in her bankruptcy petition.[28] Because the court dismisses the claims against SN Servicing, this issue is moot. The court in any event does not have enough information about the bankruptcy proceedings to decide the issue. *See, e.g., Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) ("In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action."); *Boatright v. Aurora Loan Servs.*, No. C-12-00009 EDL, 2012 WL 2792415, at *2–6 (N.D. Cal. July 9, 2012) (entry of an automatic stay, without more, does not constitute judicial "acceptance" of a debtor's prior inconsistent position, a requirement for judicial estoppel); *Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279 JCS, 2011 WL 3809808, at *11–12 (N.D. Cal. Aug. 29, 2011) (same).

## CONCLUSION

The court denies Seterus's motion to dismiss the Rosenthal Act claim and the UCL claim, to the extent that it is predicated on the Rosenthal Act claim. The court otherwise grants the defendants' motions to dismiss and dismisses the remaining claims with prejudice (to the extent that they are predicated on timeliness). Any amended complaint is due 21 days from the date of this order and must contain a blackline of the amended complaint against the current complaint.

**IT IS SO ORDERED.**

Dated: June 18, 2021

LAUREL BEELER
United States Magistrate Judge

---

[28] Mot. – ECF No. 15 at 16–19.

ORDER – No. 21-cv-02560-LB                   11