UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TIMOTHY S. BOSTWICK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SN SERVICING CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02560-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Re: ECF No. 42 |

## INTRODUCTION

After the July, 2021, dismissal order, the plaintiffs filed a Third Amended Complaint (TAC) against SN Servicing Corporation and U.S. Bank, claiming that they violated the Rosenthal Fair Debt Collection Practices Act.[1] Cal. Civ. Code § 1788. According to the TAC, SN committed a predatory lending act when, at the plaintiffs' request, it allegedly issued an incorrect reinstatement quote. There are no allegations about any conduct by U.S. Bank. The defendants then moved to dismiss the TAC for failure to state a claim.[2] In light of the Rule 8(a) pleading standard, the court

---

[1] TAC – ECF No. 37. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. U.S. Bank Trust National Association, as trustee of the Chalet Series III Trust, has filed many entries in this case asserting that it was "erroneously sued as U.S. Bank, N.A."

[2] Mot. – ECF No. 42. The other defendant, Seterus Inc., filed an answer to the TAC (ECF No. 41) and does not take part in this motion. The court previously denied Seterus's motion to dismiss the Rosenthal claim against it. Order – ECF No. 35 at 8–10.

ORDER – No. 21-cv-02560-LB

denies the motion to dismiss as to SN but grants and dismisses without prejudice U.S. Bank as a defendant in this suit.

## STATEMENT

The facts and standards of review are in the court's earlier order.[3] Relevant to this motion, the TAC asserts that SN acted as the plaintiffs' loan servicer on behalf of U.S. Bank. The TAC puts two pieces of the defendants' conduct at issue. First, on December 12, 2020, defendant Seterus sent a letter to plaintiff stating that future payments should be sent to SN.[4] This was quickly retracted, and no coordination in this communication between Seterus and SN is alleged. Second, on December 14, 2020, the plaintiffs allegedly received a reinstatement quote from SN, as they had requested. The TAC claims that the reinstatement quote was "incorrect with mystery charges and missing bankruptcy payments."[5]

## ANALYSIS

The defendants moved to dismiss on the grounds that the TAC did not plead that they engaged in debt collection sufficient to state a claim under the Rosenthal Act and, alternatively, that the TAC fails to allege damages attributable to the defendants.

To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (i) plaintiff is a "debtor," (ii) the debt at issue is a "consumer debt," (iii) the defendant is a "debt collector," and (iv) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Ansari v. Elec. Document Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621, at *11 (N.D. Cal. Aug. 29, 2013). There is no dispute that the plaintiffs qualify as debtors. In Section 1788.17, the Rosenthal Act incorporates sections 1692b through 1692j of the Fair Debt Collection Practices Act (FDCPA) and requires every debt collector abide by its provisions. Thus, a violation of the FDCPA constitutes a violation of the Rosenthal Act.

Each defendant's liability is assessed independently.

---

[3] Order – ECF No. 35. This order incorporates the facts, standards, and analysis by this reference.
[4] TAC – ECF No. 37 at 18–19 (¶ 91).
[5] *Id*. at 8–9 (¶¶ 36, 38).

ORDER – No. 21-cv-02560-LB                                    2

### 1.1 SN

The defendants' first argument, that foreclosure does not invoke the Rosenthal Act protections, misses the mark as the plaintiffs do not cite the foreclosure as an attempt to collect a debt.[6]

The defendants' second argument posits that providing a reinstatement quote does not constitute an attempt to collect a debt under the Rosenthal Act. For their part, the plaintiffs allege it violates several sections of the FDCPA,[7] but neither party cites to any case to support whether supplying a reinstatement quote constitutes an attempt to collect debt under the Rosenthal Act, or a violation of any of those four sections of the FDCPA. The defendants argue that the reinstatement estimate was "in anticipation of a foreclosure sale" and "provided at Plaintiff's request," but fail to show argue why this justifies dismissal.[8] As was discussed in the order dismissing the second amended complaint, the California courts have interpreted this language before and have held that a mortgage servicer who engages in debt collection practices in attempting to obtain repayment of mortgage debt is a debt collector under the Rosenthal Act. *Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 304, (2018).

