Timothy M. Ryan, Bar No. 178059
Andrew J. Mase, Bar No. 300680
Michael W. Stoltzman Jr., Bar No. 263423
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual; | CASE NO.: 3:21-cv-02560-LB<br>Date Action Filed: April 8, 2021 |
| Plaintiffs, | Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B |
| vs. | |
| SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive, | **MOTION IN LIMINE NO. 1 BY DEFENDANT SETERUS, INC. TO EXLCUDE TESTIMONY FROM ANY UNDISCLOSED WITNESSES; DECLARATION OF MICHAEL W. STOLTZMAN JR.** |
| Defendants. | Date:       November 9, 2023<br>Time:       1:00 p.m.<br>Dept.:       B |
| | Trial Date:   December 18, 2023. |

THE RYAN FIRM
A Professional Corporation

1

**PLEASE TAKE NOTICE** that defendant Seterus, Inc. ("Seterus" or "Defendant") submits this motion in limine to exclude any witness proffered by plaintiffs Michele Nessier and/or Timothy Bostwick ("Plaintiffs") from testifying at trial who was not properly disclosed pursuant to Federal Rules of Procedure Rule 26, and/or Defendant's written discovery requests, including, but not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office).

DATED: September 8, 2023

THE RYAN FIRM
A Professional Corporation

By: _____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
Attorneys for Defendant Seterus, Inc.

**THE RYAN FIRM**
A Professional Corporation

**THE RYAN FIRM**
A Professional Corporation

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## 1.   INTRODUCTION AND SUMMARY

Defendant Seterus, Inc. ("Seterus" or "Defendant") submits this motion in limine to exclude any witness proffered by plaintiffs Michele Nessier and/or Timothy Bostwick ("Plaintiffs") from testifying at trial who was not properly disclosed pursuant to Federal Rules of Procedure Rule 26, and/or Defendant's written discovery requests.

During the parties' preparation of their pre-trial filings, Plaintiffs expressed a potential intent to call several witnesses at trial that were not properly disclosed pursuant to Federal Rules of Procedure, Rule 26, and/or Defendant's written discovery requests. These witnesses include, but are not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office).

However, **<u>Plaintiffs did not disclose the identity of any of these witnesses in their Initial Disclosures</u>** pursuant to Federal Rules of Procedure, Rule 26.  Likewise, **<u>Plaintiffs never supplemented their Initial Disclosures to identify these witnesses</u>**.  Further, Defendant served Interrogatories on Plaintiffs, repeatedly asking them to identify all witnesses that could support various allegations tendered by Plaintiffs in this case. However, once again, Plaintiffs did not identify any of these witnesses in their responses. Plaintiffs belatedly attempted to supplement these responses to disclose the identity of Mr. Bellman.  However, that was 1 year after the initial responses were provided and approximately **<u>8 months after discovery had already been closed</u>**—thus depriving Defendant the opportunity to depose or seek production of documents from Mr. Bellman.

Plaintiffs cannot demonstrate any substantial justification for these failures.  This case has been ongoing since 2019 and was not removed until 2+ years later in 2021. Plaintiffs cannot credibly claim they just discovered these witnesses, particularly since they consist of their daughter, real estate agent, family and friends, and prior attorney.  As a result, all undisclosed witnesses must be excluded from testifying at trial.  *Ollier v. Sweetwater Union High Sch. Dist.* (9th Cir. 2014) 768 F.3d 843, 862 ("The theory of

disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush").

**2.     PLAINTIFFS HAVE TOTALLY SHIRKED THEIR DUTIES UNDER RULE 26 AND ANY UNDISCLOSED WITNESSES MUST BE EXCLUDED**

As referenced above, Plaintiffs tendered Initial Disclosures in this case that did not disclose the identity of several of the witnesses Plaintiffs have indicated that they now intend to call at trial, including, but not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office). And they never supplemented their Initial Disclosures to identify such people and/or their connection to this case. As a result, and in order to avoid a clear case of prejudice to Defendant, all undisclosed individuals must be excluded from testifying at trial.

Pursuant to Rule 26, every party must serve initial disclosures, which discloses to the other parties, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FRCP, Rule 26(a)(1)(A)(i). Compliance with Rule 26's disclosure requirements is "mandatory." *Ollier v. Sweetwater Union High Sch. Dist.* (9th Cir. 2014) 768 F.3d 843, 863.

Rule 26 requires the parties to disclose the specific names of the individuals they might use as witnesses. *See Benjamin v. B & H Educ., Inc.* (9th Cir. 2017) 877 F.3d 1139, 1150 (mentioning a witness' name in an interrogatory response is insufficient for Rule 26 purposes); *Ollier v. Sweetwater Union High Sch. Dist.* (9th Cir. 2014) 768 F.3d 843, 863 ("the mere mention of a name in a deposition" was insufficient to give notice to plaintiffs that defendant "intend[ed] to present that person at trial").

The disclosing party must also identify the subjects of the information known by the witness. FRCP, Rule 26(a)(1)(A)(i). Though it is not necessary to provide a detailed narrative of all of the facts known to each witness, a brief description of the general topics

THE RYAN FIRM
A Professional Corporation

1   of each witness's knowledge must be provided.  *Bick v. Harrah's Operating Co.* (N.D. Ill.

2   Feb. 2000) 2000 US Dist. LEXIS 1764, at *8 – 11.

3       Further, after initial disclosures are made, a party is under a duty to supplement or

4   correct the disclosure to include later-acquired information.  FRCP, Rule 26(e); *see, e.g.,*

5   *City & County of San Francisco v. Tutor-Saliba Corp.* (N.D. Cal. 2003) 218 FRD 219, 222

6   (as discovery proceeds, plaintiffs must supplement their initial disclosures to reflect the

7   information obtained through discovery). The burden is not on the opposing party to

8   request updated information as it becomes available.  *Adams v. Teck Cominco Alaska, Inc.*

9   (D. Alaska 2005) 231 FRD 578, 580.

10      A party that, without substantial justification, fails to disclose information required

11   by Rule 26 is not, unless such failure is harmless, permitted to use as evidence at a trial, at

12   a hearing, or on a motion any witness or information not so disclosed.  FRCP, Rule

13   37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.* (9th Cir 2001) 259 F.3d 1101, 1106

14   – 07.  Similarly, if a disclosing party fails to supplement its disclosures, as required by Rule

15   26(e), that supplemental evidence is also subject to the sanction of exclusion under Rule

16   37(c)(1).  *See Adams v. Teck Cominco Alaska, Inc.* (D. Alaska 2005) 231 FRD 578, 581.

17   This sanction is "self-executing" and "automatic."  FRCP Rule 37(c), Committee Note of

18   1993; *see also Olson v. Montana Rail Link, Inc.* (D. Mont. 2005) 227 FRD 550, 553.

19      As a result, **the burden is on the party attempting to avoid sanctions** to prove

20   harmlessness and/or that the failure to disclose was substantially justified.  *See Yeti by*

21   *Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1106 – 07.

22      However, a party cannot meet that burden simply by arguing that it had not fully

23   completed its investigation of the case at the time the disclosures were made.  FRCP, Rule

24   26(a)(1)(E).   Indeed, each disclosing party must conduct a sufficiently diligent

25   investigation into the evidence it has or controls to permit it to disclose the information

26   concerning each category of the required initial disclosures of which the party has or should

27   have knowledge.  FRCP, Rule 26(a)(1)(E); *Lintz v. American Gen. Fin., Inc.* (D. Kan. Aug.

28   1999) 1999 U.S. Dist. LEXIS 12572, at *4 – 5.

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

This case was originally filed in January 2019 in the Superior Court of the State of California.  Dec. of Stoltzman, at ¶ 3.  After SN Servicing Corporation was added as a defendant in 2021, it removed the case to this Court in April 2021—2 years after the case was filed and after Plaintiffs had more than ample opportunity to investigate the facts of this case.  Dec. of Stoltzman, at ¶ 4.

On July 1, 2021, Plaintiffs served their Initial Disclosures; therein, Plaintiffs disclosed the following witnesses and their anticipated topics of testimony:

- Plaintiff Michele Nessier (loan payments, communications with defendants, etc.);
- Plaintiff Timothy Bostwick (loan payments, communications with defendants, etc.);
- A law firm named Ghidotti Berger (communications related to the property, particularly related to Plaintiffs' bankruptcy and all foreclosure proceedings);
- Bank of America N.A. (origination of the loan, loan payments, and communications with defendants);
- Federal National Mortgage Association (the allegations in the complaint);
- PLM Loan Management Services, Inc. (the allegations in the complaint);
- MTGLQ Investors, L.P. (the allegations in the complaint);
- U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust (the allegations in the complaint);
- Seterus, Inc. (the allegations in the complaint); and
- SN Servicing Corporation (the allegations in the complaint).

Dec. of Stoltzman, at ¶ 5, Exhibit 1.

However, nowhere in these disclosures did they disclose that Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office) had discoverable information about this case—much less the topics of each such parties' knowledge.  Dec. of Stoltzman, at ¶ 5, Exhibit 1.

/ / /

/ / /

4

1    Likewise, despite this case being pending for 5 years, and their Initial Disclosures

2    having been made more than 2.5 years ago, Plaintiffs **have never supplemented their**

3    **Initial Disclosures**, as was required of them by Rule 26.  Dec. of Stoltzman, at ¶ 6.

4    Though Defendant is not required to demonstrate same, this has plainly prejudiced

5    Defendant as it has been deprived of the opportunity to depose these individuals about the

6    topics for which Plaintiffs now apparently intend to proffer their testimony at trial.

7    Further, Plaintiffs cannot demonstrate any substantial justification for their failure

8    to disclose these individuals in their Initial Disclosures—or to supplement their Initial

9    Disclosures at any time in the last 2.5 years.  Plainly, Plaintiffs were aware of their own

10   daughter's identity and the sort of knowledge she could potentially have about this case.

11   The same is true for their real estate agent, their still-unnamed family and friends, and their

12   prior attorney.  This is not a situation where Plaintiffs just recently discovered the identities

13   of these individuals and/or their connection to this case.  These are Plaintiffs' family,

14   friends, and professionals.  As a result, they must be precluded from testifying at trial.

15   The same facts were before the court in *TechShop, Inc. v. Rasure* (N.D. Cal. 2019)

16   2019 U.S. Dist. LEXIS 78067.  In that case, one party filed a motion in limine to exclude

17   witnesses that were not properly disclosed pursuant to Rule 26—including the failure to

18   supplement their initial disclosures.  There (and like here), the witness at issue had not been

19   identified as a potential witness until the parties begin to prepare their pre-trial documents

20   (i.e., witness list).  The opposing party counter-argued that the individual's name had

21   appeared in previously-produced documents and, thus, any failure to disclose pursuant to

22   Rule 26 was basically harmless.  The court disagreed and granted the motion in limine,

23   explaining that mere references to an individual in even "a few dozen" documents is

24   "insufficient to overcome Defendant's supplemental disclosure obligation."  *Id.*; *see also*

25   *Ollier v. Sweetwater Union High Sch. Dist.* (S.D. Cal. 2010) 267 F.R.D. 339, 343

26   ("Certainly the mere mention of a name in a deposition is insufficient to give notice to the

27   opposing party that defendants intend to present that person at trial").

28   / / /

THE RYAN FIRM
A Professional Corporation

5

1    Plaintiffs may counter-argue that Defendant independently discovered the identity

2  of Melissa Bostwick, took her deposition and, thus, she should not be excluded.  However,

3  as discussed above in *TechShop*, the fact that Defendant took it upon itself to conduct its

4  own investigation does not relieve Plaintiffs of their failure to satisfy their obligations

5  under Rule 26.  *See, e.g., Calvert v. Ellis* (D. Nev. 2015) 2015 U.S. Dist. LEXIS 18216

6  (compliance with other discovery procedures does not relieve a party of his or her "duty to

7  provide initial disclosures").  Further, Defendant's investigation into the matter only

8  revealed that Melissa Bostwick helped Plaintiffs manage their leasing/rental of the subject

9  property.  Thus, Defendant's deposition was primarily focused on this topic and not her

10 knowledge base concerning Plaintiffs' intentions regarding the use of the subject property

11 at the time that they obtained the refinance loan—the very subject for which Plaintiffs

12 intend to proffer her testimony at trial.  Dec. of Stoltzman, at ¶ 7.

