Timothy M. Ryan, Bar No. 178059
Andrew J. Mase, Bar No. 300680
Michael W. Stoltzman Jr., Bar No. 263423
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;

                Plaintiffs,

vs.

SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 3:21-cv-02560-LB
Date Action Filed: April 8, 2021

Assigned for All Purposes to
Hon. Laurel Beeler
Courtroom B

**MOTION IN LIMINE NO. 2 BY DEFENDANT SETERUS, INC. TO EXLCUDE ANY UNDISCLOSED OR UNPRODUCED DOCUMENTS; DECLARATION OF MICHAEL W. STOLTZMAN JR.**

Date:        November 9, 2023
Time:        1:00 p.m.
Dept.:       B

Trial Date:  December 18, 2023.

THE RYAN FIRM
A Professional Corporation

**PLEASE TAKE NOTICE** that defendant Seterus, Inc. ("Seterus" or "Defendant") submits this motion in limine to exclude any documents (or their contents) proffered by plaintiffs Michele Nessier and/or Timothy Bostwick ("Plaintiffs") at trial that were not properly disclosed pursuant to Federal Rules of Procedure Rule 26, and/or identified and/or produced in response to Defendant's discovery requests.

DATED: September 8, 2023

THE RYAN FIRM
A Professional Corporation

By: _____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
Attorneys for Defendant Seterus, Inc.

2

**THE RYAN FIRM**
A Professional Corporation

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## 1.    INTRODUCTION AND SUMMARY

Defendant Seterus, Inc. ("Seterus" or "Defendant") submits this motion in limine to exclude any documents (or their contents) proffered by plaintiffs Michele Nessier and/or Timothy Bostwick ("Plaintiffs") at trial that were not properly disclosed under Federal Rules of Procedure Rule 26, and/or in response to Defendant's discovery requests.

In pertinent part, Defendant believes that Plaintiffs intend to prove damages in this case by arguing that Defendant's acts and/or omissions caused them to file bankruptcy, and that this bankruptcy filing somehow precluded Plaintiffs' separate business entity (AMI Staging) from obtaining loans (which would be personally guaranteed by Plaintiffs), the proceeds from which could have been used to help grow Plaintiffs' business and increase their revenue/profit.  To that end, Defendant believes that Plaintiffs intend to introduce into evidence a spreadsheet that Plaintiffs created, which contains projections—better termed as speculations—of estimated future revenue/profit that Plaintiffs' separate business entity allegedly would have generated had they been able to obtain such loans.  Defendant believes that there may also be source documents that Plaintiffs relied on to create this spreadsheet of speculative projections in a further effort to prove up their damages.

However, **<u>Plaintiffs did not identify any of these documents in their Initial Disclosures</u>** pursuant to Federal Rules of Procedure, Rule 26.  Likewise, **<u>Plaintiffs never supplemented their Initial Disclosures to identify any of these documents</u>**.  Further, in connection with their depositions, Defendant served Requests for Production on Plaintiffs, asking them to identify and/or produce all documents that were material to this case, including their claimed damages.  However, once again, Plaintiffs did not identify or produce any of these documents in their responses.

Plaintiffs cannot demonstrate any substantial justification for these failures.  This case has been ongoing since 2019 and was not removed until 2+ years later in 2021.  Plaintiffs cannot credibly claim they just discovered these documents.  As a result, all such unproduced documents (and their contents) must be excluded from evidence at trial. *Ollier*

*v. Sweetwater Union High Sch. Dist.* (9th Cir. 2014) 768 F.3d 843, 862 ("The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush").

## 2.   PLAINTIFFS HAVE TOTALLY SHIRKED THEIR DUTIES UNDER RULE 26 AND ANY UNDISCLOSED DOCUMENTS MUST BE EXCLUDED

As referenced above, Plaintiffs tendered Initial Disclosures in this case that did not disclose the identity of several of the documents Plaintiffs now intend to use at trial, including a spreadsheet that Plaintiffs believe evidences the damage allegedly caused to their separate business entity (and the source documents for that spreadsheet). And they never supplemented their Initial Disclosures to identify such documents. As a result, and in order to avoid a clear case of prejudice to Defendant, Plaintiffs must be precluded from attempting to introduce or rely on these documents (or their contents) at trial.

Pursuant to Rule 26, every party to litigation must serve initial disclosures that contains "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FRCP, Rule 26(a)(1)(A)(ii). The term "electronically stored information" has an expansive meaning and includes any type of information that is stored electronically in any medium. The term is broad enough to cover all types of computer-based information. FRCP, Rule 26(a)(1)(B), Committee Note of 2006; FRCP, Rule 34(a), Committee Note of 2006. Compliance with Rule 26's disclosure requirements is "mandatory." *Ollier v. Sweetwater Union High Sch. Dist.* (9th Cir. 2014) 768 F.3d 843, 863.

Further, after initial disclosures are made, a party is under a duty to supplement or correct the disclosure to include later-acquired information. FRCP, Rule 26(e); *see, e.g., City & County of San Francisco v. Tutor-Saliba Corp.* (N.D. Cal. 2003) 218 FRD 219, 222 (as discovery proceeds, plaintiffs must supplement their initial disclosures to reflect the information obtained through discovery). The burden is not on the opposing party to

THE RYAN FIRM
A Professional Corporation

2

request updated information as it becomes available.  *Adams v. Teck Cominco Alaska, Inc.* (D. Alaska 2005) 231 FRD 578, 580.  Rather, Rule 26's requirements are the "functional equivalent of a standing Request for Production under Rule 34."  *R & R Sails, Inc. v. Ins. Co. of the Pa.* (9th Cir. 2012) 673 F.3d 1240, 1245 – 46.

A party that, without substantial justification, fails to disclose information required by Rule 26 is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  FRCP, Rule 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.* (9th Cir 2001) 259 F.3d 1101, 1106 – 07.  Similarly, if a disclosing party fails to supplement its disclosures as required by Rule 26(e), that supplemental evidence is also subject to the sanction of exclusion under Rule 37(c)(1).  *See Adams v. Teck Cominco Alaska, Inc.* (D. Alaska 2005) 231 FRD 578, 581. This sanction is "self-executing" and "automatic."  FRCP Rule 37(c), Committee Note of 1993; *see also Olson v. Montana Rail Link, Inc.* (D. Mont. 2005) 227 FRD 550, 553.

As a result, __the burden is on the party attempting to avoid sanctions__ to prove harmlessness and/or that the failure to disclose was substantially justified.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1106 – 07.

However, a party cannot meet that burden simply by arguing that it had not fully completed its investigation of the case at the time the disclosures were made.  FRCP, Rule 26(a)(1)(E).   Indeed, each disclosing party must conduct a sufficiently diligent investigation into the evidence it has or controls to permit it to disclose the information concerning each category of the required initial disclosures of which the party has or should have knowledge.  FRCP, Rule 26(a)(1)(E); *Lintz v. American Gen. Fin., Inc.* (D. Kan. Aug. 1999) 1999 U.S. Dist. LEXIS 12572, at *4 – 5.

This case was originally filed in January 2019 in the Superior Court of the State of California.  Dec. of Stoltzman, at ¶ 3.  After SN Servicing Corporation was added as a defendant in 2021, it removed the case to this Court in April 2021—2 years after the case was filed and after Plaintiffs had more than ample opportunity to investigate the facts of this case.  Dec. of Stoltzman, at ¶ 4.

THE RYAN FIRM
A Professional Corporation

On July 1, 2021, Plaintiffs served their Initial Disclosures; therein, Plaintiffs disclosed the following categories of documents that they intended to use in this case:

- "Loan origination documents";
- "Phone call logs from the relevant period";
- "Emails from the relevant period";
- "Deed of Trust";
- "Tax Returns and financial statements";
- "Notice of Trustee's Sale";
- "Foreclosure-related documents";
- "Bank account statements";
- "Correspondence from Loan Servicers regarding the Loans";
- "All documents evidencing any receipts of rental income related to the subject property."

Dec. of Stoltzman, at ¶ 5, Exhibit 1.

However, nowhere in these disclosures did they identify the spreadsheet that they intend to rely on to demonstrate their alleged damages (nor the source documents that they relied on to create that spreadsheet). Dec. of Stoltzman, at ¶ 5, Exhibit 1.

Likewise, despite this case being pending for 5 years, and their Initial Disclosures having been made more than 2.5 years ago, Plaintiffs **have never supplemented their Initial Disclosures**, as was required of them by Rule 26. Dec. of Stoltzman, at ¶ 6.

Though Defendant is not required to demonstrate same, Plaintiffs' failure has prejudiced Defendant as it has been deprived of the opportunity to conduct discovery regarding Plaintiffs' claimed damages to their business entity, including the ability to depose Plaintiffs about these speculative future damages that is reflected on the spreadsheet Plaintiffs intend to rely on at trial. Dec. of Stoltzman, at ¶ 7.

Further, Plaintiffs cannot show any substantial justification for their failure to disclose these documents at any time in the last 2.5 years. As a result, this spreadsheet (and all source documents must not be relied upon at trial).

Memorandum of Points and Authorities

THE RYAN FIRM
A Professional Corporation

The same facts were before the court in *TechShop, Inc. v. Rasure* (N.D. Cal. 2019) 2019 U.S. Dist. LEXIS 78067, *3 – 7.  There, the plaintiff moved the court in limine to preclude the defendants from "offering evidence of documents not properly produced during discovery" since they failed to properly disclose their intent to use that document to support their claim or defense at trial.  *Id.* at 3 – 4.  The defendant countered, arguing that its failure was "substantially justified" and "harmless" because the document primarily at issue was requested during discovery and generally known to exist by the plaintiff.  *Id.* at 5.  However, the fact remained that the defendant provided "no explanation for why she failed to disclose or otherwise notify [the plaintiff] that she obtained the video just a few days after she asked for it in a discovery request." *Id.* at 6.  Thus, "[b]ecause Defendants have not demonstrated that their failure to timely disclose the video was substantially justified or harmless, the Court GRANTS the motion to exclude." *Id.* at 6; *Embotelladora Electropura S.A. De C.V. v. Accutek Packaging Equip. Co.* (S.D. Cal. 2018) 2018 U.S. Dist. LEXIS 112159, at *20 – 24 (failure to satisfy Rule 26's disclosure requirements warranted exclusion of undisclosed documents at trial).

Plaintiffs will argue that, in September 2022, Plaintiffs submitted an expert witness disclosure, which contained a never-before-produced copy of the spreadsheet—and, thus, exclusion is improper.  However, this argument fails to provide a "substantial justification" for Plaintiffs' failure to comply with Rule 26.  Dec. of Stoltzman, at ¶ 8, Exhibit 2.

First, a party's revelation of information in response to other discovery vehicles does not excuse a party's failure to comply with Rule 26.  *See, e.g., Calvert v. Ellis* (D. Nev. 2015) 2015 U.S. Dist. LEXIS 18216 (compliance with other discovery procedures does not relieve a party of his or her "duty to provide initial disclosures"); *see also Olaya v. Wal-Mart Stores, Inc.* (D. Nev. 2012) 2012 U.S. Dist. LEXIS 111079 (same holding).  Indeed, even if Defendant knew the document existed (albeit in a substantially untimely fashion), Defendant still had no reason to believe this document would be introduced at trial.  The only way Defendant would have known that is if Plaintiffs had supplemented their disclosures to reveal that intent—but they never supplemented their disclosures.

THE RYAN FIRM
A Professional Corporation

5

Second, Plaintiffs have no legitimate explanation for why this document was not identified or produced—in any form—prior to September 2022 and/or why it was only appended to an expert witness' declaration.  As explained above, this action has been pending since January 2019.  And this document has existed since, at least, February 2022, as Plaintiffs referenced this document at the February 2022 mediation.  Stated simply, there is no reason its existence was not identified prior to September 2022.

Third, as mentioned above, this spreadsheet was only produced as an exhibit to Plaintiffs' expert witness disclosure.  As a result, at the time it was produced, Defendant believed that this spreadsheet was created by Plaintiffs' expert witness.  And Defendant was poised to question Plaintiffs' expert witness about this document.  However, that witness was later excluded by the Court.  As a result, at the time of exclusion on November 4, 2022, Defendant believed this document would not be introduced at trial—particularly in light of Plaintiffs' violations of Rule 26 (i.e., the failure to disclose it in their Initial Disclosures—and/or failure to supplement those disclosures).  Dec. of Stoltzman, at ¶ 9.

Fourth, Defendant did not discover that this spreadsheet was not actually created by Plaintiffs' expert witness—and was actually created by Plaintiffs—until Plaintiffs responded to discovery requests on November 16, 2022, wherein Plaintiffs admitted, for the first time in this litigation, that they created the spreadsheet at issue.  However, by that point, the discovery cut-off was only 2 days away.  Further, by that time, Defendant had already exhausted their statutory discovery vehicles and had already deposed Plaintiffs.  As a result, Defendant was deprived of the opportunity to conduct sufficient discovery on same.  Dec. of Stoltzman, at ¶ 10, Exhibit 3.

Thus, Plaintiffs must be precluded from proffering any documents (or their contents) at trial that were not properly disclosed under Federal Rules of Procedure Rule 26, including, but not limited to, Plaintiffs' spreadsheet of speculated damages, as well as any of the still-unidentified and unproduced source documents for that spreadsheet.

/ / /

/ / /

THE RYAN FIRM
A Professional Corporation

6

**3.      PLAINTIFFS ALSO FAILED TO DISCLOSE THE IDENTITY OF SUCH DOCUMENTS DURING DISCOVERY**

Even though Defendant had no obligation to search out the identity of all potential trial documents during discovery, it attempted to do so anyways—serving Requests for Production on Plaintiffs, asking them to identify and produce all documents related to all material allegations at issue in this case.  Despite such discovery requests, Plaintiffs failed to timely identify and/or produce the spreadsheet and source documents at issue.

Specifically, on August 16, 2022, Defendant served a Notice of Deposition on each of Plaintiffs, asking them to identify and produce, among other things:

- All documents that supported Plaintiffs' allegation that Defendant's conduct caused them to suffer "immense emotional distress and anxiety" (RPD No. 15);

- All documents that supported Plaintiffs' allegation that Defendant's conduct caused "Plaintiffs' injuries which include without limitation . . . loss of their home and resources . . . ." (RPD No. 22);

- All documents that supported Plaintiffs' allegation that Defendant owed "Plaintiffs recompense in the form of all actual damages, statutory damages, exemplary damages, and equity as well as attorney fees and costs . . . ." (RPD No. 23);

- All documents that supported Plaintiffs' allegation that Defendant's conduct has entitled Plaintiffs to "seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, statutory damages, and such other and further relief as the Court may deem just and proper . . . ." (RPD No. 25); and

- All documents that supported Plaintiffs' allegation that Defendant's conduct has entitled "Plaintiff to 'punitive damages.'" (RPD No. 28).

Dec. of Stoltzman, at ¶ 11, Exhibit 4.

However, Plaintiffs did not produce a copy of the spreadsheet or any of the source documents at their deposition.  Dec. of Stoltzman, at ¶ 12.

As a result, on October 6, 2022, Defendant served a separate set of Requests for Production on each of Plaintiffs, asking them to identify and produce:

THE RYAN FIRM
A Professional Corporation

- All documents that "were used or relied upon to create the document entitled 'AMI Financial Impact Report' [i.e., the spreadsheet at issue in this motion], which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure" (RPD No. 12); and

- All documents that Plaintiffs believed supported their "contention that 'Plaintiffs' business AMI Staging' was damaged" by Seterus (RPD No. 13).

Dec. of Stoltzman, at ¶ 13, Exhibit 5.

In response to each of these Requests for Production, Plaintiffs responded by stating that "Plaintiffs will produce documents responsive to this request that have not already been produced and are not protected by" privilege.  Dec. of Stoltzman, at ¶ 14, Exhibit 6. Nonetheless, no such documents were produced.  Dec. of Stoltzman, at ¶ 15.

Thus, Plaintiffs must be precluded from proffering any documents (or their contents) at trial that were not identified and produced in response to Defendant's discovery requests, including, but not limited to, Plaintiffs' spreadsheet of speculated damages, as well as any of the still-unidentified and unproduced source documents for that spreadsheet.

This request has ample support in the law.  Indeed, a responding party that has represented that it will produce documents in response to a request for production must complete its production no later than the time for inspection specified in the request, or another reasonable time specified in the response.  FRCP, Rule 34(b)(2)(B).  Further, a responding party also has a duty to supplement their responses (and production) if they acquire material additional information or learn that information submitted was materially incorrect after submitting answers, and that additional information is not otherwise known to the propounding party.  FRCP, Rule 26(e).

And when a party fails to properly respond to a request for production and/or fails to properly supplement that response as the litigation continues, that party is precluded from introducing that document at trial—unless such failure is harmless or substantially justified.  FRCP, Rule 37(c)(1).  And as stated above, this sanction provided by Rule 37 is self-executing.  FRCP Rule 37(c), Committee Note of 1993; *see Olson v. Montana Rail Link, Inc.* (D. Mont. 2005) 227 FRD 550, 553.

Memorandum of Points and Authorities

**THE RYAN FIRM**
A Professional Corporation

1    A similar set of facts was before the court in *Walls v. Paulson* (D.D.C. 2008) 250

2   F.R.D. 48.  Therein, the plaintiff failed to produce certain documents in her possession in

3   response to requests for production under Rule 34.  As a result of that failure, the court

4   ordered that the plaintiff was barred by Rule 37 from introducing such documents at trial.

5    For these further reasons, Plaintiffs must be precluded from proffering any

6   documents (or their contents) at trial that were not identified and produced in response to

7   Defendant's discovery requests, including, but not limited to, Plaintiffs' spreadsheet of

8   speculated damages, as well as any of the still-unidentified and unproduced source

9   documents for that spreadsheet.

10   **4.    DEFENDANT MET AND CONFERRED WITH PLAINTIFFS PRIOR TO**

11   **FILING THIS MOTION IN LIMINE**

12    Prior to filing this motion in limine, Defendant's counsel met and conferred with

13   Plaintiffs' counsel on the issue(s) addressed by this motion in limine; however, Plaintiffs'

14   counsel refused to stipulate to the relief sought in this motion.  Dec. of Stoltzman at ¶ 16.

15   **5.    CONCLUSION**

16    For the foregoing reasons, Defendant respectfully requests that the Court grant its

17   motion and exclude any documents (or their contents) proffered by plaintiffs Michele

18   Nessier and/or Timothy Bostwick ("Plaintiffs") at trial that were not properly disclosed

19   pursuant to Federal Rules of Procedure Rule 26, and/or identified and/or produced in

20   response to Defendant's discovery requests.

21

22   DATED: September 8, 2023                    THE RYAN FIRM

23                                              A Professional Corporation

24                                              By: _____

25                                                  TIMOTHY M. RYAN
                                                    MICHAEL W. STOLTZMAN, JR.
26                                                  Attorneys for Defendant Seterus, Inc.

27

28

Memorandum of Points and Authorities

1

## DECLARATION OF MICHAEL W. STOLTZMAN JR.

2     I, Michael W. Stoltzman Jr., declare:

3     1.    I am an attorney admitted to practice law in the State of California.

4     2.    I am an attorney at The Ryan Firm, attorneys of record herein for defendant

5 Seterus, Inc. ("Seterus" or "Defendant"), and I have day-to-day dealings on this matter.  If

6 called to testify in this action, I could and would testify competently to all matters contained

7 in this declaration based upon my own personal knowledge.

8     3.    This case was originally filed in January 2019 in the Superior Court of the

9 State of California.

10    4.    After SN Servicing Corporation was added as a defendant in 2021, it

11 removed the case to this Court in April 2021—2 years after the case was filed and after

12 Plaintiffs had more than ample opportunity to investigate the facts of this case.

13    5.    On July 1, 2021, Plaintiffs served their Initial Disclosures.  A true and correct

14 copy of these Initial Disclosures is attached hereto as Exhibit 1 and is incorporated herein

15 by reference.

16    6.    Despite this case being pending for 5 years, and their Initial Disclosures

17 having been made more than 2.5 years ago, Plaintiffs **have never supplemented their**

18 **Initial Disclosures**, as was required of them by Rule 26.

19    7.    Plaintiffs' failure has prejudiced Defendant as it has been deprived of the

20 opportunity to conduct discovery regarding Plaintiffs' claimed damages to their business

21 entity, including the ability to depose Plaintiffs about these speculative future damages that

22 is reflected on the spreadsheet Plaintiffs intend to rely on at trial.

23    8.    In September 2022, Plaintiffs submitted an expert witness disclosure, which

24 contained a never-before-produced copy of the spreadsheet at issue.  A true and correct

25 copy of this disclosure is attached as Exhibit 2 and is incorporated herein by reference.

26    9.    At the time Defendant received Plaintiffs' expert witness disclosure,

27 Defendant believed that the attached spreadsheet was created by Plaintiffs' expert witness.

28 And Defendant was poised to question Plaintiffs' expert witness about this document.

THE RYAN FIRM
A Professional Corporation

However, that witness was later excluded by the Court.  As a result, at the time of exclusion on November 4, 2022, Defendant believed this document would not be introduced at trial—particularly in light of Plaintiffs' violations of Rule 26.

10.     Defendant did not discover that the spreadsheet at issue was not actually created by Plaintiffs' expert witness—and was actually created by Plaintiffs—until Plaintiffs responded to discovery requests on November 16, 2022, wherein Plaintiffs admitted for the first time that they created the spreadsheet at issue.  However, by that point, the discovery cut-off was only 2 days away.  Further, by that time, Defendant had already exhausted their statutory discovery vehicles and had already deposed Plaintiffs.  As a result, Defendant was deprived of the opportunity to conduct sufficient discovery on same.  True and correct copies of both sets of the discovery responses referenced herein are attached hereto as Exhibit 3 and incorporated herein by reference.

11.     On August 16, 2022, Defendant served a Notice of Deposition on each of Plaintiffs, asking them to identify and produce various documents.  True and correct copies of both Notices of Deposition referenced herein are attached hereto as Exhibit 4 and incorporated herein by reference.

12.     However, despite these Requests for Production, Plaintiffs did not produce a copy of the spreadsheet or any of the source documents at their depositions.

13.     On October 6, 2022, Defendant served a set of Requests for Production on each of Plaintiffs.  True and correct copies of both sets of these discovery requests are attached hereto as Exhibit 5 and incorporated herein by reference.

14.     I subsequently received written responses from each of Plaintiffs to the Requests for Production that were served upon them by my office.  True and correct copies of both sets of these discovery responses are attached hereto as Exhibit 6 and incorporated herein by reference.

15.     However, despite Plaintiffs' agreement to produce the documents at issue, Plaintiffs never produced such documents in response to the Requests for Production.

/ / /

THE RYAN FIRM
A Professional Corporation

Declaration of Michael W. Stoltzman Jr.

16.     Before filing this motion, I met and conferred with Plaintiffs' counsel regarding the issue(s) addressed by this motion in limine.  During these discussions, I requested that Plaintiffs stipulate to the relief requested by this motion.  However, after meeting and conferring, I was not able to obtain a stipulation to the exclusion of the evidence that is the subject of this motion, thus necessitating this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 8th day of September, 2023, at Tahoe Vista, California.

_____
MICHAEL W. STOLTZMAN JR., DECLARANT

**THE RYAN FIRM**
A Professional Corporation

3

Declaration of Michael W. Stoltzman Jr.

# EXHIBIT 1

# EXHIBIT 1

1   MATTHEW D. MELLEN (BAR NO. 233350)
    RAMONCHITO DE CASTRO (BAR NO. 332595)
2   MELLEN LAW FIRM
    1050 MARINA VILLAGE PARKWAY, SUITE 102
3   ALAMEDA, CA 94501
    TELEPHONE: (510) 263-9638
4   FACSIMILE: (510) 995-8279
    EMAIL: EMAIL@MELLENLAWFIRM.COM
5
    Attorneys for Plaintiff
6   TIMOTHY S. BOSTWICK
    MICHELLE L. NESSIER
7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11                      SAN FRANCISCO DIVISION

12  TIMOTHY S. BOSTWICK, an individual; and      Case No. 3:21-CV-02560-LB
    MICHELE L. NESSIER, individual;
13                                               **PLAINTIFFS' INITIAL DISCLOSURES**
                   Plaintiffs,                   **PURSUANT TO FEDERAL RULES OF**
14                                               **CIVIL PROCEDURE 26(a)**
           v.
15
    SETERUS, INC., a business entity; DOES 1
16  THROUGH 10 INCLUSIVE,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

1

**PLAINTIFFS' INITIAL DISCLOSURES**

2   Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs TIMOTHY S.

3   BOSTWICK and MICHELLE L. NESSIER make the following initial disclosures.  Plaintiffs

4   have not completed their investigation into this matter and discovery has not been concluded. The

5   following disclosures are based on the information presently available to Plaintiffs based on their

6   current understanding of the claims as asserted herein.  Plaintiffs reserve the right to supplement

7   or modify these disclosures and to use any additional information, witnesses, or evidence at any

8   time, up to and including trial, as the parties elaborate on the allegations or identify witnesses,

9   new information is discovered, or new claims or theories are developed.

10
**(1)   Names and Contact Information of Witnesses and individuals likely to have
discoverable information (Fed. R. Civ. P. 26(a)(1)(A))**

11

12   The following persons are likely to have discoverable information Plaintiff may use to

13   support its claims or defenses, unless the use would be solely for purposes of impeachment:

14
   (a)   Timothy Bostwick, Plaintiff.  Mr. Bostwick has information regarding Subject

15   Loan payments, other loan payments, communications with Defendants and other

16   individuals concerning the Loans. Mr. Bostwick can be contacted through his

17   attorneys Matthew Mellen, Ramonchito De Castro, and Allison Erggelet of the

18   Mellen Law Firm, located at 1050 Marina Village Parkway, Ste. 102, Alameda,

19   CA 94501.  Plaintiff's counsel can also be contacted via telephone at (510) 263-

20   9638.

21
   (b)   Michelle Nessier, Plaintiff.  Mrs. Nessier has information regarding Subject Loan

22   payments, other loan payments, communications with Defendants and other

23   individuals concerning the Loans.  Mrs. Nessier can be contacted through her

24   attorneys Matthew Mellen, Ramonchito De Castro, and Allison Erggelet of the

25   Mellen Law Firm, located at 1050 Marina Village Parkway, Ste. 102, Alameda,

26   CA 94501.  Plaintiff's counsel can also be contacted via telephone at (510) 263-

27   9638.

28
   (c)   Ghidotti Berger. Erica Loftis has information regarding communications

pertaining to the property, specifically, regarding status during Bankruptcy and Notice of Trustees Sale. Contact information unknown.

(d)     Bank of America, N.A. BANA has information regarding origination of the Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans. Contact information unknown.

(e)     Federal National Mortgage Association. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(f)     PLM Loan Management Services, Inc. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(g)     MTGLQ Investors, L.P. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(h)     U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust. Should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(i)     Seterus, Inc. Should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(j)     SN Servicing Corporation. Jordan (last name unknown) should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(k)     Any unknown persons with knowledge of the servicing of the loan, Plaintiffs' alleged damages, and/or the allegations pled in the complaint (including, but not limited to, prior tenants of the subject property). Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

Plaintiff reserves the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

**2. Documents and Things in Possession (Fed. R. Civ. P. 26(a)(1)(B))**

All the below-referenced categories of documents are in the possession, custody and/or control of Plaintiffs. Copies of these documents will be provided for inspection and/or copying upon request.  Plaintiff reserves the right to supplement this list if discovery reveals additional documents supporting Plaintiff's claims.

(a)     Loan origination documents

(b)     Phone call logs from the relevant period

(c)     Emails from the relevant period

(d)     Deed of Trust

(e)     Tax Returns and financial statements

(f)     Notice of Trustee's Sale

(g)     Foreclosure-related documents

(h)     Bank account statements

(i)     Correspondence from Loan Servicers regarding the Loans

(j)     All documents evidencing any receipts of rental income related to the subject property

Plaintiffs reserve the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

**3**. **Computation of damages (Fed. R. Civ. P. 26(a)(1)(C))**

A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiffs are seeking the following damages:

(a)     Plaintiffs seek attorneys' fees that will be determined at trial.

(b)     Plaintiffs also seek monetary damages for potential loss of property. Plaintiffs cannot, at this time, fully compute the extent of these damages, however, Plaintiffs

will supplement disclosures with computation of damages as soon as the monetary value is determined.

(c) Plaintiffs also seek monetary damages to compensate for the destruction of their credit.  Plaintiffs cannot, at this time, fully compute the extent of these damages, but anticipate expert testimony will be used to determine what monetary value credit destruction has. Plaintiffs believe the destruction to credit has resulted in approximately $100,000.00 of damages from inability to obtain refinancing or other loans for personal and business use. Plaintiffs will supplement disclosures with computation of damages as soon as the monetary value credit destruction is determined.

