1  Timothy M. Ryan, Bar No. 178059
2  Andrew J. Mase, Bar No. 300680
   Michael W. Stoltzman Jr., Bar No. 263423
3  THE RYAN FIRM
   A Professional Corporation
4  2603 Main Street, Suite 1225
   Irvine, CA 92614
5  Telephone (949) 263-1800; Fax (949) 872-2211
6
7  Attorneys for Defendant Seterus, Inc.
8
9
10              UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12
13
14  TIMOTHY S. BOSTWICK, an          )  CASE NO.: 3:21-cv-02560-LB
    individual; and MICHELE L.       )  Date Action Filed: April 8, 2021
15  NESSIER, an individual;          )
                                     )  Assigned for All Purposes to
16          Plaintiffs,              )  Hon. Laurel Beeler
                                     )  Courtroom B
17  vs.                              )
                                     )
18                                   )  **MOTION IN LIMINE NO. 3 BY**
19  SETERUS, INC., a business entity; )  **DEFENDANT SETERUS, INC. TO**
    US BANK, N.A., a business entity; )  **EXLCUDE ANY EVIDENCE OF**
20  SN SERVICING CORP, a business    )  **PLAINTIFFS' CLAIMED CREDIT**
    entity; and DOES 1 through 10,   )  **DAMAGES (I.E., LOST PROFITS OF**
21  inclusive,                       )  **PLAINTIFFS' SEPARATE BUSINESS**
                                     )  **ENTITY); DECLARATION OF**
22                                   )  **MICHAEL W. STOLTZMAN JR.**
23          Defendants.              )
                                     )  Date:      November 9, 2023
24                                   )  Time:      1:00 p.m.
25                                   )  Dept.:     B
                                     )
26                                   )  Trial Date:  December 18, 2023.
27                                   )
28  _____       )

**THE RYAN FIRM**
A Professional Corporation

**PLEASE TAKE NOTICE** that defendant Seterus, Inc. ("Seterus" or "Defendant") submits this motion in limine to exclude any evidence proffered by plaintiffs Michele Nessier and/or Timothy Bostwick ("Plaintiffs") at trial related to Plaintiffs' alleged "credit damages" (i.e., lost profits of Plaintiffs' separate business entity—AMI Staging).

DATED: September 8, 2023

THE RYAN FIRM
A Professional Corporation


By: _____
TIMOTHY M. RYAN
MICHAEL W. STOLTZMAN, JR.
Attorneys for Defendant Seterus, Inc.

THE RYAN FIRM
A Professional Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.  INTRODUCTION AND SUMMARY**

Defendant Seterus, Inc. ("Seterus" or "Defendant") submits this motion in limine to exclude any evidence proffered by plaintiffs Michele Nessier and/or Timothy Bostwick ("Plaintiffs") at trial related to Plaintiffs' alleged "credit damages" (i.e., lost profits).

Specifically, Defendant believes that Plaintiffs intend to prove damages in this case by arguing that Defendant's acts and/or omissions caused them to file bankruptcy, and that this bankruptcy filing somehow precluded Plaintiffs' separate business entity (i.e., AMI Staging) from obtaining loans (which had to be personally guaranteed by Plaintiffs), the proceeds from which would have led to $1-3M in additional profit to that entity.

However, **Plaintiffs did not disclose the required computation of this category of damages in their Initial Disclosures** pursuant to Federal Rules of Procedure, Rule 26.[1] Likewise, **Plaintiffs never supplemented their Initial Disclosures to provide this computation of damages**.  Further, Plaintiffs only cursorily disclosed that they were seeking $100,000.00 in "credit damages."  Defendant now believes that Plaintiffs seek the recovery of $1-3M for this category of damages at trial.  But, again, Plaintiffs never supplemented their disclosures to reveal this severe escalation in the sum of damages sought.  Plaintiffs cannot demonstrate any substantial justification for this failure.  Indeed, this case has been ongoing since 2019 and was not removed until 2+ years later in 2021. Plaintiffs' failure to comply with Rule 26 is simply inexcusable.

Plaintiffs must also be precluded from introducing evidence of their alleged "credit" damages (i.e., damages to their separate business entity—AMI Staging) as the Rosenthal Act only allows a debtor—i.e., a "natural person"—to recover damages.  Plaintiffs' separate business entity is not a natural person and was not the "debtor" on the subject loan. Thus, evidence of any damages to Plaintiffs' separate business entity must be excluded.

---

[1] Plaintiffs also failed to make available for inspection and copying all documents or other evidentiary material upon which this computation is allegedly based.  This failure is detailed separately in Defendant's Motion in Limine No. 2.

THE RYAN FIRM
A Professional Corporation

Plaintiffs' alleged "credit" damages (i.e., their separate business entity's purported lost profits) must also be excluded because they are far too speculative to be recoverable, particularly in the absence of any expert witness testimony regarding lending guidelines (Plaintiffs only designated one expert but he was subsequently excluded by court order).

Thus, Defendant respectfully requests that the Court grant its motion and exclude all evidence proffered by Plaintiffs related to alleged "credit damages" (i.e., lost profits).

