Shannon C. Williams, Esq. (SBN 196787)
Katelyn M.W. Burnett, Esq. (SBN 290812)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: kburnett@ghidottiberger.com

MICHAEL R. BROOKS, ESQ. (SBN 167315)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: 702.385.2500
E-Mail: mbrooks@hutchlegal.com

Attorneys for Defendant SN SERVICING CORPORATION and US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST (erroneously sued as US Bank, N.A.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, individual;<br><br>Plaintiffs,<br>v.<br><br>SETERUS, INC., a business entity; DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | CASE NO.: 3:21-cv-02560-LB<br><br>**DEFENDANT SN SERVICING CORPORATION'S PRE-TRIAL MEMORANDUM** |

### I. INTRODUCTION

This is a case represents a years-long attempt by Plaintiffs TIMOTHY BOSTWICK and MICHELE NESSIER (together, "Plaintiffs") to delay foreclosure proceedings in connection with

their vacation rental property located at 14049 Skislope Way, Truckee, California 96161 ("Subject Property"). The Third Amended Complaint alleges a sole cause of action against SN SERVICING CORPORATION ("SN"): (1) Violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Claim").

The Rosenthal Claim fails on multiple levels. First, Plaintiffs cannot prove a violation of the Rosenthal Act. The sole claim is that SN provided an inaccurate reinstatement quote in December 2020. Plaintiffs have no evidence in support of their contention that the reinstatement quote was inaccurate. Second, even if a mistake were made in the calculation of the December 2020 reinstatement quote, Plaintiffs' loan is not a "consumer debt" as anticipated by the Rosenthal Act. The Rosenthal Act specifically does not apply to rental properties. Plaintiffs' underlying loan application, as well as their bankruptcy petitions reflect that they are residents of San Francisco and the Subject Property is a rental.

Finally, Plaintiffs are not able to show that they suffered actual damages by filing bankruptcy. Rather, the Plaintiffs' filing of bankruptcy is a superseding cause of damage that precludes actual damage liability of the defednants.

1.  **FACTUAL BACKGROUND**

On or about June 20, 2013, Plaintiffs obtained a $403,350.00 mortgage loan secured by the Subject Property, by executing a promissory note ("Note") secured by a recorded Deed of Trust ("DOT") (obligations under the Note and DOT are collectively referred to as the "Loan").

On or about July 27, 2018, a Notice of Default ("NOD") was recorded against the Subject Property by then Trustee and non-party to this action, PLM Loan Management Services, Inc., stating that Plaintiffs were in default of the Loan as of April 1, 2017.

In January 2019, servicing of the Loan was transferred to SN from Defendant SETERUS INC ("Seterus"). Plaintiffs' TAC acknowledges that they received notice of the transfer of servicing prior to the transfer and at the time of transfer. Nonetheless, Plaintiffs continued to contact and negotiate with Seterus and Seterus' counsel with respect to the Loan. (TAC, at ¶ 98.)

On or about November 18, 2020, a Notice of Trustee's Sale ("NOTS") was recorded in the Official Records of Nevada County, stating an unpaid balance of $447,255.50 and setting the sale

for January 4, 2021. This is the only NOTS that has been recorded against the Subject Property by SN.

In the Second Amended Complaint ("SAC"), Plaintiffs allege that they requested a reinstatement quote for the Loan from SN on December 11, 2020 and SN complied with that request on December 21, 2020. (SAC, ¶ ¶ 46, 49.) The SAC specifically states that Plaintiffs made "a total of thirty-three (33) calls to Defendant SN SERVICING, leaving at least three voicemails for the employee who handles reinstatements to request a reinstatement quote." (SAC, ¶ 46.) The SAC also specifically states that "Plaintiff finally received a reinstatement quote from Defendant SN SERVINCING on or around December 21, 2020." (SAC, ¶ 49.)

Alternatively, the TAC, the operative pleading in this matter, alleges that Plaintiffs received a reinstatement quote on December 14, 2020. (TAC, ¶¶ 36, 38, 98.) The SAC does not contain allegations that Plaintiffs made repeated unanswered requests for reinstatement from SN. Rather, the sole allegation asserted against SN is that upon receiving the reinstatement quote, Plaintiffs thought that the statement was incorrect.

At no time prior to initiating litigation or filing the most recent bankruptcy did Plaintiffs reach out to SN to inquire as to the accuracy of the reinstatement quote. At no time have Plaintiffs provided any information on what they contend is incorrect in the reinstatement quote.

## 2. PLAINTIFFS CANNOT WIN ON THE MERITS OF THEIR CASE.

### a. The Loan Is Not A Consumer Debt

The Rosenthal Act makes it a violation of the Rosenthal Act to violate any portion of the Federal Debt Collection Practices Act ("FDCPA"). In essence, the Rosenthal Act "borrows" the provisions of the FDCPA. The purpose of the Rosenthal Act is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." (Civ. Code § 1788.1, subd. (b).) The Rosenthal Act therefore requires that "every debt collector collecting or attempting to collect a consumer debt" comply with the FDCPA. (Civ. Code § 1788.17.) By its explicit terms, the Rosenthal Act only regulates debt collectors that are "collecting or attempting to collect a consumer debt." (Civ. Code § 1788.17.) The same is true with respect to the FDCPA. (15 USCS § 1692, subd. (e).)

