Timothy M. Ryan, Bar No. 178059
Andrew J. Mase, Bar No. 300680
Michael W. Stoltzman Jr., Bar No. 263423
THE RYAN FIRM
A Professional Corporation
2603 Main Street, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>   Plaintiffs,<br><br>vs.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive,<br><br>   Defendants. | CASE NO.: 3:21-cv-02560-LB<br>Date Action Filed: April 8, 2021<br><br>Assigned for All Purposes to<br>Hon. Laurel Beeler<br>Courtroom B<br><br>**DEFENDANT SETERUS, INC.'S SEPARATE MEMORANDUM ON CONCLUSIONS OF LAW**<br><br>Trial Date: December 18, 2023. |

THE RYAN FIRM
A Professional Corporation

1

# TABLE OF CONTENTS

1.  **WHETHER PLAINTIFFS COMPLIED WITH FRCP 26 RE: THEIR CLAIMED DAMAGES** ................................. 1

2.  **WHETHER PLAINTIFFS CAN CLAIM DAMAGES UNDER THE ROSENTHEL ACT THAT CONSIST OF LOSSES SUFFERED BY A LIMITED LIABILITY COMPANY OWNED BY PLAINTIFFS** ................................. 1

3.  **WHETHER PLAINTIFFS CAN OFFER SUFFICIENT EVIDENCE TO CLAIM EMOTIONAL DISTRESS DAMAGES** ................................. 1

4.  **WHETHER PLAINTIFFS' CLAIMED BUSINESS LOSSES ARE TOO SPECULATIVE TO BE RECOVERABLE** ................................. 1

5.  **WHETHER PLAINTIFFS ARE PERMITTED TO INTRODUCE EVIDENCE OF DAMAGES DESPITE THEIR FAILURE TO COMPLY WITH FRCP 26** ................................. 1

6.  **WHETHER PLAINTIFFS MAY CALL WITNESSES NOT PREVIOUSLY DISCLOSED PURSUANT TO FRCP 26** ................................. 1

7.  **WHETHER PLAINTIFFS ARE "DEBTORS" WITHIN THE MEANING OF THE ROSENTHAL ACT** ................................. 2

8.  **WHETHER THE LOAN THAT IS THE SUBJECT OF THIS ACT IS A "CONSUMER DEBT"** ................................. 4

9.  **WHETHER OR NOT DEFENDANT SETERUS IS A "DEBT COLLECTOR"** ................................. 6

10. **WHETHER OR NOT DEFENDANT SETERUS, INC. VIOLATED THE ROSENTHAL ACT OR THE FDCPA** ................................. 6

11. **WHETHER DEFENDANT SETERUS' ALLEGED VIOLATIONS OF THE ROSENTHAL ACT AND/OR THE FDCPA WERE INTENTIONAL AND/OR RESULTED NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID ANY VIOLATION** ................................. 10

THE RYAN FIRM
A Professional Corporation

i

**12.   WHETHER OR NOT PLAINTIFFS VIOLATED THE ROSENTHAL ACT** ................................................................. 10

**13.   WHETHER PLAINTIFFS ARE GUILTY OF UNCLEAN HANDS** ...................................................................... 10

**THE RYAN FIRM**
A Professional Corporation

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE RYAN FIRM
A Professional Corporation

## TABLE OF AUTHORITIES
### State Cases

*Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102 ................................................................ 11

*DD Hair Lounge, LLC v. State Farm Gen. Ins. Co.* (2018) 20 Cal.App.5th 1238 ..... 10, 11

*Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436................................... 11

*Ditzian v. Unger* (2019) 31 Cal.App.5th 738 ................................................................... 10

*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970............ 10, 11

*Michaels v. Greenberg Traurig, LLP* (2021) 62 Cal.App.5th 512.............................. 10, 11

*Salas v. Sierra Chem. Co.* (2014) 59 Cal.4th 407 ............................................................ 10

*Stine v. Dell'Osso* (2014) 230 Cal.App.4th 834................................................................ 10

### State Statutes

Civ. Code § 1788.17 ............................................................................................................ 7

Civ. Code § 1788.2(c) .................................................................................................... 4, 6

