Sarah Shapero (Bar No. 281748)
Jessica Adair (Bar No. 348364)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, CA 94111
Telephone: (415) 273-3504
Facsimile:  (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK
MICHELE L. NESSIER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-02560-LB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT SN's MOTION IN LIMINE NO. 2: TO LIMIT HEARSAY TESTIMONY AND EVIDENCE (ECF No. 153)**<br><br>Date: November 9, 2023<br>Time: 1:00 p.m.<br>Dept.: B<br><br>Trial Date: December 18, 2023 |

TO THE COURT, DEFENDANTS, AND THEIR COUNSEL OF RECORD:

Plaintiffs, TIMOTHY S. BOSTWICK and MICHELE L. NESSIER (hereinafter "Plaintiffs"), hereby submits the following opposition to Defendant SN's Motion in Limine No. 2:

**I.    INTRODUCTION**

For the foregoing reasons, this Court should deny MIL No. 2 and admit the highly relevant conversations between Plaintiffs and Representatives for Ghidotti Berger, Prestige Default Services, LLC and SN Servicing. Defendant SN argues that these conversations are hearsay, but ignores that pursuant to Fed. R. Evid. 801(d)(2), statements by "party opponents" are categorically non-hearsay.

1

## II. LEGAL ARGUMENT

### A. Legal Standard

Courts disfavor motions in limine seeking to exclude broad categories of evidence. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]." *Sperberg*, 519 F.2d at 712. The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Lane v. Beach* (E.D.Cal. Aug. 11, 2023, No. 1:20-cv-00147-JLT-GSA (PC)) 2023 U.S.Dist.LEXIS 141020, at *2.)

"[I]t is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 16-22484-CIV, 2016 U.S. Dist. LEXIS 191596, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) (citing *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (noting, "this is a bench trial, making any motion in limine asinine on its face"). "The rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence." *Id.* (citing *Pinal Creek Grp. v. Newmont Mining Corp.*, No. CV-91-1764-PHX-DAE, 2006 U.S. Dist. LEXIS 43307, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006); *see also matter of Blue Crest Holding Asset, Inc.*, No. 17-21011-CIV, 2018 U.S. Dist. LEXIS 238320, 2018 WL 1463644, at *1 (S.D. Fla. Jan. 24, 2018). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Id.* (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796 (PKL), 2004 U.S. Dist. LEXIS 17791, 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) (*W. Palm Beach Acquisitions, Inc. v. Kia Motors Am., Inc.* (S.D.Fla. Apr. 25, 2022, No. 20-cv-80780) 2022 U.S.Dist.LEXIS 75023, at *4.)

**B.  The Offered Conversations are Not Hearsay, as they are Offered Against a Party Opponent.**

Defendant SN moves to exclude various alleged conversations between Plaintiffs and representatives from "Ghidotti Berger, Prestige Default Services, LLC and SN Servicing." (ECF No. 153, pp. 6-7.) Defendant states that these conversations occurred out-of-court and Plaintiffs offer them to prove the truth of the matter asserted, which Fed. R. Evid. 801 states is hearsay. However, Defendant fails to note that FRE 801(d) contains categories that constitute "non-hearsay." Specifically, FRE 801(d)(2) reads, "The statement is offered against an opposing party and: **(A)** was made by the party in an individual or representative capacity; **(B)** is one the party manifested that it adopted or believed to be true; **(C)** was made by a person whom the party authorized to make a statement on the subject; **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." First, Plaintiffs offer this evidence and testimony against an opposing party, SN Servicing. SN Servicing made these statements adopting them or believing them to be true, as they were conveying information to Plaintiffs and instructing them on their loan account. All statements were made by parties authorized to make the statements on the subject; this includes an SN "case officer" and several attorneys for SN Servicing. Finally, these statements were all made by SN's agents or employees, and were uttered while those individuals worked on behalf of SN to resolve a loan servicing dispute. Therefore, these conversations are not hearsay and this Court should admit them in their entirety.

**III.  CONCLUSION**

For the abovementioned reasons, the Court should deny Defendant's Motion in Limine to exclude highly relevant, non-hearsay testimony.

3

1

DATED: September 28, 2023         Respectfully submitted,

         SHAPERO LAW FIRM


          /s/ Sarah Shapero
         Sarah Shapero
         Jessica Adair
         Attorneys for Plaintiffs
         TIMOTHY BOSTWICK
         MICHELE L. NESSIER

4