To determine whether the alleged conduct would violate the FDCPA, the court must objectively analyze whether the least sophisticated debtor would likely be misled by the alleged communication. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (applying the least-sophisticated-debtor standard to alleged violations of 1692e); *see also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (applying the same standard under § 1692d). A debt collector's false statement regarding the amount due may be material to the least sophisticated debtor who "may well have simply paid the amount demanded," without inquiry. *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 777 (9th Cir. 2017) (a debt collector's incorrect statement of the principal due was material and constituted a Rosenthal Act violation). In determining materiality, a court

---

[6] Opp'n – ECF No. 45 at 15.

[7] *Id*. at 16 (claiming violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f).

[8] Mot. – ECF No. 42 at 9.

1  should look for "genuinely misleading statements that may frustrate a consumer's ability to
2  intelligently choose his or her response." *Donohue*, 592 F.3d at 1034.

3     The allegations in the TAC are threadbare and merely say the reinstatement quote was
4  "incorrect with mystery charges and missing bankruptcy payments." This is uncontested by
5  defendants and must be taken as true at this stage. Other courts have found that allegations of
6  communications that misrepresented an amount due sufficiently plead a violation under the
7  FDCPA and the Rosenthal Act. *Peebles v. Seterus, Inc.*, No. 2:19-cv-242, 2019 WL 4464126, at
8  *5 (E.D. Cal. September 18, 2019) (denying a motion to dismiss and finding a misrepresentation
9  as to the amount a borrower must pay was material); *Maronyan v. Fin. Credit Network Inc.*, No.
10 2:15-cv-2953, 2017 WL 57835, at *5 (C.D. Cal. Jan. 3, 2017) (denying a motion to dismiss
11 because the lender issued a material misrepresentation when it reported that the plaintiff could owe
12 $1,000 more than it actually did); *Ruvalcaba v. Ocwen Loan Servs,. LLC*, No. 15-cv-744, 2016
13 WL 7178855, at *7 (S.D. Cal. Dec. 9, 2016) (finding a misrepresentation of the amount of a debt
14 was material). Thus, the plaintiffs have plead enough to state a claim against SN.

15     Lastly, the defendants argue the TAC lacks any allegations about damages caused by SN.
16 While the Prayer for Relief requests damages in many forms, injunctive, declaratory, and punitive
17 damages are not available under the Rosenthal Act. Cal. Civ. Code § 3294; *Varnado v. Midland*
18 *Funding LLC*, 43 F. Supp. 3d 985, 993 (N.D. Cal. 2014). Instead, actual and limited statutory
19 damages are permitted. *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp. 2d 1171 (S.D. Cal.
20 2010) (statutory damages under both the FDCPA and the Rosenthal Act are limited to $1,000 per
21 plaintiff). But the plaintiffs do not cite to a case to suggest that more sufficiently pleaded damages
22 are necessary to survive Rule 12(b)(6).

23     Ultimately, the plaintiffs have alleged that SN made a material misrepresentation to the
24 plaintiffs and are entitled to discovery where they may prove their allegations true.

25    **1.2   U.S. Bank**

26     Completely missing from the TAC is any factual basis to find that U.S. Bank engaged in debt
27 collection. The TAC simply alleges that U.S. Bank N.A., is the beneficiary of the plaintiff's loan.
28 This is an insufficient basis to find it a debt collector. *Gold v. Midland Credit Mgmt. Inc.*, 82 F.

Supp. 3d 1064, 1071 (a defendant did not engage in debt collection because it relied on a loan servicer to "physically collect the debts"). Without more factual allegations or legal bases for finding U.S. Bank liable for the actions of other defendants, U.S. Bank must be held accountable for only its own alleged actions. The TAC does not allege U.S. Bank provided the reinstatement quote or participated in any way in the other conduct. Thus, the plaintiffs fail to state a claim against U.S. Bank.

## CONCLUSION

The court grants in part and denies in part the defendants' motion to dismiss the TAC. The plaintiffs have stated a claim against SN upon which relief can be granted, but failed to do so against U.S. Bank. The court dismisses all claims related to U.S. Bank without prejudice. The plaintiff has leave to file an amended complaint within 21 days of the date of this order and must attach as an exhibit a blackline of the amended complaint against the current complaint.

**IT IS SO ORDERED.**

Dated: September 20, 2021

LAUREL BEELER
United States Magistrate Judge