13    As a result, Plaintiffs must be excluded from being allowed to have any undisclosed

14 witnesses, including, but not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry

15 Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone

16 associated with the Mellen Law Firm (Plaintiffs' former attorneys' office) from testifying

17 at trial.  But if Melissa Bostwick is allowed to testify, her testimony must be limited to her

18 management of the leasing/rental of the subject property on Plaintiffs' behalf—and cannot

19 delve into Plaintiffs' intended use of the subject property when they obtained the loan.

20 **3.     PLAINTIFFS ALSO FAILED TO DISCLOSE THE IDENTITY OF SUCH**

21 **WITNESSES DURING DISCOVERY**

22    Even though Defendant had no obligation to search out the identity of all potential

23 trial witnesses during discovery, it attempted to do so anyways—serving Interrogatories on

24 Plaintiffs, asking them to identify all witnesses who may have knowledge of all material

25 allegations at issue in this case.  Despite such discovery requests, Plaintiffs failed to timely

26 disclose the identity of Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs'

27 real estate agent), still-unnamed family and friends, and/or anyone associated with the

28 Mellen Law Firm (Plaintiffs' former attorneys' office).

**THE RYAN FIRM**
A Professional Corporation

Specifically, on March 21, 2022, Defendant served a set of Interrogatories on each of Plaintiffs, asking them to identify:

- All witnesses with knowledge of any facts concerning Plaintiffs' "intended use of the Ski Slope Property" when they acquired that property in 1999 (SROG No. 10);

- Plaintiffs' "real estate agent" that they "used to purchase the Ski Slope Property" (SROG No. 11);

- "[A]ny family members, neighbors, friends, or other individuals that have personal knowledge of [Plaintiffs'] use of the Ski Slope Property as [Plaintiffs'] residence currently or in previous years" (SROG No. 14);

- "[A]ny family members, neighbors, friends, or other individuals that have personal knowledge of [Plaintiffs'] use of the Ski Slope Property as [Plaintiffs'] vacation home currently or in previous years" (SROG No. 15); and

- "[A]ny family members, neighbors, friends, or other individuals that have personal knowledge of [Plaintiffs'] intent to use the Ski Slope Property as [Plaintiffs'] primary residence in the future" (SROG No. 16).

Dec. of Stoltzman, at ¶ 8, Exhibit 2.

Plaintiffs did not specifically identify a single individual in response to any of the above-listed Interrogatories.  Rather:

- In response to Interrogatory No. 10, Plaintiffs merely stated: "Our family and realtor";

- In response to Interrogatory No. 11, Plaintiffs stated that they "cannot recall the name of the realtor that helped [them] purchase the property"; and

- In response to Interrogatory Nos. 14 through 16, Plaintiffs merely stated: "The list of people that have personal knowledge regarding our use of the property as our second home or vacation home is too great to list."

Dec. of Stoltzman, at ¶ 9, Exhibit 3.

Stated simply, in response to all Interrogatories that asked Plaintiffs to identify the witnesses that had knowledge of their material allegations, Plaintiffs did not list a single

THE RYAN FIRM
A Professional Corporation

such person—sometimes claiming that they could not remember such individuals.  But now that trial is approaching, Plaintiffs suddenly remember the names of such persons, and have disclosed the identities of some of the people that they intend to call at trial—who were never disclosed to Defendant, despite its discovery requests.

As a result, Plaintiffs must be precluded from proffering the testimony of any witnesses at trial whose identity and name were not properly disclosed by Plaintiffs in response to Defendant's Interrogatories.  This includes, but is not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office).

This request has ample support in the law.  Indeed, in responding to an interrogatory, the responding party has an affirmative duty to furnish any and all information available to the party; this duty to provide all information available encompasses the responsibility to provide information controlled by a party.  *Trane Co. v. Klutznick* (W.D. Wis. 1980) 87 FRD 473, 476.  Further, a responding party also has a duty to supplement their responses if they acquire material additional information or learn that information submitted was materially incorrect after submitting answers, and that additional information is not otherwise known to the propounding party.  FRCP, Rule 26(e); *Fortino v. Quasar Co.* (7th Cir. 1991) 950 F.2d 389, 398 (Rule 26 requires party to supplement interrogatory answer when it is no longer true, and failure to amend is in substance a knowing concealment).

And when a party fails to properly respond to an interrogatory and/or fails to properly supplement that response, that party is precluded from introducing that information or witness at trial—unless such failure is harmless or substantially justified.  FRCP, Rule 37(c)(1); *see Liberty Ins. Corp. v. Brodeur* (9th Cir. 2022) 41 F.4th 1185, 1191 – 92.  And as stated above, this sanction is self-executing.  FRCP Rule 37(c), Committee Note of 1993; *see Olson v. Montana Rail Link, Inc.* (D. Mont. 2005) 227 FRD 550, 553.

A similar set of facts was before the court in *Falconer v. Penn Mar., Inc.* (D.C. ME 2005) 232 F.R.D. 37.  In that case, a party moved to exclude 3 witnesses from testifying at

THE RYAN FIRM
A Professional Corporation

8

trial that were not disclosed as potential witnesses in either the party's Rule 26 disclosures or in discovery responses. The court explained that the opposing party had raised frivolous objections to the discovery responses and failed to properly respond to the interrogatory. Thus, the court held that, due to the opposing party's "violations of both the letter and spirit of the rules of discovery," the witnesses must be excluded.

As discussed above, Plaintiffs will likely counter-argue that Defendant was aware of Melissa Bostwick's identity and took her deposition—and, thus, her exclusion is improper. However, as discussed above, Defendant's independent investigation does not relieve Plaintiffs of their discovery failures. And more importantly, Defendant's investigation only revealed that Melissa Bostwick helped Plaintiffs manage their leasing/rental of the subject property. Thus, Defendant's deposition was primarily focused on this topic and not her knowledge concerning Plaintiffs' intentions regarding the use of the subject property at the time that they obtained the refinance loan—the very subject for which Plaintiffs intend to proffer her testimony at trial. Dec. of Stoltzman, at ¶ 7.

Plaintiffs will likely also counter-argue that, on July 18, 2023, they served amended responses to Interrogatory No. 11, wherein they identified Jerry Bellman as the "real estate agent" that they "used to purchase the Ski Slope Property." Dec. of Stoltzman, at ¶ 10, Exhibit 4, SROG No. 11. However, there are several problems with Plaintiffs' anticipated counter-argument in regard to Mr. Bellman.

Significantly, Plaintiffs did not also amend their responses to the other Interrogatories listed above, which asked Plaintiffs to identify witnesses that could support their allegations. As a result, Plaintiffs' amended responses merely serve to identify Mr. Bellman as their real estate agent; they do not also describe Mr. Bellman as someone that can also support Plaintiffs' allegations regarding their intended use of the subject property—which is the exact purpose for which Plaintiffs intend to proffer his testimony.

Additionally, this amended response came 1 year after Plaintiffs served their initial responses, and **8 months after discovery closed (it closed on November 18, 2022).** *See* Dec. of Stoltzman, at ¶ 11. As a result, even if Plaintiffs had disclosed him as a witness

THE RYAN FIRM
A Professional Corporation

9

that could support their allegations, Defendant was precluded from taking his deposition or otherwise ascertaining what he knows about this case. *Hill v. United States Dep't of Homeland Sec.* (9th Cir. 2014) 570 Fed. Appx. 667, 669 – 71 (disclosure of witness' identity in amended discovery responses served after discovery had already closed was irrelevant and insufficient to avoid the exclusion of the witness not previously and timely disclosed); *Chisolm v. 7-Eleven, Inc.* (S.D. Cal. 2019) 383 F.Supp.3d 1032, 1045 (plaintiff's untimely disclosure of email was not harmless because defendant was deprived of opportunity to question plaintiff or any other deponents about document).

For these further reasons, Plaintiffs must be excluded from having any undisclosed witnesses, including, but not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office) from testifying at trial.  And if Melissa Bostwick is allowed to testify, her testimony must be limited to her management of the leasing/rental of the subject property on Plaintiffs' behalf—and cannot delve into Plaintiffs' intended use of the subject property when they obtained the loan.

**4.    DEFENDANT MET AND CONFERRED WITH PLAINTIFFS PRIOR TO FILING THIS MOTION IN LIMINE**

Prior to filing this motion in limine, Defendant's counsel met and conferred with Plaintiffs' counsel on the issue(s) addressed by this motion in limine; however, Plaintiffs' counsel refused to stipulate to the relief sought in this motion.  Dec. of Stoltzman at ¶ 12.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**THE RYAN FIRM**
A Professional Corporation

**5.      CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and exclude any witness proffered by Plaintiffs from testifying at trial who was not properly disclosed pursuant to Federal Rules of Procedure Rule 26, and/or Defendant's written discovery requests, including, but not limited to, Melissa Bostwick (Plaintiffs' daughter), Jerry Bellman (Plaintiffs' real estate agent), still-unnamed family and friends, and/or anyone associated with the Mellen Law Firm (Plaintiffs' former attorneys' office).

DATED: September 8, 2023                    THE RYAN FIRM
                                                                 A Professional Corporation


                                                                 By:_____
                                                                      TIMOTHY M. RYAN
                                                                      MICHAEL W. STOLTZMAN, JR.
                                                                      Attorneys for Defendant Seterus, Inc.

**THE RYAN FIRM**
A Professional Corporation

Memorandum of Points and Authorities

1

## DECLARATION OF MICHAEL W. STOLTZMAN JR.

2   I, Michael W. Stoltzman Jr., declare:

3   1.   I am an attorney admitted to practice law in the State of California.

4   2.   I am an attorney at The Ryan Firm, attorneys of record herein for defendant

5   Seterus, Inc. ("Seterus" or "Defendant"), and I have day-to-day dealings on this matter.  If

6   called to testify in this action, I could and would testify competently to all matters contained

7   in this declaration based upon my own personal knowledge.

8   3.   This case was originally filed in January 2019 in the Superior Court of the

9   State of California.

10   4.   After SN Servicing Corporation was added as a defendant in 2021, it

11   removed the case to this Court in April 2021—2 years after the case was filed and after

12   Plaintiffs had more than ample opportunity to investigate the facts of this case.

13   5.   On July 1, 2021, Plaintiffs served their Initial Disclosures.  A true and correct

14   copy of these Initial Disclosures is attached hereto as Exhibit 1 and is incorporated herein

15   by reference.

16   6.   Despite this case being pending for 5 years, and their Initial Disclosures

17   having been made more than 2.5 years ago, Plaintiffs **have never supplemented their**

18   **Initial Disclosures**, as was required of them by Rule 26.

19   7.   Defendant's investigation only revealed that Melissa Bostwick helped

20   Plaintiffs manage their leasing/rental of the subject property.  Thus, Defendant's deposition

21   was primarily focused on this topic and not her knowledge base concerning Plaintiffs'

22   intentions regarding the use of the subject property at the time that they obtained the

23   refinance loan—the very subject for which Plaintiffs intend to proffer her testimony at trial.

24   8.   On March 21, 2022, Defendant served a set of Interrogatories on each of

25   Plaintiffs.  True and correct copies of both sets of these discovery requests are attached

26   hereto as Exhibit 2 and incorporated herein by reference.

27   9.   I subsequently received responses from each of Plaintiffs to the

28   Interrogatories that were served upon them by my office.  True and correct copies of both

THE RYAN FIRM
A Professional Corporation

sets of these discovery responses are attached hereto as Exhibit 3 and incorporated herein by reference.