(d) Plaintiffs seek monetary damages for emotional distress resulting from the complained of allegations. Plaintiffs have suffered severe emotional distress as a result of Defendants' conduct. Plaintiffs cannot, at this time, compute the extent of these damages, but anticipates expert testimony will be used to provide a monetary value to Plaintiff's emotional distress and physical damages.  Plaintiffs will supplement disclosures with computation of damages as soon as the monetary value of their emotional distress is determined.

(e) Plaintiffs seek punitive damages.  Plaintiffs cannot, at this time, compute the extent of these damages but will supplement disclosures with computation of punitive damages as soon as the monetary value of their punitive damages is determined.

Plaintiffs reserve the right to supplement this list if discovery reveals additional categories of damages or materials bearing on the nature and extent of the injuries suffered.

**4**. **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(D))**

1    Plaintiffs are not aware of any insurance agreements that may be liable to satisfy part or

2 all of a judgment that may be entered in the action to indemnify or reimburse for payments made

3 to satisfy the judgment.

4

5    Dated: July 1, 2021       Respectfully submitted,

6               MELLEN LAW FIRM

7

8                */s/ Matthew Mellen*

9              By: Matthew Mellen
               Attorney for Plaintiffs

10             TIMOTHY S. BOSTWICK
              MICHELLE L. NESSIER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

3

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of San Francisco California; my business address is Mellen Law Firm, 1050 Marina Village Parkway, Suite 102, Alameda, CA 94501.

4

5

On July 1, 2021 I served the following documents described as:

6

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

7

on the interested parties in this action by attaching true and correct copies thereof to electronic message addressed as follows:

8

9

Michael W. Stoltzman, Jr.          Shannon C. Williams
THE RYAN FIRM                     Katelyn M.W. Burnett

10

A Professional Corporation         GHIDOTTI | BERGER, LLP
2603 Main Street, Suite 1225       1920 Old Tustin Avenue

11

Irvine, CA 92614                   Santa Ana, CA 92705

12

mstoltzman@theryanfirm.com         kburnett@ghidottiberger.com

13

*Counsel for Defendant Seterus, Inc.*      *Counsel for Defendants SN Servicing Corp.*

14

*and U.S. Bank Trust National Association,*
*As Trustee of the Chalet Series III Trust*

15

16

**[X]  ONLY BY ELECTRONIC SERVICE.** By personally emailing the document(s) to the persons at the e-mail address(es) listed below.  Service is based on CCP 1010.6(e)(1), which states: "A party represented by counsel, who has appeared in an action or proceeding, shall accept electronic service of a notice or document that may be served by mail, express mail, overnight delivery, or facsimile transmission. Before first serving a represented party electronically, the serving party shall confirm by telephone or email the appropriate electronic service address for counsel being served."

17

18

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed  July 1, 2021 in Alameda, California.

22

23

_/s/ Matthew Mellen_____
MATTHEW MELLEN

24

25

26

27

28

# EXHIBIT 2

# EXHIBIT 2

1
2
3

Sarah Shapero (Bar No. 281748)
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:   (415) 293-7995
Facsimile:    (415) 358-4116

4
5

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER,

6

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

12

TIMOTHY S. BOSTWICK, an individual;
and MICHELE L. NESSIER, individual;

Case No.:  3:21-CV-02560-LB

13

         Plaintiffs,

Assigned for All Purposes to
Hon. Laurel Beeler
Courtroom B

14

15

         v.

**PLAINTIFFS EXPERT WITNESS
DISCLOSURES PURSUANT TO
F.R.C.P 26(a)(2)**

16

17

18

19

SETERUS, INC., a business entity; US
BANK, N.A., a business entity; SN Servicing
CORP., a business entity, and DOES 1
through 10, inclusive

20

21

         Defendants.

22

23

24

          Plaintiffs, TIMOTHY S. BOSTWICK and MICHELE L. NESSIER (hereafter Plaintiffs),

25

hereby designate the following as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2).

26

          TIM CUNHA, Business Broker and Advisor of EvergreenGold, located at 1900 S.

27

Norfolk Street, Suite #350, San Mateo, CA 94403, and phone number of (650) 600 – 3751. Mr.

28

1

1
2
3

Cunha's curriculum vitae is attached hereto as Exhibit A. A true and correct copy of the AMI Financial Impact Report for this action is attached hereto as Exhibit B.  A copy of Exhibits A and B have been served on Defendants' counsel by email .

4
5
6
7

As detailed in the exhibits, Mr. Cunha has extensive experience concerning the valuation of businesses. Mr. Cunha will offer testimony regarding the impact on Plaintiff's business, AMI Staging, as a result of Plaintiffs' inability to obtain financing for the business.

8
9
10
11

Mr. Cunha's rate for all services performed (preparation of initial expert report, consulting services, possible preparation of a rebuttal report, attendance at deposition and trial, etc.) will be billed at $400 per hour with no minimum per day. Mr. Cunha's will also be reimbursed for any expenses incurred in conjunction with his services (e.g., travel costs).

12
13
14

The compensation for the Plaintiffs' expert is not contingent on the opinions given or the ultimate outcome in this case.

15
16
17

DATED: September 22, 2022                    SHAPERO LAW FIRM, PC

18
19
20
21

_Sarah Shapero_

Sarah Shapero, Esq.
Attorney for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER

22
23
24
25
26
27
28

PLAINTIFFS EXPERT WITNESS DISCLOSURES PURSUANT TO
F.R.C.P 26(a)(2)

# EXHIBIT A



# Tim Cunha · 3rd

Sell Your Business for Maximum ROI!

- EvergreenGold
- Georgetown University Law Center

San Francisco Bay Area · **Contact info**

**500+** connections

Message    **+ Follow**    More

                                                                       
Home          My Network          Jobs

   **Tim Cunha**                    ( More )    ( + Follow )    Message
       Sell Your Business for Maximum ROI!

---

 ## Experience

 EvergreenGold
### EvergreenGold
9 yrs 11 mos

### Business Broker - Advisor - M&A Consultant
Full-time
Nov 2012 - Present · 9 yrs 11 mos

### Business Broker, M&A Advisor, Certified Value Builder
May 2016 - Sep 2020 · 4 yrs 5 mos
Palo Alto, CA

Licensed California Broker BRE# 01919755
A professional service connecting business sellers and buyers, and
providing advice on purchasing and creating business franchises.

---

 ### Senior Lecturer, Graduate School of Defense Management
Naval Postgraduate School · Part-time
Sep 2018 - Present · 4 yrs 1 mo
Monterey, CA

---

### Attorney at Law - NJ Bar
Licensed Member of NJ Bar ("Retired" Status)
Dec 1977 - Present · 44 yrs 10 mos

---

 ### Certified Value Builder
Value Builder System
Oct 2014 - Jul 2020 · 5 yrs 10 mos
San Francisco Bay Area

---

### Business Broker & Advisor/ M&A Counselor /Certified Value
Builder
Transworld Business Advisors of Palo Alto
Nov 2012 - May 2016 · 3 yrs 7 mos

---

### Radio Host--"The Business Beat"
KDOW AM 1220
Sep 2013 - Feb 2014 · 6 mos

 
  

Home   My Network   Jobs

 **Assistant Professor of Business Law & Management**
Eastern New Mexico University
Jun 2009 – Jan 2013 · 3 yrs 8 mos

Taught Business Law, Entrepreneurism, Global Business, MBA
Law/Ethics/Social Responsibility...

**Consultant -- Marketing & Development, TestDiet div**
Land O'Lakes
Jul 2003 – Aug 2010 · 7 yrs 2 mos

Marketing, sales, R&D

**Candidate**
Campaign for US Congress, 6th District Florida, 2008
2008 · Less than a year

 **VP Mktg & Dev**
Research Diets, Inc.
1999 – 2003 · 4 yrs

 **Visiting Professor - Rutgers College Honors Program**
Rutgers University
Jan 1997 – May 2002 · 5 yrs 5 mos
New Brunswick, NJ

Part-time facilitator of one or two honors seminars each semester for the
top scholars of Rutgers College. Classes included approximately 20
students. Seminar topics: "Simple Justice in a Complex World," and
"Ending Hunger in the Age of Globalization."

**President/CEO**
Artronics, Inc.
1981 – 1987 · 6 yrs
South Plainfield, New Jersey, USA

Founder, owner, CEO of Artronics, Inc., one of the very first developers
and manufacturers of micro-computer based graphic arts and video
computer systems (proprietary software and hardware), with worldwide
distribution. Artronics products were used extensively in graphic arts,
video production, advertising, and related industries; they were marketed
in the mid-80's through a joint venture under the name Artronics/3M.
Subsequently, the corporation was acquired by Genigraphics
Corporation.

 Registered Trademark of Artronics, Inc.

## Education



**Georgetown University Law Center**
Juris Doctor (J.D.), Law
1974 – 1977

Activities and societies: Managing Editor, Georgetown Law Weekly

Study law, serve as Managing Editor of the Georgetown Law Weekly



**Rutgers University**
Rutgers College, BA, Political Science
1969 – 1973



**Rutgers Prep**
Somerset, NJ, High School Diploma
1965 – 1969

Activities and societies: President of the School Council

## Licenses & certifications



**Attorney-at-Law**
New Jersey Supreme Court
Issued Dec 1977 · No Expiration Date
Credential ID in "retired" status



**Real Estate Broker**
State of California
Issued Nov 2012 · Expired Nov 2016
Credential ID BRE #01919755

# EXHIBIT B

**AMI Staging**
**Pro Formas 2023-2027**

## Financial Pro Forma & Tables
*Debit Financing*

| Section | Page | Purpose |
|---|---|---|
| Key Events | 2 | Impact of key elements of this plan |
| Summary | 3 | |
| Profit & Loss | 5 | Pro forma 2023-2027 |
| Balance Sheet | 7 | Pro forma 2023-2027 |
| Cash Flow | 8 | Pro forma 2023-2027 |
| Acquisitions | 10 | CAPX Schedule of acquisitions, $ size, Transaction costs, Financing assumptions |
| Warehouse | 12 | CAPX Existing and acquired space: Rent, square footage, leasehold improvements |
| Inventory | 14 | CAPX Existing and acquired furniture |
| Vehicles | 17 | CAPX Existing and acquired vehicles |
| Debt Financing | 19 | Loan amortization for debt financing |
| Equity Financing | 21 | Share growth and ownership distribution for contributed capital |
| P&L Worksheets | 26 | Revenue, CGS Labor, overhead (Operations/Marketing, IT, Admin, HR) |
| Staffing | 30 | Overhead headcount and payroll $: Executive, Operations, Territories, Marketing & Admin |
| Projects | 33 | Project growth from acquisitions and organic growth - used to project revenue and other outputs |
| Benchmarks | 36 | Assumptions |

| Legend | | |
|---|---|---|
| | | Planning |
| | | Statements |
| | | Capital Expenditures |
| | | Financing |
| | | Worksheets |

**AMI Staging**
**Pro Formas 2023-2027**

## Funding Requirements
*Debit Financing*

| Funding | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | |
| Bank/SBA Loans | 0% | | | | | | |
| Convertible Notes | 0% | | | | | | |
| Contributed Capital | 0% | | | | | | |
| **Total** | **0%** | | | | | | |
| | | | | | | | |
| Int % Bank | 4.5% | | | | | | |
| Int % Convertible | 15.0% | | | | | | |
| # Years | 30 | | | | | | |
| | | | | | | | |
| **Cash Requirements** | | | | | | | |
| ACQ_$FundingReqs (excl int) | | $          - | $   174,038 | $   175,845 | $   188,155 | $          - | $          - |
| WARE_$FundingReqs | | $          - | $          - | $          - | $          - | $          - | $          - |
| VEH_$FundingReqs | | - | 40,000 | $          - | $          - | 40,000 | 40,000 |
| INV_$FundingReqs | | $          - | $          - | 335,103 | 290,423 | 348,508 | 418,209 |
| **FUND_REQS_$Req's** | | **$          -** | **$   214,038** | **$   510,949** | **$   478,578** | **$   388,508** | **$   458,209** |
| | | | | | | | |
| **Cash Sources** | | | | | | | |
| FUND_REQS_$SBALoans | | $          - | $          - | $          - | $          - | $          - | $          - |
| FUND_REQS_$Convertible | | $          - | $          - | $          - | $          - | $          - | $          - |
| FUND_REQS_$ContrCapital | | $          - | $          - | $          - | $          - | $          - | $          - |
| FUND_REQS_$R/E | | $          - | $   202,388 | $   218,677 | $   302,096 | $   405,272 | $   511,981 |
| FUND_REQS_$PPP | | | $    74,010 | $    55,000 | | | |
| FUND_REQS_$EIDL | | | $   120,000 | | | | |
| **FUND_REQS_$Sources** | | **$          -** | **$   396,398** | **$   273,677** | **$   302,096** | **$   405,272** | **$   511,981** |
| | | | | | | | |
| **Financing** | | | | | | | |
| **2020** | | | 0 | 1 | 2 | 3 | 4 |
| Bank/SBA Loans | | | $          - | | | | |
|   Interest | | | | $          - | $          - | $          - | |
|   Principal RePmt | | | | $          - | $          - | $          - | |
|   Payment | | | | $          - | $          - | $          - | |

**AMI Staging**
**Pro Formas 2023-2027**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Convertible Notes | | | $ - | | | | |
| Interest | | | | $ - | $ - | | |
| Principal RePmt | | | | $ - | $ - | | |
| Payment | | | | $ - | $ - | | |
| **2021** | | | | 0 | 1 | 2 | 3 |
| Bank/SBA Loans | | | $ - | | | | |
| Interest | | | | | $ - | $ - | $ - |
| Principal RePmt | | | | | $ - | $ - | $ - |
| Payment | | | | | $ - | $ - | $ - |
| Convertible Notes | | | $ - | | | | |
| Interest | | | | | $ - | $ - | |
| Principal RePmt | | | | | $ - | $ - | |
| Payment | | | | | $ - | $ - | |
| | | | | | | | |
| **Total** | | | | | | | |
| FUND_REQS_$Interest | | | | - | - | - | |
| Principal RePmt | | | | - | - | - | |

**AMI Staging**
**Pro Formas 2023-2027**

**P & L**
*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Revenue** | | | | | | | |
| PLW_$Topline | | $ 1,135,435 | $ 1,599,100 | $ 2,161,983 | $ 2,793,947 | $ 3,472,477 | $ 4,310,661 |
| Less: Square Fees | 3.50% | $ 35,766 | $ 47,014 | $ 63,562 | $ 82,142 | $ 102,091 | $ 126,733 |
| **P&L_$Revenue** | | $ 1,099,669 | $ 1,552,086 | $ 2,098,421 | $ 2,711,805 | $ 3,370,386 | $ 4,183,928 |
| | | | | | | | |
| **Cost of Goods Sold** | | | | | | | |
| PLW_$CGSLabor | 37.67% | $ 414,297 | $ 584,745 | $ 790,575 | $ 1,021,666 | $ 1,269,784 | $ 1,576,284 |
| Temps | $ 1,000 | $ 20,088 | $ 26,652 | $ 34,647 | $ 41,577 | $ 49,892 | $ 59,870 |
| Bonuses | 1.00% | $ 10,997 | $ 15,521 | $ 20,984 | $ 27,118 | $ 33,704 | $ 41,839 |
| Meals/Mileage | $ 265 | $ 53,233 | $ 70,627 | $ 91,815 | $ 110,178 | $ 132,214 | $ 158,656 |
| Supplies | 3.20% | $ 35,189 | $ 49,667 | $ 67,149 | $ 86,778 | $ 107,852 | $ 133,886 |
| Vehicles | $ 100 | $ 20,088 | $ 26,652 | $ 34,647 | $ 41,577 | $ 49,892 | $ 59,870 |
| Other | 13.10% | $ 91,000 | $ 203,323 | $ 274,893 | $ 355,246 | $ 441,521 | $ 548,095 |
| **Total CGS** | | $ 644,893 | $ 977,186 | $ 1,314,711 | $ 1,684,139 | $ 2,084,859 | $ 2,578,500 |
| **Gross Profit** | | $ 454,776 | $ 574,901 | $ 783,710 | $ 1,027,666 | $ 1,285,528 | $ 1,605,428 |
| % | | 41.4% | 37.0% | 37.3% | 37.9% | 38.1% | 38.4% |
| | | | | | | | |
| **Expenses** | | | | | | | |
| STAFF_$OHPayroll | 7.60% | $ 83,606 | $ 118,003 | $ 159,539 | $ 206,174 | $ 256,245 | $ 318,097 |
| WARE_$Rent | 4.06% | $ 44,696 | $ 63,085 | $ 85,290 | $ 110,221 | $ 136,989 | $ 170,056 |
| PLW_$Operations | 9.82% | $ 108,000 | $ 152,433 | $ 206,089 | $ 266,330 | $ 331,010 | $ 410,909 |
| Marketing | 0.18% | $ 2,031 | $ 2,867 | $ 3,876 | $ 5,008 | $ 6,225 | $ 7,727 |
| IT | 0.43% | $ 4,763 | $ 6,723 | $ 9,089 | $ 11,746 | $ 14,599 | $ 18,122 |
| Administrative | 0.75% | $ 8,292 | $ 11,703 | $ 15,823 | $ 20,448 | $ 25,413 | $ 31,548 |
| Human Resources | 0.09% | $ 1,000 | $ 1,411 | $ 1,908 | $ 2,466 | $ 3,065 | $ 3,805 |
| **Total Expenses** | | $ 252,388 | $ 356,224 | $ 481,614 | $ 622,394 | $ 773,546 | $ 960,265 |
| **P&L_EBITDA** | | $ 202,388 | $ 218,677 | $ 302,096 | $ 405,272 | $ 511,981 | $ 645,163 |
| % | | 18.4% | 14.1% | 14.4% | 14.9% | 15.2% | 15.4% |

**AMI Staging**
**Pro Formas 2023-2027**

**P & L**

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Other Expenses** | | | | | | | |
| ACQ_$SellerInterest | | | $ 25,480 | $ 13,171 | $ - | $ - | $ 38,651 |
| FUND_REQS_$Interest | | $ - | $ - | $ - | $ - | $ - | $ - |
| **Total Other Expenses** | | **$ -** | **$ 25,480** | **$ 13,171** | **$ -** | **$ -** | **$ 38,651** |
| | | | | | | | |
| **Net Income** | | **$ 202,388** | **$ 193,197** | **$ 288,925** | **$ 405,272** | **$ 511,981** | **$ 606,512** |
| % | | 18.4% | 12.4% | 13.8% | 14.9% | 15.2% | 14.5% |
| | | | | | | | |
| **Metrics** | | | | | | | |
| ROA | | 100.0% | 16.7% | 18.7% | 19.7% | 17.0% | 14.5% |
| ROE | | 100.0% | 48.8% | 42.2% | 37.2% | 32.0% | 27.5% |
| Debt/Equity | | 0.0% | 92.0% | 27.5% | 0.0% | 0.0% | 0.0% |
| | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Balance Sheet
*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | | |
| **Beg Balance** | | $ - | 202,388 | 1,155,983 | 1,542,740 | 2,061,954 | 3,019,208 |
| | | | | | | | |
| **Cash Changes:** | | | | | | | |
| P&L_EBITDA | | $ 202,388 | $ 193,197 | $ 288,925 | $ 405,272 | $ 511,981 | $ 606,512 |
| Down Payments: | | | | | | | |
| ACQ_$Down | | | $ (91,000) | $ - | | | |
| ACQ_$TransCost | | | $ (83,038) | $ - | | | |
| WARE_$Leasehold | | | $ - | $ - | | | |
| VEH_$Purchases | | | $ (40,000) | $ - | | | |
| INV_$Purchases | | | $ 232,036 | $ (335,103) | | | |
| Principal RePayments: | | | | | | | |
| ACQ_$PrinRePmt_Seller_23 | | | | $ (175,845) | $ (188,155) | $ - | |
| **Fixed Assets Changes:** | | | | | | | |
| ACQ_$PurchasePrice | | | $ 538,038 | $ - | | | |
| WARE_$Leasehold | | | $ - | $ - | | | |
| VEH_$Purchases | | | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |
| INV_$Purchases | | | $ (232,036) | $ 335,103 | | | |
| **Funding:** | | | | | | | |
| FUND_REQS_$Sources | | | $ 396,398 | $ 273,677 | $ 302,096 | $ 405,272 | $ 511,981 |
| **Total Cash Changes** | | $ 202,388 | $ 953,595 | $ 386,757 | $ 519,214 | $ 957,254 | $ 1,158,493 |
| | | | | | | | |
| **Total Assets** | | **202,388** | **1,155,983** | **1,542,740** | **2,061,954** | **3,019,208** | **4,177,701** |

**AMI Staging**
**Pro Formas 2023-2027**

## Balance Sheet
*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **LIABILITIES & EQUITY** | | | | | | | |
| **Liabilities** | ` | | | | | | |
| **Beg Balance** | | $       - | $       - | $   364,000 | $   188,155 | $       - | $       - |
| | | | | | | | |
| **Funding Related Changes:** | | | | | | | |
| FUND_REQS_$Req's | | | $   214,038 | $   510,949 | $   478,578 | $   388,508 | $   458,209 |
| FUND_REQS_$Sources | | | $  (214,038) | $  (510,949) | $  (478,578) | $  (388,508) | $  (458,209) |
| **L/T Liabilities Changes:** | | | | | | | |
| ACQ_$Financed_Seller_23 | | | $   364,000 | $       - | | | |
| ACQ_$PrinRePmt_Seller_23 | | | | $  (175,845) | $  (188,155) | $       - | |
| FUND_REQS_$SBALoans | | | $       - | $       - | $       - | $       - | $       - |
| Furniture Leases | | | | | | | |
| **Total Changes** | | $       - | $   364,000 | $  (175,845) | $  (188,155) | $       - | $       - |
| | | | | | | | |
| **End Balance** | | $       - | $   364,000 | $   188,155 | $       - | $       - | $       - |
| | | | | | | | |
| **Equity** | | | | | | | |
| **Beg Balance** | | $       - | $   202,388 | $   395,585 | $   684,510 | $ 1,089,783 | $ 1,601,764 |
| | | | | | | | |
| **Changes:** | | | | | | | |
| P&L_EBITDA | | $   202,388 | $   193,197 | $   288,925 | $   405,272 | $   511,981 | $   606,512 |
| FUND_REQS_$ContrCapital | | | $       - | $       - | $       - | $       - | |
| **Total Changes** | | $   202,388 | $   193,197 | $   288,925 | $   405,272 | $   511,981 | $   606,512 |
| | | | | | | | |
| **End Balance** | | $   202,388 | $   395,585 | $   684,510 | $ 1,089,783 | $ 1,601,764 | $ 2,208,276 |
| | | | | | | | |
| **Total Liabilities & Equity** | | 202,388 | 759,585 | 872,665 | 1,089,783 | 1,601,764 | 2,208,276 |

**AMI Staging**
**Pro Formas 2023-2027**

## Cash Position

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Sources of Cash** | | | | | | | |
| Net Income | | | $ 193,197 | $ 288,925 | $ 405,272 | $ 511,981 | $ 606,512 |
| Bank/SBA Loans | | | $ - | $ - | $ - | $ - | $ - |
| Convertible Notes | | | $ - | $ - | $ - | $ - | $ - |
| Contributed Capital | | | $ - | $ - | $ - | $ - | $ - |
| **Total Sources** | | | $ 193,197 | $ 288,925 | $ 405,272 | $ 511,981 | $ 606,512 |
| | | | | | | | |
| **Uses of Cash** | | | | | | | |
| Acquisitions | | | 174,038 | 175,845 | 188,155 | - | - |
| Warehouses | | | - | - | - | - | - |
| Vehicles | | | 40,000 | - | - | 40,000 | 40,000 |
| Inventory | | | - | 335,103 | 290,423 | 348,508 | 418,209 |
| **Total Uses** | | | $ 214,038 | $ 510,949 | $ 478,578 | $ 388,508 | $ 458,209 |
| | | | | | | | |
| **Change In Cash Position** | | | $ (20,840) | $ (222,024) | $ (73,305) | $ 123,474 | $ 148,303 |

**AMI Staging**
**Pro Formas 2023-2027**

## Acquisitions
*Debit Financing*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | | |
| *%Down* | | 20% | | | | | | |
| *%Financed_Seller* | | 80% | | | | | | |
| Interest Rate/Year | | 7.0% | | | | | | |
| # Years | | 2 | | | | | | |
| %ToplinePurchased | | 70% | | | | | | |
| | | | | | | | | |
| **Schedule** | | | | | | | | |
| Acquisition $Topline | | | | $  650,000 | | | | |
| Acquisition $Topline | | | | | | | | |
| Acquisition $Topline | | | | | | | | |
| Acquisition $Topline | | | | | | | | |
| **ACQ_$Topline** | | | | $  650,000 | $      - | | | |
| | | | | | | | | |
| $PurchasePrice #1 | | | | $  455,000 | $      - | | | |
| $PurchasePrice #2 | | | | $      - | $      - | | | |
| $PurchasePrice #3 | | | | $      - | $      - | | | |
| $PurchasePrice TBD | | | | $      - | $      - | | | |
| **ACQ_$PurchasePrice** | | | | $  455,000 | $      - | | | |
| | | | | | | | | |
| **Transaction Costs** | | | | | | | | |
| **Acquired Lease Disposition** | | | | | | | | |
| Avg Lease Months Rem | | 2.5 | | | | | | |
| BENCH_$Rent/$Revenue | | 3.50% | | | | | | |
| ACQ_$AcqLeaseBuyout | | 50.0% | | $  28,438 | $      - | | | |
| Inventory Relocation | $  20,000 | | | $      - | $      - | | | |
| **ACQ_$WareLeaseDisp** | | | | $  28,438 | $      - | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Acquisitions
*Debit Financing*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Fees** | | | | | | | | |
| Legal & Admin | 2.00% | | | $ 9,100 | $ - | | | |
| Broker Commission | 10.00% | | | $ 45,500 | $ - | | | |
| **ACQ_Fees** | | | | $ 54,600 | $ - | | | |
| **ACQ_$TransCost** | | | | $ 83,038 | $ - | | | |
| | | | | | | | | |
| **ACQ_$TotalAsset** | | | | $ 538,038 | $ - | | | |
| | | | | | | | | |
| **Financing** | | | | | | | | |
| **2020 Acquisitions** | | | | 0 | 1 | 2 | 3 | |
| *ACQ_$Down_23* | | | | $ 91,000 | | | | |
| Down Payment_23 | | | | | | | | |
| *ACQ_$Financed_Seller_23* | | | | $ 364,000 | | | | |
| ACQ_$SellerInterest_23 | | | | | $ 25,480 | $ 13,171 | $ - | |
| ACQ_$PrinRePmt_Seller_23 | | | | | $ 175,845 | $ 188,155 | $ - | |
| ACQ_Payment_23 | | | | | $ 201,325 | $ 201,325 | $ - | |
| **2021 Acquisitions** | | | | | 0 | 1 | 2 | 3 |
| *ACQ_$Down_24* | | | | | $ - | | | |
| Down Payment_24 | | | | | | | | |
| *ACQ_$Financed_Seller_24* | | | | | $ - | | | |
| ACQ_$SellerInterest_24 | | | | | | $ - | $ - | $ - |
| ACQ_$PrinRePmt_Seller_24 | | | | | | $ - | $ - | $ - |
| ACQ_Payment_24 | | | | | | $ - | $ - | $ - |
| | | | | | | | | |
| **CAPX Requirements** | **Debit** | **Credit** | | | | | | |
| ACQ_$Down | Asset | Funding_Req | | $ 91,000 | $ - | $ - | $ - | $ - |
| ACQ_$PrinRePmt_Seller | Asset | Funding_Req | | | $ 175,845 | $ 188,155 | $ - | $ - |
| ACQ_$TransCost | Asset | Funding_Req | | $ 83,038 | $ - | | | |
| **ACQ_$FundingReqs (excl int)** | | | | $ 174,038 | $ 175,845 | $ 188,155 | $ - | $ - |
| | | | | | | | | |