## 2. PLAINTIFFS HAVE TOTALLY SHIRKED THEIR DUTIES UNDER RULE 26 AND ANY ALLEGED "CREDIT DAMAGES" MUST BE EXCLUDED

Plaintiffs tendered Initial Disclosures in this case that did not disclose the required computation of their claimed "credit damages" (i.e., lost profits to their separate business entity—AMI Staging).  And they never supplemented their Initial Disclosures to provide this calculation.  Further, Plaintiffs only disclosed that they were seeking $100,000.00 for this category of damages.  However, Defendant believes that Plaintiffs will seek $1-3M at trial for this category of damages.  But, again, Plaintiffs never disclosed this substantial increase at any point in the last 2.5 years since their Initial Disclosures were made.  As a result, and to avoid a clear case of prejudice to Defendant, Plaintiffs must be precluded from attempting to introduce any evidence of their claimed "credit damages" at trial; at the very least, Plaintiffs' recovery must be limited to $100,000.00.

Pursuant to Rule 26, every party to litigation must serve initial disclosures, which provides "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  FRCP, Rule 26(a)(1)(A)(iii); *Hewlett Packard Co. v. Factory Mut. Ins. Co.* (S.D. N.Y. 2006) 2006 WL 1788946, at *14 (explaining that "early disclosure of a party's damages computation provide[s] [the] opposing party with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinning of such a claim").

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

To satisfy Rule 26(a)(1)(A)(iii), the disclosing party must provide more than a lump sum statement of the damages allegedly sustained; to make the disclosure obligation meaningful, a more detailed specification of damages is required. *Silver State Broad., LLC v. Beasley FM Acquisition* (D. Nev. 2016) 2016 WL 320110, at *2; *City & County of San Francisco v. Tutor-Saliba Corp.* (N.D. Cal. 2003) 218 FRD 219, 221 ("the 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis"). For example, a plaintiff's disclosing "lump sums for each year of decline in its business and a lump sum for lost business opportunities" without "describ[ing] the assumptions required to calculate those lump sums" or "explain[ing] how it calculated its annual lost revenues, or how it calculated damages from lost business opportunities," is insufficient to comply with Rule 26. *Valley Surgical Ctr. v. Cty. of Los Angeles* (C.D. Cal. 2017) 2017 WL 10574240, at *3; *Ackerley Communications, Inc.* (S.D. N.Y. 2001) 2001 WL 15683 at *6, n. 6 (calculation of damages requires more than merely setting forth figure demanded); *Kleiner v. Burns* (D. Kan. 2000) 2000 WL 1909470 at *2 (defendant is entitled to a "specific computation" of damages).

Further, after initial disclosures are made, a party is under a duty to supplement or correct the disclosure to include later-acquired information. FRCP, Rule 26(e); *see, e.g., City & County of San Francisco v. Tutor-Saliba Corp.* (N.D. Cal. 2003) 218 FRD 219, 222 (as discovery proceeds, plaintiffs must supplement their initial damages disclosure to reflect the information obtained through discovery). The burden is not on the opposing party to request updated information as it becomes available. *Adams v. Teck Cominco Alaska, Inc.* (D. Alaska 2005) 231 FRD 578, 580.

A party that, without substantial justification, fails to disclose information required by Rule 26 is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. FRCP, Rule 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.* (9th Cir 2001) 259 F.3d 1101, 1106 – 07. Similarly, if a disclosing party fails to supplement its disclosures as required by Rule 26(e), that supplemental evidence is also subject to the sanction of exclusion under Rule

THE RYAN FIRM
A Professional Corporation

37(c)(1).  *See Adams v. Teck Cominco Alaska, Inc.* (D. Alaska 2005) 231 FRD 578, 581. This sanction is "self-executing" and "automatic."  FRCP Rule 37(c), Committee Note of 1993; *see also Olson v. Montana Rail Link, Inc.* (D. Mont. 2005) 227 FRD 550, 553.

As a result, **the burden is on the party attempting to avoid sanctions** to prove harmlessness and/or that the failure to disclose was substantially justified.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1106 – 07.

However, a party cannot meet that burden simply by arguing that it had not fully completed its investigation of the case at the time the disclosures were made.  FRCP, Rule 26(a)(1)(E).  Indeed, each disclosing party must conduct a sufficiently diligent investigation into the evidence it has or controls to permit it to disclose the information concerning each category of the required initial disclosures of which the party has or should have knowledge.  FRCP, Rule 26(a)(1)(E); *Lintz v. American Gen. Fin., Inc.* (D. Kan. Aug. 1999) 1999 U.S. Dist. LEXIS 12572, at *4 – 5.

This case was filed in January 2019 in the Superior Court of the State of California. Dec. of Stoltzman, at ¶ 3.  After SN Servicing Corporation was subsequently added as a defendant in this case, it removed this case to this Court in April 2021—2 years after the case was filed and after Plaintiffs had more than ample opportunity to investigate the facts of this case.  Dec. of Stoltzman, at ¶ 4.

On July 1, 2021, Plaintiffs served Initial Disclosures.  Therein, Plaintiffs disclosed:
Plaintiffs also seek monetary damages to compensate for the destruction of their credit. Plaintiffs cannot, at this time, fully compute the extent of these damages, but anticipate expert testimony will be used to determine what monetary value credit destruction has. Plaintiffs believe the destruction to credit has resulted in approximately $100,000.00 of damages from inability to obtain refinancing or other loans for personal and business use.  Plaintiffs will supplement disclosures with computation of damages as soon as the monetary value credit destruction is determined.
Dec. of Stoltzman, at ¶ 5, Exhibit 1.