"It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." (*Id.*)

The term "consumer debt" is defined as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." (Civ. Code § 1788.2, subd. (f).) Likewise, the FDCPA defines the term consumer "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." (15 U.S.C.S. § 1692a, subd. (5).)

The Rosenthal Act and the FDCPA can be applied to loans secured by real property, but only when the property is the borrower's principal residence. However, the same is not true when the loan secures property that is not the borrower's residence and, instead, is a vacation home or a rental property. (*Aniel v. Litton Loan Servicing, LP*, No. C 10-00951 SBA, 2011 WL 635258, at *4 (N.D. Cal. Feb. 11, 2011)(" Since the debt at issue was incurred in connection with a rental property, as opposed to a personal, family or household purpose, the FDCPA has no application here."); *Herschelman v. New Century Mortg. Corp.*, No. CV 09-00461 DAE-KSC, 2010 WL 4448224, at *5 (D. Haw. Oct. 29, 2010) ("real or personal property used for other purposes, such as commercial rental property, is not applicable under the requirements of these statutes"); *Sparlin v. Select Portfolio Servicing, Inc.,* No. CV 11-00240-TUC-CKJ, 2012 WL 527486, at *10 (D. Ariz. Feb. 17, 2012) ("Because indebtedness obtained for investment purposes is not considered a consumer debt under the FDCPA").)

District Courts in other judicial districts have adopted a similar approach to that of the Ninth Circuit. (*Fischer v. Fed. Nat'l Mortg. Ass'n*, 302 F. Supp. 3d 1327, 1332 (S.D. Fla. 2018) (dismissing FDCPA claim because "Plaintiff incurred the debt in question in furtherance of his real estate investment business and not for a personal, family, or household purpose"); *Piper v. Portnoff L. Assocs.*, 215 F.R.D. 495, 502 (E.D. Pa. 2003) (FDCPA does not apply to debts incurred on rental properties).

Plaintiffs have repeatedly conceded, the loan serviced by SN relates to the Subject Property, which Plaintiffs rent to third parties; the Subject Property is not Plaintiffs' principal residence. Indeed, Plaintiffs' principal residence is located in San Francisco as, evidenced by their filing in this matter and chosen venue.[1] Thus, since the Subject Loan of this litigation does not pertain to Plaintiffs' primary residence, but rather to a vacation rental located in Truckee, California, the TAC does not allege an attempt to collect on a "consumer debt" as anticipated by the Rosenthal Act and the FDCPA. As a result, SN's activities in foreclosing on the Subject Loan cannot form the basis of any claim under the Rosenthal Act or the FDCPA. Accordingly, Plaintiffs cannot maintain a violation of the Rosenthal Act pursuant to the Subject Loan as it is secured by a vacation property.

### b. The Reinstatement Quote Provided to Plaintiffs Is Accurate

Plaintiffs allege that SN violated the FDCPA, and therefore the Rosenthal Act, by providing an incorrect reinstatement quote on December 14, 2020, stating that it was "incorrect with mystery charges and missing bankruptcy payments."

To prevail on a claim for a violation of the Rosenthal Act, a plaintiff must allege and prove that: (1) the plaintiff is a "debtor"; (2) the debt is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) the defendant violated a provision of the Rosenthal Act. *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11.

The Rosenthal Act makes a variety of different debt collection activities unlawful. Pertinent to this case, Civil Code section 1788.17 makes it a violation of the Rosenthal Act to violate sections 1692b through 1692j of the Federal Fair Debt Collection Practices Act (the "FDCPA"). Civ. Code § 1788.17. The FDCPA states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2)(A) the false representation of—the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

---

[1] Plaintiffs' primary residence being in San Francisco has been established in numerous other court filings as well. This includes Plaintiffs' January 7, 2019 Voluntary Bankruptcy Petition, the amended bankruptcy schedules in that matter.

However, the record will show that Plaintiffs have no evidence that would satisfy their burden of proving that the reinstatement that they received was "false, deceptive or misleading." In fact, SN Servicing will show that its reinstatement quote was consistent with all of the mortgage statements that were sent near the time of the reinstatement quote. Moreover, the reinstate quote was consistent with the amount claimed in the bankruptcy proofs of claim.

Importantly, neither of the Plaintiffs filed an objection to the Proofs of Claim filed by SN Servicing. In the end, there is no basis to find that the reinstatement quote provided was inaccurate, false or misleading representation of Plaintiffs' debt at the time of issuance.