Civ. Code § 1788.2(e) .................................................................................................... 2, 4

Civ. Code § 1788.2(f) .................................................................................................... 2, 4

Civ. Code § 1788.2(h) ......................................................................................................... 2

Civ. Code § 1788.20 ......................................................................................................... 10

Civ. Code § 1788.30 ......................................................................................................... 10

Civ. Code § 1788.30(e) ..................................................................................................... 10

Civ. Code § 3517 ............................................................................................................... 10

Civ. Code §1788.1(b) ................................................................................................. 2, 4, 6

### Federal Cases

*Aniel v. TD Serv. Co.* (N.D. Cal. Jan. 13, 2011) 2011 U.S. Dist. LEXIS 3978 .............. 3, 5

*Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621... 2, 4, 6, 7

*Bailey v. Sec. Nat. Servicing Corp.* (7th Cir. 1998) 154 F.3d 384 ...................................... 9

*Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065 ... 2, 4, 6, 7

*Bloom v. I.C. Sys., Inc.* (9th Cir. 1992) 972 F.2d 1067 ..................................................... 3, 5

*Dixon v. Stern & Eisenburg, PC* (3rd Cir. 2016) 2016 U.S. App. LEXIS 10653 ............... 9

*Glawe v. Carpenter* (D. Ariz. 2019) 2019 U.S. Dist. LEXIS 137452 .................. 3, 4, 5, 6

*Gonzales v. Arrow Fin. Servs., Inc.* (9th Cir. 2011) 660 F.3d 1055 ................................... 8

*Herschelman v. New Century Mortg. Corp.* (Dist. Hawai'i 2010) 2010 U.S. Dist. LEXIS 116185 ...................................................................................................................... 3, 5

*Johnson v. Wells Fargo Home Mortg., Inc.* (D. Nev. Oct. 29, 2007) 2007 U.S. Dist. LEXIS 79989 ........................................................................................................ 3, 5

*Kitamura v. AOAO of Lihue Townhouse* (D. Hawai'i 2013) 2013 U.S. Dist. LEXIS 45535 ............................................................................................................................... 3, 5

*Munoz v. Cal. Bus. Bureau, Inc.* (E.D. Cal. 2016) 2016 U.S. Dist. LEXIS 151495 ....... 2, 5

*Norton v. LVNV Funding, Inc.* (N.D. Cal. 2019) 396 F.Supp.3d 901 ............................ 3, 5

*Sayeed v. Cheatham Farms Master Homeowners' Ass'n* (C.D. Cal. 2018) 2018 U.S. Dist. LEXIS 156558 ........................................................................................... 3, 5

*Sparlin v. Select Portfolio Servicing* (D. Ariz. 2012) 2012 U.S. Dist. LEXIS 20851 .... 3, 5

*Tovar v. Heritage Pac. Fin., LLC (In re Tovar)* (B.A.P. 9th Cir. 2012) 2012 Bankr. LEXIS 3633 ................................................................................................................... 11

**Federal Statutes**

15 U.S.C. § 1692(a)(5) ................................................................................................... 2, 4

15 U.S.C. § 1692d ............................................................................................................. 7

15 U.S.C. § 1692e ............................................................................................................. 8

15 U.S.C. § 1692f ............................................................................................................. 9

THE RYAN FIRM
A Professional Corporation

iv

**THE RYAN FIRM**
A Professional Corporation

**1.      WHETHER PLAINTIFFS COMPLIED WITH FRCP 26 RE: THEIR CLAIMED DAMAGES**

The applicable legal authorities that are dispositive of this issue are cited and discussed extensively in Defendant Seterus, Inc.'s Motions in Limine Nos. 2 and 3.

**2.      WHETHER PLAINTIFFS CAN CLAIM DAMAGES UNDER THE ROSENTHEL ACT THAT CONSIST OF LOSSES SUFFERED BY A LIMITED LIABILITY COMPANY OWNED BY PLAINTIFFS**

The applicable legal authorities that are dispositive of this issue are cited and discussed extensively in Defendant Seterus, Inc.'s Motions in Limine No. 3.