10.     Thereafter, in July 2023, I received amended responses from each of Plaintiffs to the Interrogatories that were served upon them by my office.  True and correct copies of both sets of these discovery responses are attached hereto as Exhibit 4 and incorporated herein by reference.

11.     Discovery in this case closed on November 18, 2022.

12.     Before filing this motion, I met and conferred with Plaintiffs' counsel regarding the issue(s) addressed by this motion in limine.  During these discussions, I requested that Plaintiffs stipulate to the relief requested by this motion.  However, after meeting and conferring, I was not able to obtain a stipulation to the exclusion of the evidence that is the subject of this motion, thus necessitating this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 8th day of September, 2023, at Tahoe Vista, California.

_____
MICHAEL W. STOLTZMAN JR., DECLARANT

THE RYAN FIRM
A Professional Corporation

Declaration of Michael W. Stoltzman Jr.

# EXHIBIT 1

EXHIBIT 1

MATTHEW D. MELLEN (BAR NO. 233350)
RAMONCHITO DE CASTRO (BAR NO. 332595)
MELLEN LAW FIRM
1050 MARINA VILLAGE PARKWAY, SUITE 102
ALAMEDA, CA 94501
TELEPHONE: (510) 263-9638
FACSIMILE: (510) 995-8279
EMAIL: EMAIL@MELLENLAWFIRM.COM

Attorneys for Plaintiff
TIMOTHY S. BOSTWICK
MICHELLE L. NESSIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC., a business entity; DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No. 3:21-CV-02560-LB<br><br>**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)** |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs TIMOTHY S. BOSTWICK and MICHELLE L. NESSIER make the following initial disclosures.  Plaintiffs have not completed their investigation into this matter and discovery has not been concluded. The following disclosures are based on the information presently available to Plaintiffs based on their current understanding of the claims as asserted herein.  Plaintiffs reserve the right to supplement or modify these disclosures and to use any additional information, witnesses, or evidence at any time, up to and including trial, as the parties elaborate on the allegations or identify witnesses, new information is discovered, or new claims or theories are developed.

**(1)    Names and Contact Information of Witnesses and individuals likely to have discoverable information (Fed. R. Civ. P. 26(a)(1)(A))**

The following persons are likely to have discoverable information Plaintiff may use to support its claims or defenses, unless the use would be solely for purposes of impeachment:

  (a)  Timothy Bostwick, Plaintiff.  Mr. Bostwick has information regarding Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans. Mr. Bostwick can be contacted through his attorneys Matthew Mellen, Ramonchito De Castro, and Allison Erggelet of the Mellen Law Firm, located at 1050 Marina Village Parkway, Ste. 102, Alameda, CA 94501.  Plaintiff's counsel can also be contacted via telephone at (510) 263-9638.

  (b)  Michelle Nessier, Plaintiff.  Mrs. Nessier has information regarding Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans.  Mrs. Nessier can be contacted through her attorneys Matthew Mellen, Ramonchito De Castro, and Allison Erggelet of the Mellen Law Firm, located at 1050 Marina Village Parkway, Ste. 102, Alameda, CA 94501.  Plaintiff's counsel can also be contacted via telephone at (510) 263-9638.

  (c)  Ghidotti Berger. Erica Loftis has information regarding communications

pertaining to the property, specifically, regarding status during Bankruptcy and Notice of Trustees Sale. Contact information unknown.

(d)     Bank of America, N.A. BANA has information regarding origination of the Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans. Contact information unknown.

(e)     Federal National Mortgage Association. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(f)     PLM Loan Management Services, Inc. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(g)     MTGLQ Investors, L.P. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(h)     U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust. Should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(i)     Seterus, Inc. Should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(j)     SN Servicing Corporation. Jordan (last name unknown) should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(k)     Any unknown persons with knowledge of the servicing of the loan, Plaintiffs' alleged damages, and/or the allegations pled in the complaint (including, but not limited to, prior tenants of the subject property). Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

Plaintiff reserves the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

**2**. **Documents and Things in Possession (Fed. R. Civ. P. 26(a)(1)(B))**

All the below-referenced categories of documents are in the possession, custody and/or control of Plaintiffs. Copies of these documents will be provided for inspection and/or copying upon request.  Plaintiff reserves the right to supplement this list if discovery reveals additional documents supporting Plaintiff's claims.

(a)     Loan origination documents

(b)     Phone call logs from the relevant period

(c)     Emails from the relevant period

(d)     Deed of Trust

(e)     Tax Returns and financial statements

(f)     Notice of Trustee's Sale

(g)     Foreclosure-related documents

(h)     Bank account statements

(i)     Correspondence from Loan Servicers regarding the Loans

(j)     All documents evidencing any receipts of rental income related to the subject property

Plaintiffs reserve the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

**3**. **Computation of damages (Fed. R. Civ. P. 26(a)(1)(C))**

A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiffs are seeking the following damages:

(a)     Plaintiffs seek attorneys' fees that will be determined at trial.

(b)     Plaintiffs also seek monetary damages for potential loss of property. Plaintiffs cannot, at this time, fully compute the extent of these damages, however, Plaintiffs

will supplement disclosures with computation of damages as soon as the monetary value is determined.

(c)    Plaintiffs also seek monetary damages to compensate for the destruction of their credit.  Plaintiffs cannot, at this time, fully compute the extent of these damages, but anticipate expert testimony will be used to determine what monetary value credit destruction has. Plaintiffs believe the destruction to credit has resulted in approximately $100,000.00 of damages from inability to obtain refinancing or other loans for personal and business use. Plaintiffs will supplement disclosures with computation of damages as soon as the monetary value credit destruction is determined.

(d)    Plaintiffs seek monetary damages for emotional distress resulting from the complained of allegations. Plaintiffs have suffered severe emotional distress as a result of Defendants' conduct. Plaintiffs cannot, at this time, compute the extent of these damages, but anticipates expert testimony will be used to provide a monetary value to Plaintiff's emotional distress and physical damages.  Plaintiffs will supplement disclosures with computation of damages as soon as the monetary value of their emotional distress is determined.

(e)    Plaintiffs seek punitive damages.  Plaintiffs cannot, at this time, compute the extent of these damages but will supplement disclosures with computation of punitive damages as soon as the monetary value of their punitive damages is determined.

Plaintiffs reserve the right to supplement this list if discovery reveals additional categories of damages or materials bearing on the nature and extent of the injuries suffered.

**4**. **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(D))**

1        Plaintiffs are not aware of any insurance agreements that may be liable to satisfy part or

2  all of a judgment that may be entered in the action to indemnify or reimburse for payments made

3  to satisfy the judgment.

        Dated: July 1, 2021                    Respectfully submitted,

                                       MELLEN LAW FIRM

                                       */s/ Matthew Mellen*

                                    By: Matthew Mellen

                                    Attorney for Plaintiffs

                                    TIMOTHY S. BOSTWICK

                                    MICHELLE L. NESSIER

1
2

# <u>CERTIFICATE OF SERVICE</u>

3
4

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of San Francisco California; my business address is Mellen Law Firm, 1050 Marina Village Parkway, Suite 102, Alameda, CA 94501.

5

On July 1, 2021 I served the following documents described as:

6

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

7
8

on the interested parties in this action by attaching true and correct copies thereof to electronic message addressed as follows:

9
10
11

Michael W. Stoltzman, Jr.
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614

Shannon C. Williams
Katelyn M.W. Burnett
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705

12

mstoltzman@theryanfirm.com

kburnett@ghidottiberger.com

13
14

*Counsel for Defendant Seterus, Inc.*

*Counsel for Defendants SN Servicing Corp. and U.S. Bank Trust National Association, As Trustee of the Chalet Series III Trust*

15
16
17
18
19
20

**[X] ONLY BY ELECTRONIC SERVICE.** By personally emailing the document(s) to the persons at the e-mail address(es) listed below.  Service is based on CCP 1010.6(e)(1), which states: "A party represented by counsel, who has appeared in an action or proceeding, shall accept electronic service of a notice or document that may be served by mail, express mail, overnight delivery, or facsimile transmission. Before first serving a represented party electronically, the serving party shall confirm by telephone or email the appropriate electronic service address for counsel being served."

21
22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed July 1, 2021 in Alameda, California.

23
24

_/s/ Matthew Mellen_____
MATTHEW MELLEN

25
26
27
28

# EXHIBIT 2

EXHIBIT 2

1 | Timothy M. Ryan, Bar No. 178059
2 | Michael W. Stoltzman, Jr., Bar No. 263423
| Elle M. Reed, Bar No. 328602
3 | THE RYAN FIRM
| A Professional Corporation
4 | 2603 Main Street, Suite 1225
| Irvine, CA 92614
5 | Telephone (949) 263-1800; Fax (949) 872-2211

6 | Attorneys for Defendant Seterus, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual; | CASE NO.: 3:21-cv-02560-LB Limited Jurisdiction Date Action Filed: January 22, 2019 |
| Plaintiffs, | Assigned for All Purposes to Hon. Laurel Beeler Courtroom B |
| vs. | |
| SETERUS, INC., a business entity; and DOES 1 through 10, inclusive, | **DEFENDANT SETERUS, INC.'S SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED ON PLAINTIFF TIMOTHY S. BOSTWICK** |
| Defendants. | |
| | Trial Date:     January 30, 2023. |

PROPOUNDING PARTY:         SETERUS, INC.

RESPONDING PARTY:         TIMOTHY S. BOSTWICK

SET NUMBER:         ONE (1)

1

THE RYAN FIRM
A Professional Corporation

**THE RYAN FIRM**
A Professional Corporation

**PLEASE TAKE NOTICE** that defendant Seterus, Inc. ("Propounding Party") requests that plaintiff Timothy S. Bostwick ("Responding Party") respond to the following specially prepared interrogatories under oath, within thirty (30) days, pursuant to the *Federal Rules of Civil Procedure*.  In answering the interrogatories, Responding Party should furnish all information available, including information in the possession of Responding Party attorneys, investigators, or other agents or representatives.

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

With specificity and in detail, please state all facts supporting YOUR contention in YOUR operative Complaint that "Defendant SETERUS is, or was at all relevant times herein, the acting servicer of Plaintiffs' loan on behalf of the Defendant US BANK N.A., the Beneficiary of Plaintiff's loan."

(The terms "YOU" or "YOUR," as used in these Special Interrogatories, shall refer to Timothy S. Bostwick, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.)

### SPECIAL INTERROGATORY NO. 2:

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOU have spent "the past 20 plus years using it [the Ski Slope Property] for family vacations every year."

(The term "RELATED TO," as used in these Special Interrogatories, shall mean, by way of example and without limitation, demonstrates, describes, memorializes, evidences, compromises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified.)

(The term "Ski Slope Property," as used in these Special Interrogatories, shall refer to the real property located at 14049 Ski Slope Way, Truckee, CA 96161-7030.)

2

**SPECIAL INTERROGATORY NO. 3:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**SPECIAL INTERROGATORY NO. 4:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**SPECIAL INTERROGATORY NO. 5:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOUR "ultimate goal with this [Ski Slope] Property is to retire and live in it full time."

**SPECIAL INTERROGATORY NO. 6:**

When did it become YOUR goal with the Ski Slope Property "to retire and live in it full time"?

**SPECIAL INTERROGATORY NO. 7:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that during settlement negotiations that occurred "between the time Plaintiffs filed their 2019 and 2020 bankruptcy," "Plaintiffs had tenants in the [Ski Slope] property, who after seeing these [Notices of Trustees Sale] postings, ceased making their rental payments for fear that the house would be foreclosed and they would need to relocate."

**SPECIAL INTERROGATORY NO. 8:**

Please identify all "tenants" referenced in any portions of YOUR operative Complaint.