**AMI Staging**
**Pro Formas 2023–2027**

# Warehouse
*Debit Financing*

| | # | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Per-Location CapX (New Wa** | **#** | | | | | | |
| Region #1 (San Francisco): | 0 | | - | | | | |
| Region #2 (San Jose): | 0 | | - | | | | |
| Region #3 (San Ramon): | 0 | | - | | | | |
| WARE_$Leasehold | 0 | $        - | $        - | $        - | $        - | $        - | |
| | | | | | | | |
| **Analytics** | | | | | | | |
| PROJS_#EndYear | Per Ware | 201 | 267 | 346 | 416 | 499 | 599 |
| Capacity: | | | | | | | |
| # Warehouses | | 1 | 2 | 3 | 3 | 4 | 4 |
| #Projs Capacity/Ware | 201 | 201 | 402 | 603 | 603 | 804 | 804 |
| Utilization | | 100% | 66% | 57% | 69% | 62% | 75% |
| WARE_#SqFt-Leased/Proj | | 10 | 46 | 35 | 29 | 24 | 20 |
| WARE_$Rent/Proj | | $   164 | $   265 | $   305 | $   255 | $   283 | $   236 |
| SqFt Required | | 10,219 | 14,392 | 19,458 | 25,146 | 31,252 | 38,796 |
| | | | | | | | |
| **CAPX Requirements** | **Debit** | **Credit** | | | | | |
| WARE_$Leasehold | Asset | Funding_Req | $        - | $        - | $        - | $        - | $        - |
| **WARE_$FundingReqs** | | | $        - | $        - | $        - | $        - | $        - |
| | | | | | | | |
| **Worksheet - Per-Warehouse Start-Up CapX** | | | | | | | |
| **Equipment** | **Unit Cost** | **Quant** | **$** | | | | |
| Forklifts | $   15,000 | 2 | $   30,000 | | | | |
| Pallet Jacks | $    2,500 | 2 | $    5,000 | | | | |
| Lifts | $   15,000 | 2 | $   30,000 | | | | |
| Total Equipment | | | $   65,000 | | | | |
| | | | | | | | |
| **Supplies** | | | | | | | |
| Barcode/RFID Labels | $        1 | 1,000 | $    1,000 | | | | |
| Barcode/RFID Scanners | $    3,500 | 6 | $   21,000 | | | | |
| Total Supplies | | | $   22,000 | | | | |

*1/2*

**AMI Staging**
**Pro Formas 2023-2027**

## Warehouse
*Debit Financing*

| | | | 2019 | | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|---|
| **Racking** | | | | | | | | | |
| Racks/Supports | $ | 60,000 | 1 | $ | 60,000 | | | | |
| Installation | $ | 30,000 | 1 | $ | 30,000 | | | | |
| Total Racking | | | | $ | 90,000 | | | | |
| | | | | | | | | | |
| **Buildout** | | | | | | | | | |
| Construction | $ | 50,000 | 1 | $ | 50,000 | | | | |
| Electric | $ | 20,000 | 1 | $ | 20,000 | | | | |
| Total Buildout | | | | $ | 70,000 | | | | |
| | | | | | | | | | |
| **Warehouse Mgmt System** | | | | | | | | | |
| Installation | $ | 20,000 | 1 | $ | 20,000 | | | | |
| Total WMS | | | | $ | 20,000 | | | | |
| | | | | | | | | | |
| **Total** | | | | $ | 267,000 | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Inventory
### *Debit Financing*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | | |
| PROJS_#Growth | | | 57 | (55) | 80 | 69 | 83 | 100 |
| INV_$Required | $ 4,191 | $ | 238,393 | $ (232,036) | $ 335,103 | $ 290,423 | $ 348,508 | $ 418,209 |
| | | | | | | | | |
| **Schedule** | | | | | | | | |
| Source: Mfg | 50% | | | $ (116,018) | $ 167,552 | $ 145,211 | $ 174,254 | $ 209,105 |
| Source: Wholesale | 30% | | | $ (69,611) | $ 100,531 | $ 87,127 | $ 104,552 | $ 125,463 |
| Source: Retail | 20% | | | $ (46,407) | $ 67,021 | $ 58,085 | $ 69,702 | $ 83,642 |
| Total | 100% | | | $ (232,036) | $ 335,103 | $ 290,423 | $ 348,508 | $ 418,209 |
| | | | | | | | | |
| **Transaction Costs** | | | | | | | | |
| Customs | 0% | | $ - | $ - | $ - | $ - | $ - |
| Shipping | 0% | | $ - | $ - | $ - | $ - | $ - |
| Total | | | $ - | $ - | | | | |
| | | | | | | | | |
| INV_$Purchases | | | | $ (232,036) | $ 335,103 | $ 290,423 | $ 348,508 | $ 418,209 |
| | | | | | | | | |
| **CAPX Requirements** | **Debit** | **Credit** | | | | | | |
| **INV_$FundingReqs** | | | $ - | $ 335,103 | $ 290,423 | $ 348,508 | $ 418,209 |
| | | | | | | | | |
| | | | | | | | | |
| **Worksheet-Historical Inventory** | | | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
| Inventory Book Value: | | | | | | | | |
| G/L 1530 Furniture Inv | | | $ 421,862 | $ 537,215 | $ 635,427 | $ 763,415 | $ 914,007 | $ 1,175,312 |
| G/L 1570 Accum Depre | | | | | $ (550,478) | $ (373,700) | $ (540,193) | $ (754,312) |
| Book Value | | | | | $ 84,949 | $ 389,715 | $ 373,815 | $ 420,999 |
| | | | | | | | | |
| G/L 1530 Furn Added YOY | | | $ 421,862 | $ 115,353 | $ 98,212 | $ 127,988 | $ 150,592 | $ 261,304 |
| # Projects | | | 73 | 103 | 144 | 201 | 166 | 216 |
| Furniture Added/Project | | | $ 5,742 | $ 1,121 | $ 682 | $ 637 | $ 907 | $ 1,210 |
| # Projs Growth YOY | | | | 29 | 41 | 57 | (35) | 50 |

**AMI Staging**
**Pro Formas 2023-2027**

**Inventory**

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| $ Inv Added/# Projs Added | | | 3,925 | 2,387 | 2,245 | (4,303) | 4,191 |
| | | | | | | | |
| Revenue | $ 203,738 | $ 486,876 | $ 558,102 | $ 710,344 | $ 967,876 | $ 943,392 | $ 1,286,000 |
| Revenue/Project | | $ 6,627 | $ 5,426 | $ 4,933 | $ 4,815 | $ 5,683 | $ 5,957 |

**AMI Staging**
**Pro Formas 2023–2027**

## Vehicles
*Debit Financing*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | | |
| Required #Vehicles | $ | 650,000 | 1.7 | 2.5 | 3.3 | 4.3 | 5.3 | 6.6 |
| Current # Vehicles | | 1.0 | | | | | | |
| Vehicles: | | | | | | | | |
|   Beg Number | | | 1.0 | 1.0 | 3.0 | 3.0 | 3.0 | 4.0 |
|   Acquired This Year | | | - | 2.0 | - | - | 1.0 | 1.0 |
|   End Number | | | 1.0 | 3.0 | 3.0 | 3.0 | 4.0 | 5.0 |
| | | | | | | | | |
| **Schedule** | | | | | | | | |
| $Vehicle 1 | | | | $ 20,000 | | | $ 40,000 | $ 40,000 |
| $Vehicle 2 | | | | $ 20,000 | | | | |
| $Vehicle 3 | | | | | | | | |
| $Vehicle 2 | | | | | | | | |
| $Vehicle 3 | | | | | | | | |
| $Vehicle 4 | | | | | | | | |
| $Vehicle 5 | | | | | | | | |
| $Vehicle 6 | | | | | | | | |
| **VEH_$PurchaseCost** | | | $ - | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |
| | | | | | | | | |
| **Transaction Costs** | | | | | | | | |
| Transit | $ - | | | $ - | $ - | $ - | $ - | $ - |
| Item | | | | $ - | $ - | $ - | $ - | $ - |
| Total | | | | $ - | $ - | $ - | $ - | $ - |
| | | | | | | | | |
| **VEH_$Purchases** | | | | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |
| | | | | | | | | |
| **CAPX Requirements** | Debit | Credit | | | | | | |
| **VEH_$FundingReqs** | | | | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |

**AMI Staging**
**Pro Formas 2023-2027**

## Equity Financing
*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | |
| **P&L_$Revenue** | | $ 1,099,669 | $ 1,552,086 | $ 2,098,421 | $ 2,711,805 | $ 3,370,386 | $ 4,183,928 |
| **P&L_EBITDA** | | $ 202,388 | $ 218,677 | $ 302,096 | $ 405,272 | $ 511,981 | $ 645,163 |
| | | | | | | | |
| **AMI Staging Valuation** | | | | | | | |
| Method 1: % Sales | | | | | | | |
|   Multiple 1 | 80.00% | | | | | | |
|   Valuation (Revenue) | | $ 879,735 | $ 1,241,669 | $ 1,678,737 | $ 2,169,444 | $ 2,696,309 | $ 3,347,142 |
| Method 2: Cap'd Earnings | | | | | | | |
|   Multiple 2 | | 4.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 |
|   Valuation (EBITDA) | | $ 809,552 | $ 1,093,386 | $ 1,510,479 | $ 2,026,362 | $ 2,559,907 | $ 3,225,815 |
| | | | | | | | |
| **Shares** | | | | | | | |
| Valuation (EBITDA) | | $ 1,000,000 | 1,093,386 | 1,510,479 | 2,026,362 | 2,559,907 | 3,225,815 |
| | | | | | | | |
| Beg Shares Outstanding | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
|   Share Price | | $ 1.00 | $ 1.09 | $ 1.51 | $ 2.03 | $ 2.56 | $ 3.23 |
|   Contributed Capital | | | $ - | $ - | $ - | $ - | $ - |
|   New Shares | | | - | - | - | - | - |
| End Shares Outstanding | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
| | | | | | | | |
| Share Distribution: | | | | | | | |
|   Total | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
|   Owners | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
|   Investors | | - | - | - | - | - | - |
| | | | | | | | |
| Ownership %: | | | | | | | |
|   Founders | | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% |
|   Outside Investors | | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
|   Total | | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% |

**AMI Staging**
**Pro Formas 2023–2027**

## P & L Worksheets
*Debit Financing*

| Revenue Detail | | | 2019 | | 2020 | | 2021 | | 2022 | | 2023 | | 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BENCH_$PerProj | | $ | 5,652 | $ | 6,000 | $ | 6,240 | $ | 6,720 | $ | 6,960 | $ | 7,200 |
| PROJS_#EndYear | | $ | 201 | $ | 267 | $ | 346 | $ | 416 | $ | 499 | $ | 599 |
| **PLW_$Topline** | | **$** | **1,135,435** | **$** | **1,599,100** | **$** | **2,161,983** | **$** | **2,793,947** | **$** | **3,472,477** | **$** | **4,310,661** |
| | | | | | | | | | | | | | |
| **CGS Labor** | | | | | | | | | | | | | |
| *Hours* | | | 3 | | 4 | | 5 | | 6 | | 7 | | 8 |
| Pull/Pack/Load | | | 964 | | 1,023 | | 1,064 | | 1,277 | | 1,533 | | 1,839 |
| Unload | | | 964 | | 1,023 | | 1,064 | | 1,277 | | 1,533 | | 1,839 |
| Stage | | | 4,821 | | 5,117 | | 5,322 | | 6,386 | | 7,663 | | 9,196 |
| Destage | | | 2,893 | | 3,070 | | 3,193 | | 3,832 | | 4,598 | | 5,518 |
| Reshelve | | | 964 | | 1,023 | | 1,064 | | 1,277 | | 1,533 | | 1,839 |
| Transit | | | 402 | | 426 | | 443 | | 532 | | 639 | | 766 |
| PLW_#LaborHrs_Total | | | 11,011 | | 11,688 | | 12,156 | | 14,588 | | 17,505 | | 21,006 |
| | | | | | | | | | | | | | |
| *Payroll & Expenses* | | | | | | | | | | | | | |
| $PerLaborHour | $ 35.00 | $ | 385,393 | $ | 409,083 | $ | 425,476 | $ | 510,571 | $ | 612,678 | $ | 735,200 |
| %PayrollTaxes | 7.50% | $ | 28,904 | $ | 30,681 | $ | 31,911 | $ | 38,293 | $ | 45,951 | $ | 55,140 |
| **PLW_$CGSLabor** | | **$** | **414,297** | **$** | **439,764** | **$** | **457,387** | **$** | **548,864** | **$** | **658,629** | **$** | **790,340** |
| | | | | | | | | | | | | | |
| **O/H Warehouse** | | | | | | | | | | | | | |
| **70 Woodland (Current)** | | | | | | | | | | | | | |
| #SqFt_PerUnit | 1,960 | | | | | | | | | | | | |
| #Spaces | | | 1 | | 2 | | 3 | | 3 | | 4 | | 4 |
| **#SqFt** | | | 1,960 | | 3,920 | | 5,880 | | 5,880 | | 7,840 | | 7,840 |
| $PerSqFt | | $ | 16.80 | $ | 18.00 | $ | 18.00 | $ | 18.00 | $ | 18.00 | $ | 18.00 |
| $Rent_NoCAM | | $ | 32,928 | $ | 70,560 | $ | 105,840 | $ | 105,840 | $ | 141,120 | $ | 141,120 |
| **New** | | | | | | | | | | | | | |
| *Assumptions* | | | | | | | | | | | | | |
| #SqFt/Warehouse/Leased | 12,160 | | | | | | | | | | | | |
| $Rent/SqFt | $ 18.00 | | | | | | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L Worksheets

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| Levels | 5.00 | | | | | | |
| Effective SqFt/Warehouse | 60,800 | | | | | | |
| #Warehouses | 3.00 | | | | | | |
| Total Effective SqFt | 182,400 | | | | | | |
| | | | | | | | |
| *Rent* | | | | | | | |
| Region #1 (San Francisco): | | | $     - | $     - | $     - | $     - | $     - |
| Region #2 (San Jose): | | | $     - | $     - | $     - | $     - | $     - |
| Region #3 (San Ramon): | | | $     - | $     - | $     - | $     - | $     - |
| $Rent_NoCAM | | $ 32,928 | $ 70,560 | $ 105,840 | $ 105,840 | $ 141,120 | $ 141,120 |
| **CAM** | 7.74% | $ 2,547 | $ 5,459 | $ 8,188 | $ 8,188 | $ 10,917 | $ 10,917 |
| **WARE_$Rent** | | $ 35,475 | $ 76,019 | $ 114,028 | $ 114,028 | $ 152,037 | $ 152,037 |
| $EffectiveRent/SqFt | | $ 18.10 | $ 19.39 | $ 19.39 | $ 19.39 | $ 19.39 | $ 19.39 |
| % of Revenue | | | 3.12% | 4.75% | 5.27% | 4.08% | 4.38% | 3.53% |
| | | | | | | | |
| **O/H Operations** | | | | | | | |
| Utilities: | | | | | | | |
| Phones | | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 |
| Trash | | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 |
| Internet | | $ 600 | $ 600 | $ 600 | $ 600 | $ 600 | $ 600 |
| Furniture Maintenance | 0.50% | | | | | $ 17,362 | $ 21,553 |
| **PLW_$Operations** | | $ 3,300 | $ 3,300 | $ 3,300 | $ 3,300 | $ 20,662 | $ 24,853 |
| % of Revenue | | | 0.29% | 0.21% | 0.15% | 0.12% | 0.60% | 0.58% |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L Worksheets
*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **O/H Marketing** | | | | | | | |
| Social Media | | | | $ 9,600 | $ 9,600 | $ 9,600 | $ 9,600 |
| Materials | | - | - | - | - | - | - |
| Consulting | | - | - | - | - | - | - |
| **Total Marketing** | | $ - | $ - | $ 9,600 | $ 9,600 | $ 9,600 | $ 9,600 |
| % of Revenue | | 0.00% | 0.00% | 0.44% | 0.34% | 0.28% | 0.22% |
| | | | | | | | |
| **O/H IT** | | | | | | | |
| Automation: | | | | | | | |
| Salesforce | | | | $ 7,560 | $ 8,640 | $ 9,720 | $ 10,800 |
| Conga | | | | $ 3,360 | $ 3,840 | $ 4,320 | $ 4,800 |
| Calendar Anything | | | | $ 1,320 | $ 1,320 | $ 1,320 | $ 1,320 |
| RFID | | | | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Item | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Automation | | $ - | $ - | $ 13,240 | $ 14,800 | $ 16,360 | $ 17,920 |
| Apps: | | | | | | | |
| Adobe | | $ 1,175 | $ 1,175 | $ 1,175 | $ 1,175 | $ 1,175 | $ 1,175 |
| Apple | | $ 228 | $ 228 | $ 228 | $ 228 | $ 228 | $ 228 |
| Constant Contact | | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 |
| DocuSign | | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 |
| Inman | | $ 240 | $ 240 | $ 240 | $ 240 | $ 240 | $ 240 |
| Connecteam | | | | | | | |
| Office/Teams | | $ 720 | $ 720 | $ 1,350 | $ 1,350 | $ 1,350 | $ 1,350 |
| QuickBooks | | $ 600 | $ 600 | $ 1,200 | $ 4,440 | $ 4,440 | $ 4,440 |
| QB Payroll | | | | $ 960 | $ 960 | $ 960 | $ 960 |
| Square | | | $ 420 | $ 420 | $ 420 | $ 420 | $ 420 |
| Item | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Apps | | $ 4,763 | $ 5,183 | $ 7,373 | $ 10,613 | $ 10,613 | $ 10,613 |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L Worksheets

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| Consulting: | | | | | | | |
|   360 Degree Cloud | | | | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 |
|   SH Consulting | | | | $ 2,500 | | | |
|   General | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Consulting | | $ - | $ - | $ 5,500 | $ 3,000 | $ 3,000 | $ 3,000 |
| | | | | | | | |
| **Total IT** | | $ 4,763 | $ 5,183 | $ 26,113 | $ 28,413 | $ 29,973 | $ 31,533 |
| % of Revenue | | 0.42% | 0.32% | 1.21% | 1.02% | 0.86% | 0.73% |
| | | | | | | | |
| **O/H Administrative** | | | | | | | |
| Insurance | | $ 3,000 | $ 12,000 | $ 21,600 | $ 21,600 | $ 21,600 | $ 21,600 |
| Legal | | $ - | | | | | $ - |
| Tax Preparation | | $ 500 | $ 1,000 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 |
| Office Supplies | | $ 250 | $ 500 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Travel & Entertainment | | $ - | $ - | $ - | $ - | $ - | $ - |
| Auto (Non-Project) | 0.20% | $ 2,271 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 |
| Other | 0.20% | $ 2,271 | $ 3,198 | $ 4,324 | $ 5,588 | $ 6,945 | $ 8,621 |
| **Total F & A** | | $ 8,292 | $ 22,698 | $ 34,424 | $ 35,688 | $ 37,045 | $ 38,721 |
| % of Revenue | | 0.73% | 1.42% | 1.59% | 1.28% | 1.07% | 0.90% |
| | | | | | | | |
| **O/H Human Resources** | | | | | | | |
| Recruiting | | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Consulting | | | | | | | |
| **Total HR** | | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| % of Revenue | | 0.09% | 0.06% | 0.05% | 0.04% | 0.03% | 0.02% |

| **Historical Data** | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Revenue | CGS | | | Gross Profit | Expenses |
| **2021** | | | | | | | |
| Jan | | $ 85,678 | $ 31,706 | | | $ 53,972 | $ 19,952 |
| Feb | | $ 85,163 | $ 45,893 | | | $ 39,270 | $ 31,000 |

**AMI Staging**
**Pro Formas 2023–2027**

## P & L Worksheets

*Debit Financing*

|  | | 2019 | | 2020 | | 2021 | | 2022 | | 2023 | | 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mar | | $ | 104,417 | $ | 52,949 | | | | | $ | 51,468 | $ | 21,509 |
| Apr | | $ | 149,652 | $ | 63,743 | | | | | $ | 85,910 | $ | 21,748 |
| May | | $ | 113,408 | $ | 76,812 | | | | | $ | 36,597 | $ | 24,739 |
| Jun | | $ | 142,953 | $ | 83,298 | | | | | $ | 59,654 | $ | 30,431 |
| Jul | | $ | 112,112 | $ | 64,639 | | | | | $ | 47,473 | $ | 32,133 |
| Aug | | $ | 92,201 | $ | 60,969 | | | | | $ | 31,233 | $ | 27,030 |
| Sep | | $ | 132,125 | $ | 52,331 | | | | | $ | 79,795 | $ | 29,035 |
| Oct | | $ | 112,004 | $ | 66,590 | | | | | $ | 45,414 | $ | 35,436 |
| Nov | | $ | 75,743 | $ | 67,055 | | | | | $ | 8,688 | $ | 33,366 |
| Dec | | $ | 65,449 | $ | 48,168 | | | | | $ | 17,281 | $ | 23,008 |
| Total | | $ | 1,270,907 | $ | 714,153 | | | | | $ | 556,754 | $ | 329,388 |

|  | | 2021 | 2020 | 2019 |
|---|---|---|---|---|
| 5100 Staging COGS | | | | |
| 5110 Staging Labor | $ | 243,722 | 124,723 | 145,509 |
| 5120 Moving Labor | $ | 239,637 | 141,504 | 81,872 |
| 5130 Cleaning Labor | $ | 22,642 | | |
| 5140 Temporary Labor | $ | 12,991 | | |
| 5150 Commissions & Bonuses | $ | 9,400 | | |
| 5155 Meals | $ | 37,988 | | |
| 5160 Mileage | $ | 26,541 | | |
| 5165 Parking & Tolls | $ | 10,738 | | |
| 5170 Supplies | $ | 22,915 | | |
| 5175 Flowers | $ | 11,620 | | |
| 5180 Vehicles & Fuel | $ | 17,272 | | |
| 5185 Furniture Expense | $ | 19,489 | | |
| 5195 Admin Fees/HO Damage Repairs | $ | 8,020 | | |
| Total 5100 Staging COGS | $ | 682,974 | | |
| | | | | |
| | | 216 | 166 | 149 |
| | $ | 2,238 | $ 1,604 | $ 1,526 |
| | | 47% | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Staffing
*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | |
| PROJS_#Areas_End | | 201 | 267 | 346 | 416 | 499 | 599 |
| PLW_$Topline | | $ 1,135,435 | $ 1,599,100 | $ 2,161,983 | $ 2,793,947 | $ 3,472,477 | $ 4,310,661 |
| | | | | | | | |
| **Headcount** | | | | | | | |
| **Executive** | | | | | | | |
| CEO | | | | | | | |
| VP - Operations | | | | | | | |
| Chief Technology Officer | | | | | | | |
| VP - Sales & Marketing | | | | | | | |
| Chief Financial Officer | | | | | | | |
| VP - Corp Dev | | | | | | | |
| Admin Asst | | | | | | 0.50 | 0.50 | 1.00 |
| **Operations** | | | | | | | |
| Mgr, Traffic | | | | | | 0.50 | 1.00 |
| Mgr, Inventory Purchasing | | | | 0.50 | 0.50 | 0.50 | 0.50 |
| Mgr, Acquisition Conversions | | | | | | | |
| Mgr, Human Resources | | | | | | | |
| Inventory Refurbishing | | | | | | | |
| **Territories** | | | | | | | |
| *Warehouse #1:* | | | | | | | |
| Sales Manager #1 | | | | | | | |
| Outreach Staff #1 | | | | | | | |
| Moving Supervisor #1 | | | | | | | |
| Staging Supervisor #1 | | | | | | | |
| Sales Manager #2 | | | | | | | |
| Outreach Staff #2 | | | | | | | |
| Moving Supervisor #2 | | | | | | | |
| Staging Supervisor #2 | | | | | | | |
| Sales Manager #3 | | | | | | | |
| Outreach Staff #3 | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

| | | | | | | |
|---|---|---|---|---|---|---|
| Moving Supervisor #3 | | | | | | |
| Staging Supervisor #3 | | | | | | |
| **IT** | | | | | | |
| Manager, Software | | | | | | |
| IT Support | | | | | | |
| **Marketing** | | | | | | |
| Content Manager | | | 0.25 | 0.25 | 0.25 | 0.50 |
| Marketing Support | | | | | | |
| **Finance & Admin** | | | | | | |
| Controller | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Mgr, Contracts/Compliance | | | 0.50 | 0.50 | 0.50 | 0.50 |
| Mgr, A/P | | | | | | |
| | | | | | | |
| **Total Overhead Headcount (FTE's)** | **0.50** | **0.50** | **1.75** | **2.25** | **2.75** | **4.00** |
| Revenue/Headcount | $ 2,270,870 | $ 3,198,200 | $ 1,235,419 | $ 1,241,754 | $ 1,262,719 | $ 1,077,665 |
| Projects/Headcount | 402 | 533 | 198 | 185 | 181 | 150 |

**AMI Staging**
**Pro Formas 2023-2027**

| Payroll | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Executive** | | | | | | | |
| CEO | $ 120,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| VP - Operations | $ 120,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Chief Technology Officer | $ 120,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| VP - Sales & Marketing | $ 120,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Chief Financial Officer | $ 80,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| VP - Corp Dev | $ 80,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Admin Asst | $ 60,000 | $ - | $ - | $ - | $ 30,000 | $ 30,000 | $ 60,000 |
| **Operations** | | | | | | | |
| Mgr, Traffic | $ 70,000 | $ - | $ - | $ - | $ - | $ 35,000 | $ 70,000 |
| Mgr, Inventory Purchasing | $ 70,000 | $ - | $ - | $ 35,000 | $ 35,000 | $ 35,000 | $ 35,000 |
| Mgr, Acquisition Conversions | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Mgr, Human Resources | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Inventory Refurbishing | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| **Territories** | | | | | | | |
| Sales Manager #1 | $ 80,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Outreach Staff #1 | $ 52,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Moving Supervisor #1 | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Staging Supervisor #1 | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Sales Manager #2 | $ 80,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Outreach Staff #2 | $ 52,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Moving Supervisor #2 | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Staging Supervisor #2 | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Sales Manager #3 | $ 80,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Outreach Staff #3 | $ 52,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Moving Supervisor #3 | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |
| Staging Supervisor #3 | $ 70,000 | $ - | $ - | $ - | $ - | $ - | $ - |