4

And, despite this case being pending for 5 years, and their Initial Disclosures having been made more than 2.5 years ago, Plaintiffs **have never supplemented their Initial Disclosures**, as was required of them by Rule 26.  Dec. of Stoltzman, at ¶ 6.

Thus, Plaintiffs' disclosure is inadequate since it contains nothing more than a lump sum statement of the claimed damages.  Indeed, Plaintiffs do not describe how exactly Defendant's actions and/or omissions supposedly harmed their credit, much less resulted in "approximately $100,000.00 of damages from inability to obtain refinancing or other loans for personal and business use."  Plaintiffs further fail to describe **how** they calculated the claimed damages of $100,000.00.  *City & County of San Francisco v. Tutor-Saliba Corp.* (N.D. Cal. 2003) 218 FRD 219, 221.  As a result, Plaintiffs must be precluded from introducing any evidence regarding this category of damages at trial.

Similar facts were before the Court in *Grouse River Outfitters Ltd v. Oracle Corp.* (N.D. Cal. 2019) 2019 U.S. Dist. LEXIS 112869.  There, the defendant moved to exclude evidence of certain damages claimed by the plaintiff on the grounds that the plaintiff did not provide the computation of damages required by Rule 26(a)(1)(A)(iii).  In that case, the plaintiff produced an initial chart of claimed damages with its initial disclosures, updated that chart at a later time, and then subsequently produced a spreadsheet in support of its claimed damages.  However, the Court found that, despite the plaintiff's disclosure of the sum of certain amounts of damages, the plaintiff failed to provide any explanation for how the damages figures were calculated and what assumptions were relied upon to arrive at the damages figures; as a result, the plaintiff was precluded from introducing evidence pertaining to those categories of damages at trial.  *Id.* at *4 – 12; *Valley Surgical Ctr. v. Cty. of Los Angeles* (C.D. Cal. 2017) 2017 WL 10574240, at *3 (simply disclosing "lump sum" damages, without describing **how** that sum was calculated is insufficient to satisfy Rule 26).  The ruling in *Grouse* was appealed by the plaintiff but affirmed by the 9th Circuit.  *Grouse River Outfitters, Ltd. v. Oracle Corp.* (9th Cir. 2021) 2021 U.S. App. LEXIS 5756, *6 – 9 ("Rule 26(a)(1)(A)(iii) contemplates damages computation analysis **and** explanation . . . .  Here, both were lacking . . . .") (emphasis added).

**THE RYAN FIRM**
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

There is a plethora of authorities from this District and others that hold identically. *City & County of San Francisco v. Tutor-Saliba Corp.* (N.D. Cal. 2003) 2003 U.S. Dist. LEXIS 17306, *8 – 15 (excluding requested damages because plaintiff provided nothing more than a "lump sum statement of the damages allegedly sustained"); *Mariscal v. Graco, Inc.* (N.D. Cal. 2014) 2014 U.S. Dist. LEXIS 120182, *4 – 6 (excluding damages due to failure to provide required "computation" of damages); *Colombini v. Members of the Bd. of Dirs.* (N.D. Cal. 2001) 2001 U.S. Dist. LEXIS 13405, *24 – 26 (excluding damages when plaintiff merely disclosed the sum of claimed damages but "utterly failed to provide a calculation of those damages"); *Corwin v. Gorilla Cos. LLC* (D.C. Ariz. 2011) 454 B.R. 115, 119 – 20 (damages excluded when no "computation" was provided, regardless of whether it was ever requested pursuant to Rule 34); *City of Rome v. Hotels.com, L.P.* (11th Cir. 2013) 2013 U.S. App. LEXIS 24745, *22  26 (excluding undisclosed "computation" of damages, despite plaintiff's argument that their method of calculation was uncertain); *Am. Realty Trust, Inc. v. Matisse Partners, L.L.C.* (N.D. Tex. 2002) 2002 U.S. Dist. LEXIS 12560, *10 – 22 (excluding evidence of damages when plaintiff "failed to specify the calculation utilized to arrive at their $ 30 million damage figure" and "failed to provide complete information as to the elements that comprise their damage calculation").

Though Defendant is not required to demonstrate same, this has plainly prejudiced Defendant as it has been deprived of the opportunity to conduct discovery regarding Plaintiffs' claimed damages to their business entity—AMI Staging.  Dec. of Stoltzman at ¶ 7.  Further, Plaintiffs cannot demonstrate any substantial justification for their failure to provide the required "computation" in their Initial Disclosures—or to supplement their Initial Disclosures at any time in the last 2.5 years.

As a result, this category of damages must be excluded from trial.  At an absolute minimum, Plaintiffs must be limited to claiming no more than $100,000.00 for this category of alleged "credit damages."

/ / /

/ / /

**3.    PLAINTIFFS   CANNOT   RECOVER   DAMAGES   UNDER   THE
ROSENTHAL ACT FOR THEIR SEPARATE BUSINESS ENTITY'S LOST
REVENUE/PROFITS AS IT DOES NOT QUALIFY AS A "DEBTOR"**

Plaintiffs must also be precluded from introducing evidence of the lost profits suffered by their separate business entity (i.e., AMI Staging) because the Rosenthal Act only allows a debtor—i.e., a "natural person"—to recover damages.  Plaintiffs' separate business entity is not a "natural person" and was not the "debtor" on the subject loan.  As a result, evidence of any damages to Plaintiffs' separate business entity must be excluded.