### c. Plaintiffs' bankruptcy filing was a superseding cause of their damages.

A superseding cause relieves a defendant from tort liability for a plaintiff's injuries, if both the intervening act and the results of the act are not foreseeable. "[W]hat is required to be foreseeable is the general character of the event or harm ... not its precise nature or manner of occurrence." (*Bigbee v. Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 57–58, 192 Cal.Rptr. 857, 665 P.2d 947.) "Whether an intervening force is superseding or not generally presents a question of fact, but becomes a matter of law where only one reasonable conclusion may be reached. [Citation.]" (*Chanda v. Federal Home Loans Corp*. (2013) 215 Cal.App.4th 746, 756, 155 Cal.Rptr.3d 693; see also *Perez v. VAS S.p.A.* (2010) 188 Cal.App.4th 658, 680–681, 115 Cal.Rptr.3d 590.) *Ash v. N. Am. Title Co.*, 223 Cal. App. 4th 1258, 1274, 168 Cal. Rptr. 3d 499, 511 (2014).  Critical to this case is the fact that the Plaintiffs bankruptcy filings were of their own doing. California courts have held that the filing of a bankruptcy may act as a superseding cause of a plaintiffs' damages. *Ash v. North American Title Co.* 223 Cal.App.4th 1258, 1274 (2014).

In the present case, the Plaintiffs filed voluntary bankruptcy petitions. Moreover, they each pursued the bankruptcies to obtain confirmation orders which restructured their debts. Significantly, Plaintiff Nessier obtained a confirmation order in her Chapter 11 which extended the maturity date of the Loan to 40 years. The Nessier bankruptcy petition did not cause them harm, it resulted in a significant benefit to the Plaintiffs. Moreover, if there was any harm to their credit, the harm was the result of the fact that they filed bankruptcy and remained in bankruptcy while they pursued their plans of reorganization.

Moreover, bankruptcy was not the only option for the Plaintiffs. Significantly, the Plaintiffs had this lawsuit pending in the State Court when the bankruptcies were filed. In each situation, if they believed that they were not receiving accurate payment information they could have sought a restraining order or an injunction to prevent the foreclosure of the Skislope Property. The Plaintiffs did not. Rather, they filed bankruptcy and obtained significant benefits as a result of their filing.

### d. Plaintiffs are barred from recovering business profit losses.

Plaintiffs must also be precluded from introducing evidence of the lost profits suffered by their AMI Staging because the Rosenthal Act only allows a debtor—i.e., a "natural person"—to recover damages. Plaintiffs' separate business entity is not a "natural person" and was not the "debtor" on the subject loan. As a result, evidence of any damages to Plaintiffs' separate business entity must be excluded.

Civil Code section 1788.30 provides that, a debt collector that violates the Rosenthal Act shall be liable to a "debtor" for "damaged sustained by the debtor" as a result of the violation. Civ. Code § 1788.30, subd. (a) (emphasis added). Civil Code section 1788.2 further defines the term "debtor" to mean a "natural person from whom a debt collector seeks to collect a consumer debt that is due and owing or alleged to be due and owing from such person." Civ. Code § 1788.2, subd. (h) (emphasis added).

In this case, Plaintiffs' business entity (i.e., AMI Staging) does not qualify as a "debtor" because: (1) it is not a "natural person"; and (2) it is not the borrower of the loan and, thus, was not the subject of Defendant's purported collection efforts.

Similarly, the Federal FCRA's statutory scheme is defined nearly identically to the Rosenthal Act; as a result, holdings concerning the applicability of FCRA are perfectly analogous to the Rosenthal Act. Indeed, FCRA allows a "consumer" to recover any "actual damages sustained by the consumer." 15 U.S.C. §1681n, subd. (a)(1)(A); 15 U.S.C. §1681o, subd. (a)(1). And the FCRA defines a "consumer" to be an "individual." 15 U.S.C. §1681a, subd. (c). This is virtually identical to the Rosenthal Act, which only allows a "debtor" to recover damages, and defines a "debtor" as a "natural person." Civ. Code § 1788.30, subd. (a); Civ. Code § 1788.2, subd. (h).

Under any scenario the Plaintiffs cannot claim damages to a separate entity as part of their Rosenthal Act claims.

**3. CONCLUSION**

SN and its investor are prepared to settle this matter on the basis of reinstatement or payoff. If that is unacceptable to Plaintiffs, SN is prepared to litigate this matter. Plaintiffs have not made any kind of settlement demand and have been uncooperative in responding to discovery seeking information as to the basis of their claims.

Respectfully submitted,

DATED: September 27, 2023	**GHIDOTTTI | BERGER, LLP**

   /s/ Katelyn M.W. Burnett_____
Katelyn M.W. Burnett, Esq.

**HUTCHISON & STEFFEN, PLLC**

   /s/ Michael Brooks_____
Michael Brooks, Esq.

Attorneys for Defendant SN SERVICING CORPORATION and U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET SERIES III TRUST (erroneously sued as US BANK, N.A.)