**3.      WHETHER PLAINTIFFS CAN OFFER SUFFICIENT EVIDENCE TO CLAIM EMOTIONAL DISTRESS DAMAGES**

The applicable legal authorities that are dispositive of this issue are cited and discussed extensively in Defendant SN Servicing's Motion in Limine No. 1.

**4.      WHETHER PLAINTIFFS' CLAIMED BUSINESS LOSSES ARE TOO SPECULATIVE TO BE RECOVERABLE**

The applicable legal authorities that are dispositive of this issue are cited and discussed extensively in Defendant Seterus, Inc.'s Motion in Limine No. 2.

**5.      WHETHER PLAINTIFFS ARE PERMITTED TO INTRODUCE EVIDENCE OF DAMAGES DESPITE THEIR FAILURE TO COMPLY WITH FRCP 26**

The applicable legal authorities that are dispositive of this issue are cited and discussed extensively in Defendant Seterus, Inc.'s Motion in Limine Nos. 2 and 3.

**6.      WHETHER PLAINTIFFS MAY CALL WITNESSES NOT PREVIOUSLY DISCLOSED PURSUANT TO FRCP 26**

The applicable legal authorities that are dispositive of this issue are cited and discussed extensively in Defendant Seterus, Inc.'s Motion in Limine No. 1.

/ / /

/ / /

1

**7.    WHETHER PLAINTIFFS ARE "DEBTORS" WITHIN THE MEANING OF THE ROSENTHAL ACT**

The Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Civ. Code §  1788.1, subd. (b).

To prevail on a claim for a violation of the Rosenthal Act, a plaintiff must allege and prove that: (1) the plaintiff is a "debtor"; (2) the debt is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) the defendant violated a provision of the Rosenthal Act.  *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11.

To qualify as a "debtor," the plaintiff must allege and prove that they are a "natural person from whom a debt collector seeks to collect a consumer debt that is due and owing or alleged to be due and owing from such person."  Civ. Code § 1788.2, subd. (h).

To prove that debt is "consumer debt," the plaintiff must allege and prove that there is "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction"; this definition includes a "mortgage debt."  Civ. Code § 1788.2, subd. (f).  And then a "consumer credit transaction" is defined as "a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes."  Civ. Code § 1788.2(e).  This mirrors, near identically, the definition of "debt" in the Fair Debt Collection Practices Act ("FDCPA")—the Federal counterpart to the Rosenthal Act.  *See* 15 U.S.C. § 1692(a)(5). Thus, the "FDCPA [and] its California counterpart, the RFDCPA, [] both [] apply only with respect to loans made 'primarily for personal, family, or household purposes.'" *Munoz v. Cal. Bus. Bureau, Inc.* (E.D. Cal. 2016) 2016 U.S. Dist. LEXIS 151495, at *14.

Debts incurred through activity relating to rental properties or for investment purposes are not those that are incurred "primarily for personal, family, or household

THE RYAN FIRM
A Professional Corporation

purposes" and, thus, not within the scope of the Rosenthal Act. *Sayeed v. Cheatham Farms Master Homeowners' Ass'n* (C.D. Cal. 2018) 2018 U.S. Dist. LEXIS 156558 (dismissing claims under the FDCPA and the Rosenthal Act based on fact that the subject loan was secured by a rental property and not the plaintiffs' principal residence); *Norton v. LVNV Funding, Inc.* (N.D. Cal. 2019) 396 F.Supp.3d 901, 911; *Aniel v. TD Serv. Co.* (N.D. Cal. Jan. 13, 2011) 2011 U.S. Dist. LEXIS 3978 ("This action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA"); *Herschelman v. New Century Mortg. Corp.* (Dist. Hawai'i 2010) 2010 U.S. Dist. LEXIS 116185 ("real or personal property used for other purposes, such as commercial rental property, is not applicable under the requirements of these statutes"); *Sparlin v. Select Portfolio Servicing* (D. Ariz. 2012) 2012 U.S. Dist. LEXIS 20851 ("Because indebtedness obtained for investment purposes is not considered a consumer debt under the FDCPA"); *Glawe v. Carpenter* (D. Ariz. 2019) 2019 U.S. Dist. LEXIS 137452 ("debts associated with rental properties are not consumer debts"); *Johnson v. Wells Fargo Home Mortg., Inc.* (D. Nev. Oct. 29, 2007) 2007 U.S. Dist. LEXIS 79989 (rejecting FDCPA claim related to investments properties); *Bloom v. I.C. Sys., Inc.* (9th Cir. 1992) 972 F.2d 1067, 1068; *see also Kitamura v. AOAO of Lihue Townhouse* (D. Hawai'i 2013) 2013 U.S. Dist. LEXIS 45535 (holding that the plaintiffs claim under the FDCPA failed because the "property was not used primarily for personal, family, or household purposes. Plaintiffs did not use the property as a primary residence").