**SPECIAL INTERROGATORY NO. 9:**

With specificity and in detail, please state all facts RELATED TO YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 10:**

With specificity and in detail, please identify all PERSONS with knowledge of any facts regarding YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.

(The term "PERSONS," as used in these Special Interrogatories, shall include, but is not limited to, a natural person, corporation, firm, association, organization, partnership, or other business or legal entity and the officers, employees, agents, servants, or representatives of such entities, as the context requires.)

**SPECIAL INTERROGATORY NO. 11:**

With specificity and in detail, please identify YOUR real estate agent whom YOU used to purchase the Ski Slope Property.

**SPECIAL INTERROGATORY NO. 12:**

With specificity and in detail, please identify the name of the individual whom YOU used as a mortgage loan broker for the purchase of the Ski Slope Property.

**SPECIAL INTERROGATORY NO. 13:**

With specificity and in detail, please state all facts RELATED TO the source(s) of any funds that YOU have used in connection with making payments on YOUR loan secured by the Ski Slope Property currently or in previous years.

**SPECIAL INTERROGATORY NO. 14:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR residence currently or in previous years.

**SPECIAL INTERROGATORY NO. 15:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR vacation home currently or in previous years.

/ / /

/ / /

4

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 16:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR intent to use the Ski Slope Property as YOUR primary residence in the future.

**SPECIAL INTERROGATORY NO. 17:**

With specificity and in detail, please state the dates for when YOU used the Ski Slope Property either for vacation or as a primary residence.

**SPECIAL INTERROGATORY NO. 18:**

With specificity and in detail, please identify all individuals and entities whose services YOU have employed or whose assistance YOU have otherwise utilized to rent or manage the Ski Slope Property.

**SPECIAL INTERROGATORY NO. 19:**

Who is the account holder for the account where YOU deposit rental proceeds from the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 20:**

What bank account(s) do payments for expenses and other costs for the Ski Slope Property come from?

**SPECIAL INTERROGATORY NO. 21:**

What is the nature of the bank account(s) YOU or YOUR spouse use or have used to pay expenses and other costs for the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 22:**

What types of insurance policies do YOU currently have, or have YOU had, on the Ski Slope Property in the past?

**SPECIAL INTERROGATORY NO. 23:**

Is the Ski Slope Property rented out using YOUR individual name and/or YOUR spouse's name, or do YOU have a DBA or other business name that YOU use?

/ / /

/ / /

5

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 24:**

Have YOU created any business or company associated with the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 25:**

With specificity and in detail, please identify all properties that YOU—or any company owned or operated by YOU—own and rent to other PERSONS.

**SPECIAL INTERROGATORY NO. 26:**

With specificity and in detail, please identify all properties that YOU—or any company owned or operated by YOU—own as investment properties.

**SPECIAL INTERROGATORY NO. 27:**

Have YOU conducted business events for any company owned or operated by YOU at the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 28:**

If you rented the Ski Slope Property for money in 1999, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 29:**

If you rented the Ski Slope Property for money in 2000, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 30:**

If you rented the Property for money in 2001, please provide the number of times that YOU rented the Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 31:**

If you rented the Ski Slope Property for money in 2002, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 32:**

If you rented the Ski Slope Property for money in 2003, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

/ / /

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 33:**

If you rented the Ski Slope Property for money in 2004, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 34:**

If you rented the Ski Slope Property for money in 2005, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 35:**

If you rented the Ski Slope Property for money in 2006, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 36:**

If you rented the Ski Slope Property for money in 2007, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 37:**

If you rented the Ski Slope Property for money in 2008, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 38:**

If you rented the Ski Slope Property for money in 2009, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 39:**

If you rented the Ski Slope Property for money in 2010, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 40:**

If you rented the Property for money in 2011, please provide the number of times that YOU rented the Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 41:**

If you rented the Ski Slope Property for money in 2012, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

/ / /

7

**SPECIAL INTERROGATORY NO. 42:**

If you rented the Ski Slope Property for money in 2013, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 43:**

If you rented the Ski Slope Property for money in 2014, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 44:**

If you rented the Ski Slope Property for money in 2015, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 45:**

If you rented the Ski Slope Property for money in 2016, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 46:**

If you rented the Ski Slope Property for money in 2017, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 47:**

If you rented the Ski Slope Property for money in 2018, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 48:**

If you rented the Ski Slope Property for money in 2019, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 49:**

If you rented the Ski Slope Property for money in 2020, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 50:**

If you rented the Ski Slope Property for money in 2021, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

/ / /

THE RYAN FIRM
A Professional Corporation

8

**SPECIAL INTERROGATORY NO. 51:**

If you have rented or will rent the Ski Slope Property for money in 2022, please provide the number of times that YOU rented or will rent the Ski Slope Property and the duration of each such rental.


DATED: March 21, 2022

THE RYAN FIRM
A Professional Corporation


By: _____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
ELLE M. REED
Attorneys for Defendant Seterus, Inc.

**THE RYAN FIRM**
A Professional Corporation

9

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On March 21, 2022, I served the within document(s) described as: **DEFENDANT SETERUS, INC.'S SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED ON PLAINTIFF TIMOTHY S. BOSTWICK** on the interested parties in this action:

☒ by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Mellen Law Firm<br>Matthew Mellen<br>Brenna Wood Fitzpatrick<br>1050 Marina Village Pkwy, St. 102<br>Alameda, CA 94501 | Tel:  (510) 263-9638<br>Fax: (415) 276-1902<br>Email:<br>email@mellenlawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |

☒ **BY ELECTRONIC SERVICE** – My electronic service address is: nchou@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 21, 2022, at Irvine, California.

_____
NASYA CHOU

THE RYAN FIRM
A Professional Corporation

Timothy M. Ryan, Bar No. 178059
Michael W. Stoltzman, Jr., Bar No. 263423
Elle M. Reed, Bar No. 328602
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual; | CASE NO.: 3:21-cv-02560-LB<br>Limited Jurisdiction<br>Date Action Filed: January 22, 2019 |
| Plaintiffs, | Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B |
| vs. | |
| SETERUS, INC., a business entity; and DOES 1 through 10, inclusive, | **DEFENDANT SETERUS, INC.'S SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED ON PLAINTIFF MICHELE L. NESSIER** |
| Defendants. | |
| | Trial Date:     January 30, 2023. |

PROPOUNDING PARTY:     SETERUS, INC.

RESPONDING PARTY:     MICHELE L. NESSIER

SET NUMBER:     ONE (1)

1

THE RYAN FIRM
A Professional Corporation

**PLEASE TAKE NOTICE** that defendant Seterus, Inc. ("Propounding Party") requests that plaintiff Michele L. Nessier ("Responding Party") respond to the following specially prepared interrogatories under oath, within thirty (30) days, pursuant to the *Federal Rules of Civil Procedure*.  In answering the interrogatories, Responding Party should furnish all information available, including information in the possession of Responding Party attorneys, investigators, or other agents or representatives.

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

With specificity and in detail, please state all facts supporting YOUR contention in YOUR operative Complaint that "Defendant SETERUS is, or was at all relevant times herein, the acting servicer of Plaintiffs' loan on behalf of the Defendant US BANK N.A., the Beneficiary of Plaintiff's loan."

(The terms "YOU" or "YOUR," as used in these Special Interrogatories, shall refer to Michele L. Nessier, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.)

### SPECIAL INTERROGATORY NO. 2:

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOU have spent "the past 20 plus years using it [the Ski Slope Property] for family vacations every year."

(The term "RELATED TO," as used in these Special Interrogatories, shall mean, by way of example and without limitation, demonstrates, describes, memorializes, evidences, compromises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified.)

(The term "Ski Slope Property," as used in these Special Interrogatories, shall refer to the real property located at 14049 Ski Slope Way, Truckee, CA 96161-7030.)

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 3:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**SPECIAL INTERROGATORY NO. 4:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**SPECIAL INTERROGATORY NO. 5:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOUR "ultimate goal with this [Ski Slope] Property is to retire and live in it full time."

**SPECIAL INTERROGATORY NO. 6:**

When did it become YOUR goal with the Ski Slope Property "to retire and live in it full time"?

**SPECIAL INTERROGATORY NO. 7:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that during settlement negotiations that occurred "between the time Plaintiffs filed their 2019 and 2020 bankruptcy," "Plaintiffs had tenants in the [Ski Slope] property, who after seeing these [Notices of Trustees Sale] postings, ceased making their rental payments for fear that the house would be foreclosed and they would need to relocate."

**SPECIAL INTERROGATORY NO. 8:**

Please identify all "tenants" referenced in any portions of YOUR operative Complaint.

**SPECIAL INTERROGATORY NO. 9:**

With specificity and in detail, please state all facts RELATED TO YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.

3

**SPECIAL INTERROGATORY NO. 10:**

With specificity and in detail, please identify all PERSONS with knowledge of any facts regarding YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.

(The term "PERSONS," as used in these Special Interrogatories, shall include, but is not limited to, a natural person, corporation, firm, association, organization, partnership, or other business or legal entity and the officers, employees, agents, servants, or representatives of such entities, as the context requires.)

**SPECIAL INTERROGATORY NO. 11:**

With specificity and in detail, please identify YOUR real estate agent whom YOU used to purchase the Ski Slope Property.

**SPECIAL INTERROGATORY NO. 12:**

With specificity and in detail, please identify the name of the individual whom YOU used as a mortgage loan broker for the purchase of the Ski Slope Property.

**SPECIAL INTERROGATORY NO. 13:**

With specificity and in detail, please state all facts RELATED TO the source(s) of any funds that YOU have used in connection with making payments on YOUR loan secured by the Ski Slope Property currently or in previous years.

**SPECIAL INTERROGATORY NO. 14:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR residence currently or in previous years.

**SPECIAL INTERROGATORY NO. 15:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR vacation home currently or in previous years.

/ / /

/ / /

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 16:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR intent to use the Ski Slope Property as YOUR primary residence in the future.

**SPECIAL INTERROGATORY NO. 17:**

With specificity and in detail, please state the dates for when YOU used the Ski Slope Property either for vacation or as a primary residence.

**SPECIAL INTERROGATORY NO. 18:**

With specificity and in detail, please identify all individuals and entities whose services YOU have employed or whose assistance YOU have otherwise utilized to rent or manage the Ski Slope Property.

**SPECIAL INTERROGATORY NO. 19:**

Who is the account holder for the account where YOU deposit rental proceeds from the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 20:**

What bank account(s) do payments for expenses and other costs for the Ski Slope Property come from?

**SPECIAL INTERROGATORY NO. 21:**

What is the nature of the bank account(s) YOU or YOUR spouse use or have used to pay expenses and other costs for the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 22:**

What types of insurance policies do YOU currently have, or have YOU had, on the Ski Slope Property in the past?

**SPECIAL INTERROGATORY NO. 23:**

Is the Ski Slope Property rented out using YOUR individual name and/or YOUR spouse's name, or do YOU have a DBA or other business name that YOU use?

/ / /

/ / /

5

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 24:**

Have YOU created any business or company associated with the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 25:**

With specificity and in detail, please identify all properties that YOU—or any company owned or operated by YOU—own and rent to other PERSONS.

**SPECIAL INTERROGATORY NO. 26:**

With specificity and in detail, please identify all properties that YOU—or any company owned or operated by YOU—own as investment properties.

**SPECIAL INTERROGATORY NO. 27:**

Have YOU conducted business events for any company owned or operated by YOU at the Ski Slope Property?