**AMI Staging**
**Pro Formas 2023-2027**

| IT | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Manager, Software | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| IT Support | $ | 60,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Marketing** | | | | | | | | | | | | | |
| Content Manager | $ | 70,000 | $ | - | $ | - | $ | 17,500 | $ | 17,500 | $ | 17,500 | $ | 35,000 |
| Marketing Support | $ | 60,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Finance & Admin** | | | | | | | | | | | | | |
| Controller | $ | 80,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 |
| Mgr, Contracts/Compliance | $ | 60,000 | $ | - | $ | - | $ | 30,000 | $ | 30,000 | $ | 30,000 | $ | 30,000 |
| Mgr, A/P | $ | 60,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Total** | | | $ | **40,000** | $ | **40,000** | $ | **122,500** | $ | **152,500** | $ | **187,500** | $ | **270,000** |
| | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | |
| Payroll Taxes | | 7.50% | $ | 3,000 | $ | 3,000 | $ | 9,188 | $ | 11,438 | $ | 14,063 | $ | 20,250 |
| Payroll Service | | 0.50% | $ | 200 | $ | 200 | | 613 | | 763 | | 938 | | 1,350 |
| Workers Comp | | 1.00% | $ | 400 | $ | 400 | | 1,225 | | 1,525 | | 1,875 | | 2,700 |
| **Total Expenses** | | | $ | **3,600** | $ | **3,600** | $ | **11,025** | $ | **13,725** | $ | **16,875** | $ | **24,300** |
| **STAFF_$OHPayroll** | | | $ | **43,600** | $ | **43,600** | $ | **133,525** | $ | **166,225** | $ | **204,375** | $ | **294,300** |
| % of Revenue | | | | 3.8% | | 2.7% | | 6.2% | | 5.9% | | 5.9% | | 6.8% |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects
*Debit Financing*

|  |  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Sources** |  |  |  |  |  |  |  |
| PROJS_#StartYear |  | 144 | 201 | 267 | 346 | 416 | 499 |
| PROJS_#Acq | $ 5,372 | 0 | 121 | 0 | 0 | 0 | 0 |
| Subtotal |  | 144 | 322 | 267 | 346 | 416 | 499 |
| BENCH_%Growth_Projs |  | 40% | -17% | 30% | 20% | 20% | 20% |
| PROJS_#Growth |  | 57 | -55 | 80 | 69 | 83 | 100 |
| **PROJS_#EndYear** |  | **200.9** | **266.5** | **346.5** | **415.8** | **498.9** | **598.7** |
|  |  |  |  |  |  |  |  |
| **PROJS_#Areas_End** |  | **1,928** | **2,559** | **3,326** | **3,991** | **4,790** | **5,748** |

| **Historical Data** |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| **2018** | **In** | **Out** | **Total** | **Areas (In)** |  |  |  |
| Jan |  |  | - | - |  |  |  |
| Feb |  |  | - | - |  |  |  |
| Mar |  |  | - | - |  |  |  |
| Apr |  |  | - | - |  |  |  |
| May |  |  | - | - |  |  |  |
| Jun |  |  | - | - |  |  |  |
| Jul |  |  | - | - |  |  |  |
| Aug |  |  | - | - |  |  |  |
| Sep |  |  | - | - |  |  |  |
| Oct |  |  | - | - |  |  |  |
| Nov |  |  | - | - |  |  |  |
| Dec |  |  | - | - |  |  |  |
| Total | **144** | **109** | - | 1,382 |  |  |  |
| **2019** | **In** | **Out** | **Total** | **Areas (In)** |  |  |  |
| Jan | 23 | 8 | 31 | 221 |  |  |  |
| Feb | 27 | 5 | 32 | 259 |  |  |  |
| Mar | 30 | 6 | 36 | 288 |  |  |  |
| Apr | 21 | 9 | 30 | 202 |  |  |  |
| May | 18 | 13 | 31 | 173 |  |  |  |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

|        | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|--------|------|------|------|------|------|------|
| Jun    | 12   | 21   | 33   | 115  |      |      |
| Jul    | 17   | 18   | 35   | 163  |      |      |
| Aug    | 20   | 12   | 32   | 192  |      |      |
| Sep    | 11   | 17   | 28   | 106  |      |      |
| Oct    | 12   | 20   | 32   | 115  |      |      |
| Nov    | 6    | 11   | 17   | 58   |      |      |
| Dec    | 4    | 12   | 16   | 38   |      |      |
| Total  | 201  | 152  | 353  | 1,930| 40%  |      |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

| | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **2020** | | | | | | |
| Jan | 15 | 10 | 25 | 144 | | |
| Feb | 21 | 10 | 31 | 202 | | |
| Mar | 10 | 14 | 24 | 96 | | |
| Apr | 4 | 7 | 11 | 38 | | |
| May | 10 | - | 10 | 96 | | |
| Jun | 13 | 6 | 19 | 125 | | |
| Jul | 18 | 12 | 30 | 173 | | |
| Aug | 16 | 15 | 31 | 154 | | |
| Sep | 19 | 14 | 33 | 182 | | |
| Oct | 20 | 8 | 28 | 192 | | |
| Nov | 12 | 21 | 33 | 115 | | |
| Dec | 8 | 16 | 24 | 77 | | |
| Total | **166** | 133 | | 1,594 | -17% | |
| **2021** | | | | | | |
| Jan | 14 | 13 | 27 | 135 | | 7% |
| Feb | 15 | 10 | 25 | 145 | | 7% |
| Mar | 24 | 19 | 43 | 230 | | 11% |
| Apr | 23 | 20 | 43 | 218 | | 11% |
| May | 23 | 23 | 46 | 221 | | 11% |
| Jun | 22 | 19 | 41 | 207 | | 10% |
| Jul | 22 | 28 | 50 | 207 | | 10% |
| Aug | 12 | 25 | 37 | 114 | | 6% |
| Sep | 21 | 10 | 31 | 202 | | 10% |
| Oct | 20 | 17 | 37 | 192 | | 9% |
| Nov | 7 | 21 | 28 | 67 | | 3% |
| Dec | 14 | 3 | 17 | 134 | | 6% |
| Total | **216** | 208 | | 2,072 | 30% | 100% |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **2022** | | | | | | | |
| Jan | 9 | 10 | 19 | 86 | | | |
| Feb | 15 | 7 | 22 | 144 | | | |
| Mar | 25 | 6 | 31 | 240 | | | |
| Apr | 30 | 20 | 50 | 288 | | | |
| May | 30 | 23 | 53 | 288 | | | |
| Jun | 28 | 19 | 47 | 269 | | | |
| Jul | 28 | 28 | 56 | 269 | | | |
| Aug | 16 | 25 | 41 | 154 | | | |
| Sep | 27 | 10 | 37 | 259 | | | |
| Oct | 26 | 17 | 43 | 250 | | | |
| Nov | 10 | 21 | 31 | 96 | | | |
| Dec | 13 | 3 | 16 | 125 | | | |
| Total | 257 | 189 | | 2,467 | 19% | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

| Sources | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| PROJS_#StartYear | | 144 | 201 | 267 | 346 | 416 | 499 |
| PROJS_#Acq | $ 5,372 | 0 | 121 | 0 | 0 | 0 | 0 |
| Subtotal | | 144 | 322 | 267 | 346 | 416 | 499 |
| BENCH_%Growth_Projs | | 40% | -17% | 30% | 20% | 20% | 20% |
| PROJS_#Growth | | 57 | -55 | 80 | 69 | 83 | 100 |
| **PROJS_#EndYear** | | **200.9** | **266.5** | **346.5** | **415.8** | **498.9** | **598.7** |
| | | | | | | | |
| **PROJS_#Areas_End** | | **1,928** | **2,559** | **3,326** | **3,991** | **4,790** | **5,748** |

| Historical Data | | | | | | | |
|---|---|---|---|---|---|---|---|
| **2018** | **In** | **Out** | **Total** | **Areas (In)** | | | |
| Jan | | | - | - | | | |
| Feb | | | - | - | | | |
| Mar | | | - | - | | | |
| Apr | | | - | - | | | |
| May | | | - | - | | | |
| Jun | | | - | - | | | |
| Jul | | | - | - | | | |
| Aug | | | - | - | | | |
| Sep | | | - | - | | | |
| Oct | | | - | - | | | |
| Nov | | | - | - | | | |
| Dec | | | - | - | | | |
| Total | **144** | **109** | - | 1,382 | | | |
| **2019** | **In** | **Out** | **Total** | **Areas (In)** | | | |
| Jan | 23 | 8 | 31 | 221 | | | |
| Feb | 27 | 5 | 32 | 259 | | | |
| Mar | 30 | 6 | 36 | 288 | | | |
| Apr | 21 | 9 | 30 | 202 | | | |
| May | 18 | 13 | 31 | 173 | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

|       | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|-------|-----:|-----:|-----:|-----:|-----:|-----:|
| Jun   | 12   | 21   | 33   | 115  |      |      |
| Jul   | 17   | 18   | 35   | 163  |      |      |
| Aug   | 20   | 12   | 32   | 192  |      |      |
| Sep   | 11   | 17   | 28   | 106  |      |      |
| Oct   | 12   | 20   | 32   | 115  |      |      |
| Nov   | 6    | 11   | 17   | 58   |      |      |
| Dec   | 4    | 12   | 16   | 38   |      |      |
| Total | 201  | 152  | 353  | 1,930 | 40% |     |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

| | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **2020** | | | | | | |
| Jan | 15 | 10 | 25 | 144 | | |
| Feb | 21 | 10 | 31 | 202 | | |
| Mar | 10 | 14 | 24 | 96 | | |
| Apr | 4 | 7 | 11 | 38 | | |
| May | 10 | - | 10 | 96 | | |
| Jun | 13 | 6 | 19 | 125 | | |
| Jul | 18 | 12 | 30 | 173 | | |
| Aug | 16 | 15 | 31 | 154 | | |
| Sep | 19 | 14 | 33 | 182 | | |
| Oct | 20 | 8 | 28 | 192 | | |
| Nov | 12 | 21 | 33 | 115 | | |
| Dec | 8 | 16 | 24 | 77 | | |
| Total | **166** | 133 | | 1,594 | -17% | |
| **2021** | | | | | | |
| Jan | 14 | 13 | 27 | 135 | | 7% |
| Feb | 15 | 10 | 25 | 145 | | 7% |
| Mar | 24 | 19 | 43 | 230 | | 11% |
| Apr | 23 | 20 | 43 | 218 | | 11% |
| May | 23 | 23 | 46 | 221 | | 11% |
| Jun | 22 | 19 | 41 | 207 | | 10% |
| Jul | 22 | 28 | 50 | 207 | | 10% |
| Aug | 12 | 25 | 37 | 114 | | 6% |
| Sep | 21 | 10 | 31 | 202 | | 10% |
| Oct | 20 | 17 | 37 | 192 | | 9% |
| Nov | 7 | 21 | 28 | 67 | | 3% |
| Dec | 14 | 3 | 17 | 134 | | 6% |
| Total | **216** | 208 | | 2,072 | 30% | 100% |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*Debit Financing*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **2022** | | | | | | | |
| Jan | 9 | 10 | 19 | 86 | | | |
| Feb | 15 | 7 | 22 | 144 | | | |
| Mar | 25 | 6 | 31 | 240 | | | |
| Apr | 30 | 20 | 50 | 288 | | | |
| May | 30 | 23 | 53 | 288 | | | |
| Jun | 28 | 19 | 47 | 269 | | | |
| Jul | 28 | 28 | 56 | 269 | | | |
| Aug | 16 | 25 | 41 | 154 | | | |
| Sep | 27 | 10 | 37 | 259 | | | |
| Oct | 26 | 17 | 43 | 250 | | | |
| Nov | 10 | 21 | 31 | 96 | | | |
| Dec | 13 | 3 | 16 | 125 | | | |
| Total | 257 | 189 | | 2,467 | 19% | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Benchmarks

*Debit Financing*

| Static Benchmarks | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| WORKBOOK_CaseName | Debit Financing | | | | | | |
| BENCH_2018 Revenue | $ 650,000 | | | | | | |
| BENCH_2018 Projects | 121 | | | | | | |
| BENCH_2018_Vehicles | 1.0 | | | | | | |
| BENCH_2018_RevPerVeh | 650,000 | | | | | | |
| BENCH_#AreasPerProj | | 9.6 | | | | | |
| BENCH_70Wood_#SqFt | | 5,850 | | | | | |
| BENCH_70Wood_$SqFt/Mo | | $ 1.50 | | | | | |
| BENCH_70Wood_$Rent/Mo | | $ 8,775 | | | | | |
| BENCH_70Wood_$Rent/Yr | | $ 105,300 | | | | | |
| BENCH_$Rent/$Revenue | | 3.50% | | | | | |
| BENCH_$RevPerProj | | $ 5,372 | | | | | |
| BENCH_$RevPerSqFt | | $ 111 | | | | | |
| BENCH_$Inv_Book | | $ 340,000 | | | | | |
| BENCH_$InvPerSqFt | | $ 58 | | | | | |
| BENCH_#SqFt/Proj | | 48 | | | | | |
| BENCH_%CreditCard | | 90% | | | | | |
| | | | | | | | |
| **Variable Benchmarks** | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| BENCH_$PerProj | $ 5,372 | $ 5,652 | $ 6,000 | $ 6,240 | $ 6,720 | $ 6,960 | $ 7,200 |
| BENCH_$PerArea | $ 560 | $ 600 | $ 625 | $ 650 | $ 700 | $ 725 | $ 750 |
| BENCH_%Growth_Projs | | 17% | 0% | 20% | 20% | 20% | 20% |
| | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

**Benchmarks**

*Debit Financing*

| Labor Benchmarks | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Task Hours Each Year** | Annual Change | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| Walkthrough | -20% | 2.00 | 1.60 | 1.28 | 1.28 | 1.28 | 1.28 |
| Propose | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| Design | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| **SubTotal Sales** | | **4.00** | **3.20** | **2.56** | **2.56** | **2.56** | **2.56** |
| | | | | | | | |
| Pull/Pack/Load | -20% | 4.80 | 3.84 | 3.07 | 3.07 | 3.07 | 3.07 |
| Unload | -20% | 4.80 | 3.84 | 3.07 | 3.07 | 3.07 | 3.07 |
| Stage | -20% | 24.00 | 19.20 | 15.36 | 15.36 | 15.36 | 15.36 |
| Destage | -20% | 14.40 | 11.52 | 9.22 | 9.22 | 9.22 | 9.22 |
| Reshelve | -20% | 4.80 | 3.84 | 3.07 | 3.07 | 3.07 | 3.07 |
| Transit | -20% | 2.00 | 1.60 | 1.28 | 1.28 | 1.28 | 1.28 |
| **SubTotal Operations** | | **54.80** | **43.84** | **35.07** | **35.07** | **35.07** | **35.07** |
| | | | | | | | |
| Contracts Admin | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| Client Service | -20% | 3.00 | 2.40 | 1.92 | 1.92 | 1.92 | 1.92 |
| Changes | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| **SubTotal Overhead** | | **5.00** | **4.00** | **3.20** | **3.20** | **3.20** | **3.20** |
| **Total** | | **63.80** | **51.04** | **40.83** | **40.83** | **40.83** | **40.83** |
| | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Benchmarks
*Debit Financing*

| Task Hours/Project | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| | | Hours/ Task/Proj | Hours/ Group/Proj | Measured Per | Accounting | Hours/ Proj or Area | Projs or Areas |
| Walkthrough | | 2.00 | | Project | Expenses | 2.00 | 1.00 |
| Propose | | 1.00 | | Project | Expenses | 1.00 | 1.00 |
| Design | | 1.00 | | Project | Expenses | 1.00 | 1.00 |
| Pull/Pack/Load | | 4.80 | | Area | COGS | 0.50 | 9.60 |
| Unload | | 4.80 | | Area | COGS | 0.50 | 9.60 |
| Stage | | 24.00 | | Area | COGS | 2.50 | 9.60 |
| Destage | | 14.40 | | Area | COGS | 1.50 | 9.60 |
| Reshelve | | 4.80 | | Area | COGS | 0.50 | 9.60 |
| Transit | | 2.00 | | Project | COGS | 2.00 | 1.00 |
| Contracts Admin | | 1.00 | | Project | Expenses | 1.00 | 1.00 |
| Client Service | | 3.00 | | Project | Expenses | 2.00 | 1.00 |
| Changes | | 1.00 | | Project | Expenses | 1.00 | 1.00 |

| Task Properties | Seq | Role | Salesforce Project Stage | Salesforce Contract Stage | Salesforce Payment Stage | Details | |
|---|---|---|---|---|---|---|---|
| Walkthrough | 1 | Sales | Proposal | | | Meeting/Photos/Form | |
| Propose | 2 | Sales | Proposal | | | Proposal/Furniture List | |
| Design | 4 | Sales | Proposal | ESign Sent | | Choose items from avail inv | |
| Pull/Pack/Load | 5 | Mover, Stager | Scheduled | Esign Rec'd | Booking_Rec'd | Pull/Pack/Load the truck | |
| Unload | 6 | Mover, Stager | In | | | Unload the truck | |
| Stage | 7 | Stager | In | | Final_Rec'd | | |
| Destage | 8 | Mover, Stager | Out | | Paid_In_Full | Wrap/Load the truck | |
| Reshelve | 9 | Mover, Stager | Out | | | Reshelve at warehouse | |
| Transit | 10 | Mover, Stager | | | | Paid time between points | |
| Contracts Admin | 11 | Contract Admin | | | | ESign, Invoicing | |
| Client Service | 11 | Traffic | | | | COI's, coordinating suppliers | |
| Changes | 11 | Mover, Stager | | | | Additions, swap-outs | |

**AMI Staging**
**Pro Formas 2023-2027**

## Financial Pro Forma & Tables
*No Capital Investment*

| Section | Page | Purpose |
|---|---|---|
| Key Events | 2 | Impact of key elements of this plan |
| Summary | 3 | |
| Profit & Loss | 5 | Pro forma 2023-2027 |
| Balance Sheet | 7 | Pro forma 2023-2027 |
| Cash Flow | 8 | Pro forma 2023-2027 |
| Acquisitions | 10 | CAPX Schedule of acquisitions, $ size, Transaction costs, Financing assumptions |
| Warehouse | 12 | CAPX Existing and acquired space: Rent, square footage, leasehold improvements |
| Inventory | 14 | CAPX Existing and acquired furniture |
| Vehicles | 17 | CAPX Existing and acquired vehicles |
| Debt Financing | 19 | Loan amortization for debt financing |
| Equity Financing | 21 | Share growth and ownership distribution for contributed capital |
| P&L Worksheets | 26 | Revenue, CGS Labor, overhead (Operations/Marketing, IT, Admin, HR) |
| Staffing | 30 | Overhead headcount and payroll $: Executive, Operations, Territories, Marketing & Admin |
| Projects | 33 | Project growth from acquisitions and organic growth - used to project revenue and other outputs |
| Benchmarks | 36 | Assumptions |

| Legend | | |
|---|---|---|
| | | Planning |
| | | Statements |
| | | Capital Expenditures |
| | | Financing |
| | | Worksheets |

**AMI Staging**
**Pro Formas 2023-2027**

## Funding Requirements
*No Capital Investment*

| Funding | | | 2019 | | 2020 | | 2021 | | 2022 | | 2023 | | 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | | | | | | | |
| Bank/SBA Loans | 0% | | | | | | | | | | | | |
| Convertible Notes | 0% | | | | | | | | | | | | |
| Contributed Capital | 0% | | | | | | | | | | | | |
| **Total** | **0%** | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| Int % Bank | 4.5% | | | | | | | | | | | | |
| Int % Convertible | 15.0% | | | | | | | | | | | | |
| # Years | 30 | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **Cash Requirements** | | | | | | | | | | | | | |
| ACQ_$FundingReqs (excl int) | | | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| WARE_$FundingReqs | | | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| VEH_$FundingReqs | | | | - | | 40,000 | $ | - | $ | - | $ | 40,000 | $ | 40,000 |
| INV_$FundingReqs | | | $ | - | $ | - | | 209,133 | $ | 181,248 | $ | 217,498 | $ | 260,997 |
| **FUND_REQS_$Req's** | | | $ | **-** | $ | **40,000** | $ | **209,133** | $ | **181,248** | $ | **257,498** | $ | **300,997** |
| | | | | | | | | | | | | | |
| **Cash Sources** | | | | | | | | | | | | | |
| FUND_REQS_$SBALoans | | | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| FUND_REQS_$Convertible | | | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| FUND_REQS_$ContrCapital | | | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| FUND_REQS_$R/E | | | $ | - | $ | 202,388 | $ | 136,473 | $ | 188,533 | $ | 252,924 | $ | 319,519 |
| FUND_REQS_$PPP | | | | | $ | 74,010 | $ | 55,000 | | | | | | |
| FUND_REQS_$EIDL | | | | | $ | 120,000 | | | | | | | | |
| **FUND_REQS_$Sources** | | | $ | **-** | $ | **396,398** | $ | **191,473** | $ | **188,533** | $ | **252,924** | $ | **319,519** |
| | | | | | | | | | | | | | |
| **Financing** | | | | | | | | | | | | | |
| **2020** | | | | | 0 | | 1 | | 2 | | 3 | | 4 |
| Bank/SBA Loans | | | | | $ | - | | | | | | | | |
|    Interest | | | | | | | $ | - | $ | - | $ | - | | |
|    Principal RePmt | | | | | | | $ | - | $ | - | $ | - | | |
|    Payment | | | | | | | $ | - | $ | - | $ | - | | |

*1/2*

**AMI Staging**
**Pro Formas 2023-2027**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Convertible Notes | | | $ - | | | | |
| Interest | | | | $ - | $ - | | |
| Principal RePmt | | | | $ - | $ - | | |
| Payment | | | | $ - | $ - | | |
| **2021** | | | | 0 | 1 | 2 | 3 |
| Bank/SBA Loans | | | $ - | | | | |
| Interest | | | | | $ - | $ - | $ - |
| Principal RePmt | | | | | $ - | $ - | $ - |
| Payment | | | | | $ - | $ - | $ - |
| Convertible Notes | | | $ - | | | | |
| Interest | | | | | $ - | $ - | |
| Principal RePmt | | | | | $ - | $ - | |
| Payment | | | | | $ - | $ - | |
| | | | | | | | |
| **Total** | | | | | | | |
| FUND_REQS_$Interest | | | | - | - | - | |
| Principal RePmt | | | | - | - | - | |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L
### *No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Revenue** | | | | | | | |
| PLW_$Topline | | $ 1,135,435 | $ 997,972 | $ 1,349,258 | $ 1,743,656 | $ 2,167,116 | $ 2,690,213 |
| Less: Square Fees | 3.50% | $ 35,766 | $ 29,340 | $ 39,668 | $ 51,263 | $ 63,713 | $ 79,092 |
| **P&L_$Revenue** | | $ 1,099,669 | $ 968,631 | $ 1,309,590 | $ 1,692,393 | $ 2,103,403 | $ 2,611,120 |
| | | | | | | | |
| **Cost of Goods Sold** | | | | | | | |
| PLW_$CGSLabor | 37.67% | $ 414,297 | $ 364,929 | $ 493,385 | $ 637,605 | $ 792,451 | $ 983,733 |
| Temps | $ 1,000 | $ 20,088 | $ 16,633 | $ 21,623 | $ 25,947 | $ 31,137 | $ 37,364 |
| Bonuses | 1.00% | $ 10,997 | $ 9,686 | $ 13,096 | $ 16,924 | $ 21,034 | $ 26,111 |
| Meals/Mileage | $ 265 | $ 53,233 | $ 44,077 | $ 57,300 | $ 68,760 | $ 82,512 | $ 99,015 |
| Supplies | 3.20% | $ 35,189 | $ 30,996 | $ 41,907 | $ 54,157 | $ 67,309 | $ 83,556 |
| Vehicles | $ 100 | $ 20,088 | $ 16,633 | $ 21,623 | $ 25,947 | $ 31,137 | $ 37,364 |
| Other | 13.10% | $ 91,000 | $ 126,891 | $ 171,556 | $ 221,703 | $ 275,546 | $ 342,057 |
| **Total CGS** | | $ 644,893 | $ 609,845 | $ 820,489 | $ 1,051,043 | $ 1,301,126 | $ 1,609,200 |
| **Gross Profit** | | $ 454,776 | $ 358,786 | $ 489,101 | $ 641,349 | $ 802,277 | $ 1,001,921 |
| % | | 41.4% | 37.0% | 37.3% | 37.9% | 38.1% | 38.4% |
| | | | | | | | |
| **Expenses** | | | | | | | |
| STAFF_$OHPayroll | 7.60% | $ 83,606 | $ 73,643 | $ 99,566 | $ 128,670 | $ 159,918 | $ 198,519 |
| WARE_$Rent | 4.06% | $ 44,696 | $ 39,370 | $ 53,228 | $ 68,787 | $ 85,493 | $ 106,129 |
| PLW_$Operations | 9.82% | $ 108,000 | $ 95,131 | $ 128,617 | $ 166,212 | $ 206,578 | $ 256,442 |
| Marketing | 0.18% | $ 2,031 | $ 1,789 | $ 2,419 | $ 3,126 | $ 3,885 | $ 4,823 |
| IT | 0.43% | $ 4,763 | $ 4,196 | $ 5,672 | $ 7,331 | $ 9,111 | $ 11,310 |
| Administrative | 0.75% | $ 8,292 | $ 7,304 | $ 9,875 | $ 12,761 | $ 15,860 | $ 19,688 |
| Human Resources | 0.09% | $ 1,000 | $ 881 | $ 1,191 | $ 1,539 | $ 1,913 | $ 2,374 |
| **Total Expenses** | | $ 252,388 | $ 222,313 | $ 300,567 | $ 388,426 | $ 482,758 | $ 599,285 |
| **P&L_EBITDA** | | $ 202,388 | $ 136,473 | $ 188,533 | $ 252,924 | $ 319,519 | $ 402,636 |
| % | | 18.4% | 14.1% | 14.4% | 14.9% | 15.2% | 15.4% |

**AMI Staging**
**Pro Formas 2023-2027**

**P & L**

*No Capital Investment*

|  | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Other Expenses** | | | | | | | |
| ACQ_$SellerInterest | | | $    - | $    - | $    - | $    - | $    - |
| FUND_REQS_$Interest | | $    - | $    - | $    - | $    - | $    - | $    - |
| **Total Other Expenses** | | $    - | $    - | $    - | $    - | $    - | $    - |
| | | | | | | | |
| **Net Income** | | $    202,388 | $    136,473 | $    188,533 | $    252,924 | $    319,519 | $    402,636 |
| % | | 18.4% | 14.1% | 14.4% | 14.9% | 15.2% | 15.4% |
| | | | | | | | |
| **Metrics** | | | | | | | |
| ROA | | 100.0% | 18.6% | 16.9% | 16.2% | 14.7% | 13.7% |
| ROE | | 100.0% | 40.3% | 35.7% | 32.4% | 29.1% | 26.8% |
| Debt/Equity | | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Balance Sheet
*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | | |
| **Beg Balance** | | $ - | 202,388 | 735,259 | 1,115,265 | 1,556,722 | 2,169,165 |
| | | | | | | | |
| **Cash Changes:** | | | | | | | |
| P&L_EBITDA | | $ 202,388 | $ 136,473 | $ 188,533 | $ 252,924 | $ 319,519 | $ 402,636 |
| Down Payments: | | | | | | | |
| ACQ_$Down | | | $ - | $ - | | | |
| ACQ_$TransCost | | | $ - | $ - | | | |
| WARE_$Leasehold | | | $ - | $ - | | | |
| VEH_$Purchases | | | $ (40,000) | $ - | | | |
| INV_$Purchases | | | $ 144,810 | $ (209,133) | | | |
| Principal RePayments: | | | | | | | |
| ACQ_$PrinRePmt_Seller_23 | | | | $ - | $ - | $ - | |
| **Fixed Assets Changes:** | | | | | | | |
| ACQ_$PurchasePrice | | | $ - | $ - | | | |
| WARE_$Leasehold | | | $ - | $ - | | | |
| VEH_$Purchases | | | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |
| INV_$Purchases | | | $ (144,810) | $ 209,133 | | | |
| **Funding:** | | | | | | | |
| FUND_REQS_$Sources | | | $ 396,398 | $ 191,473 | $ 188,533 | $ 252,924 | $ 319,519 |
| **Total Cash Changes** | | $ 202,388 | $ 532,871 | $ 380,006 | $ 441,457 | $ 612,443 | $ 762,155 |
| | | | | | | | |
| **Total Assets** | | **202,388** | **735,259** | **1,115,265** | **1,556,722** | **2,169,165** | **2,931,319** |

**AMI Staging**
**Pro Formas 2023-2027**

## Balance Sheet
*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **LIABILITIES & EQUITY** | | | | | | | |
| **Liabilities** | ` | | | | | | |
| **Beg Balance** | | $      - | $      - | $      - | $      - | $      - | $      - |
| | | | | | | | |
| **Funding Related Changes:** | | | | | | | |
| FUND_REQS_$Req's | | | $   40,000 | $   209,133 | $   181,248 | $   257,498 | 300,997 |
| FUND_REQS_$Sources | | | $  (40,000) | $  (209,133) | $  (181,248) | $  (257,498) | (300,997) |
| **L/T Liabilities Changes:** | | | | | | | |
| ACQ_$Financed_Seller_23 | | | $      - | $      - | | | |
| ACQ_$PrinRePmt_Seller_23 | | | | $      - | $      - | $      - | |
| FUND_REQS_$SBALoans | | | $      - | $      - | $      - | $      - | $      - |
| Furniture Leases | | | | | | | |
| **Total Changes** | | $      - | $      - | $      - | $      - | $      - | $      - |
| | | | | | | | |
| **End Balance** | | $      - | $      - | $      - | $      - | $      - | $      - |
| | | | | | | | |
| **Equity** | | | | | | | |
| **Beg Balance** | | $      - | $   202,388 | $   338,861 | $   527,394 | $   780,318 | $ 1,099,837 |
| | | | | | | | |
| **Changes:** | | | | | | | |
| P&L_EBITDA | | $  202,388 | $   136,473 | $   188,533 | $   252,924 | $   319,519 | $   402,636 |
| FUND_REQS_$ContrCapital | | | $      - | $      - | $      - | $      - | |
| **Total Changes** | | $  202,388 | $   136,473 | $   188,533 | $   252,924 | $   319,519 | $   402,636 |
| | | | | | | | |
| **End Balance** | | $  202,388 | $   338,861 | $   527,394 | $   780,318 | $ 1,099,837 | $ 1,502,472 |
| | | | | | | | |
| **Total Liabilities & Equity** | | 202,388 | 338,861 | 527,394 | 780,318 | 1,099,837 | 1,502,472 |

**AMI Staging**
**Pro Formas 2023-2027**

## Cash Position

*No Capital Investment*

| | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Sources of Cash** | | | | | | |
| Net Income | | $ 136,473 | $ 188,533 | $ 252,924 | $ 319,519 | $ 402,636 |
| Bank/SBA Loans | | $ - | $ - | $ - | $ - | $ - |
| Convertible Notes | | $ - | $ - | $ - | $ - | $ - |
| Contributed Capital | | $ - | $ - | $ - | $ - | $ - |
| **Total Sources** | | $ 136,473 | $ 188,533 | $ 252,924 | $ 319,519 | $ 402,636 |
| | | | | | | |
| **Uses of Cash** | | | | | | |
| Acquisitions | | - | - | - | - | - |
| Warehouses | | - | - | - | - | - |
| Vehicles | | 40,000 | - | - | 40,000 | 40,000 |
| Inventory | | - | 209,133 | 181,248 | 217,498 | 260,997 |
| **Total Uses** | | $ 40,000 | $ 209,133 | $ 181,248 | $ 257,498 | $ 300,997 |
| | | | | | | |
| **Change In Cash Position** | | $ 96,473 | $ (20,600) | $ 71,676 | $ 62,021 | $ 101,638 |