Civil Code section 1788.30 provides that, a debt collector that violates the Rosenthal Act shall be liable to a "debtor" for "damaged sustained by the **debtor**" as a result of the violation.  Civ. Code § 1788.30, subd. (a) (emphasis added).  Civil Code section 1788.2 further defines the term "**debtor**" to mean a "**natural person** from whom a debt collector seeks to collect a consumer debt that is **due and owing or alleged to be due and owing from such person**."  Civ. Code § 1788.2, subd. (h) (emphasis added).

In this case, Plaintiffs' business entity (i.e., AMI Staging) does not qualify as a "debtor" because: (1) it is not a "natural person"; and (2) it is not the borrower of the loan and, thus, was not the subject of Defendant's purported collection efforts.

Indeed, the business entity at issue is an entity named AMI Staging and is either a corporation or limited liability company (Plaintiffs own two entities by this name, one of which is a corporation and one of which is a limited liability company—and Plaintiffs have, critically, not specified which business they are claiming suffered the alleged lost profits).  Dec. of Stoltzman at ¶ 8.  Either way, it is an entity in and of itself—completely distinct from Plaintiffs.  *Erkenbrecher v. Grant* (1921) 187 Cal. 7, 9 – 10 ("[A] corporation is an entity separate and distinct from its stockholders . . . ."); Corp. Code § 17701.04, subd. (a) ("A limited liability company is an entity distinct from its members").  And, this entity was not the borrower of the loan that is the subject of this action.  Rather, as Plaintiffs readily concede in the operative complaint, the loan was made to Plaintiffs—not any separate business entity (i.e., AMI Staging).  ECF No. 54, at ¶¶ 12 – 14.   As Plaintiffs' separate

THE RYAN FIRM
A Professional Corporation

business entity is not a "debtor" pursuant to the Rosenthal Act, Plaintiffs cannot recover any damages sustained by that entity—even if Defendant did violate the Rosenthal Act.

A similar situation was before the court in *Johnson v. Wells Fargo Home Mortg., Inc.* (D. Nev. 2008) 558 F.Supp.2d 1114.  Therein, an individual plaintiff sued a defendant for actual damages pursuant to the Fair Credit Reporting Act ("FCRA"); specifically, the plaintiff sought damages for losses suffered by their business and/or commercial entities (including lost profits and/or lost real estate opportunities) that were the result of denials of credit and increased interest rates and fees.  *Id.* at 1121 – 22.  Defendant, on the other hand, argued that such damages are not recoverable under the FCRA.  *Id.*  The court agreed, holding that such damages were not recoverable since FCRA limits damages caused to the "consumer" (i.e., the borrower individually, not his separate business entities)  *Id.* at 1122 – 23.  The court further noted that a "consumer" must "be an individual and cannot be a business or a group of people."  *Id.* at 1125.  Based on these basic principles of law, the *Johnson* court disallowed the plaintiff from recovering damages for, among other things:

- Increased interest rates and fees on a loan obtained by a business entity owned by plaintiff ("The FCRA only protects individual consumers, not business entities, and any damages associated with this loan were suffered by Vancouver R.E. Investments LLC, not Plaintiff as an individual consumer");

- Brokerage fees on loans made to an entity owned by plaintiff ("The FCRA only protects individual consumers, not business entities, thus any damages sustained by these business entities are not recoverable under the FCRA");

- Fees paid by companies owned by the plaintiff ("the FCRA only protects individual consumers and not business entities; therefore, any late fees incurred by Plaintiff's limited liability companies are not recoverable under the FCRA");

- Lost profits suffered by plaintiff's separate business entity because it could not obtain a loan to finance a lawsuit that would have allegedly increased the business' profits ("Plaintiff cannot claim consumer damages stemming from a lawsuit brought by his corporation");

THE RYAN FIRM
A Professional Corporation

- Extension fees on a loan obtained by one of plaintiff's separate business entities ("The FCRA only protects individual consumers, not business entities; thus, any fees paid or damages incurred by Tahoe Reno Development are not recoverable under the FCRA");

- Lost profits from the sale of properties by the plaintiff's separate business entity ("[A]ny anticipated profits and cash flow would have been realized by Plaintiff's limited liability companies and not Plaintiff.  And any losses associated with these sales would also have be realized by Plaintiff's limited liability companies, as well.  Because the FCRA only protects individual consumers, losses to Plaintiff's limited liability companies are not recoverable under the FCRA");

- Lost business opportunities ("Plaintiff is not entitled to business damages unrelated to his status as a consumer as the FCRA was designed to protect the individual consumer, not the individual's businesses");

*Johnson v. Wells Fargo Home Mortg., Inc.* (D. Nev. 2008) 558 F.Supp.2d 1114, 1127 – 32 (appealed and affirmed in part, and reversed in part—on other grounds).

Plaintiffs will likely attempt to draw a distinction between this authority—which interpreted the FCRA—and this case—which concerns the Rosenthal Act (a California-specific version of the Fair Debt Collection Practices Act).  However, there is no legitimate basis for any attempted distinction by Plaintiffs.