In the Ninth Circuit, the relevant time-period from which the Court examines the purpose of the indented purpose of the debt is at loan origination. *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) ("When classifying a loan, courts typically 'examine the transaction as a whole,' paying particular attention to 'the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'"). Indeed, "[s]everal courts in the Ninth Circuit have analyzed the FDCPA's 'consumer debt' requirement in the context of a debt owned in relation to a rental property and have uniformly concluded that such debts are not subject to the FDCPA's

3

collection requirements." *Glawe v. Carpenter* (D. Ariz. Aug. 12, 2019, No. CV 18-1282-PHX-JAS (JR)) 2019 U.S. Dist. LEXIS 137452, at *8 (collecting cases).

To show that the defendant is a "debt collector," the plaintiff must allege and prove that the defendant is a "person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection"; this term includes any person who "composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection." Civ. Code § 1788.2, subd. (c).

## 8. WHETHER THE LOAN THAT IS THE SUBJECT OF THIS ACT IS A "CONSUMER DEBT"

The Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") was enacted to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Civ. Code §  1788.1, subd. (b).

To prevail on a claim for a violation of the Rosenthal Act, a plaintiff must allege and prove that: (1) the plaintiff is a "debtor"; (2) the debt is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) the defendant violated a provision of the Rosenthal Act. *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11.

To prove that debt is "consumer debt," the plaintiff must allege and prove that there is "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction"; this definition includes a "mortgage debt." Civ. Code § 1788.2, subd. (f).  And then a "consumer credit transaction" is defined as "a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes."  Civ. Code §  1788.2(e).  This mirrors, near identically, the definition of "debt" in the Fair Debt Collection Practices Act ("FDCPA")—the Federal counterpart to the Rosenthal Act.  *See* 15 U.S.C. § 1692(a)(5). Thus, the "FDCPA [and] its California counterpart, the RFDCPA, [] both [] apply only

THE RYAN FIRM
A Professional Corporation

1    with respect to loans made 'primarily for personal, family, or household purposes.'"
2    *Munoz v. Cal. Bus. Bureau, Inc.* (E.D. Cal. 2016) 2016 U.S. Dist. LEXIS 151495, at *14.

3          Debts incurred through activity relating to rental properties or for investment
4    purposes are not those that are incurred "primarily for personal, family, or household
5    purposes" and, thus, not within the scope of the Rosenthal Act. *Sayeed v. Cheatham Farms*
6    *Master Homeowners' Ass'n* (C.D. Cal. 2018) 2018 U.S. Dist. LEXIS 156558 (dismissing
7    claims under the FDCPA and the Rosenthal Act based on fact that the subject loan was
8    secured by a rental property and not the plaintiffs' principal residence); *Norton v. LVNV*
9    *Funding, Inc.* (N.D. Cal. 2019) 396 F.Supp.3d 901, 911; *Aniel v. TD Serv. Co.* (N.D. Cal.
10   Jan. 13, 2011) 2011 U.S. Dist. LEXIS 3978 ("This action arises out of a mortgage loan on
11   a rental property, and that loan is not a 'debt' covered by the FDCPA"); *Herschelman v.*
12   *New Century Mortg. Corp.* (Dist. Hawai'i 2010) 2010 U.S. Dist. LEXIS 116185 ("real or
13   personal property used for other purposes, such as commercial rental property, is not
14   applicable under the requirements of these statutes"); *Sparlin v. Select Portfolio Servicing*
15   (D. Ariz. 2012) 2012 U.S. Dist. LEXIS 20851 ("Because indebtedness obtained for
16   investment purposes is not considered a consumer debt under the FDCPA"); *Glawe v.*
17   *Carpenter* (D. Ariz. 2019) 2019 U.S. Dist. LEXIS 137452 ("debts associated with rental
18   properties are not consumer debts"); *Johnson v. Wells Fargo Home Mortg., Inc.* (D. Nev.
19   Oct. 29, 2007) 2007 U.S. Dist. LEXIS 79989 (rejecting FDCPA claim related to
20   investments properties); *Bloom v. I.C. Sys., Inc.* (9th Cir. 1992) 972 F.2d 1067, 1068; *see*
21   *also Kitamura v. AOAO of Lihue Townhouse* (D. Hawai'i 2013) 2013 U.S. Dist. LEXIS
22   45535 (holding that the plaintiffs claim under the FDCPA failed because the "property was
23   not used primarily for personal, family, or household purposes. Plaintiffs did not use the
24   property as a primary residence").