**SPECIAL INTERROGATORY NO. 28:**

If you rented the Ski Slope Property for money in 1999, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 29:**

If you rented the Ski Slope Property for money in 2000, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 30:**

If you rented the Property for money in 2001, please provide the number of times that YOU rented the Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 31:**

If you rented the Ski Slope Property for money in 2002, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 32:**

If you rented the Ski Slope Property for money in 2003, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

/ / /

6

**SPECIAL INTERROGATORY NO. 33:**

If you rented the Ski Slope Property for money in 2004, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 34:**

If you rented the Ski Slope Property for money in 2005, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 35:**

If you rented the Ski Slope Property for money in 2006, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 36:**

If you rented the Ski Slope Property for money in 2007, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 37:**

If you rented the Ski Slope Property for money in 2008, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 38:**

If you rented the Ski Slope Property for money in 2009, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 39:**

If you rented the Ski Slope Property for money in 2010, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 40:**

If you rented the Property for money in 2011, please provide the number of times that YOU rented the Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 41:**

If you rented the Ski Slope Property for money in 2012, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

/ / /

THE RYAN FIRM
A Professional Corporation

**SPECIAL INTERROGATORY NO. 42:**

If you rented the Ski Slope Property for money in 2013, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 43:**

If you rented the Ski Slope Property for money in 2014, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 44:**

If you rented the Ski Slope Property for money in 2015, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 45:**

If you rented the Ski Slope Property for money in 2016, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 46:**

If you rented the Ski Slope Property for money in 2017, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 47:**

If you rented the Ski Slope Property for money in 2018, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 48:**

If you rented the Ski Slope Property for money in 2019, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 49:**

If you rented the Ski Slope Property for money in 2020, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**SPECIAL INTERROGATORY NO. 50:**

If you rented the Ski Slope Property for money in 2021, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

/ / /

THE RYAN FIRM
A Professional Corporation

8

**SPECIAL INTERROGATORY NO. 51:**

     If you have rented or will rent the Ski Slope Property for money in 2022, please provide the number of times that YOU rented or will rent the Ski Slope Property and the duration of each such rental.

DATED: March 21, 2022

THE RYAN FIRM
A Professional Corporation

By: _____

TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
ELLE M. REED
Attorneys for Defendant Seterus, Inc.

**THE RYAN FIRM**
A Professional Corporation

9

**THE RYAN FIRM**
A Professional Corporation

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On March 21, 2022, I served the within document(s) described as: **DEFENDANT SETERUS, INC.'S SPECIAL INTERROGATORIES, SET ONE, PROPOUNDED ON PLAINTIFF MICHELE L. NESSIER** on the interested parties in this action:

☒ by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Mellen Law Firm<br>Matthew Mellen<br>Brenna Wood Fitzpatrick<br>1050 Marina Village Pkwy,<br>St. 102<br>Alameda, CA 94501 | Tel: (510) 263-9638<br>Fax: (415) 276-1902<br>Email:<br>email@mellenlawfirm.com | Attorney for Plaintiffs<br>Timothy S. Bostwick and<br>Michele L. Nessier |

☒ **BY ELECTRONIC SERVICE** – My electronic service address is: nchou@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 21, 2022, at Irvine, California.

_____
NASYA CHOU

# EXHIBIT 3

# EXHIBIT 3

1   Sarah Shapero (Bar No. 281748)
2   100 Pine Street, Ste. 530
    San Francisco, CA 94111
3   Telephone:   (415) 293-7995
    Facsimile:    (415) 358-4116
4
5   Attorneys for Plaintiffs,
    TIMOTHY S. BOSTWICK,
6   and MICHELE L. NESSIER,

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  TIMOTHY S. BOSTWICK, an individual;          CASE NO.: 3:21-cv-02560-LB Limited
    and MICHELE L. NESSIER, individual;          Jurisdiction
12                                               Date Action Filed: January 22, 2019
           Plaintiffs,
13                                               Assigned for All Purposes to
                                                 Hon. Laurel Beeler
14         v.                                    Courtroom B

15

16                                               **PLAINTIFF TIMOTHY BOSTWICK'S**
    SETERUS, INC., a business entity; US         **RESPONSES AND OBJECTIONS TO**
17  BANK, N.A., a business entity; SN            **DEFENDANT SETERUS, INC.'S**
    Servicing CORP., a business entity, and      **SPECIAL INTERROGATORIES, SET**
18  DOES 1 through 10, inclusive                 **ONE**

19

20         Defendants.

21

22

23                 PROPOUNDING PARTY: Defendant, SETERUS, INC.

24

25                 RESPONDING PARTY: Plaintiff, TIMOTHY S. BOSTWICK

26

27                          SET NUMBER: ONE (1)

28                                      1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY STATEMENT**

The responding party has not fully completed investigation of the facts, discovery, or trial preparation relating to this case.  The only basis of the responses contained herein are information and documents presently available to and specifically known to the responding party.  The responding party anticipates that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions.  Additional information obtained may lead to substantial additions, changes, or variations from the contentions set forth in these responses.  The following discovery responses are given without prejudice to the responding party's right to produce evidence or facts subsequently attained.

If further investigation reveals additional information, responding party reserves the right to change any responses to this discovery request.  The responses herein are made in good faith to supply as much specific, factual information that is presently known by responding party.  Responding party repudiates any prejudices resulting from these responses in relation to further discovery.

Plaintiff, TIMOTHY S. BOSTWICK, responds as follows:

**SPECIAL INTERROGATORIES ANSWERS, SET ONE**

**SPECIAL INTERROGATORY NO. 1:**

With specificity and in detail, please state all facts supporting YOUR contention in YOUR operative Complaint that "Defendant SETERUS is, or was at all relevant times herein, the acting servicer of Plaintiffs' loan on behalf of the Defendant US BANK N.A., the Beneficiary of Plaintiff's loan."

(The terms "YOU" or "YOUR," as used in these Special Interrogatories, shall refer to Timothy S. Bostwick, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Seterus was the servicer of Plaintiff's loan on behalf of the beneficiary before servicing transferred to SN Servicing.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 2:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOU have spent "the past 20 plus years using it [the Ski Slope Property] for family vacations every year."

(The term "RELATED TO," as used in these Special Interrogatories, shall mean, by way of example and without limitation, demonstrates, describes, memorializes,

evidences, compromises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified.)

(The term "Ski Slope Property," as used in these Special Interrogatories, shall refer to the real property located at 14049 Ski Slope Way, Truckee, CA 96161-7030.).

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: For the past 20 plus years, Responding Party and family have used the property for family vacations for their own use.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 3:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**RESPONSE TO SPECIAL INTERROGATORY NO.3:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

4

discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: For the past 20 plus years, when Responding Party and family were not using the property for family vacations, they rented the property for supplemental family income.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 4:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**RESPONSE TO SPECIAL INTERROGATORY NO.4:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: For the past 20 plus years, when Responding Party and family were not using the property for family vacations, they rented the property for supplemental family income. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 5:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOUR "ultimate goal with this [Ski Slope] Property is to retire and live in it full time."

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Once we retire, we hope to retire to the property and live in it full time. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 6:**

When did it become YOUR goal with the Ski Slope Property "to retire and live in it full time"?

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  It has been our goal to retire in the property and live in it full time since 1999. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

1

**SPECIAL INTERROGATORY NO. 7:**

2

3

4

5

6

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that during settlement negotiations that occurred "between the time Plaintiffs filed their 2019 and 2020 bankruptcy," "Plaintiffs had tenants in the [Ski Slope] property, who after seeing these [Notices of Trustees Sale] postings, ceased making their rental payments for fear that the house would be foreclosed and they would need to relocate."

7

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

8

9

10

11

12

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

13

14

15

16

17

18

19

Subject to the aforementioned objections, Responding Party responds as follows:During negotiations, Defendants continued to post Notices of Trustees Sale on Plaintiffs property.Plaintiffs had tenants in the property, who after seeing these postings, ceased making their rental payments for fear that the house would be foreclosed and they would need to relocate. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

20

**SPECIAL INTERROGATORY NO. 8:**

21

22

Please identify all "tenants" referenced in any portions of YOUR operative Complaint.

23

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

24

25

26

27

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

28

7

Subject to the aforementioned objections, Responding Party responds as follows:  The property is listed for short and long term rentals on AirBnb.  Responding Party does not know the name of all of the individuals that have been tenants at the property. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 9:**

With specificity and in detail, please state all facts RELATED TO YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  When we purchased the property, we intended to use it, and did use it, as a second home for our family. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 10:**

With specificity and in detail, please identify all PERSONS with knowledge of any facts regarding YOUR intended use of the Ski Slope Property when YOU purchased it in 1999. (The term "PERSONS," as used in these Special Interrogatories, shall include, but is not limited to, a natural person, corporation, firm, association, organization, partnership, or other business or legal entity and the officers, employees, agents, servants, or representatives of such entities, as the context requires.)

8

1

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

2

            Objection. This interrogatory seeks information beyond the permissible scope of

3

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

4

discovery of admissible evidence. This interrogatory seeks information in violation of responding

5

party's right to privacy, and as such is privileged from disclosure.

6

        Subject to the aforementioned objections, Responding Party responds as follows:  Our

7

family and realtor.

8

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

9

to and including the time of trial.

10

11

**SPECIAL INTERROGATORY NO. 11:**

12

        With specificity and in detail, please identify YOUR real estate agent whom YOU used to

13

purchase the Ski Slope Property.

14

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

15

16

        Objection. This interrogatory seeks information beyond the permissible scope of

17

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

18

discovery of admissible evidence. This interrogatory seeks information in violation of responding

19

party's right to privacy, and as such is privileged from disclosure.

20

        Subject to the aforementioned objections, Responding Party responds as follows:

21

Responding Party cannot recall the name of the realtor that helped us purchase the property.

22

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

23

to and including the time of trial.

24

25

**SPECIAL INTERROGATORY NO. 12:**

26

        With specificity and in detail, please identify the name of the individual whom YOU used as a

27

mortgage loan broker for the purchase of the Ski Slope Property.

28

9

1

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

2

Objection. This interrogatory seeks information beyond the permissible scope of

3

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

4

discovery of admissible evidence. This interrogatory seeks information in violation of responding

5

party's right to privacy, and as such is privileged from disclosure.

6

Subject to the aforementioned objections, Responding Party responds as follows:

7

Responding Party cannot recall the name of the mortgage broker that helped us purchase the

8

property.

9

10

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

11

to and including the time of trial.

12

**SPECIAL INTERROGATORY NO. 13:**

13

With specificity and in detail, please state all facts RELATED TO the source(s) of any

14

funds that YOU have used in connection with making payments on YOUR loan secured by the

15

Ski Slope Property currently or in previous years.

16

17

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

18

Objection. This interrogatory seeks information beyond the permissible scope of

19

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

20

discovery of admissible evidence. This interrogatory seeks information in violation of responding

21

party's right to privacy, and as such is privileged from disclosure.

22

Subject to the aforementioned objections, Responding Party responds as follows: All of

23

the funds to pay the mortgage have come from our personal bank accounts.

24

25

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

26

to and including the time of trial.

27

**SPECIAL INTERROGATORY NO.  14:**

28

10

1   With specificity and in detail, please identify any family members, neighbors, friends, or

2   other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR

3   residence currently or in previous years.

4   **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

5   Objection. This interrogatory seeks information beyond the permissible scope of

6   discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

7   discovery of admissible evidence. This interrogatory seeks information in violation of responding

8   party's right to privacy, and as such is privileged from disclosure.

9   Subject to the aforementioned objections, Responding Party responds as follows:  The list

10  of people that have personal knowledge regarding our use of the property as our second home or

11  vacation home is too great to list.

12  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

13  to and including the time of trial.

14  **SPECIAL INTERROGATORY NO. 15:**

15  With specificity and in detail, please identify any family members, neighbors, friends, or

16  other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR

17  vacation home currently or in previous years.

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

19  Objection. This interrogatory seeks information beyond the permissible scope of

20  discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

21  discovery of admissible evidence. This interrogatory seeks information in violation of responding

22  party's right to privacy, and as such is privileged from disclosure.