**AMI Staging**
**Pro Formas 2023-2027**

## Acquisitions
*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | |
| *%Down* | 20% | | | | | | |
| *%Financed_Seller* | 80% | | | | | | |
| Interest Rate/Year | 7.0% | | | | | | |
| # Years | 2 | | | | | | |
| %ToplinePurchased | 70% | | | | | | |
| | | | | | | | |
| **Schedule** | | | | | | | |
| Acquisition $Topline | | | | | | | |
| Acquisition $Topline | | | | | | | |
| Acquisition $Topline | | | | | | | |
| Acquisition $Topline | | | | | | | |
| **ACQ_$Topline** | | | $ - | $ - | | | |
| | | | | | | | |
| $PurchasePrice #1 | | | $ - | $ - | | | |
| $PurchasePrice #2 | | | $ - | $ - | | | |
| $PurchasePrice #3 | | | $ - | $ - | | | |
| $PurchasePrice TBD | | | $ - | $ - | | | |
| **ACQ_$PurchasePrice** | | | $ - | $ - | | | |
| | | | | | | | |
| **Transaction Costs** | | | | | | | |
| **Acquired Lease Disposition** | | | | | | | |
| Avg Lease Months Rem | 2.5 | | | | | | |
| BENCH_$Rent/$Revenue | 3.50% | | | | | | |
| ACQ_$AcqLeaseBuyout | 50.0% | | $ - | $ - | | | |
| Inventory Relocation | $ 20,000 | | $ - | $ - | | | |
| **ACQ_$WareLeaseDisp** | | | $ - | $ - | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Acquisitions
*No Capital Investment*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Fees** | | | | | | | | |
| Legal & Admin | 2.00% | | | $ - | $ - | | | |
| Broker Commission | 10.00% | | | $ - | $ - | | | |
| **ACQ_Fees** | | | | $ - | $ - | | | |
| **ACQ_$TransCost** | | | | $ - | $ - | | | |
| | | | | | | | | |
| **ACQ_$TotalAsset** | | | | $ - | $ - | | | |
| | | | | | | | | |
| **Financing** | | | | | | | | |
| **2020 Acquisitions** | | | | 0 | 1 | 2 | 3 | |
| *ACQ_$Down_23* | | | | $ - | | | | |
| Down Payment_23 | | | | | | | | |
| *ACQ_$Financed_Seller_23* | | | | $ - | | | | |
| ACQ_$SellerInterest_23 | | | | | $ - | $ - | $ - | |
| ACQ_$PrinRePmt_Seller_23 | | | | | $ - | $ - | $ - | |
| ACQ_Payment_23 | | | | | $ - | $ - | $ - | |
| **2021 Acquisitions** | | | | | 0 | 1 | 2 | 3 |
| *ACQ_$Down_24* | | | | | $ - | | | |
| Down Payment_24 | | | | | | | | |
| *ACQ_$Financed_Seller_24* | | | | | $ - | | | |
| ACQ_$SellerInterest_24 | | | | | | $ - | $ - | $ - |
| ACQ_$PrinRePmt_Seller_24 | | | | | | $ - | $ - | $ - |
| ACQ_Payment_24 | | | | | | $ - | $ - | $ - |
| | | | | | | | | |
| **CAPX Requirements** | **Debit** | **Credit** | | | | | | |
| ACQ_$Down | Asset | Funding_Req | $ - | $ - | $ - | $ - | $ - | |
| ACQ_$PrinRePmt_Seller | Asset | Funding_Req | | $ - | $ - | $ - | $ - | |
| ACQ_$TransCost | Asset | Funding_Req | $ - | $ - | | | | |
| **ACQ_$FundingReqs (excl int)** | | | $ - | $ - | $ - | $ - | $ - | |

**AMI Staging**
**Pro Formas 2023-2027**

## Warehouse
*No Capital Investment*

| | # | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Per-Location CapX (New Wa** | # | | | | | | |
| Region #1 (San Francisco): | 0 | | - | | | | |
| Region #2 (San Jose): | 0 | | - | | | | |
| Region #3 (San Ramon): | 0 | | - | | | | |
| WARE_$Leasehold | 0 | | $ - | $ - | $ - | $ - | $ - |
| | | | | | | | |
| **Analytics** | | | | | | | |
| PROJS_#EndYear | Per Ware | 201 | 166 | 216 | 259 | 311 | 374 |
| Capacity: | | | | | | | |
|   # Warehouses | | 1 | 2 | 3 | 3 | 4 | 4 |
|   #Projs Capacity/Ware | 201 | 201 | 402 | 603 | 603 | 804 | 804 |
|   Utilization | | 100% | 41% | 36% | 43% | 39% | 47% |
| WARE_#SqFt-Leased/Proj | | 10 | 73 | 56 | 47 | 39 | 33 |
| WARE_$Rent/Proj | | $ 164 | $ 424 | $ 489 | $ 408 | $ 453 | $ 378 |
| SqFt Required | | 10,219 | 8,982 | 12,143 | 15,693 | 19,504 | 24,212 |
| | | | | | | | |
| **CAPX Requirements** | Debit | Credit | | | | | |
| WARE_$Leasehold | Asset | Funding_Req | $ - | $ - | $ - | $ - | $ - |
| **WARE_$FundingReqs** | | | $ - | $ - | $ - | $ - | $ - |

**Worksheet - Per-Warehouse Start-Up CapX**

| Equipment | Unit Cost | | Quant | $ |
|---|---|---|---|---|
| Forklifts | $ | 15,000 | 2 | $ 30,000 |
| Pallet Jacks | $ | 2,500 | 2 | $ 5,000 |
| Lifts | $ | 15,000 | 2 | $ 30,000 |
| Total Equipment | | | | $ 65,000 |

| Supplies | | | | |
|---|---|---|---|---|
| Barcode/RFID Labels | $ | 1 | 1,000 | $ 1,000 |
| Barcode/RFID Scanners | $ | 3,500 | 6 | $ 21,000 |
| Total Supplies | | | | $ 22,000 |

**AMI Staging**
**Pro Formas 2023–2027**

## Warehouse
*No Capital Investment*

| | | | | | 2019 | | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Racking** | | | | | | | | | | | |
| Racks/Supports | $ | 60,000 | | 1 | | $ | 60,000 | | | | |
| Installation | $ | 30,000 | | 1 | | $ | 30,000 | | | | |
| Total Racking | | | | | | $ | **90,000** | | | | |
| | | | | | | | | | | | |
| **Buildout** | | | | | | | | | | | |
| Construction | $ | 50,000 | | 1 | | $ | 50,000 | | | | |
| Electric | $ | 20,000 | | 1 | | $ | 20,000 | | | | |
| Total Buildout | | | | | | $ | **70,000** | | | | |
| | | | | | | | | | | | |
| **Warehouse Mgmt System** | | | | | | | | | | | |
| Installation | $ | 20,000 | | 1 | | $ | 20,000 | | | | |
| Total WMS | | | | | | $ | **20,000** | | | | |
| | | | | | | | | | | | |
| **Total** | | | | | | $ | **267,000** | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Inventory
*No Capital Investment*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | | |
| PROJS_#Growth | | | 57 | (35) | 50 | 43 | 52 | 62 |
| INV_$Required | $ 4,191 | $ | 238,393 | $ (144,810) | $ 209,133 | $ 181,248 | $ 217,498 | $ 260,997 |
| | | | | | | | | |
| **Schedule** | | | | | | | | |
| Source: Mfg | 50% | | | $ (72,405) | $ 104,566 | $ 90,624 | $ 108,749 | $ 130,499 |
| Source: Wholesale | 30% | | | $ (43,443) | $ 62,740 | $ 54,374 | $ 65,249 | $ 78,299 |
| Source: Retail | 20% | | | $ (28,962) | $ 41,827 | $ 36,250 | $ 43,500 | $ 52,199 |
| Total | 100% | | | $ (144,810) | $ 209,133 | $ 181,248 | $ 217,498 | $ 260,997 |
| | | | | | | | | |
| **Transaction Costs** | | | | | | | | |
| Customs | 0% | | $ - | $ - | $ - | $ - | $ - | $ - |
| Shipping | 0% | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total | | | $ - | $ - | | | | |
| | | | | | | | | |
| INV_$Purchases | | | $ (144,810) | $ 209,133 | $ 181,248 | $ 217,498 | $ 260,997 |
| | | | | | | | | |
| **CAPX Requirements** | Debit | Credit | | | | | | |
| **INV_$FundingReqs** | | | $ - | $ 209,133 | $ 181,248 | $ 217,498 | $ 260,997 |
| | | | | | | | | |
| | | | | | | | | |
| **Worksheet-Historical Inventory** | | | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
| Inventory Book Value: | | | | | | | | |
| G/L 1530 Furniture Inv | | | $ 421,862 | $ 537,215 | $ 635,427 | $ 763,415 | $ 914,007 | $ 1,175,312 |
| G/L 1570 Accum Depre | | | | | $ (550,478) | $ (373,700) | $ (540,193) | $ (754,312) |
| Book Value | | | | | $ 84,949 | $ 389,715 | $ 373,815 | $ 420,999 |
| | | | | | | | | |
| G/L 1530 Furn Added YOY | | | $ 421,862 | $ 115,353 | $ 98,212 | $ 127,988 | $ 150,592 | $ 261,304 |
| # Projects | | | 73 | 103 | 144 | 201 | 166 | 216 |
| Furniture Added/Project | | | $ 5,742 | $ 1,121 | $ 682 | $ 637 | $ 907 | $ 1,210 |
| # Projs Growth YOY | | | | 29 | 41 | 57 | (35) | 50 |

**AMI Staging**
**Pro Formas 2023-2027**

## Inventory

*No Capital Investment*

|  |  | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|---|
| $ Inv Added/# Projs Added |  |  | 3,925 | 2,387 | 2,245 | (4,303) | 4,191 |
|  |  |  |  |  |  |  |  |
| Revenue | $ 203,738 | $ 486,876 | $ 558,102 | $ 710,344 | $ 967,876 | $ 943,392 | $ 1,286,000 |
| Revenue/Project |  | $ 6,627 | $ 5,426 | $ 4,933 | $ 4,815 | $ 5,683 | $ 5,957 |

**AMI Staging**
**Pro Formas 2023-2027**

## Vehicles
*No Capital Investment*

| | | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | | |
| Required #Vehicles | $ | 650,000 | 1.7 | 1.5 | 2.1 | 2.7 | 3.3 | 4.1 |
| Current # Vehicles | | 1.0 | | | | | | |
| Vehicles: | | | | | | | | |
|   Beg Number | | | 1.0 | 1.0 | 3.0 | 3.0 | 3.0 | 4.0 |
|   Acquired This Year | | | - | 2.0 | - | - | 1.0 | 1.0 |
|   End Number | | | 1.0 | 3.0 | 3.0 | 3.0 | 4.0 | 5.0 |
| | | | | | | | | |
| **Schedule** | | | | | | | | |
| $Vehicle 1 | | | | $ 20,000 | | | $ 40,000 | $ 40,000 |
| $Vehicle 2 | | | | $ 20,000 | | | | |
| $Vehicle 3 | | | | | | | | |
| $Vehicle 2 | | | | | | | | |
| $Vehicle 3 | | | | | | | | |
| $Vehicle 4 | | | | | | | | |
| $Vehicle 5 | | | | | | | | |
| $Vehicle 6 | | | | | | | | |
| **VEH_$PurchaseCost** | | | $ - | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |
| | | | | | | | | |
| **Transaction Costs** | | | | | | | | |
| Transit | $ | - | | $ - | $ - | $ - | $ - | $ - |
| Item | | | | $ - | $ - | $ - | $ - | $ - |
| Total | | | | $ - | $ - | $ - | $ - | $ - |
| | | | | | | | | |
| **VEH_$Purchases** | | | | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |
| | | | | | | | | |
| **CAPX Requirements** | Debit | Credit | | | | | | |
| **VEH_$FundingReqs** | | | | $ 40,000 | $ - | $ - | $ 40,000 | $ 40,000 |

*1/1*

**AMI Staging**
**Pro Formas 2023-2027**

## Equity Financing
*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | |
| **P&L_$Revenue** | | $ 1,099,669 | $ 968,631 | $ 1,309,590 | $ 1,692,393 | $ 2,103,403 | $ 2,611,120 |
| **P&L_EBITDA** | | $ 202,388 | $ 136,473 | $ 188,533 | $ 252,924 | $ 319,519 | $ 402,636 |
| | | | | | | | |
| **AMI Staging Valuation** | | | | | | | |
| Method 1: % Sales | | | | | | | |
| Multiple 1 | 80.00% | | | | | | |
| Valuation (Revenue) | | $ 879,735 | $ 774,905 | $ 1,047,672 | $ 1,353,914 | $ 1,682,722 | $ 2,088,896 |
| Method 2: Cap'd Earnings | | | | | | | |
| Multiple 2 | | 4.00 | 5.00 | 5.00 | 5.00 | 5.00 | 5.00 |
| Valuation (EBITDA) | | $ 809,552 | $ 682,364 | $ 942,665 | $ 1,264,619 | $ 1,597,596 | $ 2,013,178 |
| | | | | | | | |
| **Shares** | | | | | | | |
| Valuation (EBITDA) | | $ 1,000,000 | $ 682,364 | $ 942,665 | $ 1,264,619 | $ 1,597,596 | $ 2,013,178 |
| | | | | | | | |
| Beg Shares Outstanding | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
| Share Price | | $ 1.00 | $ 0.68 | $ 0.94 | $ 1.26 | $ 1.60 | $ 2.01 |
| Contributed Capital | | | $ - | $ - | $ - | $ - | $ - |
| New Shares | | | - | - | - | - | - |
| End Shares Outstanding | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
| | | | | | | | |
| Share Distribution: | | | | | | | |
| Total | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
| Owners | | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 | 1,000,000 |
| Investors | | - | - | - | - | - | - |
| | | | | | | | |
| Ownership %: | | | | | | | |
| Founders | | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% |
| Outside Investors | | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| Total | | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L Worksheets

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Revenue Detail** | | | | | | | |
| BENCH_$PerProj | | $ 5,652 | $ 6,000 | $ 6,240 | $ 6,720 | $ 6,960 | $ 7,200 |
| PROJS_#EndYear | | $ 201 | $ 166 | $ 216 | $ 259 | $ 311 | $ 374 |
| **PLW_$Topline** | | **$ 1,135,435** | **$ 997,972** | **$ 1,349,258** | **$ 1,743,656** | **$ 2,167,116** | **$ 2,690,213** |
| | | | | | | | |
| **CGS Labor** | | | | | | | |
| *Hours* | | 3 | 4 | 5 | 6 | 7 | 8 |
| Pull/Pack/Load | | 964 | 639 | 664 | 797 | 957 | 1,148 |
| Unload | | 964 | 639 | 664 | 797 | 957 | 1,148 |
| Stage | | 4,821 | 3,194 | 3,321 | 3,986 | 4,783 | 5,739 |
| Destage | | 2,893 | 1,916 | 1,993 | 2,391 | 2,870 | 3,443 |
| Reshelve | | 964 | 639 | 664 | 797 | 957 | 1,148 |
| Transit | | 402 | 266 | 277 | 332 | 399 | 478 |
| PLW_#LaborHrs_Total | | 11,011 | 7,296 | 7,589 | 9,106 | 10,927 | 13,112 |
| | | | | | | | |
| *Payroll & Expenses* | | | | | | | |
| $PerLaborHour | $ 35.00 | $ 385,393 | $ 255,355 | $ 265,598 | $ 318,718 | $ 382,454 | $ 458,931 |
| %PayrollTaxes | 7.50% | $ 28,904 | $ 19,152 | $ 19,920 | $ 23,904 | $ 28,684 | $ 34,420 |
| **PLW_$CGSLabor** | | **$ 414,297** | **$ 274,506** | **$ 285,518** | **$ 342,622** | **$ 411,139** | **$ 493,351** |
| | | | | | | | |
| **O/H Warehouse** | | | | | | | |
| **70 Woodland (Current)** | | | | | | | |
| #SqFt_PerUnit | 1,960 | | | | | | |
| #Spaces | | 1 | 2 | 3 | 3 | 4 | 4 |
| **#SqFt** | | 1,960 | 3,920 | 5,880 | 5,880 | 7,840 | 7,840 |
| $PerSqFt | $ 16.80 | $ 18.00 | $ 18.00 | $ 18.00 | $ 18.00 | $ 18.00 | $ 18.00 |
| $Rent_NoCAM | | $ 32,928 | $ 70,560 | $ 105,840 | $ 105,840 | $ 141,120 | $ 141,120 |
| **New** | | | | | | | |
| *Assumptions* | | | | | | | |
| #SqFt/Warehouse/Leased | 12,160 | | | | | | |
| $Rent/SqFt | $ 18.00 | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

**P & L Worksheets**

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| Levels | 5.00 | | | | | | |
| Effective SqFt/Warehouse | 60,800 | | | | | | |
| #Warehouses | 3.00 | | | | | | |
| Total Effective SqFt | 182,400 | | | | | | |
| | | | | | | | |
| *Rent* | | | | | | | |
| Region #1 (San Francisco): | | | $ - | $ - | $ - | $ - | $ - |
| Region #2 (San Jose): | | | $ - | $ - | $ - | $ - | $ - |
| Region #3 (San Ramon): | | | $ - | $ - | $ - | $ - | $ - |
| $Rent_NoCAM | | $ 32,928 | $ 70,560 | $ 105,840 | $ 105,840 | $ 141,120 | $ 141,120 |
| CAM | 7.74% | $ 2,547 | $ 5,459 | $ 8,188 | $ 8,188 | $ 10,917 | $ 10,917 |
| **WARE_$Rent** | | $ 35,475 | $ 76,019 | $ 114,028 | $ 114,028 | $ 152,037 | $ 152,037 |
| $EffectiveRent/SqFt | | $ 18.10 | $ 19.39 | $ 19.39 | $ 19.39 | $ 19.39 | $ 19.39 |
| % of Revenue | | | 3.12% | 7.62% | 8.45% | 6.54% | 7.02% | 5.65% |
| | | | | | | | |
| **O/H Operations** | | | | | | | |
| Utilities: | | | | | | | |
| Phones | | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 |
| Trash | | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 | $ 1,200 |
| Internet | | $ 600 | $ 600 | $ 600 | $ 600 | $ 600 | $ 600 |
| Furniture Maintenance | 0.50% | | | | | $ 10,836 | $ 13,451 |
| **PLW_$Operations** | | $ 3,300 | $ 3,300 | $ 3,300 | $ 3,300 | $ 14,136 | $ 16,751 |
| % of Revenue | | | 0.29% | 0.33% | 0.24% | 0.19% | 0.65% | 0.62% |

**AMI Staging**
**Pro Formas 2023–2027**

## P & L Worksheets

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **O/H Marketing** | | | | | | | |
| Social Media | | | | $ 9,600 | $ 9,600 | $ 9,600 | $ 9,600 |
| Materials | | - | - | - | - | - | - |
| Consulting | | - | - | - | - | - | - |
| **Total Marketing** | | $ - | $ - | $ 9,600 | $ 9,600 | $ 9,600 | $ 9,600 |
| % of Revenue | | 0.00% | 0.00% | 0.71% | 0.55% | 0.44% | 0.36% |
| | | | | | | | |
| **O/H IT** | | | | | | | |
| Automation: | | | | | | | |
| Salesforce | | | | $ 7,560 | $ 8,640 | $ 9,720 | $ 10,800 |
| Conga | | | | $ 3,360 | $ 3,840 | $ 4,320 | $ 4,800 |
| Calendar Anything | | | | $ 1,320 | $ 1,320 | $ 1,320 | $ 1,320 |
| RFID | | | | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Item | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Automation | | $ - | $ - | $ 13,240 | $ 14,800 | $ 16,360 | $ 17,920 |
| Apps: | | | | | | | |
| Adobe | | $ 1,175 | $ 1,175 | $ 1,175 | $ 1,175 | $ 1,175 | $ 1,175 |
| Apple | | $ 228 | $ 228 | $ 228 | $ 228 | $ 228 | $ 228 |
| Constant Contact | | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 |
| DocuSign | | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 |
| Inman | | $ 240 | $ 240 | $ 240 | $ 240 | $ 240 | $ 240 |
| Connecteam | | | | | | | |
| Office/Teams | | $ 720 | $ 720 | $ 1,350 | $ 1,350 | $ 1,350 | $ 1,350 |
| QuickBooks | | $ 600 | $ 600 | $ 1,200 | $ 4,440 | $ 4,440 | $ 4,440 |
| QB Payroll | | | | $ 960 | $ 960 | $ 960 | $ 960 |
| Square | | | $ 420 | $ 420 | $ 420 | $ 420 | $ 420 |
| Item | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Apps | | $ 4,763 | $ 5,183 | $ 7,373 | $ 10,613 | $ 10,613 | $ 10,613 |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L Worksheets

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| Consulting: | | | | | | | |
| 360 Degree Cloud | | | | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 |
| SH Consulting | | | | $ 2,500 | | | |
| General | | $ - | $ - | $ - | $ - | $ - | $ - |
| Total Consulting | | $ - | $ - | $ 5,500 | $ 3,000 | $ 3,000 | $ 3,000 |
| | | | | | | | |
| **Total IT** | | **$ 4,763** | **$ 5,183** | **$ 26,113** | **$ 28,413** | **$ 29,973** | **$ 31,533** |
| % of Revenue | | 0.42% | 0.52% | 1.94% | 1.63% | 1.38% | 1.17% |
| | | | | | | | |
| **O/H Administrative** | | | | | | | |
| Insurance | | $ 3,000 | $ 12,000 | $ 21,600 | $ 21,600 | $ 21,600 | $ 21,600 |
| Legal | | $ - | | | | | $ - |
| Tax Preparation | | $ 500 | $ 1,000 | $ 1,500 | $ 1,500 | $ 1,500 | $ 1,500 |
| Office Supplies | | $ 250 | $ 500 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Travel & Entertainment | | $ - | $ - | $ - | $ - | $ - | $ - |
| Auto (Non-Project) | 0.20% | $ 2,271 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 | $ 6,000 |
| Other | 0.20% | $ 2,271 | $ 1,996 | $ 2,699 | $ 3,487 | $ 4,334 | $ 5,380 |
| **Total F & A** | | **$ 8,292** | **$ 21,496** | **$ 32,799** | **$ 33,587** | **$ 34,434** | **$ 35,480** |
| % of Revenue | | 0.73% | 2.15% | 2.43% | 1.93% | 1.59% | 1.32% |
| | | | | | | | |
| **O/H Human Resources** | | | | | | | |
| Recruiting | | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Consulting | | | | | | | |
| **Total HR** | | **$ 1,000** | **$ 1,000** | **$ 1,000** | **$ 1,000** | **$ 1,000** | **$ 1,000** |
| % of Revenue | | 0.09% | 0.10% | 0.07% | 0.06% | 0.05% | 0.04% |
| | | | | | | | |
| **Historical Data** | | | | | | | |
| | | Revenue | CGS | | | Gross Profit | Expenses |
| **2021** | | | | | | | |
| Jan | | $ 85,678 | $ 31,706 | | | $ 53,972 | $ 19,952 |
| Feb | | $ 85,163 | $ 45,893 | | | $ 39,270 | $ 31,000 |

**AMI Staging**
**Pro Formas 2023-2027**

## P & L Worksheets

### *No Capital Investment*

|        | | 2019 | | 2020 | 2021 | 2022 | | 2023 | | 2024 |
|--------|---|------:|---|------:|------|------|---|------:|---|------:|
| Mar | $ | 104,417 | $ | 52,949 | | | $ | 51,468 | $ | 21,509 |
| Apr | $ | 149,652 | $ | 63,743 | | | $ | 85,910 | $ | 21,748 |
| May | $ | 113,408 | $ | 76,812 | | | $ | 36,597 | $ | 24,739 |
| Jun | $ | 142,953 | $ | 83,298 | | | $ | 59,654 | $ | 30,431 |
| Jul | $ | 112,112 | $ | 64,639 | | | $ | 47,473 | $ | 32,133 |
| Aug | $ | 92,201 | $ | 60,969 | | | $ | 31,233 | $ | 27,030 |
| Sep | $ | 132,125 | $ | 52,331 | | | $ | 79,795 | $ | 29,035 |
| Oct | $ | 112,004 | $ | 66,590 | | | $ | 45,414 | $ | 35,436 |
| Nov | $ | 75,743 | $ | 67,055 | | | $ | 8,688 | $ | 33,366 |
| Dec | $ | 65,449 | $ | 48,168 | | | $ | 17,281 | $ | 23,008 |
| Total | $ | 1,270,907 | $ | 714,153 | | | $ | 556,754 | $ | 329,388 |

|        | | 2021 | 2020 | 2019 | | | | | | |
|--------|---|------:|------:|------:|---|---|---|---|---|---|
| 5100 Staging COGS | | | | | | | | | | |
| 5110 Staging Labor | $ | 243,722 | 124,723 | 145,509 | | | | | | |
| 5120 Moving Labor | $ | 239,637 | 141,504 | 81,872 | | | | | | |
| 5130 Cleaning Labor | $ | 22,642 | | | | | | | | |
| 5140 Temporary Labor | $ | 12,991 | | | | | | | | |
| 5150 Commissions & Bonuses | $ | 9,400 | | | | | | | | |
| 5155 Meals | $ | 37,988 | | | | | | | | |
| 5160 Mileage | $ | 26,541 | | | | | | | | |
| 5165 Parking & Tolls | $ | 10,738 | | | | | | | | |
| 5170 Supplies | $ | 22,915 | | | | | | | | |
| 5175 Flowers | $ | 11,620 | | | | | | | | |
| 5180 Vehicles & Fuel | $ | 17,272 | | | | | | | | |
| 5185 Furniture Expense | $ | 19,489 | | | | | | | | |
| 5195 Admin Fees/HO Damage Repairs | $ | 8,020 | | | | | | | | |
| Total 5100 Staging COGS | $ | 682,974 | | | | | | | | |
| | | | | | | | | | | |
| | | 216 | 166 | 149 | | | | | | |
| | $ | 2,238 | $ 1,604 | $ 1,526 | | | | | | |
| | | 47% | | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Staffing
*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Assumptions** | | | | | | | |
| PROJS_#Areas_End | | 201 | 166 | 216 | 259 | 311 | 374 |
| PLW_$Topline | | $ 1,135,435 | $ 997,972 | $ 1,349,258 | $ 1,743,656 | $ 2,167,116 | $ 2,690,213 |
| | | | | | | | |
| **Headcount** | | | | | | | |
| **Executive** | | | | | | | |
| CEO | | | | | | | |
| VP - Operations | | | | | | | |
| Chief Technology Officer | | | | | | | |
| VP - Sales & Marketing | | | | | | | |
| Chief Financial Officer | | | | | | | |
| VP - Corp Dev | | | | | | | |
| Admin Asst | | | | | 0.50 | 0.50 | 1.00 |
| **Operations** | | | | | | | |
| Mgr, Traffic | | | | | | 0.50 | 1.00 |
| Mgr, Inventory Purchasing | | | | 0.50 | 0.50 | 0.50 | 0.50 |
| Mgr, Acquisition Conversions | | | | | | | |
| Mgr, Human Resources | | | | | | | |
| Inventory Refurbishing | | | | | | | |
| **Territories** | | | | | | | |
| *Warehouse #1:* | | | | | | | |
| Sales Manager #1 | | | | | | | |
| Outreach Staff #1 | | | | | | | |
| Moving Supervisor #1 | | | | | | | |
| Staging Supervisor #1 | | | | | | | |
| Sales Manager #2 | | | | | | | |
| Outreach Staff #2 | | | | | | | |
| Moving Supervisor #2 | | | | | | | |
| Staging Supervisor #2 | | | | | | | |
| Sales Manager #3 | | | | | | | |
| Outreach Staff #3 | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Moving Supervisor #3 | | | | | | | | | | | | | |
| Staging Supervisor #3 | | | | | | | | | | | | | |
| **IT** | | | | | | | | | | | | | |
| Manager, Software | | | | | | | | | | | | | |
| IT Support | | | | | | | | | | | | | |
| **Marketing** | | | | | | | | | | | | | |
| Content Manager | | | | | | | 0.25 | | 0.25 | | 0.25 | | 0.50 |
| Marketing Support | | | | | | | | | | | | | |
| **Finance & Admin** | | | | | | | | | | | | | |
| Controller | | | 0.50 | | 0.50 | | 0.50 | | 0.50 | | 0.50 | | 0.50 |
| Mgr, Contracts/Compliance | | | | | | | 0.50 | | 0.50 | | 0.50 | | 0.50 |
| Mgr, A/P | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **Total Overhead Headcount (FTE's)** | | | **0.50** | | **0.50** | | **1.75** | | **2.25** | | **2.75** | | **4.00** |
| Revenue/Headcount | | $ | 2,270,870 | $ | 1,995,944 | $ | 771,005 | $ | 774,958 | $ | 788,042 | $ | 672,553 |
| Projects/Headcount | | | 402 | | 333 | | 124 | | 115 | | 113 | | 93 |
| | | | | | | | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

| Payroll | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Executive** | | | | | | | | | | | | | |
| CEO | $ | 120,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| VP - Operations | $ | 120,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Chief Technology Officer | $ | 120,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| VP - Sales & Marketing | $ | 120,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Chief Financial Officer | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| VP - Corp Dev | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Admin Asst | $ | 60,000 | $ | - | $ | - | $ | - | $ | 30,000 | $ | 30,000 | $ | 60,000 |
| **Operations** | | | | | | | | | | | | | |
| Mgr, Traffic | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | 35,000 | $ | 70,000 |
| Mgr, Inventory Purchasing | $ | 70,000 | $ | - | $ | - | $ | 35,000 | $ | 35,000 | $ | 35,000 | $ | 35,000 |
| Mgr, Acquisition Conversions | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Mgr, Human Resources | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Inventory Refurbishing | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Territories** | | | | | | | | | | | | | |
| Sales Manager #1 | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Outreach Staff #1 | $ | 52,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Moving Supervisor #1 | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Staging Supervisor #1 | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Sales Manager #2 | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Outreach Staff #2 | $ | 52,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Moving Supervisor #2 | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Staging Supervisor #2 | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Sales Manager #3 | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Outreach Staff #3 | $ | 52,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Moving Supervisor #3 | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Staging Supervisor #3 | $ | 70,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |

**AMI Staging**
**Pro Formas 2023-2027**

| IT | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Manager, Software | $ | 80,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| IT Support | $ | 60,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Marketing** | | | | | | | | | | | | | | |
| Content Manager | $ | 70,000 | $ | - | $ | - | $ | 17,500 | $ | 17,500 | $ | 17,500 | $ | 35,000 |
| Marketing Support | $ | 60,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Finance & Admin** | | | | | | | | | | | | | | |
| Controller | $ | 80,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 | $ | 40,000 |
| Mgr, Contracts/Compliance | $ | 60,000 | $ | - | $ | - | $ | 30,000 | $ | 30,000 | $ | 30,000 | $ | 30,000 |
| Mgr, A/P | $ | 60,000 | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| **Total** | | | $ | **40,000** | $ | **40,000** | $ | **122,500** | $ | **152,500** | $ | **187,500** | $ | **270,000** |
| | | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | | |
| Payroll Taxes | | 7.50% | $ | 3,000 | $ | 3,000 | $ | 9,188 | $ | 11,438 | $ | 14,063 | $ | 20,250 |
| Payroll Service | | 0.50% | $ | 200 | $ | 200 | | 613 | | 763 | | 938 | | 1,350 |
| Workers Comp | | 1.00% | $ | 400 | $ | 400 | | 1,225 | | 1,525 | | 1,875 | | 2,700 |
| **Total Expenses** | | | $ | **3,600** | $ | **3,600** | $ | **11,025** | $ | **13,725** | $ | **16,875** | $ | **24,300** |
| **STAFF_$OHPayroll** | | | $ | **43,600** | $ | **43,600** | $ | **133,525** | $ | **166,225** | $ | **204,375** | $ | **294,300** |
| % of Revenue | | | | 3.8% | | 4.4% | | 9.9% | | 9.5% | | 9.4% | | 10.9% |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Sources** | | | | | | | |
| PROJS_#StartYear | | 144 | 201 | 166 | 216 | 259 | 311 |
|   PROJS_#Acq | $ 5,372 | 0 | 0 | 0 | 0 | 0 | 0 |
|   Subtotal | | 144 | 201 | 166 | 216 | 259 | 311 |
|   BENCH_%Growth_Projs | | 40% | -17% | 30% | 20% | 20% | 20% |
|   PROJS_#Growth | | 57 | -35 | 50 | 43 | 52 | 62 |
| **PROJS_#EndYear** | | **200.9** | **166.3** | **216.2** | **259.5** | **311.4** | **373.6** |
| | | | | | | | |
| **PROJS_#Areas_End** | | **1,928** | **1,597** | **2,076** | **2,491** | **2,989** | **3,587** |

| **Historical Data** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **2018** | **In** | **Out** | **Total** | **Areas (In)** | | | | |
| Jan | | | - | - | | | | |
| Feb | | | - | - | | | | |
| Mar | | | - | - | | | | |
| Apr | | | - | - | | | | |
| May | | | - | - | | | | |
| Jun | | | - | - | | | | |
| Jul | | | - | - | | | | |
| Aug | | | - | - | | | | |
| Sep | | | - | - | | | | |
| Oct | | | - | - | | | | |
| Nov | | | - | - | | | | |
| Dec | | | - | - | | | | |
| Total | **144** | **109** | - | 1,382 | | | | |
| **2019** | **In** | **Out** | **Total** | **Areas (In)** | | | | |
| Jan | 23 | 8 | 31 | 221 | | | | |
| Feb | 27 | 5 | 32 | 259 | | | | |
| Mar | 30 | 6 | 36 | 288 | | | | |
| Apr | 21 | 9 | 30 | 202 | | | | |
| May | 18 | 13 | 31 | 173 | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*No Capital Investment*

|       | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|-------|-----:|-----:|-----:|-----:|-----:|-----:|
| Jun   | 12   | 21   | 33   | 115  |      |      |
| Jul   | 17   | 18   | 35   | 163  |      |      |
| Aug   | 20   | 12   | 32   | 192  |      |      |
| Sep   | 11   | 17   | 28   | 106  |      |      |
| Oct   | 12   | 20   | 32   | 115  |      |      |
| Nov   | 6    | 11   | 17   | 58   |      |      |
| Dec   | 4    | 12   | 16   | 38   |      |      |
| Total | **201** | 152 | 353 | 1,930 | 40% |      |

**AMI Staging**
**Pro Formas 2023–2027**

## Projects

*No Capital Investment*

| | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **2020** | | | | | | |
| Jan | 15 | 10 | 25 | 144 | | |
| Feb | 21 | 10 | 31 | 202 | | |
| Mar | 10 | 14 | 24 | 96 | | |
| Apr | 4 | 7 | 11 | 38 | | |
| May | 10 | - | 10 | 96 | | |
| Jun | 13 | 6 | 19 | 125 | | |
| Jul | 18 | 12 | 30 | 173 | | |
| Aug | 16 | 15 | 31 | 154 | | |
| Sep | 19 | 14 | 33 | 182 | | |
| Oct | 20 | 8 | 28 | 192 | | |
| Nov | 12 | 21 | 33 | 115 | | |
| Dec | 8 | 16 | 24 | 77 | | |
| Total | **166** | 133 | | 1,594 | -17% | |
| **2021** | | | | | | |
| Jan | 14 | 13 | 27 | 135 | | 7% |
| Feb | 15 | 10 | 25 | 145 | | 7% |
| Mar | 24 | 19 | 43 | 230 | | 11% |
| Apr | 23 | 20 | 43 | 218 | | 11% |
| May | 23 | 23 | 46 | 221 | | 11% |
| Jun | 22 | 19 | 41 | 207 | | 10% |
| Jul | 22 | 28 | 50 | 207 | | 10% |
| Aug | 12 | 25 | 37 | 114 | | 6% |
| Sep | 21 | 10 | 31 | 202 | | 10% |
| Oct | 20 | 17 | 37 | 192 | | 9% |
| Nov | 7 | 21 | 28 | 67 | | 3% |
| Dec | 14 | 3 | 17 | 134 | | 6% |
| Total | **216** | 208 | | 2,072 | 30% | 100% |

**AMI Staging**
**Pro Formas 2023-2027**

## Projects

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **2022** | | | | | | | |
| Jan | 9 | 10 | 19 | 86 | | | |
| Feb | 15 | 7 | 22 | 144 | | | |
| Mar | 25 | 6 | 31 | 240 | | | |
| Apr | 30 | 20 | 50 | 288 | | | |
| May | 30 | 23 | 53 | 288 | | | |
| Jun | 28 | 19 | 47 | 269 | | | |
| Jul | 28 | 28 | 56 | 269 | | | |
| Aug | 16 | 25 | 41 | 154 | | | |
| Sep | 27 | 10 | 37 | 259 | | | |
| Oct | 26 | 17 | 43 | 250 | | | |
| Nov | 10 | 21 | 31 | 96 | | | |
| Dec | 13 | 3 | 16 | 125 | | | |
| Total | 257 | 189 | | 2,467 | 19% | | |

**AMI Staging**
**Pro Formas 2023-2027**

## Benchmarks

*No Capital Investment*

| | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Static Benchmarks** | | | | | | | |
| WORKBOOK_CaseName | No Capital Investment | | | | | | |
| BENCH_2018 Revenue | $  650,000 | | | | | | |
| BENCH_2018 Projects | 121 | | | | | | |
| BENCH_2018_Vehicles | 1.0 | | | | | | |
| BENCH_2018_RevPerVeh | 650,000 | | | | | | |
| BENCH_#AreasPerProj | | 9.6 | | | | | |
| BENCH_70Wood_#SqFt | | 5,850 | | | | | |
| BENCH_70Wood_$SqFt/Mo | | $   1.50 | | | | | |
| BENCH_70Wood_$Rent/Mo | | $   8,775 | | | | | |
| BENCH_70Wood_$Rent/Yr | | $  105,300 | | | | | |
| BENCH_$Rent/$Revenue | | 3.50% | | | | | |
| BENCH_$RevPerProj | | $   5,372 | | | | | |
| BENCH_$RevPerSqFt | | $   111 | | | | | |
| BENCH_$Inv_Book | | $  340,000 | | | | | |
| BENCH_$InvPerSqFt | | $   58 | | | | | |
| BENCH_#SqFt/Proj | | 48 | | | | | |
| BENCH_%CreditCard | | 90% | | | | | |
| | | | | | | | |
| **Variable Benchmarks** | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| BENCH_$PerProj | $  5,372 | $   5,652 | $   6,000 | $   6,240 | $   6,720 | $   6,960 | $   7,200 |
| BENCH_$PerArea | $  560 | $   600 | $   625 | $   650 | $   700 | $   725 | $   750 |
| BENCH_%Growth_Projs | | 17% | 0% | 20% | 20% | 20% | 20% |
| | | | | | | | |

**AMI Staging**
**Pro Formas 2023-2027**

**Benchmarks**

*No Capital Investment*

| | Annual Change | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Labor Benchmarks** | | | | | | | |
| **Task Hours Each Year** | Annual Change | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| Walkthrough | -20% | 2.00 | 1.60 | 1.28 | 1.28 | 1.28 | 1.28 |
| Propose | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| Design | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| **SubTotal Sales** | | **4.00** | **3.20** | **2.56** | **2.56** | **2.56** | **2.56** |
| | | | | | | | |
| Pull/Pack/Load | -20% | 4.80 | 3.84 | 3.07 | 3.07 | 3.07 | 3.07 |
| Unload | -20% | 4.80 | 3.84 | 3.07 | 3.07 | 3.07 | 3.07 |
| Stage | -20% | 24.00 | 19.20 | 15.36 | 15.36 | 15.36 | 15.36 |
| Destage | -20% | 14.40 | 11.52 | 9.22 | 9.22 | 9.22 | 9.22 |
| Reshelve | -20% | 4.80 | 3.84 | 3.07 | 3.07 | 3.07 | 3.07 |
| Transit | -20% | 2.00 | 1.60 | 1.28 | 1.28 | 1.28 | 1.28 |
| **SubTotal Operations** | | **54.80** | **43.84** | **35.07** | **35.07** | **35.07** | **35.07** |
| | | | | | | | |
| Contracts Admin | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| Client Service | -20% | 3.00 | 2.40 | 1.92 | 1.92 | 1.92 | 1.92 |
| Changes | -20% | 1.00 | 0.80 | 0.64 | 0.64 | 0.64 | 0.64 |
| **SubTotal Overhead** | | **5.00** | **4.00** | **3.20** | **3.20** | **3.20** | **3.20** |
| **Total** | | **63.80** | **51.04** | **40.83** | **40.83** | **40.83** | **40.83** |

**AMI Staging**
**Pro Formas 2023-2027**

**Benchmarks**
*No Capital Investment*

| Task Hours/Project | | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| | | Hours/ Task/Proj | Hours/ Group/Proj | Measured Per | Accounting | Hours/ Proj or Area | Projs or Areas |
| Walkthrough | | 2.00 | | Project | Expenses | 2.00 | 1.00 |
| Propose | | 1.00 | | Project | Expenses | 1.00 | 1.00 |
| Design | | 1.00 | | Project | Expenses | 1.00 | 1.00 |
| Pull/Pack/Load | | 4.80 | | Area | COGS | 0.50 | 9.60 |
| Unload | | 4.80 | | Area | COGS | 0.50 | 9.60 |
| Stage | | 24.00 | | Area | COGS | 2.50 | 9.60 |
| Destage | | 14.40 | | Area | COGS | 1.50 | 9.60 |
| Reshelve | | 4.80 | | Area | COGS | 0.50 | 9.60 |
| Transit | | 2.00 | | Project | COGS | 2.00 | 1.00 |
| Contracts Admin | | 1.00 | | Project | Expenses | 1.00 | 1.00 |
| Client Service | | 3.00 | | Project | Expenses | 2.00 | 1.00 |
| Changes | | 1.00 | | Project | Expenses | 1.00 | 1.00 |

| Task Properties | Seq | Role | Salesforce Project Stage | Salesforce Contract Stage | Salesforce Payment Stage | Details | |
|---|---|---|---|---|---|---|---|
| Walkthrough | 1 | Sales | Proposal | | | Meeting/Photos/Form | |
| Propose | 2 | Sales | Proposal | | | Proposal/Furniture List | |
| Design | 4 | Sales | Proposal | ESign Sent | | Choose items from avail inv | |
| Pull/Pack/Load | 5 | Mover, Stager | Scheduled | Esign Rec'd | Booking_Rec'd | Pull/Pack/Load the truck | |
| Unload | 6 | Mover, Stager | In | | | Unload the truck | |
| Stage | 7 | Stager | In | | Final_Rec'd | | |
| Destage | 8 | Mover, Stager | Out | | Paid_In_Full | Wrap/Load the truck | |
| Reshelve | 9 | Mover, Stager | Out | | | Reshelve at warehouse | |
| Transit | 10 | Mover, Stager | | | | Paid time between points | |
| Contracts Admin | 11 | Contract Admin | | | | ESign, Invoicing | |
| Client Service | 11 | Traffic | | | | COI's, coordinating suppliers | |
| Changes | 11 | Mover, Stager | | | | Additions, swap-outs | |

# EXHIBIT 3

EXHIBIT 3

Sarah Shapero (Bar No. 281748)
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:   (415) 293-7995
Facsimile:   (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>    Plaintiffs,<br><br><br>v.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN Servicing CORP., a business entity, and DOES 1 through 10, inclusive<br><br>    Defendants. | CASE NO.: 3:21-cv-02560-LB<br>Limited Jurisdiction<br>Date Action Filed: January 22, 2019<br><br>Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B<br><br><br>**PLAINTIFF TIMOTHY S. BOSTWICK'S RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  REQUEST FOR ADMISSIONS, SET TWO** |

PROPOUNDING PARTY: Defendant, SETERUS, INC.

RESPONDING PARTY: Plaintiff, TIMOTHY S. BOSTWICK

SET NUMBER: TWO (2)

1

## PRELIMINARY STATEMENT

The responding party has not fully completed investigation of the facts, discovery, or trial preparation relating to this case.  The only basis of the responses contained herein are information and documents presently available to and specifically known to the responding party.  The responding party anticipates that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions.  Additional information obtained may lead to substantial additions, changes, or variations from the contentions set forth in these responses.  The following discovery responses are given without prejudice to the responding party's right to produce evidence or facts subsequently attained.

If further investigation reveals additional information, responding party reserves the right to change any responses to this discovery request.  The responses herein are made in good faith to supply as much specific, factual information that is presently known by responding party.  Responding party repudiates any prejudices resulting from these responses in relation to further discovery.

Plaintiff, TIMOTHY S. BOSTWICK, responds as follows:

## REQUEST FOR ADMISSIONS, SET TWO

## REQUEST FOR ADMISSIONS NO. 37:

Admit that YOU have not engaged in any psychological, marriage, family

therapy, or other non-legal counseling as a result of the purported emotional distress and anxiety referenced in YOUR Operative Complaint (filed on October 12, 2021, as Document 54 in Case No. 3:21-cv-02560-LB).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

Objection. This request is compound, and vague and ambiguous as to "non-legal counseling".

Subject to the aforementioned objections, Responding Party responds as follows:  Deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 38:**

Admit that YOU created the document titled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, Responding Party responds as follows: Admit.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 39:**

Admit that YOUR putative expert witness, Mr. Tim Cunha, did not create the document titled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 39:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This request is vague and ambiguous as to "putative expert witness".

Subject to the aforementioned objections, Responding Party responds as follows: Admit. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 40:**

Admit that the "AMI Staging" business (referenced in Plaintiffs' Expert Witness Disclosures on page 2, lines 5-6), which YOU alleged suffered damages due to Defendant Seterus, Inc.'s actions, is AMI Staging, LLC.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 40:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, Responding Party responds as follows: Admit in part. Investigation and discovery are continuing.  Plaintiff reserves

4

the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 41:**

Admit that the "AMI Staging" business (referenced in Plaintiffs' Expert Witness Disclosures on page 2, lines 5-6), which YOU alleged suffered damages due to Defendant Seterus, Inc.'s actions, is AMI Staging, Inc.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 41:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, Responding Party responds as follows: Admit in part. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 42:**

Admit that the "tenant" or "tenants" who purportedly "ceased making their rental payments for fear that the house [14049 Skislope Way, Truckee, CA, 96161] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT, was actually a friend of Melissa Bostwick.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 42:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated

5

to lead to the discovery of admissible evidence.

Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 43:**

Admit that the "tenant" or "tenants" who purportedly "ceased making their rental payments for fear that the house [14049 Skislope Way, Truckee, CA, 96161] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT, never paid rent at any time.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 43:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 44:**

Admit that YOU have no DOCUMENTS to support YOUR contention that any tenant or tenants "ceased making their rental payments for fear that the house [14049 Skislope Way, Truckee, CA, 96161] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE

6

1   COMPLAINT.

2   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 44:**

3
4       Objection. This request seeks information beyond the permissible scope of

5   discovery as it seeks information not relevant to this action or reasonably calculated

6   to lead to the discovery of admissible evidence.

7
8       Responding Party responds as follows: Responding Party lacks sufficient

9   information to admit or deny. Investigation and discovery are continuing.  Plaintiff

10  reserves the right to amend this response up to and including the time of trial.

11  **REQUEST FOR ADMISSIONS NO. 45:**
12
13      Admit that YOU are currently unable to identify any inconsistent statements

14  made by Seterus, Inc. to YOU.

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 45**
16
17      Responding Party responds as follows: Deny. Investigation and discovery are

18  continuing.  Plaintiff reserves the right to amend this response up to and including

19  the time of trial.
20
21  ///

22  ///

23  DATED: November 16, 2022           SHAPERO LAW FIRM, PC

24
25                                      */s/ Sarah Shapero*
                                       Sarah Shapero, Esq.
26                                      Attorney for Plaintiffs,
                                       TIMOTHY S. BOSTWICK,
27                                      and MICHELE L. NESSIER

28                                           7

Sarah Shapero (Bar No. 281748)
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:   (415) 293-7995
Facsimile:    (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>        Plaintiffs,<br><br>    v.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN Servicing CORP., a business entity, and DOES 1 through 10, inclusive<br><br>    Defendants. | CASE NO.: 3:21-cv-02560-LB<br>Limited Jurisdiction<br>Date Action Filed: January 22, 2019<br><br>Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B<br><br>**PLAINTIFF MICHELLE L. NESSIER RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S  REQUEST FOR ADMISSIONS, SET TWO** |

PROPOUNDING PARTY: Defendant, SETERUS, INC.

RESPONDING PARTY: Plaintiff, MICHELLE L. NESSIER

SET NUMBER: TWO (2)

1

# PRELIMINARY STATEMENT

The responding party has not fully completed investigation of the facts, discovery, or trial preparation relating to this case.  The only basis of the responses contained herein are information and documents presently available to and specifically known to the responding party.  The responding party anticipates that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions.  Additional information obtained may lead to substantial additions, changes, or variations from the contentions set forth in these responses.  The following discovery responses are given without prejudice to the responding party's right to produce evidence or facts subsequently attained.

If further investigation reveals additional information, responding party reserves the right to change any responses to this discovery request.  The responses herein are made in good faith to supply as much specific, factual information that is presently known by responding party.  Responding party repudiates any prejudices resulting from these responses in relation to further discovery.

Plaintiff, MICHELLE L. NESSIER, responds as follows:

## REQUEST FOR ADMISSIONS, SET TWO

## REQUEST FOR ADMISSIONS NO. 37:

Admit that YOU have not engaged in any psychological, marriage, family

therapy, or other non-legal counseling as a result of the purported emotional distress and anxiety referenced in YOUR Operative Complaint (filed on October 12, 2021, as Document 54 in Case No. 3:21-cv-02560-LB).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

Objection. This request is compound, and vague and ambiguous as to "non-legal counseling".

Subject to the aforementioned objections, Responding Party responds as follows:  Deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 38:**

Admit that YOU created the document titled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, Responding Party responds as follows: Deny.

Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 39:**

3

Admit that YOUR putative expert witness, Mr. Tim Cunha, did not create the document titled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 39:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. This request is vague and ambiguous as to "putative expert witness".

Subject to the aforementioned objections, Responding Party responds as follows: Admit. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 40:**

Admit that the "AMI Staging" business (referenced in Plaintiffs' Expert Witness Disclosures on page 2, lines 5-6), which YOU alleged suffered damages due to Defendant Seterus, Inc.'s actions, is AMI Staging, LLC.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 40:**

Objection. This  request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, Responding Party responds as follows: Admit in part. Investigation and discovery are continuing.  Plaintiff reserves

4

the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO.  41:**

Admit that the "AMI Staging" business (referenced in Plaintiffs' Expert Witness Disclosures on page 2, lines 5-6), which YOU alleged suffered damages due to Defendant Seterus, Inc.'s actions, is AMI Staging, Inc.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 41:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, Responding Party responds as follows: Admit in part. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 42:**

Admit that the "tenant" or "tenants" who purportedly "ceased making their rental payments for fear that the house [14049 Skislope Way, Truckee, CA, 96161] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT, was actually a friend of Melissa Bostwick.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 42:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated

5

to lead to the discovery of admissible evidence.

Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 43:**

Admit that the "tenant" or "tenants" who purportedly "ceased making their rental payments for fear that the house [14049 Skislope Way, Truckee, CA, 96161] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT, never paid rent at any time.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 43:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 44:**

Admit that YOU have no DOCUMENTS to support YOUR contention that any tenant or tenants "ceased making their rental payments for fear that the house [14049 Skislope Way, Truckee, CA, 96161] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE

6

COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 44:**

Objection. This request seeks information beyond the permissible scope of discovery as it seeks information not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Responding Party responds as follows: Responding Party lacks sufficient information to admit or deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

**REQUEST FOR ADMISSIONS NO. 45:**

Admit that YOU are currently unable to identify any inconsistent statements made by Seterus, Inc. to YOU.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 45**

Responding Party responds as follows: Deny. Investigation and discovery are continuing.  Plaintiff reserves the right to amend this response up to and including the time of trial.

///


DATED: November 16, 2022          SHAPERO LAW FIRM, PC

                                  */s/ Sarah Shapero*
                                  Sarah Shapero, Esq.
                                  Attorney for Plaintiffs,
                                  TIMOTHY S. BOSTWICK,
                                  and MICHELE L. NESSIER

7

# EXHIBIT 4

# EXHIBIT 4

1  Timothy M. Ryan, Bar No. 178059
2  Michael W. Stoltzman, Jr., Bar No. 263423
   Logan W. Hensley, Bar No. 339643
3  THE RYAN FIRM
   A Professional Corporation
4  2603 Main Street, Suite 1225
   Irvine, CA 92614
5  Telephone (949) 263-1800; Fax (949) 872-2211

6  Attorneys for Defendant Seterus, Inc.

**THE RYAN FIRM**
A Professional Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual; | CASE NO.: 3:21-cv-02560-LB Date Action Filed: April 8, 2021 |
| Plaintiffs, | Assigned for All Purposes to Hon. Laurel Beeler Courtroom B |
| vs. | **NOTICE DEPOSITION OF PLAINTIFF MICHELE L. NESSIER AND REQUEST FOR PRODUCTION OF DOCUMENTS AT TIME OF DEPOSITION** |
| SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:        September 20, 2022 Time:        2:00 p.m. Location:    201 Mission, 12th Floor, San Francisco, CA 94105 |
| | Trial Date:  January 30, 2023 |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** under Rule 30 of the *Federal Rules of Civil Procedure* (the "*Federal Rules*"), Defendant Seterus, Inc. ("Seterus") will take the deposition upon oral examination of Plaintiff Michele L. Nessier ("Plaintiff") on September 20, 2022, at 2:00 p.m., where the deposition will be taken at 201 Mission, 12th Floor, San Francisco, CA 94105. Said deposition will be recorded by stenographic means and video recorded. The deposition will continue until adjourned under the applicable time limits specified in the *Federal Rules*. The examination may be subject to further continuance from time to time and place to place until completed. Please take further notice that Seterus reserves the right to use the deposition testimony at trial in this matter under the applicable *Federal Rules*.

**PLEASE TAKE FURTHER NOTICE THAT** Plaintiff is requested to produce documents responsive to the following categories at the time of said deposition, under *Federal Rule* 34:

**<u>REQUEST FOR PRODUCTION NO. 1.</u>**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus committed "multiple and egregious violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq."

(The term "DOCUMENTS," as used in these Requests for Production, shall mean, without limitation: documents, records, papers, books, accounts, letters, photographs, maps, memoranda, notes, tapes, electronically or magnetically recorded information, computer discs, objects or tangible things, invoices, bills of sale, and writings as defined in the *Federal Rules of Civil Evidence*, including handwriting, typewriting, printing, photostating, photographing and every other means of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, or any other records of any type which are in the possession, custody or control of the responding party and their attorney. The demand for "all DOCUMENTS" shall include the original of that document, and all altered copies or reproductions of that document.)

THE RYAN FIRM
A Professional Corporation

(The terms "YOU" or "YOUR," as used in these Requests for Production, shall refer to Michele L. Nessier, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.)

(The term "Skislope Property" shall mean the real property that is the subject of this lawsuit, located at 14049 Skislope Way, Truckee, CA 96161.")

**REQUEST FOR PRODUCTION NO. 2.**

All DOCUMENTS that YOU believe specifically identify Seterus' "multiple and egregious violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq" as alleged in YOUR operative Complaint.

**REQUEST FOR PRODUCTION NO. 3.**

All DOCUMENTS that YOU believe specifically identify Seterus' "conduct [that] is unconscionable, unfair, abusive, and deceptive, and [] is thereby actionable under the RFDCPA" as alleged in YOUR operative Complaint.

**REQUEST FOR PRODUCTION NO. 4.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "conduct [] constitutes unlawful, unfair, and/or fraudulent debt collection practices, as defined in the Rosenthal Fair Debt Collect Practices Act" as alleged in YOUR operative Complaint.

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "mislead Plaintiffs by telling them they had time to appeal a denial of a loan modification and that they must continue paying Defendant after telling them that the servicing of their loan was transferred to another servicer and that their payments will no longer be accepted."

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR

THE RYAN FIRM
A Professional Corporation

3

operative Complaint that "SETERUS's conduct violated the RFDCPA in multiple ways[.]"

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "contacted Plaintiffs multiple times and made inconsistent and confusing statements to Plaintiffs in connection with collection on the Loan."

**REQUEST FOR PRODUCTION NO. 8.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS contacted Plaintiffs multiple times before, during and after their 2019 and 2020 bankruptcies and made inconsistent and confusing statements to Plaintiffs in connection with collection on the Debt."

**REQUEST FOR PRODUCTION NO. 9.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "representations caused Plaintiffs to be confused and made them unable to adequately respond to Defendant SETERUS's collection efforts."

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "representations confused Plaintiffs to the point that they were unable to adequately respond to Defendant SETERUS's collection efforts leaving Plaintiffs' no choice but to file a bankruptcy to stop the foreclosure of their home."

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "caused Plaintiffs to believe, or they were reasonably likely to be caused to believe, that they were obliged to continue making payments on the Loan to Defendant SETERUS beyond the date on which servicing of the Loan was to be transferred as Defendant SETERUS represented to Plaintiffs in the December 12, 2018

THE RYAN FIRM
A Professional Corporation

4

letter."

**REQUEST FOR PRODUCTION NO. 12.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "caused Plaintiffs to believe, or was reasonably likely to cause them to believe, that they had more time to apply for other foreclosure alternatives than they actually had."

**REQUEST FOR PRODUCTION NO. 13.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus made "numerous and inconsistent representations regarding his loan modification application [that] reasonably caused confusion to Plaintiff."