Indeed, both statutes are consumer protection statutes that are designed to protect consumers—not business entities.  Further, FCRA's statutory scheme is defined nearly identically to the Rosenthal Act; as a result, holdings concerning the applicability of FCRA are perfectly analogous to the Rosenthal Act.  Indeed, FCRA allows a "consumer" to recover any "actual damages sustained by the consumer."  15 U.S.C. §1681n, subd. (a)(1)(A); 15 U.S.C. §1681o, subd. (a)(1).  And the FCRA defines a "consumer" to be an "individual."  15 U.S.C. §1681a, subd. (c).  This is virtually identical to the Rosenthal Act, which only allows a "debtor" to recover damages, and defines a "debtor" as a "natural person."  Civ. Code § 1788.30, subd. (a); Civ. Code § 1788.2, subd. (h).

9

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

1   As a result, Plaintiffs cannot use their lone claim for a violation of the Rosenthal

2   Act to recover lost profits and/or business opportunities sustained by their separate business

3   entity—even if caused by any violation of the Rosenthal Act.  Indeed, the Rosenthal Act is

4   a consumer protection statute and Plaintiffs' separate business entity is not a "natural

5   person" and was not the borrower of the loan.  Thus, these damages must be excluded.

6   **4.    PLAINTIFFS'    SEPARATE    BUSINESS    ENTITY'S    LOST**

7   **REVENUE/PROFITS IS FAR TOO SPECULATIVE TO BE ADMISSIBLE**

8   Plaintiffs' alleged "credit" damages (i.e., their separate business entity's purported

9   lost profits) must also be excluded because they are far too speculative to be recoverable,

10   particularly in the absence of any expert witness testimony regarding lending guidelines

11   (Plaintiffs only designated one expert but he was subsequently excluded by court order).

12   "The general principle is that damages for the loss of prospective profits are

13   recoverable where the evidence makes reasonably certain their occurrence and extent."

14   *Sargon Enters., Inc. v. Univ. of S. Cal.* (2012) 55 Cal.4th 747, 773; *see Vestar Development*

15   *II, LLC v. General Dynamics Corp.* (9th Cir. 2001) 249 F.3d 958, 961 (lost profits claim

16   too speculative where plaintiff sought "future profits that it hoped to earn from the

17   shopping center it had planned to build on the parcel it was attempting to buy"); *Greenwich*

18   *S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 766 (finding lost profits claim too

19   speculative where the plaintiff assumed, rather than proved, the reasonable certainty of

20   future predicate events upon which the damages depended); *Beijing Ton Ren Tang (USA),*

21   *Corp. v. TRT USA Corp.* (N.D. Cal. 2011) 2011 U.S. Dist. LEXIS 135417 (finding that

22   "profits projected by [party]'s business plan are too speculative to meet the legal standard

23   of reasonable certainty necessary to support an award of damages for lost profits").

24   To meet the "reasonably certain" standard for recovering "lost profits" damages,

25   courts have generally required plaintiffs to prove that it is more likely than not (a greater

26   than 50% chance) that the projected consequence will occur.  *Onyx Pharms., Inc. v. Bayer*

27   *Corp.* (N.D. Cal. 2011) 863 F.Supp.2d 894, 901 – 05; *see also Wagner v. Apex Marine*

28   *Ship Mgmt. Corp.* (2000) 83 Cal.App.4th 1444, 1452.

THE RYAN FIRM
A Professional Corporation

Here, as discussed above, Plaintiffs' theory of "credit" damages is that Defendant's acts and/or omissions caused them to file bankruptcy, and that this bankruptcy filing somehow precluded Plaintiffs' separate business entity (i.e., AMI Staging) from obtaining loans (which had to be personally guaranteed by Plaintiffs), the proceeds from which would have led to $1-3M in additional profit to that entity.  However, these alleged "credit" damages (i.e., lost profits) are far too speculative to be recoverable.

A similar situation was presented in *Grouse River Outfitters Ltd. v. Oracle Corp.* (N.D. Cal. 2019) 2019 U.S. Dist. LEXIS 106402.  Therein, the defendant sought to exclude the plaintiff's alleged lost profits on several grounds, including the fact that there was no basis for opining whether the alleged lost profits were caused by the defendant, as opposed to other factors.  *Id.* at *23 – 24.  The court agreed, finding these opinions based on "'nothing more' than correlation" to be "speculative, unreliable, misleading to the court and jury, and properly excludable under Federal Rules of Evidence 702 and 403."  *Id.* at *25; *see also Oculu, LLC v. Oculus VR, Inc.* (C.D. Cal. 2015) 2015 U.S. Dist. LEXIS 182768 (excluding lost profits damages where opinion on timing correlation and did not consider, much less rule out, other possible causes for drop in website traffic).