25         In the Ninth Circuit, the relevant time-period from which the Court examines the
26   purpose of the indented purpose of the debt is at loan origination. *Bloom v. I.C. Sys., Inc.*,
27   972 F.2d 1067, 1068 (9th Cir. 1992) ("When classifying a loan, courts typically 'examine
28   the transaction as a whole,' paying particular attention to 'the purpose for which the credit

5

was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'").  Indeed, "[s]everal courts in the Ninth Circuit have analyzed the FDCPA's 'consumer debt' requirement in the context of a debt owned in relation to a rental property and have uniformly concluded that such debts are not subject to the FDCPA's collection requirements."  *Glawe v. Carpenter* (D. Ariz. Aug. 12, 2019, No. CV 18-1282-PHX-JAS (JR)) 2019 U.S. Dist. LEXIS 137452, at *8 (collecting cases).

**9.      WHETHER OR NOT DEFENDANT SETERUS IS A "DEBT COLLECTOR"**

The Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") was enacted to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Civ. Code § 1788.1, subd. (b).

To prevail on a claim for a violation of the Rosenthal Act, a plaintiff must allege and prove that: (1) the plaintiff is a "debtor"; (2) the debt is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) the defendant violated a provision of the Rosenthal Act.  *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11.

To show that the defendant is a "debt collector," the plaintiff must allege and prove that the defendant is a "person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection."  Civ. Code § 1788.2, subd. (c).

**10.     WHETHER OR NOT DEFENDANT SETERUS, INC. VIOLATED THE ROSENTHAL ACT OR THE FDCPA**

The Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") was enacted to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Civ. Code § 1788.1, subd. (b).

To prevail on a claim for a violation of the Rosenthal Act, a plaintiff must allege and prove that: (1) the plaintiff is a "debtor"; (2) the debt is a "consumer debt"; (3) the defendant is a "debt collector"; and (4) the defendant violated a provision of the Rosenthal

THE RYAN FIRM
A Professional Corporation

1   Act.  *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5;

2   *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11.

3          The Rosenthal Act makes a variety of different debt collection activities unlawful.

4   Pertinent to this case, Civil Code section 1788.17 makes it a violation of the Rosenthal Act

5   to violate sections 1692b through 1692j of the Federal Fair Debt Collection Practices Act

6   (the "FDCPA").  Civ. Code § 1788.17.  In this case, Plaintiffs allege that defendant Seterus

7   violated sections 1692d, 1692e, and 1692f of the FDCPA.  ECF No. 54, at ¶ 43.

8          Section 1692d makes it illegal for a debt collector to "engage in any conduct the

9   natural consequence of which is to harass, oppress, or abuse any person in connection with

10  the collection of a debt," including: (1) using or threatening the use of violence or other

11  criminal means to harm the body, reputation, of property of a person; (2) using obscene or

12  profane language to abuse the recipient; (3) publishing a "deadbeat debtor" list; (4)

13  advertising the debt for sale to coerce payment of that debt; (5) causing a telephone to ring

14  or engaging any person in telephone conversation repeatedly or continuously with the

15  intent to annoy, abuse, or harass that person; and (6) placing telephone calls to the debtor

16  without a meaningful disclosure of the caller's identity.  15 U.S.C. § 1692d.