23

24

25

26

27

28

11

Subject to the aforementioned objections, Responding Party responds as follows:  The list of people that have personal knowledge regarding our use of the property as our second home or vacation home is too great to list.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 16:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR intent to use the Ski Slope Property as YOUR primary residence in the future.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  The list of people that have personal knowledge regarding our use of the property as our second home or vacation home is too great to list.  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 17:**

With specificity and in detail, please state the dates for when YOU used the Ski Slope Property either for vacation or as a primary residence.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

12

1
2
discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

3
4
5
6
7
8
9
Subject to the aforementioned objections, Responding Party responds as follows:  We have never used the property as our primary residence, it has always been out vacation home or second home.  We have used the property as our vacation home or second home since we purchased it in 1999.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

10
**SPECIAL INTERROGATORY NO. 18:**

11
12
13
With specificity and in detail, please identify all individuals and entities whose services YOU have employed or whose assistance YOU have otherwise utilized to rent or manage the Ski Slope Property.

14
**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

15
16
17
18
19
Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

20
21
22
Subject to the aforementioned objections, Responding Party responds as follows: Not applicable.

23
24
Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

25
**SPECIAL INTERROGATORY NO. 19:**

26
27
Who is the account holder for the account where YOU deposit rental proceeds from the Ski Slope Property?

28

13

1

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

2

      Objection. This interrogatory seeks information beyond the permissible scope of

3

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

4

discovery of admissible evidence. This interrogatory seeks information in violation of responding

5

party's right to privacy, and as such is privileged from disclosure.

6

      Subject to the aforementioned objections, Responding Party responds as follows:  Michele

7

Messier.

8

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

9

to and including the time of trial.

10

11

**SPECIAL INTERROGATORY NO. 20:**

12

      What bank account(s) do payments for expenses and other costs for the Ski Slope

13

Property come from?

14

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

15

16

      Objection. This interrogatory seeks information beyond the permissible scope of

17

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

18

discovery of admissible evidence. This interrogatory seeks information in violation of responding

19

party's right to privacy, and as such is privileged from disclosure.

20

      Subject to the aforementioned objections, Responding Party responds as follows:  Bank

21

accounts owned by Michele Messier and Timothy Bostwick.

22

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

23

to and including the time of trial.

24

25

**SPECIAL INTERROGATORY NO. 21:**

26

      What is the nature of the bank account(s) YOU or YOUR spouse use or have used to pay

27

expenses and other costs for the Ski Slope Property?

28

14

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Personal.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 22:**

What types of insurance policies do YOU currently have, or have YOU had, on the Ski Slope Property in the past?

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 23:**

Is the Ski Slope Property rented out using YOUR individual name and/or YOUR spouse's name, or do YOU have a DBA or other business name that YOU use?

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

15

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Our individual names.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 24:**

Have YOU created any business or company associated with the Ski Slope Property?

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: No.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 25:**

With specificity and in detail, please identify all properties that YOU—or any company owned or operated by YOU—own and rent to other PERSONS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: None. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 26:**

With specificity and in detail, please identify all properties that YOU—or any company owned or operated by YOU—own as investment properties.

**RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: None. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 27:**

Have YOU conducted business events for any company owned or operated by YOU at the Ski Slope Property?

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

17

Subject to the aforementioned objections, Responding Party responds as follows: No. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 28:**

If you rented the Ski Slope Property for money in 1999, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 1999.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 29:**

If you rented the Ski Slope Property for money in 2000, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

18

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2000.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 30:**

If you rented the Property for money in 2001, please provide the number of times that YOU rented the Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2001.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 31:**

If you rented the Ski Slope Property for money in 2002, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2002.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 32:**

If you rented the Ski Slope Property for money in 2003, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2003.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 33:**

If you rented the Ski Slope Property for money in 2004, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

20

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2004.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 34:**

If you rented the Ski Slope Property for money in 2005, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2005.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 35:**

If you rented the Ski Slope Property for money in 2006, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

21

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2006.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 36:**

If you rented the Ski Slope Property for money in 2007, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 36:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2007.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 37:**

If you rented the Ski Slope Property for money in 2008, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 37:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

22

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2008.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 38:**

If you rented the Ski Slope Property for money in 2009, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 38:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2009.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 39:**

If you rented the Ski Slope Property for money in 2010, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 39:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2010.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 40:**

If you rented the Property for money in 2011, please provide the number of times that YOU rented the Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2011.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 41:**

If you rented the Ski Slope Property for money in 2012, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 41:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

24

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2012.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 42:**

If you rented the Ski Slope Property for money in 2013, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 42:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2013.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 43:**

If you rented the Ski Slope Property for money in 2014, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 43:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2014.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 44:**

If you rented the Ski Slope Property for money in 2015, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 44:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2015 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 45:**

If you rented the Ski Slope Property for money in 2016, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 45:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

26

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2016 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 46:**

If you rented the Ski Slope Property for money in 2017, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 46:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2017 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 47:**

If you rented the Ski Slope Property for money in 2018, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 47:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2018 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 48:**

If you rented the Ski Slope Property for money in 2019, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 48:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2019 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 49:**

If you rented the Ski Slope Property for money in 2020, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 49:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2020 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 50:**

If you rented the Ski Slope Property for money in 2021, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 50:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2021 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 51:**

If you have rented or will rent the Ski Slope Property for money in 2022, please provide the number of times that YOU rented or will rent the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 51:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

1  discovery of admissible evidence. This interrogatory seeks information in violation of responding
2  party's right to privacy, and as such is privileged from disclosure.

3      Subject to the aforementioned objections, Responding Party responds as follows: We
4  retned the property in 2022 for approximately six months of the year as a short term rental.
5  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up
6  to and including the time of trial.

7

8

9  DATED:  July 18, 2022                    Respectfully submitted,

10                                           SHAPERO LAW FIRM

11

12

13                                           _____
                                             Sarah Shapero, Esq.
14                                           Attorney for Plaintiffs,
                                             TIMOTHY S. BOSTWICK,
15                                           and MICHELE L. NESSIER,

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        30

## <u>VERIFICATION</u>

I, TIMOTHY S. BOSTWICK, am a named Plaintiff in the above-entitled action.  I have read the foregoing "PLAINTIFF TIMOTHY BOSTWICK'S RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL INTERROGATORIES, SET ONE" and know the contents thereof.  The same is true of my own knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 18, 2022  in Truckee, California.


*Timothy S. Bostwick*

_____

TIMOTHY S. BOSTWICK

Sarah Shapero (Bar No. 281748)
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:   (415) 293-7995
Facsimile:    (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>    Plaintiffs,<br><br>    v.<br><br><br>SETERUS, INC., a business entity; and DOES 1 through 10, inclusive,<br><br><br>    Defendants. | CASE NO.: 3:21-cv-02560-LB Limited Jurisdiction<br>Date Action Filed: January 22, 2019<br><br>Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B<br><br><br>**PLAINTIFF MICHELLE NESSIER'S RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY: Defendant, SETERUS, INC.

RESPONDING PARTY: Plaintiff, MICHELLE NESSIER

SET NUMBER: ONE (1)

1

1

2

**PRELIMINARY STATEMENT**

3

The responding party has not fully completed investigation of the facts, discovery, or trial

4

preparation relating to this case.  The only basis of the responses contained herein are information

5

and documents presently available to and specifically known to the responding party.  The

6

responding party anticipates that further discovery, independent investigation, legal research, and

7

analysis will supply additional facts, add meaning to known facts, and establish entirely new

8

factual conclusions and legal contentions.   Additional information obtained may lead to

9

substantial additions, changes, or variations from the contentions set forth in these responses.  The

10

following discovery responses are given without prejudice to the responding party's right to

11

produce evidence or facts subsequently attained.

12

13

If further investigation reveals additional information, responding party reserves the right

14

to change any responses to this discovery request.  The responses herein are made in good faith to

15

supply as much specific, factual information that is presently known by responding party.

16

Responding party repudiates any prejudices resulting from these responses in relation to further

17

discovery.

18

Plaintiff, MICHELLE NESSIER, responds as follows:

19

**SPECIAL INTERROGATORIES ANSWERS, SET ONE**

20

**SPECIAL INTERROGATORY NO. 1:**

21

22

With specificity and in detail, please state all facts supporting YOUR contention in YOUR

23

operative Complaint that "Defendant SETERUS is, or was at all relevant times herein, the acting

24

servicer of Plaintiffs' loan on behalf of the Defendant US BANK N.A., the Beneficiary of

25

Plaintiff's loan."

26

(The terms "YOU" or "YOUR," as used in these Special Interrogatories, shall refer to

27

28

2

Timothy S. Bostwick, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Seterus was the servicer of Plaintiff's loan on behalf of the beneficiary before servicing transferred to SN Servicing.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 2:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOU have spent "the past 20 plus years using it [the Ski Slope Property] for family vacations every year."

(The term "RELATED TO," as used in these Special Interrogatories, shall mean, by way of example and without limitation, demonstrates, describes, memorializes, evidences, compromises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified.)

(The term "Ski Slope Property," as used in these Special Interrogatories, shall refer to the real property located at 14049 Ski Slope Way, Truckee, CA 96161-7030.).

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: For the past 20 plus years, Responding Party and family have used the property for family vacations for their own use.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 3:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**RESPONSE TO SPECIAL INTERROGATORY NO.3:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: For the past 20 plus years, when Responding Party and family were not using the property for

4

family vacations, they rented the property for supplemental family income.

Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 4:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that "in between the family vacation" YOU "used it [the Ski Slope Property] as a rental for supplemental family income."

**RESPONSE TO SPECIAL INTERROGATORY NO.4:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: For the past 20 plus years, when Responding Party and family were not using the property for family vacations, they rented the property for supplemental family income.

Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 5:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that YOUR "ultimate goal with this [Ski Slope] Property is to retire and live in it full time."

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

5

discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Once we retire, we hope to retire to the property and live in it full time.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 6:**

When did it become YOUR goal with the Ski Slope Property "to retire and live in it full time"?

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  It has been our goal to retire in the property and live in it full time since 1999.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 7:**

With specificity and in detail, please state all facts RELATED TO YOUR contention in YOUR operative Complaint that during settlement negotiations that occurred "between the time Plaintiffs filed their 2019 and 2020 bankruptcy," "Plaintiffs had tenants in the [Ski Slope] property, who after seeing these [Notices of Trustees Sale] postings, ceased making their rental payments for fear that the house would be foreclosed and they would need to relocate."

1

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

2

Objection. This interrogatory seeks information beyond the permissible scope of

3

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

4

discovery of admissible evidence. This interrogatory seeks information in violation of responding

5

party's right to privacy, and as such is privileged from disclosure.

6

Subject to the aforementioned objections, Responding Party responds as follows:During

7

negotiations, Defendants continued to post Notices of Trustees Sale on Plaintiffs

8

property.Plaintiffs had tenants in the property, who after seeing these postings, ceased making

9

their rental payments for fear that the house would be foreclosed and they would need to relocate.

10

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

11

to and including the time of trial.

12

**SPECIAL INTERROGATORY NO. 8:**

13

Please identify all "tenants" referenced in any portions of YOUR operative Complaint.

14

15

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

16

Objection. This interrogatory seeks information beyond the permissible scope of

17

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

18

discovery of admissible evidence. This interrogatory seeks information in violation of responding

19

party's right to privacy, and as such is privileged from disclosure.

20

Subject to the aforementioned objections, Responding Party responds as follows:  The

21

property is listed for short and long term rentals on AirBnb.  Responding Party does not know the

22

name of all of the individuals that have been tenants at the property.

23

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

24

to and including the time of trial.