**REQUEST FOR PRODUCTION NO. 14.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "representations caused Plaintiffs to be confused as to whom they should make payments as well as their ability to apply for loss mitigation options which would significantly impact their debt obligations."

**REQUEST FOR PRODUCTION NO. 15.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "[a]s an actual and proximate result of Defendant SETERUS's conduct as described herein, Plaintiff suffered immense emotional distress and anxiety."

**REQUEST FOR PRODUCTION NO. 16.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's express representations made in the collection correspondences herein described that Defendant SETERUS engaged in the conduct herein described in order to deceive Plaintiffs and cause them to fall further into default and ultimately foreclose on their home."

**REQUEST FOR PRODUCTION NO. 17.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR

THE RYAN FIRM
A Professional Corporation

5

operative Complaint that "SETERUS's express representations made in the collection correspondences herein described that Defendant SETERUS recklessly disregarded the impact that their conduct as described herein may have on Plaintiffs."

**REQUEST FOR PRODUCTION NO. 18.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [e]ngaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt[.]"

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [u]sing false, deceptive, or misleading representations or means in connection with collection of a debt[.]"

**REQUEST FOR PRODUCTION NO. 20.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[.]"

**REQUEST FOR PRODUCTION NO. 21.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [u]sing unfair or unconscionable means to collect or attempt to collect any debt."

**REQUEST FOR PRODUCTION NO. 22.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct was a direct, actual, substantial, and proximate cause of Plaintiffs' injuries which include without limitation substantial emotional distress, humiliation, embarrassment, mental anguish, as well as the potential or actual loss of their home and resources lost as a result of dealing with Defendant SETERUS's deceptive and unfair debt collection conduct."

6

THE RYAN FIRM
A Professional Corporation

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS owes Plaintiffs recompense in the form of all actual damages, statutory damages, exemplary damages, and equity as well as all attorney fees and costs associated with this lawsuit."

**REQUEST FOR PRODUCTION NO. 24.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "abusive collection practices in connection with collection on Plaintiff's mortgage loan and reinstatement attempts certainly falls under the. Legislature's stated purpose and policy underlying the RFDCPA."

**REQUEST FOR PRODUCTION NO. 25.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled "Plaintiff [to] seek[] restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, statutory damages, and such other and further relief as the Court may deem just and proper pursuant to the remedies offered by §1788.30."

**REQUEST FOR PRODUCTION NO. 26.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled Plaintiff to "specific performance, and injunctive relief[.]"

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled Plaintiff to "a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting on the subject loan and from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity[.]"

THE RYAN FIRM
A Professional Corporation

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled Plaintiff to "punitive damages [.]"

**REQUEST FOR PRODUCTION NO. 29.**

Please produce and have copies available at the deposition of all DOCUMENTS relating to you renting the Skislope Property between January 1, 2020 and January 1, 2022, including any DOCUMENTS which are webpages advertising the Skislope Property, or webpages where the Skislope Property can be reserved or booked by a potential renter (both short-term and long-term renters).

**REQUEST FOR PRODUCTION NO. 30.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing your AirBnB webpage for the Skislope Property (including screenshots of the page where renters can book the Property, where the reviews for the Property can be seen, and where picture of the Property can be seen on the AirBnB website).

**REQUEST FOR PRODUCTION NO. 31.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2015.

**REQUEST FOR PRODUCTION NO. 32.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2015.

**REQUEST FOR PRODUCTION NO. 33.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2016.

**REQUEST FOR PRODUCTION NO. 34.**

Please produce and have copies available at the deposition of all DOCUMENTS

THE RYAN FIRM
A Professional Corporation

8

evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2016.

### REQUEST FOR PRODUCTION NO. 35.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2017.

### REQUEST FOR PRODUCTION NO. 36.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2017.

### REQUEST FOR PRODUCTION NO. 37.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2018.

### REQUEST FOR PRODUCTION NO. 38.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2018.

### REQUEST FOR PRODUCTION NO. 39.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2019.

### REQUEST FOR PRODUCTION NO. 40.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2019.

### REQUEST FOR PRODUCTION NO. 41.

Please produce and have copies available at the deposition of all DOCUMENTS

THE RYAN FIRM
A Professional Corporation

9

evidencing any and all income received from renting the Skislope Property from January 1, 2020, through September 1, 2020.

### REQUEST FOR PRODUCTION NO. 42.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) from January 1, 2020, through September 1, 2020.

### REQUEST FOR PRODUCTION NO. 43.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2021, *excluding* income received from AirBnB rentals of the Skislope Property.

### REQUEST FOR PRODUCTION NO. 44.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2021.

### REQUEST FOR PRODUCTION NO. 45.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property from February 15, 2022, through the present.

### REQUEST FOR PRODUCTION NO. 46.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) from January 1, 2022, through the present.

### REQUEST FOR PRODUCTION NO. 47.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2015, where all information not pertaining to the Skislope Property

THE RYAN FIRM
A Professional Corporation

10

may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

### REQUEST FOR PRODUCTION NO. 48.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2016, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

### REQUEST FOR PRODUCTION NO. 49.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2017, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

### REQUEST FOR PRODUCTION NO. 50.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2018, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

### REQUEST FOR PRODUCTION NO. 51.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2019, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

### REQUEST FOR PRODUCTION NO. 52.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2020, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

///

THE RYAN FIRM
A Professional Corporation

11

THE RYAN FIRM
A Professional Corporation

**REQUEST FOR PRODUCTION NO. 53.**

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2021, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

**REQUEST FOR PRODUCTION NO. 54.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing the employment of any persons hired for the management, maintenance, or AirBnB use of the Skislope Property.

**REQUEST FOR PRODUCTION NO. 55.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing YOUR employment of Melissa Phipps regarding the AirBnB rentals of the Skislope Property.

**REQUEST FOR PRODUCTION NO. 56.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing communication between YOU and Melissa Phipps regarding the AirBnB rentals of the Skislope Property.

**REQUEST FOR PRODUCTION NO. 57.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing YOUR employment of Melissa Bostwick regarding the AirBnB rentals of the Skislope Property.

**REQUEST FOR PRODUCTION NO. 58.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing YOUR employment of Melissa Bostwick regarding the AirBnB rentals of the Skislope Property.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax

12

return for the year 2015, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2016, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2017, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 62:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2018, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2019, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

///

13

THE RYAN FIRM
A Professional Corporation

**REQUEST FOR PRODUCTION NO. 64:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2020, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2021, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

DATED: August 16, 2022

THE RYAN FIRM
A Professional Corporation

By:_____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
LOGAN W. HENSLEY
Attorneys for Defendant Seterus, Inc.

14

Notice of Deposition of Plaintiff Michele L. Nessier

**THE RYAN FIRM**
A Professional Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On August 16, 2022, I served the within document(s) described as:  **NOTICE DEPOSITION OF PLAINTIFF MICHELE L. NESSIERAND REQUEST FOR PRODUCTION OF DOCUMENTS AT TIME OF DEPOSITION** on the interested parties in this action:

☒
     by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Shannon C. Williams<br>Katelyn M.W. Burnett<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>kburnett@ghidottiberger.com<br>swilliams@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒    **BY ELECTRONIC SERVICE** – My electronic service address is: lauren@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 16, 2022, at Irvine, California.

_Lauren McNeese_
_____
LAUREN MCNEESE

Timothy M. Ryan, Bar No. 178059
Michael W. Stoltzman, Jr., Bar No. 263423
Logan W. Hensley, Bar No. 339643
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual; | CASE NO.: 3:21-cv-02560-LB<br>Date Action Filed: April 8, 2021 |
| Plaintiffs, | Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B |
| vs. | **NOTICE DEPOSITION OF PLAINTIFF TIMOTHY S. BOSTWICK AND REQUEST FOR PRODUCTION OF DOCUMENTS AT TIME OF DEPOSITION** |
| SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:          September 20, 2022<br>Time:          9:00 a.m.<br>Location:     201 Mission, 12th Floor, San Francisco, CA 94105 |
| | Trial Date:   January 30, 2023 |

THE RYAN FIRM
A Professional Corporation

1

**THE RYAN FIRM**
A Professional Corporation

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** under Rule 30 of the *Federal Rules of Civil Procedure* (the "*Federal Rules*"), Defendant Seterus, Inc. ("Seterus") will take the deposition upon oral examination of Plaintiff Timothy S. Bostwick ("Plaintiff") on September 20, 2022, at 9:00 a.m., where the deposition will be taken at 201 Mission, 12th Floor, San Francisco, CA 94105. Said deposition will be recorded by stenographic means and will be video recorded. The deposition will continue until adjourned under the applicable time limits specified in the *Federal Rules*.  The examination may be subject to further continuance from time to time and place to place until completed.  Please take further notice that Seterus reserves the right to use the deposition testimony at trial in this matter under the applicable *Federal Rules*.

**PLEASE TAKE FURTHER NOTICE THAT** Plaintiff is requested to produce documents responsive to the following categories at the time of said deposition, under *Federal Rule* 34:

**REQUEST FOR PRODUCTION NO. 1.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus committed "multiple and egregious violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq."

(The term "DOCUMENTS," as used in these Requests for Production, shall mean, without limitation: documents, records, papers, books, accounts, letters, photographs, maps, memoranda, notes, tapes, electronically or magnetically recorded information, computer discs, objects or tangible things, invoices, bills of sale, and writings as defined in the *Federal Rules of Civil Evidence*, including handwriting, typewriting, printing, photostating, photographing and every other means of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, or any other records of any type which are in the possession, custody or control of the responding party and their attorney.  The demand for "all DOCUMENTS" shall include the original of that document, and all altered copies or reproductions of that document.)

1   (The terms "YOU" or "YOUR," as used in these Requests for Production, shall

2   refer to Timothy S. Bostwick, and includes YOU and YOUR agents, servants,

3   representatives, partners, employees, principals, owners, attorneys, investigators,

4   insurance companies, or any entity owned or controlled by YOU and their agents,

5   servants and employees, or anyone else acting on YOUR behalf.)

6   (The term "Skislope Property" shall mean the real property that is the subject of

7   this lawsuit, located at 14049 Skislope Way, Truckee, CA 96161.")

8   **REQUEST FOR PRODUCTION NO. 2.**

9   All DOCUMENTS that YOU believe specifically identify Seterus' "multiple and

10   egregious violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code

11   § 1788, et seq" as alleged in YOUR operative Complaint.

12   **REQUEST FOR PRODUCTION NO. 3.**

13   All DOCUMENTS that YOU believe specifically identify Seterus' "conduct [that]

14   is unconscionable, unfair, abusive, and deceptive, and [] is thereby actionable under the

15   RFDCPA" as alleged in YOUR operative Complaint.

16   **REQUEST FOR PRODUCTION NO. 4.**

17   All DOCUMENTS that YOU believe support YOUR contention in YOUR

18   operative Complaint that Seterus' "conduct [] constitutes unlawful, unfair, and/or

19   fraudulent debt collection practices, as defined in the Rosenthal Fair Debt Collect

20   Practices Act" as alleged in YOUR operative Complaint.

21   **REQUEST FOR PRODUCTION NO. 5.**

22   All DOCUMENTS that YOU believe support YOUR contention in YOUR

23   operative Complaint that Seterus "mislead Plaintiffs by telling them they had time to

24   appeal a denial of a loan modification and that they must continue paying Defendant after

25   telling them that the servicing of their loan was transferred to another servicer and that

26   their payments will no longer be accepted."

27   **REQUEST FOR PRODUCTION NO. 6.**

28   All DOCUMENTS that YOU believe support YOUR contention in YOUR

**THE RYAN FIRM**
A Professional Corporation

3

THE RYAN FIRM
A Professional Corporation

operative Complaint that "SETERUS's conduct violated the RFDCPA in multiple ways[.]"

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "contacted Plaintiffs multiple times and made inconsistent and confusing statements to Plaintiffs in connection with collection on the Loan."

**REQUEST FOR PRODUCTION NO. 8.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS contacted Plaintiffs multiple times before, during and after their 2019 and 2020 bankruptcies and made inconsistent and confusing statements to Plaintiffs in connection with collection on the Debt."

**REQUEST FOR PRODUCTION NO. 9.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "representations caused Plaintiffs to be confused and made them unable to adequately respond to Defendant SETERUS's collection efforts."

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "representations confused Plaintiffs to the point that they were unable to adequately respond to Defendant SETERUS's collection efforts leaving Plaintiffs' no choice but to file a bankruptcy to stop the foreclosure of their home."

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "caused Plaintiffs to believe, or they were reasonably likely to be caused to believe, that they were obliged to continue making payments on the Loan to Defendant SETERUS beyond the date on which servicing of the Loan was to be transferred as Defendant SETERUS represented to Plaintiffs in the December 12, 2018

4

letter."

**REQUEST FOR PRODUCTION NO. 12.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus "caused Plaintiffs to believe, or was reasonably likely to cause them to believe, that they had more time to apply for other foreclosure alternatives than they actually had."

**REQUEST FOR PRODUCTION NO. 13.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus made "numerous and inconsistent representations regarding his loan modification application [that] reasonably caused confusion to Plaintiff."

**REQUEST FOR PRODUCTION NO. 14.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "representations caused Plaintiffs to be confused as to whom they should make payments as well as their ability to apply for loss mitigation options which would significantly impact their debt obligations."

**REQUEST FOR PRODUCTION NO. 15.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "[a]s an actual and proximate result of Defendant SETERUS's conduct as described herein, Plaintiff suffered immense emotional distress and anxiety."

**REQUEST FOR PRODUCTION NO. 16.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's express representations made in the collection correspondences herein described that Defendant SETERUS engaged in the conduct herein described in order to deceive Plaintiffs and cause them to fall further into default and ultimately foreclose on their home."

**REQUEST FOR PRODUCTION NO. 17.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR

THE RYAN FIRM
A Professional Corporation

5

operative Complaint that "SETERUS's express representations made in the collection correspondences herein described that Defendant SETERUS recklessly disregarded the impact that their conduct as described herein may have on Plaintiffs."

**REQUEST FOR PRODUCTION NO. 18.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [e]ngaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt[.]"

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [u]sing false, deceptive, or misleading representations or means in connection with collection of a debt[.]"

**REQUEST FOR PRODUCTION NO. 20.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[.]"

**REQUEST FOR PRODUCTION NO. 21.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct [] includ[ed] [u]sing unfair or unconscionable means to collect or attempt to collect any debt."

**REQUEST FOR PRODUCTION NO. 22.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS's conduct was a direct, actual, substantial, and proximate cause of Plaintiffs' injuries which include without limitation substantial emotional distress, humiliation, embarrassment, mental anguish, as well as the potential or actual loss of their home and resources lost as a result of dealing with Defendant SETERUS's deceptive and unfair debt collection conduct."

6

THE RYAN FIRM
A Professional Corporation

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that "SETERUS owes Plaintiffs recompense in the form of all actual damages, statutory damages, exemplary damages, and equity as well as all attorney fees and costs associated with this lawsuit."

**REQUEST FOR PRODUCTION NO. 24.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' "abusive collection practices in connection with collection on Plaintiff's mortgage loan and reinstatement attempts certainly falls under the. Legislature's stated purpose and policy underlying the RFDCPA."

**REQUEST FOR PRODUCTION NO. 25.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled "Plaintiff [to] seek[] restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, statutory damages, and such other and further relief as the Court may deem just and proper pursuant to the remedies offered by §1788.30."

**REQUEST FOR PRODUCTION NO. 26.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled Plaintiff to "specific performance, and injunctive relief[.]"

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled Plaintiff to "a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting on the subject loan and from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity[.]"

///

7

THE RYAN FIRM
A Professional Corporation

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that YOU believe support YOUR contention in YOUR operative Complaint that Seterus' conduct has entitled Plaintiff to "punitive damages [.]"

**REQUEST FOR PRODUCTION NO. 29.**

Please produce and have copies available at the deposition of all DOCUMENTS relating to you renting the Skislope Property between January 1, 2020 and January 1, 2022, including any DOCUMENTS which are webpages advertising the Skislope Property, or webpages where the Skislope Property can be reserved or booked by a potential renter (both short-term and long-term renters).

**REQUEST FOR PRODUCTION NO. 30.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing your AirBnB webpage for the Skislope Property (including screenshots of the page where renters can book the Property, where the reviews for the Property can be seen, and where picture of the Property can be seen on the AirBnB website).

**REQUEST FOR PRODUCTION NO. 31.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2015.

**REQUEST FOR PRODUCTION NO. 32.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2015.

**REQUEST FOR PRODUCTION NO. 33.**

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2016.

**REQUEST FOR PRODUCTION NO. 34.**

Please produce and have copies available at the deposition of all DOCUMENTS

8

**THE RYAN FIRM**
A Professional Corporation

1  evidencing any and all expenses related to renting the Skislope Property (including

2  payment to employees and property managers) for the calendar year 2016.

3  **REQUEST FOR PRODUCTION NO. 35.**

4  Please produce and have copies available at the deposition of all DOCUMENTS

5  evidencing any and all income received from renting the Skislope Property for the

6  calendar year 2017.

7  **REQUEST FOR PRODUCTION NO. 36.**

8  Please produce and have copies available at the deposition of all DOCUMENTS

9  evidencing any and all expenses related to renting the Skislope Property (including

10  payment to employees and property managers) for the calendar year 2017.

11  **REQUEST FOR PRODUCTION NO. 37.**

12  Please produce and have copies available at the deposition of all DOCUMENTS

13  evidencing any and all income received from renting the Skislope Property for the

14  calendar year 2018.

15  **REQUEST FOR PRODUCTION NO. 38.**

16  Please produce and have copies available at the deposition of all DOCUMENTS

17  evidencing any and all expenses related to renting the Skislope Property (including

18  payment to employees and property managers) for the calendar year 2018.

19  **REQUEST FOR PRODUCTION NO. 39.**

20  Please produce and have copies available at the deposition of all DOCUMENTS

21  evidencing any and all income received from renting the Skislope Property for the

22  calendar year 2019.

23  **REQUEST FOR PRODUCTION NO. 40.**

24  Please produce and have copies available at the deposition of all DOCUMENTS

25  evidencing any and all expenses related to renting the Skislope Property (including

26  payment to employees and property managers) for the calendar year 2019.

27  **REQUEST FOR PRODUCTION NO. 41.**

28  Please produce and have copies available at the deposition of all DOCUMENTS

evidencing any and all income received from renting the Skislope Property from January 1, 2020, through September 1, 2020.

## REQUEST FOR PRODUCTION NO. 42.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) from January 1, 2020, through September 1, 2020.

## REQUEST FOR PRODUCTION NO. 43.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property for the calendar year 2021, *excluding* income received from AirBnB rentals of the Skislope Property.

## REQUEST FOR PRODUCTION NO. 44.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) for the calendar year 2021.

## REQUEST FOR PRODUCTION NO. 45.

Please produce and have copies available at the deposition of all DOCUMENTS evidencing any and all income received from renting the Skislope Property from February 15, 2022, through the present.

## REQUEST FOR PRODUCTION NO. 46.

Please produce and have copies available at you deposition of all DOCUMENTS evidencing any and all expenses related to renting the Skislope Property (including payment to employees and property managers) from January 1, 2022, through the present.

## REQUEST FOR PRODUCTION NO. 47.

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2015, where all information not pertaining to the Skislope Property

10

THE RYAN FIRM
A Professional Corporation

may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

**REQUEST FOR PRODUCTION NO. 48.**

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2016, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

**REQUEST FOR PRODUCTION NO. 49.**

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2017, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

**REQUEST FOR PRODUCTION NO. 50.**

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2018, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

**REQUEST FOR PRODUCTION NO. 51.**

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2019, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

**REQUEST FOR PRODUCTION NO. 52.**

Please produce and have copies available at the deposition of YOUR federal tax return for the year 2020, where all information not pertaining to the Skislope Property may be redacted (thus, please ensure that the tax return includes the: 1) income earned from the Skislope Property, and 2) the itemized deductions for the year).

///

THE RYAN FIRM
A Professional Corporation

1   **REQUEST FOR PRODUCTION NO. 53.**

2        Please produce and have copies available at the deposition of YOUR federal tax

3   return for the year 2021, where all information not pertaining to the Skislope Property

4   may be redacted (thus, please ensure that the tax return includes the: 1) income earned

5   from the Skislope Property, and 2) the itemized deductions for the year).

6   **REQUEST FOR PRODUCTION NO. 54.**

7        Please produce and have copies available at the deposition of all DOCUMENTS

8   evidencing the employment of any persons hired for the management, maintenance, or

9   AirBnB use of the Skislope Property.

10   **REQUEST FOR PRODUCTION NO. 55.**

11        Please produce and have copies available at the deposition of all DOCUMENTS

12   evidencing YOUR employment of Melissa Phipps regarding the AirBnB rentals of the

13   Skislope Property.

14   **REQUEST FOR PRODUCTION NO. 56.**

15        Please produce and have copies available at the deposition of all DOCUMENTS

16   evidencing communication between YOU and Melissa Phipps regarding the AirBnB

17   rentals of the Skislope Property.

18   **REQUEST FOR PRODUCTION NO. 57.**

19        Please produce and have copies available at the deposition of all DOCUMENTS

20   evidencing YOUR employment of Melissa Bostwick regarding the AirBnB rentals of the

21   Skislope Property.

22   **REQUEST FOR PRODUCTION NO. 58.**

23        Please produce and have copies available at the deposition of all DOCUMENTS

24   evidencing communication between YOU and Melissa Bostwick regarding the AirBnB

25   rentals of the Skislope Property.

26   **REQUEST FOR PRODUCTION NO. 59:**

27        Please produce and have copies available at the deposition of YOUR Profit and

28   Loss Statement pertaining to the Skislope Property, that was filed with your federal tax

return for the year 2015, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2016, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2017, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 62:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2018, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

**REQUEST FOR PRODUCTION NO. 63:**

Please produce and have copies available at the deposition of YOUR Profit and Loss Statement pertaining to the Skislope Property, that was filed with your federal tax return for the year 2019, including but not limited to YOUR Schedule E, Schedule K, or any other profit and loss statement that will provide information regarding itemized deductions and/or income related to the Skislope property.

///

13

THE RYAN FIRM
A Professional Corporation

1

**REQUEST FOR PRODUCTION NO. 64:**

2

3       Please produce and have copies available at the deposition of YOUR Profit and

4   Loss Statement pertaining to the Skislope Property, that was filed with your federal tax

5   return for the year 2020, including but not limited to YOUR Schedule E, Schedule K, or

6   any other profit and loss statement that will provide information regarding itemized

    deductions and/or income related to the Skislope property.

7

**REQUEST FOR PRODUCTION NO. 65:**

8       Please produce and have copies available at the deposition of YOUR Profit and

9   Loss Statement pertaining to the Skislope Property, that was filed with your federal tax

10  return for the year 2021, including but not limited to YOUR Schedule E, Schedule K, or

11  any other profit and loss statement that will provide information regarding itemized

12  deductions and/or income related to the Skislope property.

13

14

15

16  DATED:  August 16, 2022                    THE RYAN FIRM
                                               A Professional Corporation
17

18

19

20  By:_____
                                               TIMOTHY M. RYAN
21                                             MICHAEL W. STOLTZMAN, JR.
                                               LOGAN W. HENSLEY
22                                             Attorneys for Defendant Seterus, Inc.

23

24

25

26

27

28

**THE RYAN FIRM**
A Professional Corporation

14

**THE RYAN FIRM**
A Professional Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On August 16, 2022, I served the within document(s) described as:  **NOTICE DEPOSITION OF PLAINTIFF TIMOTHY S. BOSTWICK AND REQUEST FOR PRODUCTION OF DOCUMENTS AT TIME OF DEPOSITION** on the interested parties in this action:

☒    by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Shannon C. Williams<br>Katelyn M.W. Burnett<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>kburnett@ghidottiberger.com<br>swilliams@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒    **BY ELECTRONIC SERVICE**  – My electronic service address is: lauren@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 16, 2022, at Irvine, California.

LAUREN MCNEESE

# EXHIBIT 5

EXHIBIT 5

Timothy M. Ryan, Bar No. 178059
Michael W. Stoltzman, Jr., Bar No. 263423
Logan W. Hensley, Bar No. 339643
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:21-cv-02560-LB<br>Date Action Filed: April 8, 2021<br><br>Assigned for All Purposes to Hon. Laurel Beeler<br>Courtroom B<br><br>**DEFENDANT SETERUS, INC.'S REQUESTS FOR PRODUCTION, SET TWO, PROPOUNDED ON PLAINTIFF TIMOTHY BOSTWICK**<br><br>Trial Date:   January 30, 2023. |

PROPOUNDING PARTY:      SETERUS, INC.

RESPONDING PARTY:      TIMOTHY BOSTWICK

SET NUMBER:      TWO (2)

1

THE RYAN FIRM
A Professional Corporation

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 34, defendant Seterus, Inc. ("Propounding Party") requests that plaintiff Timothy Bostwick ("Responding Party") respond to the following demands for inspection and appear, produce, and permit the inspection and copying or photocopying of the documents, records, and things requested, within thirty (30) days pursuant to the *Federal Rules of Civil Procedure*, at the offices of The Ryan Firm, 2603 Main Street, Suite 1225, Irvine, CA 92614.  If legible copies of the requested documents and things are delivered to The Ryan Firm's offices personally or by mail within three (3) days of the date set for production, then personal appearance will not be required.

## **DEFINITIONS**

The term "DOCUMENTS," as used in these Requests for Production, shall mean, without limitation: documents, records, papers, books, accounts, letters, photographs, maps, memoranda, notes, tapes, electronically or magnetically recorded information, computer discs, objects or tangible things, invoices, bills of sale, and writings as defined in the *Federal Rules of Civil Evidence*, including handwriting, typewriting, printing, photostating, photographing and every other means of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, or any other records of any type which are in the possession, custody or control of the responding party and their attorney.  The demand for "all DOCUMENTS" shall include the original of that document, and all altered copies or reproductions of that document.

The terms "YOU" or "YOUR," as used in these Requests for Production, shall refer to Timothy S. Bostwick, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.

THE RYAN FIRM
A Professional Corporation

1    The term "FICO CREDIT SCORE" refers to a credit score number provided

2  by Equifax, Experian, or TransUnion, where the credit score number is between

3  300 and 850.

4    The term "OPERATIVE COMPLAINT" refers to the Complaint filed by

5  Plaintiffs Timothy Bostwick and Michele Nessier on October 12, 2021, as

6  Document 54 in this case; Case No. 3:21-cv-02560-LB.

7    The term "SKISLOPE PROPERTY," as used in these Requests for

8  Production, shall refer to the real property located at 14049 Ski Slope Way,

9  Truckee, CA 96161-7030.

10

11             **REQUESTS FOR PRODUCTION**

12  **REQUEST FOR PRODUCTION NO. 11:**

13    Please produce all DOCUMENTS that YOU believe support YOUR

14  contention that the December 14, 2020 reinstatement quote contained "mystery

15  charges" YOU refer to in paragraphs 36, 38, and 98 of the OPERATIVE

16  COMPLAINT.

17  **REQUEST FOR PRODUCTION NO. 12:**

18    Please produce all DOCUMENTS which were used or relied upon to create

19  the document entitled "AMI Financial Impact Report," which was attached as

20  Exhibit B to Plaintiffs' Expert Witness Disclosure.

21  **REQUEST FOR PRODUCTION NO. 13:**

22    Please produce all DOCUMENTS which YOU believe support YOUR

23  contention that "Plaintiffs' business AMI Staging" was damaged as a result of

24  Defendant Seterus Inc.'s actions.

25  **REQUEST FOR PRODUCTION NO. 14:**

26    Please produce all DOCUMENTS which YOU believe support YOUR

27  contention that any tenant or tenants "ceased making their rental payments for fear

28  that the house [the Skislope Property] would be foreclosed and they would need to

3

1 relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE
2 COMPLAINT.

3 **REQUEST FOR PRODUCTION NO. 15:**

4     Please produce all DOCUMENTS which reflect proof of payment of rent
5 prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who
6 purportedly "ceased making their rental payments for fear that the house [the
7 Skislope Property] would be foreclosed and they would need to relocate," as
8 referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

9 **REQUEST FOR PRODUCTION NO. 16:**

10     Please produce all DOCUMENTS which reflect the amount of rent paid per
11 month (in U.S. Dollars) prior to the posted Notice(s) of Trustee's Sale by the
12 tenant or tenants who purportedly "ceased making their rental payments for fear
13 that the house [the Skislope Property] would be foreclosed and they would need to
14 relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE
15 COMPLAINT.

16 **REQUEST FOR PRODUCTION NO. 17:**

17     Please produce all DOCUMENTS which YOU believe support YOUR
18 contention that attorney Michael Stoltzman "disclose[d] that he was not in fact
19 authorized" to negotiate a comprehensive settlement, as referenced in paragraphs
20 35, 37, and 98 of the OPERATIVE COMPLAINT.