Also, in *Magnetar Techs. Corp. v. Intamin, Ltd.* (9th Cir. 2015) 801 F.3d 1150, the defendant sought to exclude testimony about "lost profits" where the witness did not testify about what portion of the alleged lost profits could be attributed to the defendant versus other sources.  *Id.* at 1159.  The court agreed, noting that "[s]everal other factors could have contributed to Magnetar's losses, such as the decline in profits in the amusement ride business, or the decline of the U.S. economy generally").  *Id.*  The court noted that, without such evidence, it would be "impossible" for a fact-finder to estimate the alleged lost profits. *Id.* at 1159 – 60.  The court also noted that a mere "correlation" does not suffice.  *Id.*

These opinions are virtually identical to this case as Plaintiffs cannot testify—as lay witnesses—that it was "reasonably certain" (i.e., at least more than 50% probable)—that: (1) Defendant's acts and/or omissions were the cause of their bankruptcy filing (as opposed to Plaintiffs' years' long default on the loan, failure accept several prior loan modifications,

and failure to cure their arrears on the loan); (2) Defendant's acts and/or omissions were the sole cause of their alleged inability to get a loan (i.e., that Plaintiffs were barred as a matter of law from obtaining a business loan simply because they had a bankruptcy on their record, that any alleged failure to or inability to obtain a loan was not simply the result of Plaintiffs' failure—for several years—to make payments on both their principal residence and the subject property, and that they could not have obtained a loan from **any** lender; and (3) that, if Plaintiffs had been able to obtain the subject loan, they would have been able to exponentially grow their business to the tune of $1-3M in additional profits (this failure is especially notable as Plaintiffs cannot present testimony regarding what effect the COVID-19 pandemic or the general economic decline had on their business).

The speculative nature of Plaintiffs' alleged damages is further bolstered by the fact that they have not retained any expert witnesses to testify about their creditworthiness and/or lending guidelines. Thus, Plaintiffs cannot establish that, based on Plaintiffs' then-existing credit, they would have been able to obtain a loan **but for the foreclosure** (i.e., that the reason Plaintiffs could not obtain a loan was due to Defendant's loan servicing and the resulting foreclosure proceedings). Indeed, Plaintiffs cannot provide what would be expert testimony regarding the general lending community's underwriting guidelines and, thus, prove that they would have been able to get a loan absent the foreclosure.

As a result, Plaintiffs' alleged "credit" damages (i.e., lost profits to their business) must be additionally excluded on the grounds that they are far too speculative.

## 5. DEFENDANT MET AND CONFERRED WITH PLAINTIFFS PRIOR TO FILING THIS MOTION IN LIMINE

Prior to filing this motion in limine, Defendant's counsel met and conferred with Plaintiffs' counsel on the issue(s) addressed by this motion in limine; however, Plaintiffs' counsel refused to stipulate to the relief sought in this motion. Dec. of Stoltzman at ¶ 9.

/ / /

/ / /

/ / /

THE RYAN FIRM
A Professional Corporation

1

## 6.    CONCLUSION

2

For the foregoing reasons, Defendant respectfully requests that the Court grant its

3

motion and exclude any evidence proffered by plaintiffs Michele Nessier and/or Timothy

4

Bostwick ("Plaintiffs") at trial related to Plaintiffs' alleged "credit damages" (i.e., lost

5

profits of Plaintiffs' separate business entity—AMI Staging).

6

7

DATED: September 8, 2023                    THE RYAN FIRM
                                           A Professional Corporation

8

9

By:_____

10

TIMOTHY M. RYAN

11

MICHAEL W. STOLTZMAN, JR.
Attorneys for Defendant Seterus, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities

**THE RYAN FIRM**
A Professional Corporation

**THE RYAN FIRM**
A Professional Corporation

**<u>DECLARATION OF MICHAEL W. STOLTZMAN JR.</u>**

I, Michael W. Stoltzman Jr., declare:

1.     I am an attorney admitted to practice law in the State of California.

2.     I am an attorney at The Ryan Firm, attorneys of record herein for defendant Seterus, Inc. ("Seterus" or "Defendant"), and I have day-to-day dealings on this matter.  If called to testify in this action, I could and would testify competently to all matters contained in this declaration based upon my own personal knowledge.

3.     This case was originally filed in January 2019 in the Superior Court of the State of California.

4.     After SN Servicing Corporation was added as a defendant in 2021, it removed the case to this Court in April 2021—2 years after the case was filed and after Plaintiffs had more than ample opportunity to investigate the facts of this case.

5.     On July 1, 2021, Plaintiffs served their Initial Disclosures.  A true and correct copy of these Initial Disclosures is attached hereto as Exhibit 1 and is incorporated herein by reference.

6.     Despite this case being pending for 5 years, and their Initial Disclosures having been made more than 2.5 years ago, Plaintiffs **<u>have never supplemented their Initial Disclosures</u>**, as was required of them by Rule 26.

7.     Plaintiffs' failure to properly disclose their alleged "credit" damages has prejudiced Defendant as it has been deprived of the opportunity to conduct discovery regarding Plaintiffs' claimed damages to their business entity—AMI Staging.

8.     The business entity for which Plaintiffs' claim "credit" damages (i.e., lost profits) is an entity named AMI Staging and is either a corporation or limited liability company (Plaintiffs own two entities by this name, one of which is a corporation and one of which is a limited liability company—and Plaintiffs have, critically, not specified which business they are claiming suffered the alleged lost profits).

9.     Before filing this motion, I met and conferred with Plaintiffs' counsel regarding the issue(s) addressed by this motion in limine.  During these discussions, I

1

Declaration of Michael W. Stoltzman Jr.

requested that Plaintiffs stipulate to the relief requested by this motion.  However, after meeting and conferring, I was not able to obtain a stipulation to the exclusion of the evidence that is the subject of this motion, thus necessitating this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 8th day of September, 2023, at Tahoe Vista, California.