17         Section 1692e makes it unlawful to use "any false, deceptive, or misleading

18  representation or means in connection with the collection of any debt," including: (1)

19  falsely representing or implying that the debt collector is bonded by the United States or

20  any State; (2) falsely representing the character, amount or legal status of any debt, or

21  servicers rendered or compensation which may be received by the debt collector for

22  collecting on the debt; (3) falsely representing or implying that any person is an attorney

23  or that any communication is from an attorney; (4) representing or implying that non-

24  payment of a debt will result in arrest or imprisonment of any person, or the seizure,

25  garnishment, attachment, or sale of any property or wages of any person unless such action

26  is lawful and the debt collector or creditor intends to take that action; (5) threatening to

27  take any action that cannot legally be taken or that is not intended to be taken; (6) falsely

28  representing or implying that a sale, referral, or other transfer of any interest in a debt shall

THE RYAN FIRM
A Professional Corporation

cause the consumer to lose any claim or defense to payment of the debt, or become subject to any practice prohibited by the FDCPA; (7) falsely representing or implying that the consumer committed any crime or other conduct to disgrace the consumer; (8) communicating or threatening to communicate to any person credit information that is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; (9) using or distributing any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval; (10) using any representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; (11) failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector; (12) falsely representing or implying that accounts have been turned over to innocent purchasers for value; (13) falsely representing or implying that documents are legal process; (14) using any business, company, or organization name other than the true name of the debt collector; (15) falsely representing or implying that documents are not legal process forms or do not require action by the consumer; and (16) falsely representing or implying that a debt collector operates or is employed by a consumer reporting agency.  15 U.S.C. § 1692e.

Whether a debt collector's conduct violates section 1692e of the FDCPA requires an objective analysis that takes into account whether "the least sophisticated debtor" would be misled by the communication.  *Gonzales v. Arrow Fin. Servs., Inc.* (9th Cir. 2011) 660 F.3d 1055, 1061.  The standard does, however, "preserve a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care."  *Id.* at 1062.  That being said, "[t]he FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations."  *Id.*  The FDCPA is best used to challenge

"clear violations rather than scanning for technical missteps that bring minimal relief to the individual debtor but a possible windfall for the attorney." *Bailey v. Sec. Nat. Servicing Corp.* (7th Cir. 1998) 154 F.3d 384, 388.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including: (1) collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law; (2) accepting a payment that is postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit; (3) soliciting any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution; (4) depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument; (5) causing charges to be made to any person for communications by concealment of the true purpose of the communication; (6) taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession, there is no present intent to take possession, or the property is exempt from dispossession; (7) communicating with a consumer regarding a debt by post card; and (8) using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram.  15 U.S.C. § 1692f.

A loan servicer or other debtor collector's straightforward and one-time effort to comply with state and federal notice requirements, through one round of mailings, with no other communication set out in the record, does not violate" the FDCPA. *Dixon v. Stern & Eisenburg, PC* (3rd Cir. 2016) 2016 U.S. App. LEXIS 10653, *9-10.

/ / /

/ / /

/ / /

/ / /

/ / /

THE RYAN FIRM
A Professional Corporation

**11.   WHETHER DEFENDANT SETERUS' ALLEGED VIOLATIONS OF THE ROSENTHAL ACT AND/OR THE FDCPA WERE INTENTIONAL AND/OR RESULTED NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID ANY VIOLATION**

A debt collector shall have no civil liability if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.  Civ. Code § 1788.30, subd. (e).

**12.   WHETHER OR NOT PLAINTIFFS VIOLATED THE ROSENTHAL ACT**

Any intentional violation of the Rosenthal Act by the debtor may be raised as a defense by the debt collector, if such violation is pertinent or relevant to any claim or action brought against the debt collector by or on behalf of the debtor.  Civ. Code § 1788.30, subd. (g).  Thus, a debt collector will not be liable to a debtor if the debtor knowingly submits false or inaccurate information, or willfully conceals adverse information bearing upon such person's credit worthiness, credit standing, or credit capacity.  Civ. Code § 1788.20.