25

**SPECIAL INTERROGATORY NO. 9:**

26

27

28

7

With specificity and in detail, please state all facts RELATED TO YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  When we purchased the property, we intended to use it, and did use it, as a second home for our family. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 10:**

With specificity and in detail, please identify all PERSONS with knowledge of any facts regarding YOUR intended use of the Ski Slope Property when YOU purchased it in 1999.
(The term "PERSONS," as used in these Special Interrogatories, shall include, but is not limited to, a natural person, corporation, firm, association, organization, partnership, or other business or legal entity and the officers, employees, agents, servants, or representatives of such entities, as the context requires.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  Our

8

family and realtor.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 11:**

With specificity and in detail, please identify YOUR real estate agent whom YOU used to purchase the Ski Slope Property.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Responding Party cannot recall the name of the realtor that helped us purchase the property. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 12:**

With specificity and in detail, please identify the name of the individual whom YOU used as a mortgage loan broker for the purchase of the Ski Slope Property.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:

Responding Party cannot recall the name of the mortgage broker that helped us purchase the property.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 13:**

With specificity and in detail, please state all facts RELATED TO the source(s) of any funds that YOU have used in connection with making payments on YOUR loan secured by the Ski Slope Property currently or in previous years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: All of the funds to pay the mortgage have come from our personal bank accounts.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO.  14:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR residence currently or in previous years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  The list of people that have personal knowledge regarding our use of the property as our second home or vacation home is too great to list.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 15:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR use of the Ski Slope Property as YOUR vacation home currently or in previous years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  The list of people that have personal knowledge regarding our use of the property as our second home or vacation home is too great to list.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO.  16:**

With specificity and in detail, please identify any family members, neighbors, friends, or other individuals that have personal knowledge of YOUR intent to use the Ski Slope Property as

11

1  YOUR primary residence in the future.

2  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

3          Objection. This interrogatory seeks information beyond the permissible scope of

4  discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

5  discovery of admissible evidence. This interrogatory seeks information in violation of responding

6  party's right to privacy, and as such is privileged from disclosure.

7          Subject to the aforementioned objections, Responding Party responds as follows:  The list

8  of people that have personal knowledge regarding our use of the property as our second home or

9  vacation home is too great to list.  Investigation and discovery are continuing.  Plaintiff reserves

10  the right to amend this response up to and including the time of trial.

11
12  **SPECIAL INTERROGATORY NO. 17:**

13          With specificity and in detail, please state the dates for when YOU used the Ski Slope

14  Property either for vacation or as a primary residence.

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

16
17          Objection. This interrogatory seeks information beyond the permissible scope of

18  discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

19  discovery of admissible evidence. This interrogatory seeks information in violation of responding

20  party's right to privacy, and as such is privileged from disclosure.

21          Subject to the aforementioned objections, Responding Party responds as follows:  We

22  have never used the property as our primary residence, it has always been out vacation home or

23  second home.  We have used the property as our vacation home or second home since we

24  purchased it in 1999.

25
26  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

27  to and including the time of trial.

28
                                        12

**SPECIAL INTERROGATORY NO. 18:**

With specificity and in detail, please identify all individuals and entities whose services YOU have employed or whose assistance YOU have otherwise utilized to rent or manage the Ski Slope Property.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Not applicable.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 19:**

Who is the account holder for the account where YOU deposit rental proceeds from the Ski Slope Property?

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:  Michele Messier.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

13

1    to and including the time of trial.

2    **SPECIAL INTERROGATORY NO. 20:**

3        What bank account(s) do payments for expenses and other costs for the Ski Slope

4    Property come from?

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

6        Objection. This interrogatory seeks information beyond the permissible scope of

7    discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

8    discovery of admissible evidence. This interrogatory seeks information in violation of responding

9    party's right to privacy, and as such is privileged from disclosure.

10   Subject to the aforementioned objections, Responding Party responds as follows:  Bank

11   accounts owned by Michele Messier and Timothy Bostwick.

12   Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

13   to and including the time of trial.

14   **SPECIAL INTERROGATORY NO. 21:**

15       What is the nature of the bank account(s) YOU or YOUR spouse use or have used to pay

16   expenses and other costs for the Ski Slope Property?

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

18       Objection. This interrogatory seeks information beyond the permissible scope of

19   discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

20   discovery of admissible evidence. This interrogatory seeks information in violation of responding

21   party's right to privacy, and as such is privileged from disclosure.

22       Subject to the aforementioned objections, Responding Party responds as follows:

23   Personal.

24   Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

---

14

to and including the time of trial.

**SPECIAL INTERROGATORY NO. 22:**

What types of insurance policies do YOU currently have, or have YOU had, on the Ski Slope Property in the past?

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 23:**

Is the Ski Slope Property rented out using YOUR individual name and/or YOUR spouse's name, or do YOU have a DBA or other business name that YOU use?

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Our individual names.

Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

15

1

**SPECIAL INTERROGATORY NO. 24:**

2

Have YOU created any business or company associated with the Ski Slope Property?

3

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

4

5

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

6

7

discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

8

9

Subject to the aforementioned objections, Responding Party responds as follows: No.

10

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

11

to and including the time of trial.

12

**SPECIAL INTERROGATORY NO. 25:**

13

14

With specificity and in detail, please identify all properties that YOU—or any company

15

owned or operated by YOU—own and rent to other PERSONS.

16

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

17

Objection. This interrogatory seeks information beyond the permissible scope of

18

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

19

discovery of admissible evidence. This interrogatory seeks information in violation of responding

20

party's right to privacy, and as such is privileged from disclosure.

21

Subject to the aforementioned objections, Responding Party responds as follows: None.

22

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

23

to and including the time of trial.

24

25

**SPECIAL INTERROGATORY NO. 26:**

26

With specificity and in detail, please identify all properties that YOU—or any company

27

owned or operated by YOU—own as investment properties.

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: None. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 27:**

Have YOU conducted business events for any company owned or operated by YOU at the Ski Slope Property?

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: No. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 28:**

If you rented the Ski Slope Property for money in 1999, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

Objection. This interrogatory seeks information beyond the permissible scope of

17

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 1999.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 29:**

If you rented the Ski Slope Property for money in 2000, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2000.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 30:**

If you rented the Property for money in 2001, please provide the number of times that YOU rented the Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

Objection. This interrogatory seeks information beyond the permissible scope of

18

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

discovery of admissible evidence. This interrogatory seeks information in violation of responding

party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did

not rent the property for money in 2001.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

to and including the time of trial.

**SPECIAL INTERROGATORY NO. 31:**

If you rented the Ski Slope Property for money in 2002, please provide the number of

times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

Objection. This interrogatory seeks information beyond the permissible scope of

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the

discovery of admissible evidence. This interrogatory seeks information in violation of responding

party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did

not rent the property for money in 2002.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up

to and including the time of trial.

**SPECIAL INTERROGATORY NO. 32:**

If you rented the Ski Slope Property for money in 2003, please provide the number of

times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

Objection. This interrogatory seeks information beyond the permissible scope of

19

1
2
3

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

4
5

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2003.

6
7
8

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

9

**SPECIAL INTERROGATORY NO. 33:**

10
11

If you rented the Ski Slope Property for money in 2004, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

12

**RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

13
14
15
16
17

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

18
19

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2004.

20
21
22

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

23

**SPECIAL INTERROGATORY NO. 34:**

24
25

If you rented the Ski Slope Property for money in 2005, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

26

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

27
28

Objection. This interrogatory seeks information beyond the permissible scope of

20

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2005.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 35:**

If you rented the Ski Slope Property for money in 2006, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2006.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 36:**

If you rented the Ski Slope Property for money in 2007, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 36:**

Objection. This interrogatory seeks information beyond the permissible scope of

21

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2007.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 37:**

If you rented the Ski Slope Property for money in 2008, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 37:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2008.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 38:**

If you rented the Ski Slope Property for money in 2009, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 38:**

Objection. This interrogatory seeks information beyond the permissible scope of

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2009.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 39:**

If you rented the Ski Slope Property for money in 2010, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 39:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2010.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 40:**

If you rented the Property for money in 2011, please provide the number of times that YOU rented the Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

Objection. This interrogatory seeks information beyond the permissible scope of

23

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2011.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 41:**

If you rented the Ski Slope Property for money in 2012, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 41:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2012.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 42:**

If you rented the Ski Slope Property for money in 2013, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 42:**

Objection. This interrogatory seeks information beyond the permissible scope of

24

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2013.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 43:**

If you rented the Ski Slope Property for money in 2014, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 43:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We did not rent the property for money in 2014.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 44:**

If you rented the Ski Slope Property for money in 2015, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 44:**

Objection. This interrogatory seeks information beyond the permissible scope of

25

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2015 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 45:**

If you rented the Ski Slope Property for money in 2016, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 45:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2016 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 46:**

If you rented the Ski Slope Property for money in 2017, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 46:**

Objection. This interrogatory seeks information beyond the permissible scope of

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2017 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 47:**

If you rented the Ski Slope Property for money in 2018, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 47:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2018 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 48:**

If you rented the Ski Slope Property for money in 2019, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 48:**

Objection. This interrogatory seeks information beyond the permissible scope of

27

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2019 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 49:**

If you rented the Ski Slope Property for money in 2020, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 49:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2020 for approximately six months of the year as a short term rental. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 50:**

If you rented the Ski Slope Property for money in 2021, please provide the number of times that YOU rented the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 50:**

Objection. This interrogatory seeks information beyond the permissible scope of

discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2021 for approximately six months of the year as a short term rental. Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 51:**

If you have rented or will rent the Ski Slope Property for money in 2022, please provide the number of times that YOU rented or will rent the Ski Slope Property and the duration of each such rental.

**RESPONSE TO SPECIAL INTERROGATORY NO. 51:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: We retned the property in 2022 for approximately six months of the year as a short term rental. Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

{Signature on next page}

29

DATED:   July 18, 2022

Respectfully submitted,

SHAPERO LAW FIRM

*Sarah Shapero*

Sarah Shapero, Esq.
Attorney for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER

## **VERIFICATION**

I, MICHELE L. NESSIER, am a named Plaintiff in the above-entitled action.  I have read the foregoing "PLAINTIFF MICHELLE NESSIER'S RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL INTERROGATORIES, SET ONE" and know the contents thereof.  The same is true of my own knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 18, 2022  in Truckee, California.

*Michele L. Nessier*

MICHELE L. NESSIER

# EXHIBIT 4

# EXHIBIT 4

1  Sarah Shapero (Bar No. 281748)
   100 Pine Street, Ste. 530
2  San Francisco, CA 94111
   Telephone:   (415) 293-7995
3  Facsimile:    (415) 358-4116

4  Attorneys for Plaintiffs,
   TIMOTHY S. BOSTWICK,
5  and MICHELE L. NESSIER,

6

7                **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10 TIMOTHY S. BOSTWICK, an individual;          CASE NO.: 3:21-cv-02560-LB Limited
   and MICHELE L. NESSIER, individual;          Jurisdiction
11                                               Date Action Filed: January 22, 2019
12          Plaintiffs,
                                                 Assigned for All Purposes to
13                                               Hon. Laurel Beeler
           v.                                    Courtroom B
14

15                                               **PLAINTIFF TIMOTHY BOSTWICK'S**
16 SETERUS, INC., a business entity; US          **SUPPLEMENTAL RESPONSES AND**
   BANK, N.A., a business entity; SN             **OBJECTIONS TO DEFENDANT SETERUS,**
                                                 **INC.'S  SPECIAL INTERROGATORIES, SET**
17 Servicing CORP., a business entity, and       **ONE**
   DOES 1 through 10, inclusive,
18

19
           Defendants.
20

21

22              PROPOUNDING PARTY: Defendant, SETERUS, INC.
23

24
                RESPONDING PARTY: Plaintiff, TIMOTHY BOSTWICK
25

26
                        SET NUMBER: ONE (1)
27

28                                    1

Doc ID: 281b487ac42d2ccfeb61a4eb6baaee773ad9077f

1
2
3

**PRELIMINARY STATEMENT**

4
5
6
7
8
9
10
11
12
13

The responding party has not fully completed investigation of the facts, discovery, or trial preparation relating to this case.  The only basis of the responses contained herein are information and documents presently available to and specifically known to the responding party.  The responding party anticipates that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions.  Additional information obtained may lead to substantial additions, changes, or variations from the contentions set forth in these responses.  The following discovery responses are given without prejudice to the responding party's right to produce evidence or facts subsequently attained.