21 **REQUEST FOR PRODUCTION NO. 18:**

22     Please produce any DOCUMENTS which show YOUR FICO CREDIT
23 SCORE at any time between January 1, 2018, and January 1, 2019.

24 **REQUEST FOR PRODUCTION NO. 19:**

25     Please produce any DOCUMENTS which show YOUR FICO CREDIT
26 SCORE at any time between January 1, 2022, and the present.

27 **REQUEST FOR PRODUCTION NO. 20:**

28     Please produce all DOCUMENTS which YOU believe support YOUR

THE RYAN FIRM
A Professional Corporation

contention that YOU suffered emotional distress and anxiety as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all DOCUMENTS which evidence that YOU sought or obtained any form of counseling (excluding legal counseling) in response to any "immense emotional distress and anxiety," as referenced in paragraph 39 of the OPERATIVE COMPLAINT.


DATED: October 6, 2022

THE RYAN FIRM
A Professional Corporation


By:_____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
LOGAN W. HENSLEY
Attorneys for Defendant Seterus, Inc.

**THE RYAN FIRM**
A Professional Corporation

**THE RYAN FIRM**
A Professional Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On October 6, 2022, I served the within document(s) described as: **DEFENDANT SETERUS, INC.'S REQUESTS FOR PRODUCTION, SET TWO, PROPOUNDED ON PLAINTIFF TIMOTHY BOSTWICK** on the interested parties in this action:

☒     by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Shannon C. Williams<br>Katelyn M.W. Burnett<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>kburnett@ghidottiberger.com<br>swilliams@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒     **BY ELECTRONIC SERVICE** – My electronic service address is: rconway@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 6, 2022, at Irvine, California.

*Rose V. Conway*
ROSE CONWAY

1  Timothy M. Ryan, Bar No. 178059
2  Michael W. Stoltzman, Jr., Bar No. 263423
   Logan W. Hensley, Bar No. 339643
3  THE RYAN FIRM
   A Professional Corporation
4  2603 Main Street, Suite 1225
   Irvine, CA 92614
5  Telephone (949) 263-1800; Fax (949) 872-2211

6  Attorneys for Defendant Seterus, Inc.

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  TIMOTHY S. BOSTWICK, an
    individual; and MICHELE L.
12  NESSIER, an individual;

13        Plaintiffs,

14  vs.

15  SETERUS, INC., a business entity;
    US BANK, N.A., a business entity;
16  SN SERVICING CORP, a business
    entity; and DOES 1 through 10,
17  inclusive,

18        Defendants.

19

20

21

22

23

24

25

26  PROPOUNDING PARTY:      SETERUS, INC.

27  RESPONDING PARTY:       MICHELE L. NESSIER

28  SET NUMBER:             TWO (2)

CASE NO.: 3:21-cv-02560-LB
Date Action Filed: April 8, 2021

Assigned for All Purposes to
Hon. Laurel Beeler
Courtroom B

**DEFENDANT SETERUS, INC.'S
REQUESTS FOR PRODUCTION,
SET TWO, PROPOUNDED ON
PLAINTIFF MICHELE L. NESSIER**

Trial Date:   January 30, 2023.

THE RYAN FIRM
A Professional Corporation

1

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 34, defendant Seterus, Inc. ("Propounding Party") requests that plaintiff Michele L. Nessier ("Responding Party") respond to the following demands for inspection and appear, produce, and permit the inspection and copying or photocopying of the documents, records, and things requested, within thirty (30) days pursuant to the *Federal Rules of Civil Procedure*, at the offices of The Ryan Firm, 2603 Main Street, Suite 1225, Irvine, CA 92614.  If legible copies of the requested documents and things are delivered to The Ryan Firm's offices personally or by mail within three (3) days of the date set for production, then personal appearance will not be required.

## DEFINITIONS

The term "DOCUMENTS," as used in these Requests for Production, shall mean, without limitation: documents, records, papers, books, accounts, letters, photographs, maps, memoranda, notes, tapes, electronically or magnetically recorded information, computer discs, objects or tangible things, invoices, bills of sale, and writings as defined in the *Federal Rules of Civil Evidence*, including handwriting, typewriting, printing, photostating, photographing and every other means of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, or any other records of any type which are in the possession, custody or control of the responding party and their attorney.  The demand for "all DOCUMENTS" shall include the original of that document, and all altered copies or reproductions of that document.

The terms "YOU" or "YOUR," as used in these Requests for Production, shall refer to Michele L. Nessier, and includes YOU and YOUR agents, servants, representatives, partners, employees, principals, owners, attorneys, investigators, insurance companies, or any entity owned or controlled by YOU and their agents, servants and employees, or anyone else acting on YOUR behalf.

2

1  |  The term "FICO CREDIT SCORE" refers to a credit score number provided
2  |  by Equifax, Experian, or TransUnion, where the credit score number is between
3  |  300 and 850.

4  |  The term "OPERATIVE COMPLAINT" refers to the Complaint filed by
5  |  Plaintiffs Timothy Bostwick and Michele Nessier on October 12, 2021, as
6  |  Document 54 in this case; Case No. 3:21-cv-02560-LB.

7  |  The term "SKISLOPE PROPERTY," as used in these Requests for
8  |  Production, shall refer to the real property located at 14049 Ski Slope Way,
9  |  Truckee, CA 96161-7030.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all DOCUMENTS that YOU believe support YOUR contention that the December 14, 2020 reinstatement quote contained "mystery charges" YOU refer to in paragraphs 36, 38, and 98 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all DOCUMENTS which were used or relied upon to create the document entitled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that "Plaintiffs' business AMI Staging" was damaged as a result of Defendant Seterus Inc.'s actions.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that any tenant or tenants "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to

THE RYAN FIRM
A Professional Corporation

3

THE RYAN FIRM
A Professional Corporation

relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all DOCUMENTS which reflect proof of payment of rent prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who purportedly "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all DOCUMENTS which reflect the amount of rent paid per month (in U.S. Dollars) prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who purportedly "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that attorney Michael Stoltzman "disclose[d] that he was not in fact authorized" to negotiate a comprehensive settlement, as referenced in paragraphs 35, 37, and 98 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any DOCUMENTS which show YOUR FICO CREDIT SCORE at any time between January 1, 2018, and January 1, 2019.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any DOCUMENTS which show YOUR FICO CREDIT SCORE at any time between January 1, 2022, and the present.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all DOCUMENTS which YOU believe support YOUR

4

contention that YOU suffered emotional distress and anxiety as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all DOCUMENTS which evidence that YOU sought or obtained any form of counseling (excluding legal counseling) in response to any "immense emotional distress and anxiety," as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

DATED: October 6, 2022

THE RYAN FIRM
A Professional Corporation

By:_____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
LOGAN W. HENSLEY
Attorneys for Defendant Seterus, Inc.

THE RYAN FIRM
A Professional Corporation

5

**THE RYAN FIRM**
A Professional Corporation

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On October 6, 2022, I served the within document(s) described as: **DEFENDANT SETERUS, INC.'S REQUESTS FOR PRODUCTION, SET TWO, PROPOUNDED ON PLAINTIFF MICHELE L. NESSIER** on the interested parties in this action:

☒  by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C. 100 Pine Street, Ste 530 San Francisco, CA 94111 | Tel:  (415) 273-3504 Fax: (415) 358-4116 Email: sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP Shannon C. Williams Katelyn M.W. Burnett 1920 Old Tustin Ave. Santa Ana, CA 92705 | Tel:  (949) 427-2010 Fax: (949) 427-2732 Email: kburnett@ghidottiberger.com swilliams@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒  **BY ELECTRONIC SERVICE** – My electronic service address is: rconway@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 6, 2022, at Irvine, California.

_ROSE CONWAY_
ROSE CONWAY

# EXHIBIT 6

EXHIBIT 6

Sarah Shapero (Bar No. 281748)
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:   (415) 293-7995
Facsimile:    (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN Servicing CORP., a business entity, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: 3:21-cv-02560-LB Limited Jurisdiction<br>Date Action Filed: January 22, 2019<br><br>Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B<br><br>**PLAINTIFF TIMOTHY BOSTWICK'S RESPONSES AND OBJECTIONS TO DEFENDANT SETERUS, INC.'S REQUEST FOR PRODUCTION, SET TWO** |

PROPOUNDING PARTY: Defendant, SETERUS, INC.

RESPONDING PARTY: Plaintiff, TIMOTHY S. BOSTWICK

SET NUMBER: TWO (2)

1

1

2       Plaintiff, TIMOTHY S. BOSTWICK, by and through his attorneys, responds and objects to

3    Defendant's "DEFENDANT SETERUS, INC.'S REQUESTS FOR PRODUCTION, SET TWO,

4    PROPOUNDED ON PLAINTIFF TIMOTHY S. BOSTWICK" as follows:

5

6                                    **INTRODUCTORY STATEMENT**

7       These responses are made solely for the purpose of this action. Each response is subject to

8    all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and

9    all other objections on any ground that would require the exclusion of any statement, herein if any

10   admission were asked of, or statements contained herein were made by, a witness present and

11   testifying in court, all of which objections and grounds are expressly reserved and may be

12   interposed at the time of trial.

13

14      Except facts explicitly admitted herein, no incidental or implied admissions are intended by

15   the responses herein. The fact that Responding Party has objected to or answered any Demand for

16   Production of Documents, or provided any document, should not be taken as an admission that

17   Responding Party accepts or admits the existence of any facts set forth or assumed by such Demand

18   for Production of Documents, or that such answer or objection constitute admissible evidence.

19   Further, Responding Party's responses herein are made without waiving, and expressly reserving,

20   the right: (a) to object to any effort to use any step or proceeding in this action or any other action;

21   and (b) to object on any ground to other discovery requests regarding the subject matter of any

22   request herein. The fact that Responding Party has answered, part or all of any Demand for

23   Production of Documents is not intended to and shall not be construed to be a waiver of any part

24   of any objection to any Demand for Production of Documents.

25      This action is still in the discovery phase.  Responding Party has not yet completed an

26

27

28

2

investigation of the facts relating to this action, nor has Responding Party completed discovery in this action.  These responses and objections are made without prejudice to, and are not a waiver of, Responding Party's right to rely on other facts or documents at trial. The responses herein are based on Responding Party's present knowledge of the facts relevant to the instant action.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.    Accordingly, these responses are made without prejudice to Responding Party's right to provide additional facts or to revise the facts provided herein in light of additional information discovered hereafter.

Responding Party expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in the event that continuing investigation of facts and discovery brings to light any information responsive to the Demand for Production of Documents.

Responding Party relies upon well-established California authority to the effect that document requests cannot unilaterally be denominated as continuing in nature and Responding Party serves notice that he/she will not voluntarily provide further responses to these document requests if additional documents are acquired after these responses are served.  (See Smith v. Superior Court (1961) 189 Cal.App.2d 6.)

The inadvertent production of a document that is privileged, constitutes work-product, or is protected from disclosure by any other applicable doctrine or rule of law, shall not be deemed to waive the applicable privilege, doctrine, or rule of law with respect to that document, any other document, or subject matter or context of any such document.

3

1
2

This preliminary statement is incorporated by reference into each of the Responding Party's responses.

3

## **GENERAL OBJECTIONS**

4
5

The following general objections are hereby incorporated by reference into each and every Response contained herein.

6
7
8
9

1.   Responding Party objects to each and every request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document.

10
11
12
13

2.   Responding Party objects to each and every request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine, and asserts the attorney-work product doctrine with respect to each such document.

14
15
16
17
18
19

3.   Responding Party objects to each and every request to the extent that the request(s) seek documents which are equally available to the Propounding Party.  Responding Party has no duty to research matters equally available to both parties in response to discovery.  (Bunnell v. Superior Court (1967) 254 Cal.App.2d 720, 723-724.)  Responding Party has no duty to make inquiry of independent witnesses in order to respond to discovery. (Holguin v. Superior Court (1972) 22 Cal.App.3d 812, 821.)

20
21
22

4.   Responding Party objects to each and every request to the extent that the request(s) seek documents which are not in the possession, custody or control of Responding Party.

23
24
25

5.   Responding Party objects to each and every request to the extent that the request(s) exceeds the scope of necessary and appropriate discovery and are not reasonably calculated to lead to the discovery of admissible evidence.

26
27
28

6.   Responding Party construes the request(s) as not seeking the production of any documents created as a result of the litigation such as, legal memoranda, pleadings, drafts of pleadings,

attorneys' notes, letters, communications, or other documents that have come into existence because of this litigation.  To the extent that the request(s) might be construed to seek the production of such documents, in addition to the aforementioned privilege objections, Responding Party objects to the request(s) on the grounds that they are overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

7.   Without waiving any of the foregoing objections, Responding Party responds to the requests as follows:

## **RESPONSES**

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Please produce all DOCUMENTS that YOU believe support YOUR contention that the December 14, 2020 reinstatement quote contained "mystery charges" YOU refer to in paragraphs 36, 38, and 98 of the OPERATIVE COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Please produce all DOCUMENTS which were used or relied upon to create the document entitled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  In addition, this Request is oppressive and burdensome to Responding Party as it seeks documents equally available, but more accessible, to Propounding Party, and compliance with this request would be unreasonably difficult for Responding Party. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that "Plaintiffs' business AMI Staging" was damaged as a result of Defendant Seterus Inc.'s actions.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.  13:**

6

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Vague and ambiguous as to "YOUR contention". Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that any tenant or tenants "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A). Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the

7

discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Please produce all DOCUMENTS which reflect proof of payment of rent prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who purportedly "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Vague and ambiguous. Overbroad and/or unlimited as to time. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

2

3       Please produce all DOCUMENTS which reflect the amount of rent paid per month (in

U.S. Dollars) prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who

4

purportedly "ceased making their rental payments for fear that the house [the Skislope Property]

5

would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97

6

of the OPERATIVE COMPLAINT.

7

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

8

9       Objection.  This Request is not reasonably calculated to lead to the discovery of

10      admissible information.  This Request fails to describe with reasonable particularity each item or

11      category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Vague and

12      ambiguous. Overbroad and/or unlimited as to time. Responding Party objects this request to the

13      extent that the request(s) seek the disclosure of attorney-client privileged information, and

14      Responding Party asserts the attorney-client privilege with respect to each document. Responding

15      Party objects to this request to the extent that the request(s) seek the discovery of documents

16      protected by the attorney work-product doctrine and asserts the attorney-work product doctrine

17      with respect to each such document.

18

19      Subject to and without waiver of the foregoing objections, Plaintiffs will produce the

20      documents responsive to this request that have not already been produced and are not protected

21      by the privileges listed above.

22

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

23

24      Please produce all DOCUMENTS which YOU believe support YOUR contention that

25      attorney Michael Stoltzman "disclose[d] that he was not in fact authorized" to negotiate a

26      comprehensive settlement, as referenced in paragraphs 35, 37, and 98 of the OPERATIVE

27      COMPLAINT.

28

9

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  In addition, this Request is oppressive and burdensome to Responding Party as it seeks documents equally available, but more accessible, to Propounding Party, and compliance with this request would be unreasonably difficult for Responding Party. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  This Request seeks information protected by litigation privilege. This Request seeks confidential settlement communication. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Please produce any DOCUMENTS which show YOUR FICO CREDIT SCORE at any time between January 1, 2018, and January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. This Request seeks information in

1  violation of Responding Party's right to privacy. This Request fails to describe with reasonable

2  particularity each item or category of items to be produced, in violation of F.R.C.P. Rule

3  34(b)(1)(A).  Responding Party objects to this request to the extent that the request(s) seek the

4  discovery of documents protected by the attorney work-product doctrine and asserts the attorney-

5  work product doctrine with respect to each such document.

6
   Subject to and without waiver of the foregoing objections, Plaintiffs will produce the

7
8  documents responsive to this request that have not already been produced and are not protected

9  by the privileges listed above.

10 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

11     Please produce any DOCUMENTS which show YOUR FICO CREDIT SCORE at any

12 time between January 1, 2022, and the present.

13 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

14     Objection.  This Request is not reasonably calculated to lead to the discovery of

15
16 admissible information.  Responding Party objects this request to the extent that the request(s)

17 seek the disclosure of attorney-client privileged information, and Responding Party asserts the

18 attorney-client privilege with respect to each document. This Request seeks information in

19 violation of Responding Party's right to privacy. This Request fails to describe with reasonable

20 particularity each item or category of items to be produced, in violation of F.R.C.P. Rule

21 34(b)(1)(A).  Responding Party objects to this request to the extent that the request(s) seek the

22
23 discovery of documents protected by the attorney work-product doctrine and asserts the attorney-

24 work product doctrine with respect to each such document.

25     Subject to and without waiver of the foregoing objections, Plaintiffs will produce the

26 documents responsive to this request that have not already been produced and are not protected

27 by the privileges listed above.

28

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that YOU suffered emotional distress and anxiety as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).   This Request seeks information in violation of Responding Party's right to privacy. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Please produce all DOCUMENTS which evidence that YOU sought or obtained any form of counseling (excluding legal counseling) in response to any "immense emotional distress and anxiety," as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or

12

1  category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Responding Party

2  objects this request to the extent that the request(s) seek the disclosure of attorney-client

3  privileged information, and Responding Party asserts the attorney-client privilege with respect to

4  each document. This Request seeks information in violation of Responding Party's right to

5  privacy. This Request is vague and ambiguous as to "any form of counseling". This response is

6  overbroad and/or unlimited in time. Responding Party objects to this request to the extent that the

7  request(s) seek the discovery of documents protected by the attorney work-product doctrine and

8  asserts the attorney-work product doctrine with respect to each such document.

9

10         Subject to and without waiver of the foregoing objections, Plaintiffs will produce the

11  documents responsive to this request that have not already been produced and are not protected

12  by the privileges listed above.  /s/ Sarah Shapero

13

14

15  DATED: November 16, 2022              SHAPERO LAW FIRM, PC

16

17                                        */s/ Sarah Shapero*
                                         _____
18                                       Sarah Shapero, Esq.
                                         Attorney for Plaintiffs,
19                                       TIMOTHY S. BOSTWICK,
                                         and MICHELE L. NESSIER
20

21

22

23

24

25

26

27

28

1  Sarah Shapero (Bar No. 281748)
   100 Pine Street, Ste. 530
2  San Francisco, CA 94111
   Telephone:   (415) 293-7995
3  Facsimile:    (415) 358-4116

4  Attorneys for Plaintiffs,
   TIMOTHY S. BOSTWICK,
5  and MICHELE L. NESSIER,

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 | TIMOTHY S. BOSTWICK, an individual;      CASE NO.: 3:21-cv-02560-LB Limited
12 | and MICHELE L. NESSIER, individual;      Jurisdiction
                                              Date Action Filed: January 22, 2019
13 |        Plaintiffs,
                                              Assigned for All Purposes to
14 |                                          Hon. Laurel Beeler
                                              Courtroom B
15 |        v.

16
                                             **PLAINTIFF MICHELE L. NESSIER'S**
17 | SETERUS, INC., a business entity; US    **RESPONSES AND OBJECTIONS TO**
   | BANK, N.A., a business entity; SN       **DEFENDANT SETERUS, INC.'S**
18 | Servicing CORP., a business entity, and **REQUEST FOR PRODUCTION, SET**
   | DOES 1 through 10, inclusive            **TWO**
19
20
   |        Defendants.
21
22

23              PROPOUNDING PARTY: Defendant, SETERUS, INC.
24
25              RESPONDING PARTY: Plaintiff, MICHELE L. NESSIER
26                        SET NUMBER: TWO (2)
27
28
                                      1

Plaintiff, MICHELE L. NESSIER, by and through her attorneys, responds and objects to Defendant's "DEFENDANT SETERUS, INC.'S REQUESTS FOR PRODUCTION, SET TWO, PROPOUNDED ON PLAINTIFF MICHELE L. NESSIER" as follows:

**<u>INTRODUCTORY STATEMENT</u>**

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any statement, herein if any admission were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Except facts explicitly admitted herein, no incidental or implied admissions are intended by the responses herein. The fact that Responding Party has objected to or answered any Demand for Production of Documents, or provided any document, should not be taken as an admission that Responding Party accepts or admits the existence of any facts set forth or assumed by such Demand for Production of Documents, or that such answer or objection constitute admissible evidence. Further, Responding Party's responses herein are made without waiving, and expressly reserving, the right: (a) to object to any effort to use any step or proceeding in this action or any other action; and (b) to object on any ground to other discovery requests regarding the subject matter of any request herein. The fact that Responding Party has answered, part or all of any Demand for Production of Documents is not intended to and shall not be construed to be a waiver of any part of any objection to any Demand for Production of Documents.

This action is still in the discovery phase.  Responding Party has not yet completed an investigation of the facts relating to this action, nor has Responding Party completed discovery in

this action.  These responses and objections are made without prejudice to, and are not a waiver of, Responding Party's right to rely on other facts or documents at trial. The responses herein are based on Responding Party's present knowledge of the facts relevant to the instant action.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.    Accordingly, these responses are made without prejudice to Responding Party's right to provide additional facts or to revise the facts provided herein in light of additional information discovered hereafter.

Responding Party expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in the event that continuing investigation of facts and discovery brings to light any information responsive to the Demand for Production of Documents.

Responding Party relies upon well-established California authority to the effect that document requests cannot unilaterally be denominated as continuing in nature and Responding Party serves notice that he/she will not voluntarily provide further responses to these document requests if additional documents are acquired after these responses are served.  (See Smith v. Superior Court (1961) 189 Cal.App.2d 6.)

The inadvertent production of a document that is privileged, constitutes work-product, or is protected from disclosure by any other applicable doctrine or rule of law, shall not be deemed to waive the applicable privilege, doctrine, or rule of law with respect to that document, any other document, or subject matter or context of any such document.

This preliminary statement is incorporated by reference into each of the Responding Party's

responses.

## **GENERAL OBJECTIONS**

The following general objections are hereby incorporated by reference into each and every Response contained herein.

1. Responding Party objects to each and every request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document.

2. Responding Party objects to each and every request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine, and asserts the attorney-work product doctrine with respect to each such document.

3. Responding Party objects to each and every request to the extent that the request(s) seek documents which are equally available to the Propounding Party.  Responding Party has no duty to research matters equally available to both parties in response to discovery.  (Bunnell v. Superior Court (1967) 254 Cal.App.2d 720, 723-724.)  Responding Party has no duty to make inquiry of independent witnesses in order to respond to discovery. (Holguin v. Superior Court (1972) 22 Cal.App.3d 812, 821.)

4. Responding Party objects to each and every request to the extent that the request(s) seek documents which are not in the possession, custody or control of Responding Party.

5. Responding Party objects to each and every request to the extent that the request(s) exceeds the scope of necessary and appropriate discovery and are not reasonably calculated to lead to the discovery of admissible evidence.

6. Responding Party construes the request(s) as not seeking the production of any documents created as a result of the litigation such as, legal memoranda, pleadings, drafts of pleadings, attorneys' notes, letters, communications, or other documents that have come into existence

4

1
2
3
4
5
6
7
8

because of this litigation.  To the extent that the request(s) might be construed to seek the production of such documents, in addition to the aforementioned privilege objections, Responding Party objects to the request(s) on the grounds that they are overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

7.   Without waiving any of the foregoing objections, Responding Party responds to the requests as follows:

9

## **RESPONSES**

10

## **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

11
12
13

Please produce all DOCUMENTS that YOU believe support YOUR contention that the December 14, 2020 reinstatement quote contained "mystery charges" YOU refer to in paragraphs 36, 38, and 98 of the OPERATIVE COMPLAINT.

14

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

15
16
17
18
19
20
21
22
23
24

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).

25
26
27

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

28

5

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Please produce all DOCUMENTS which were used or relied upon to create the document entitled "AMI Financial Impact Report," which was attached as Exhibit B to Plaintiffs' Expert Witness Disclosure.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  In addition, this Request is oppressive and burdensome to Responding Party as it seeks documents equally available, but more accessible, to Propounding Party, and compliance with this request would be unreasonably difficult for Responding Party. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that "Plaintiffs' business AMI Staging" was damaged as a result of Defendant Seterus Inc.'s actions.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.  13:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Vague and

ambiguous as to "YOUR contention". Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that any tenant or tenants "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A). Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

7

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Please produce all DOCUMENTS which reflect proof of payment of rent prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who purportedly "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Vague and ambiguous. Overbroad and/or unlimited as to time. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Please produce all DOCUMENTS which reflect the amount of rent paid per month (in

8

U.S. Dollars) prior to the posted Notice(s) of Trustee's Sale by the tenant or tenants who purportedly "ceased making their rental payments for fear that the house [the Skislope Property] would be foreclosed and they would need to relocate," as referenced in paragraphs 34, 36, and 97 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Vague and ambiguous. Overbroad and/or unlimited as to time. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that attorney Michael Stoltzman "disclose[d] that he was not in fact authorized" to negotiate a comprehensive settlement, as referenced in paragraphs 35, 37, and 98 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  In addition, this Request is oppressive and burdensome to Responding Party as it seeks documents equally available, but more accessible, to Propounding Party, and compliance with this request would be unreasonably difficult for Responding Party. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  This Request seeks information protected by litigation privilege. This Request seeks confidential settlement communication. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Please produce any DOCUMENTS which show YOUR FICO CREDIT SCORE at any time between January 1, 2018, and January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. This Request seeks information in violation of Responding Party's right to privacy. This Request fails to describe with reasonable

10

particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A). Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

 Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

 Please produce any DOCUMENTS which show YOUR FICO CREDIT SCORE at any time between January 1, 2022, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

 Objection. This Request is not reasonably calculated to lead to the discovery of admissible information. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. This Request seeks information in violation of Responding Party's right to privacy. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A). Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

 Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Please produce all DOCUMENTS which YOU believe support YOUR contention that YOU suffered emotional distress and anxiety as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information. This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).   This Request seeks information in violation of Responding Party's right to privacy. Responding Party objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Please produce all DOCUMENTS which evidence that YOU sought or obtained any form of counseling (excluding legal counseling) in response to any "immense emotional distress and anxiety," as referenced in paragraph 39 of the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Objection.  This Request is not reasonably calculated to lead to the discovery of admissible information.  This Request fails to describe with reasonable particularity each item or category of items to be produced, in violation of F.R.C.P. Rule 34(b)(1)(A).  Responding Party

12

objects this request to the extent that the request(s) seek the disclosure of attorney-client privileged information, and Responding Party asserts the attorney-client privilege with respect to each document. This Request seeks information in violation of Responding Party's right to privacy. This Request is vague and ambiguous as to "any form of counseling". This response is overbroad and/or unlimited in time. Responding Party objects to this request to the extent that the request(s) seek the discovery of documents protected by the attorney work-product doctrine and asserts the attorney-work product doctrine with respect to each such document.

Subject to and without waiver of the foregoing objections, Plaintiffs will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

DATED: November 16, 2022            SHAPERO LAW FIRM, PC

                                     */s/ Sarah Shapero*
                                    Sarah Shapero, Esq.
                                    Attorney for Plaintiffs,
                                    TIMOTHY S. BOSTWICK,
                                    and MICHELE L. NESSIER

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On September 8, 2023, I served the within document(s) described as: **MOTION IN LIMINE NO. 2 BY DEFENDANT SETERUS, INC. TO EXLCUDE ANY UNDISCLOSED OR UNPRODUCED DOCUMENTS; DECLARATION OF MICHAEL W. STOLTZMAN JR.** on the interested parties in this action:

☒     by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel: (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Michael R. Brooks, Esq.<br>Hutchison & Steffen, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive,<br>Suite 200<br>Las Vegas, Nevada 89145 | Tel: (702) 385-2500<br>Fax: ***<br>Email:<br>mbrooks@hutchlegal.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Rachel Witcher<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel: (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>rwitcher@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒     **BY ELECTRONIC SERVICE** (Code Civ. Proc. § 1010.6) – My electronic service address is: hmorris@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒     (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 8, 2023, at Irvine, California.

_Heather Morris_
_____
HEATHER MORRIS

THE RYAN FIRM
A Professional Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On September 28, 2023, I served the within document(s) described as: **MOTION IN LIMINE NO. 2 BY DEFENDANT SETERUS, INC. TO EXLCUDE ANY UNDISCLOSED OR UNPRODUCED DOCUMENTS; DECLARATION OF MICHAEL W. STOLTZMAN JR.** on the interested parties in this action:

☒      by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Michael R. Brooks, Esq.<br>Hutchison & Steffen, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive,<br>Suite 200<br>Las Vegas, Nevada 89145 | Tel: (702) 385-2500<br>Fax: ***<br>Email:<br>mbrooks@hutchlegal.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Rachel Witcher<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>rwitcher@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒      **CM/ECF** (U.S. District Court, Northern District of California)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.  All parties who are not registered, if any, were served in the manner set forth above.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2023, at Irvine, California.


/s/ Rose Conway
ROSE CONWAY

THE RYAN FIRM
A Professional Corporation