_____

MICHAEL W. STOLTZMAN JR., DECLARANT

THE RYAN FIRM
A Professional Corporation

2

# EXHIBIT 1

# EXHIBIT 1

MATTHEW D. MELLEN (BAR NO. 233350)
RAMONCHITO DE CASTRO (BAR NO. 332595)
MELLEN LAW FIRM
1050 MARINA VILLAGE PARKWAY, SUITE 102
ALAMEDA, CA 94501
TELEPHONE: (510) 263-9638
FACSIMILE: (510) 995-8279
EMAIL: EMAIL@MELLENLAWFIRM.COM

Attorneys for Plaintiff
TIMOTHY S. BOSTWICK
MICHELLE L. NESSIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual; <br><br> Plaintiffs, <br><br> v. <br><br> SETERUS, INC., a business entity; DOES 1 THROUGH 10 INCLUSIVE, <br><br> Defendants. | Case No. 3:21-CV-02560-LB <br><br> **PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)** |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs TIMOTHY S. BOSTWICK and MICHELLE L. NESSIER make the following initial disclosures.  Plaintiffs have not completed their investigation into this matter and discovery has not been concluded. The following disclosures are based on the information presently available to Plaintiffs based on their current understanding of the claims as asserted herein.  Plaintiffs reserve the right to supplement or modify these disclosures and to use any additional information, witnesses, or evidence at any time, up to and including trial, as the parties elaborate on the allegations or identify witnesses, new information is discovered, or new claims or theories are developed.

(1)     **Names and Contact Information of Witnesses and individuals likely to have discoverable information (Fed. R. Civ. P. 26(a)(1)(A))**

The following persons are likely to have discoverable information Plaintiff may use to support its claims or defenses, unless the use would be solely for purposes of impeachment:

(a)     Timothy Bostwick, Plaintiff.  Mr. Bostwick has information regarding Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans. Mr. Bostwick can be contacted through his attorneys Matthew Mellen, Ramonchito De Castro, and Allison Erggelet of the Mellen Law Firm, located at 1050 Marina Village Parkway, Ste. 102, Alameda, CA 94501.  Plaintiff's counsel can also be contacted via telephone at (510) 263-9638.

(b)     Michelle Nessier, Plaintiff.  Mrs. Nessier has information regarding Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans.  Mrs. Nessier can be contacted through her attorneys Matthew Mellen, Ramonchito De Castro, and Allison Erggelet of the Mellen Law Firm, located at 1050 Marina Village Parkway, Ste. 102, Alameda, CA 94501.  Plaintiff's counsel can also be contacted via telephone at (510) 263-9638.

(c)     Ghidotti Berger. Erica Loftis has information regarding communications

pertaining to the property, specifically, regarding status during Bankruptcy and Notice of Trustees Sale. Contact information unknown.

(d) Bank of America, N.A. BANA has information regarding origination of the Subject Loan payments, other loan payments, communications with Defendants and other individuals concerning the Loans. Contact information unknown.

(e) Federal National Mortgage Association. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(f) PLM Loan Management Services, Inc. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(g) MTGLQ Investors, L.P. Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

(h) U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust. Should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(i) Seterus, Inc. Should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(j) SN Servicing Corporation. Jordan (last name unknown) should have knowledge of the veracity of the allegations in the complaint. Can be contacted through counsel.

(k) Any unknown persons with knowledge of the servicing of the loan, Plaintiffs' alleged damages, and/or the allegations pled in the complaint (including, but not limited to, prior tenants of the subject property). Should have knowledge of the veracity of the allegations in the complaint. Contact information unknown.

Plaintiff reserves the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

**2. Documents and Things in Possession (Fed. R. Civ. P. 26(a)(1)(B))**

All the below-referenced categories of documents are in the possession, custody and/or control of Plaintiffs. Copies of these documents will be provided for inspection and/or copying upon request.  Plaintiff reserves the right to supplement this list if discovery reveals additional documents supporting Plaintiff's claims.

(a)     Loan origination documents

(b)     Phone call logs from the relevant period

(c)     Emails from the relevant period

(d)     Deed of Trust

(e)     Tax Returns and financial statements

(f)     Notice of Trustee's Sale

(g)     Foreclosure-related documents

(h)     Bank account statements

(i)     Correspondence from Loan Servicers regarding the Loans

(j)     All documents evidencing any receipts of rental income related to the subject property

Plaintiffs reserve the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

**3**. **Computation of damages (Fed. R. Civ. P. 26(a)(1)(C))**

A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiffs are seeking the following damages:

(a)     Plaintiffs seek attorneys' fees that will be determined at trial.

(b)     Plaintiffs also seek monetary damages for potential loss of property. Plaintiffs cannot, at this time, fully compute the extent of these damages, however, Plaintiffs

1    will supplement disclosures with computation of damages as soon as the monetary

2    value is determined.

3    (c)    Plaintiffs also seek monetary damages to compensate for the destruction of their

4    credit.  Plaintiffs cannot, at this time, fully compute the extent of these damages,

5    but anticipate expert testimony will be used to determine what monetary value

6    credit destruction has. Plaintiffs believe the destruction to credit has resulted in

7    approximately $100,000.00 of damages from inability to obtain refinancing or

8    other loans for personal and business use. Plaintiffs will supplement disclosures

9    with computation of damages as soon as the monetary value credit destruction is

10    determined.