**13.   WHETHER PLAINTIFFS ARE GUILTY OF UNCLEAN HANDS**

No one can take advantage of his or her own wrong.  Civ. Code § 3517; *Stine v. Dell'Osso* (2014) 230 Cal.App.4th 834, 844 – 45.  Thus, a plaintiff must come into court with clean hands, and keep them clean, or he or she will be denied relief, regardless of the merits of his or her claim.  *Michaels v. Greenberg Traurig, LLP* (2021) 62 Cal.App.5th 512, 533; *DD Hair Lounge, LLC v. State Farm Gen. Ins. Co.* (2018) 20 Cal.App.5th 1238, 1246; *Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 978.

The misconduct that brings the clean hands doctrine into operation must relate directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants.  *Salas v. Sierra Chem. Co.* (2014) 59 Cal.4th 407, 432; *Ditzian v. Unger* (2019) 31 Cal.App.5th 738, 747.  The misconduct, however, need not be a crime or an actionable tort.  Any conduct that violates conscience, or good faith, or other equitable standards of conduct

**THE RYAN FIRM**
A Professional Corporation

is sufficient cause to invoke the doctrine. *Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102, 1110; *Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 979.

When signing documents, the person signing a document bears the responsibility as to the statements made therein. *Tovar v. Heritage Pac. Fin., LLC (In re Tovar)* (B.A.P. 9th Cir. 2012) 2012 Bankr. LEXIS 3633, at *35-36 ("We are unpersuaded by Tovar's contention that he was not aware of the misrepresentations stated in the Loan Application, or the other documents submitted or contained in his mortgage file.  To the extent that there is any validity to his allegations, Tovar nonetheless executed various legal documents and certified that the information made therein was correct and true. This is no different than signing and submitting a bankruptcy petition under the penalty of perjury, regardless of whether the debtor is an individual with limited English proficiency. Ultimately, **the person signing a document bears the legal responsibility as to the statements made therein**") (emphasis added).

The doctrine of unclean hands is generally a defense available in both legal and equitable actions. *Michaels v. Greenberg Traurig, LLP* (2021) 62 Cal.App.5th 512, 533; *DD Hair Lounge, LLC v. State Farm Gen. Ins. Co.* (2018) 20 Cal.App.5th 1238, 1246.  It proven, the "unclean hands" defense provides a complete defense to an action. *Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 446.


DATED: September 28, 2023                    THE RYAN FIRM
                                             A Professional Corporation


                                             By: _____
                                                  TIMOTHY M. RYAN
                                                  MICHAEL W. STOLTZMAN, JR.
                                                  Attorneys for Defendant Seterus, Inc.

THE RYAN FIRM
A Professional Corporation

11

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On September 28, 2023, I served the within document(s) described as: **DEFENDANT SETERUS, INC.'S SEPARATE MEMORANDUM ON CONCLUSIONS OF LAW** on the interested parties in this action:

☒ by transmitting via electronic mail the document(s) listed above to the email addresses provided by counsel.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Shapero Law Firm, P.C.<br>100 Pine Street, Ste 530<br>San Francisco, CA 94111 | Tel:  (415) 273-3504<br>Fax: (415) 358-4116<br>Email:<br>sarah@shaperolawfirm.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Michael R. Brooks, Esq.<br>Hutchison & Steffen, PLLC<br>Peccole Professional Park<br>10080 West Alta Drive,<br>Suite 200<br>Las Vegas, Nevada 89145 | Tel: (702) 385-2500<br>Fax: ***<br>Email:<br>mbrooks@hutchlegal.com | Attorney for Plaintiffs Timothy S. Bostwick and Michele L. Nessier |
| Ghidotti Berger LLP<br>Rachel Witcher<br>1920 Old Tustin Ave.<br>Santa Ana, CA 92705 | Tel:  (949) 427-2010<br>Fax: (949) 427-2732<br>Email:<br>rwitcher@ghidottiberger.com | Attorneys for Defendant SN Servicing Corporation and US Bank Trust National Association |

☒ **CM/ECF** (U.S. District Court, Northern District of California)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.  All parties who are not registered, if any, were served in the manner set forth above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2023, at Irvine, California.

/s/ Rose Conway
ROSE CONWAY

THE RYAN FIRM
A Professional Corporation