14
15
16
17
18
19

If further investigation reveals additional information, responding party reserves the right to change any responses to this discovery request.  The responses herein are made in good faith to supply as much specific, factual information that is presently known by responding party.  Responding party repudiates any prejudices resulting from these responses in relation to further discovery.

20

Plaintiff, TIMOTHY BOSTWICK, responds as follows:

21

**SPECIAL INTERROGATORIES SUPPLEMENTAL ANSWERS, SET ONE**

22

**SPECIAL INTERROGATORY NO. 2:**

23
24
25
26
27

With specificity and detail, please provide the names and contact information for all witness, including their phone number and address, who YOU believe can support YOUR contention that Seterus engaged in "multiple and egregious violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq."

28

PLAINTIFF TIMOTHY BOSTWICK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S
SPECIAL INTERROGATORIES, SET ONE

Doc ID: 281b487ac42d2ccfeb61a4eb6baaee773ad9077f

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:

Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 11:**

With specificity and in detail, please identify YOUR real estate agent whom YOU used to purchase the Ski Slope Property.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:

Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099.  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 80:**

With specificity and detail, please provide the names and contact information for all witness, including their phone number and address, who YOU believe can support

PLAINTIFF TIMOTHY BOSTWICK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S
SPECIAL INTERROGATORIES, SET ONE

Doc ID: 281b487ac42d2ccfeb61a4eb6baaee773ad9077f

YOUR contention that "Defendant's conduct was a direct, actual, substantial, and proximate cause of Plaintiffs' injuries which include without limitation substantial emotional distress, humiliation, embarrassment, mental anguish, as well as the potential or actual loss of their home and resources lost as a result of dealing with Defendant's deceptive and unfair debt collection conduct."

**RESPONSE TO SPECIAL INTERROGATORY NO. 80:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099. Investigation and discovery are continuing. Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 83:**

With specificity and detail, please provide the names and contact information for all witness, including their phone number and address, who YOU believe can support YOUR contention that "Defendant owes Plaintiffs recompense in the form of all actual damages, statutory damages, exemplary damages, and equity as well as all attorney fees and costs associated with this lawsuit."

**RESPONSE TO SPECIAL INTERROGATORY NO. 83:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding

Doc ID: 281b487ac42d2ccfeb61a4eb6baaee773ad9077f

party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:

Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099.  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

DATED: July 13, 2023                     Respectfully submitted,

                                         SHAPERO LAW FIRM


                                           /s/ Sarah Shapero
                                         Sarah Shapero, Esq.
                                         Attorney for Plaintiffs,
                                         TIMOTHY S. BOSTWICK,
                                         and MICHELE L. NESSIER

PLAINTIFF TIMOTHY BOSTWICK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S SPECIAL INTERROGATORIES, SET ONE

Doc ID: 281b487ac42d2ccfeb61a4eb6baaee773ad9077f

1

## **VERIFICATION**

2
I, TIMOTHY BOSTWICK, am a named Plaintiff in the above-entitled action.  I have read

3
the foregoing "PLAINTIFF TIMOTHY BOSTWICK'S SUPPLEMENTAL RESPONSES AND

4
OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL INTERROGATORIES, SET

5
ONE" and know the contents thereof.  The same is true of my own knowledge, except as to those

6
matters stated upon information and belief, and as to those matters, I believe them to be true.

7
I declare under penalty of perjury under the laws of the State of California that the

8
foregoing is true and correct.  Executed on July 13, 2023,  in Truckee, California.

9

10

11

12
*Timothy S. Bostwick*

13
TIMOTHY BOSTWICK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF TIMOTHY BOSTWICK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S
SPECIAL INTERROGATORIES, SET ONE

Doc ID: 281b487ac42d2ccfeb61a4eb6baaee773ad9077f

Sarah Shapero (Bar No. 281748)
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:   (415) 293-7995
Facsimile:    (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>        Plaintiffs,<br><br>        v.<br><br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN Servicing CORP., a business entity, and DOES 1 through 10, inclusive,<br><br><br>        Defendants. | CASE NO.: 3:21-cv-02560-LB Limited Jurisdiction<br>Date Action Filed: January 22, 2019<br><br>Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B<br><br><br>**PLAINTIFF MICHELLE NESSIER'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY: Defendant, SETERUS, INC.


RESPONDING PARTY: Plaintiff, MICHELLE NESSIER


SET NUMBER: ONE (1)

1

Doc ID: fafebae7e31f1425543391ebd9d455733296aee2

1
2
3

**PRELIMINARY STATEMENT**

4          The responding party has not fully completed investigation of the facts, discovery, or trial

5   preparation relating to this case.  The only basis of the responses contained herein are information

6   and documents presently available to and specifically known to the responding party.  The

7   responding party anticipates that further discovery, independent investigation, legal research, and

8   analysis will supply additional facts, add meaning to known facts, and establish entirely new

9   factual conclusions and legal contentions.   Additional information obtained may lead to

10   substantial additions, changes, or variations from the contentions set forth in these responses.  The

11   following discovery responses are given without prejudice to the responding party's right to

12   produce evidence or facts subsequently attained.

13          If further investigation reveals additional information, responding party reserves the right

14   to change any responses to this discovery request.  The responses herein are made in good faith to

15   supply as much specific, factual information that is presently known by responding party.

16   Responding party repudiates any prejudices resulting from these responses in relation to further

17   discovery.

18          Plaintiff, MICHELLE NESSIER, responds as follows:

19   **SPECIAL INTERROGATORIES SUPPLEMENTAL ANSWERS, SET ONE**

20   **SPECIAL INTERROGATORY NO. 2:**

21          With specificity and detail, please provide the names and contact information for all

22   witness, including their phone number and address, who YOU believe can support YOUR

23   contention that Seterus engaged in "multiple and egregious violations of the Rosenthal Fair

24   Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq."

25

26

27

28

2

PLAINTIFF MICHELLE NESSIER'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL
INTERROGATORIES, SET ONE

Doc ID: fafebae7e31f1425543391ebd9d455733296aee2

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 11:**

With specificity and in detail, please identify YOUR real estate agent whom YOU used to purchase the Ski Slope Property.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099.  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 80:**

With specificity and detail, please provide the names and contact information for all witness, including their phone number and address, who YOU believe can support

3

Doc ID: fafebae7e31f1425543391ebd9d455733296aee2

YOUR contention that "Defendant's conduct was a direct, actual, substantial, and proximate cause of Plaintiffs' injuries which include without limitation substantial emotional distress, humiliation, embarrassment, mental anguish, as well as the potential or actual loss of their home and resources lost as a result of dealing with Defendant's deceptive and unfair debt collection conduct."

**RESPONSE TO SPECIAL INTERROGATORY NO. 80:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows: Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099.  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**SPECIAL INTERROGATORY NO. 83:**

With specificity and detail, please provide the names and contact information for all witness, including their phone number and address, who YOU believe can support YOUR contention that "Defendant owes Plaintiffs recompense in the form of all actual damages, statutory damages, exemplary damages, and equity as well as all attorney fees and costs associated with this lawsuit."

**RESPONSE TO SPECIAL INTERROGATORY NO. 83:**

Objection. This interrogatory seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information in violation of responding

4

Doc ID: fafebae7e31f1425543391ebd9d455733296aee2

party's right to privacy, and as such is privileged from disclosure.

Subject to the aforementioned objections, Responding Party responds as follows:

Jerry Bellman, jerry.bellman@2pt0group.com, (415) 306-1099.  Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

DATED: July 13, 2023                    Respectfully submitted,

                                        SHAPERO LAW FIRM


                                          /s/ Sarah Shapero
                                        Sarah Shapero, Esq.
                                        Attorney for Plaintiffs,
                                        TIMOTHY S. BOSTWICK,
                                        and MICHELE L. NESSIER

5

Doc ID: fafebae7e31f1425543391ebd9d455733296aee2

1

### **VERIFICATION**

2       I, MICHELE L. NESSIER, am a named Plaintiff in the above-entitled action.  I have read

3   the foregoing "PLAINTIFF MICHELLE NESSIER'S SUPPLEMENTAL RESPONSES AND

4   OBJECTIONS TO DEFENDANT SETERUS, INC.'S  SPECIAL INTERROGATORIES, SET

5   ONE" and know the contents thereof.  The same is true of my own knowledge, except as to those

6   matters stated upon information and belief, and as to those matters, I believe them to be true.

7       I declare under penalty of perjury under the laws of the State of California that the

8   foregoing is true and correct.  Executed on July 13, 2023,  in Truckee, California.

9

10

11

12                                        *Michele L. Nessier*

13                                        MICHELE L. NESSIER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Doc ID: fafebae7e31f1425543391ebd9d455733296aee2

1

## PROOF OF SERVICE

2

I am over the age of eighteen years and not a party to the within action.  I am
employed by The Ryan Firm, A Professional Corporation, whose business address is:
2603 Main St, Suite 1225, Irvine, CA 92614.

3

4

On September 8, 2023, I served the within document(s) described as: **MOTION IN
LIMINE NO. 1 BY DEFENDANT SETERUS, INC. TO EXLCUDE TESTIMONY
FROM ANY UNDISCLOSED WITNESSES; DECLARATION OF MICHAEL W.
STOLTZMAN JR.** on the interested parties in this action:

5

6

7

☒        by transmitting via electronic mail the document(s) listed above to the email
addresses provided by counsel.

8

9

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs<br>Timothy S. Bostwick<br>and Michele L. Nessier |
| Michael R. Brooks, Esq.<br>Hutchison & Steffen, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive,<br>Suite 200<br>Las Vegas, Nevada 89145 | Tel: (702) 385-2500<br>Fax: ***<br>Email:<br>mbrooks@hutchlegal.com | Attorney for Plaintiffs<br>Timothy S. Bostwick<br>and Michele L. Nessier |
| Ghidotti Berger LLP<br>Rachel Witcher<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>rwitcher@ghidottiberger.com | Attorneys for<br>Defendant SN<br>Servicing Corporation<br>and US Bank Trust<br>National Association |

10

11

12

13

14

15

16

17

18

19

20

☒      **BY ELECTRONIC SERVICE** (Code Civ. Proc. § 1010.6) – My electronic
service address is:  hmorris@theryanfirm.com. I transmitted true and correct
electronic copies of the above document(s) to the persons at the electronic mail
addresses listed above and said transmission was completed without error.

21

22

23

☒      (Federal) I declare that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

24

Executed on September 8, 2023, at Irvine, California.

25

26

27

HEATHER MORRIS

28

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On September 28, 2023, I served the within document(s) described as: **MOTION IN LIMINE NO. 1 BY DEFENDANT SETERUS, INC. TO EXLCUDE TESTIMONY FROM ANY UNDISCLOSED WITNESSES; DECLARATION OF MICHAEL W. STOLTZMAN JR.** on the interested parties in this action:

☒       by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C. 100 Pine Street, Ste 530 San Francisco, CA 94111 | Tel:  (415) 273-3504 Fax: (415) 358-4116 Email: sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Michael R. Brooks, Esq. Hutchison & Steffen, PLLC Peccole Professional Park 10080 West Alta Drive, Suite 200 Las Vegas, Nevada 89145 | Tel: (702) 385-2500 Fax: *** Email: mbrooks@hutchlegal.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP Rachel Witcher 1920 Old Tustin Ave. Santa Ana, CA 92705 | Tel:  (949) 427-2010 Fax: (949) 427-2732 Email: rwitcher@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒       **CM/ECF** (U.S. District Court, Northern District of California)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.  All parties who are not registered, if any, were served in the manner set forth above.

☒       (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2023, at Irvine, California.


/s/ Rose Conway
ROSE CONWAY