11    (d)    Plaintiffs seek monetary damages for emotional distress resulting from the

12    complained of allegations. Plaintiffs have suffered severe emotional distress as a

13    result of Defendants' conduct. Plaintiffs cannot, at this time, compute the extent of

14    these damages, but anticipates expert testimony will be used to provide a monetary

15    value to Plaintiff's emotional distress and physical damages.  Plaintiffs will

16    supplement disclosures with computation of damages as soon as the monetary

17    value of their emotional distress is determined.

18    (e)    Plaintiffs seek punitive damages.  Plaintiffs cannot, at this time, compute the

19    extent of these damages but will supplement disclosures with computation of

20    punitive damages as soon as the monetary value of their punitive damages is

21    determined.

22

23    Plaintiffs reserve the right to supplement this list if discovery reveals additional categories

24    of damages or materials bearing on the nature and extent of the injuries suffered.

25

26    **4**. **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(D))**

27

28

1       Plaintiffs are not aware of any insurance agreements that may be liable to satisfy part or

2   all of a judgment that may be entered in the action to indemnify or reimburse for payments made

3   to satisfy the judgment.

4

5       Dated: July 1, 2021                                Respectfully submitted,

6                                                           MELLEN LAW FIRM

7

8                                                               /s/ Matthew Mellen

9                                                           By: Matthew Mellen
                                                            Attorney for Plaintiffs
10                                                          TIMOTHY S. BOSTWICK
                                                            MICHELLE L. NESSIER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

        I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I
am employed in the City of San Francisco California; my business address is Mellen Law Firm,
1050 Marina Village Parkway, Suite 102, Alameda, CA 94501.

4

5

        On July 1, 2021 I served the following documents described as:

6

        **PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)**

7

on the interested parties in this action by attaching true and correct copies thereof to electronic
message addressed as follows:

8

9

Michael W. Stoltzman, Jr.                          Shannon C. Williams
THE RYAN FIRM                                      Katelyn M.W. Burnett

10

A Professional Corporation                         GHIDOTTI | BERGER, LLP
2603 Main Street, Suite 1225                       1920 Old Tustin Avenue

11

Irvine, CA 92614                                   Santa Ana, CA 92705

12

mstoltzman@theryanfirm.com                         kburnett@ghidottiberger.com

13

*Counsel for Defendant Seterus, Inc.*             *Counsel for Defendants SN Servicing Corp.*
                                                  *and U.S. Bank Trust National Association,*

14

                                                  *As Trustee of the Chalet Series III Trust*

15

16

        **[X] ONLY BY ELECTRONIC SERVICE.** By personally emailing the
document(s) to the persons at the e-mail address(es) listed below.  Service is based

17

on CCP 1010.6(e)(1), which states: "A party represented by counsel, who has
appeared in an action or proceeding, shall accept electronic service of a notice or

18

document that may be served by mail, express mail, overnight delivery, or facsimile
transmission. Before first serving a represented party electronically, the serving

19

party shall confirm by telephone or email the appropriate electronic service address
for counsel being served."

20

21

        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed  July 1, 2021 in Alameda, California.

22

23

         _/s/ Matthew Mellen_____
         MATTHEW MELLEN

24

25

26

27

28

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On September 8, 2023, I served the within document(s) described as: **MOTION IN LIMINE NO. 3 BY DEFENDANT SETERUS, INC. TO EXLCUDE ANY EVIDENCE OF PLAINTIFFS' CLAIMED CREDIT DAMAGES (I.E., LOST PROFITS OF PLAINTIFFS' SEPARATE BUSINESS ENTITY); DECLARATION OF MICHAEL W. STOLTZMAN JR.** on the interested parties in this action:

☒      by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Michael R. Brooks, Esq.<br>Hutchison & Steffen, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive,<br>Suite 200<br>Las Vegas, Nevada 89145 | Tel: (702) 385-2500<br>Fax: ***<br>Email:<br>mbrooks@hutchlegal.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Rachel Witcher<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>rwitcher@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒      **BY ELECTRONIC SERVICE** (Code Civ. Proc. § 1010.6) – My electronic service address is:  hmorris@theryanfirm.com. I transmitted true and correct electronic copies of the above document(s) to the persons at the electronic mail addresses listed above and said transmission was completed without error.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 8, 2023, at Irvine, California.

_Heather Morris_
HEATHER MORRIS

THE RYAN FIRM
A Professional Corporation

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On September 28, 2023, I served the within document(s) described as: **MOTION IN LIMINE NO. 3 BY DEFENDANT SETERUS, INC. TO EXLCUDE ANY EVIDENCE OF PLAINTIFFS' CLAIMED CREDIT DAMAGES (I.E., LOST PROFITS OF PLAINTIFFS' SEPARATE BUSINESS ENTITY); DECLARATION OF MICHAEL W. STOLTZMAN JR.** on the interested parties in this action:

☒      by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Michael R. Brooks, Esq.<br>Hutchison & Steffen, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive,<br>Suite 200<br>Las Vegas, Nevada 89145 | Tel: (702) 385-2500<br>Fax: ***<br>Email:<br>mbrooks@hutchlegal.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Rachel Witcher<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>rwitcher@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒      **CM/ECF** (U.S. District Court, Northern District of California)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.  All parties who are not registered, if any, were served in the manner set forth above.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2023, at Irvine, California.


/s/ Rose Conway
ROSE CONWAY

THE RYAN FIRM
A Professional Corporation