Sarah Shapero (Bar No. 281748)
SHAPERO LAW FIRM, PC
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:  (415) 293-7995
Facsimile:  (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP., a business entity, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: 3:21-cv-02560-LB<br>Action Filed: January 22, 2019<br><br>Assigned for All Purposes to Hon. Laurel Beeler<br><br>**JOINT PROPOSED PRETRIAL ORDER**<br><br>Trial Date:   December 18, 2023 |

1
JOINT PROPOSED PRETRIAL ORDER

1. Brief Description of Claims and Defenses to be Decided

The sole cause of action that is left to be decided is whether or not Seterus violated the Rosenthal Fair Debt Collection Practices Act when it acted as the servicer of Plaintiffs' loan (and in the transfer of servicing rights to Defendant SN Servicing) and whether or not SN Servicing violated the Rosenthal Fair Debt Collection Practices Act while it acted as the servicer of Plaintiffs' loan.

2. Statement of Relief Sought

Plaintiffs seek monetary damages resulting from Defendants' alleged violations of the Rosenthal Act.  Specifically, Plaintiffs claim that Defendants are liable to Plaintiffs for actual damages incurred as a result of Defendants' actions, which Plaintiffs claim led to Plaintiffs filing for bankruptcy on two separate occasions to prevent the foreclosure sale of their property and the alleged dramatic impact that the two bankruptcy filings has had on Plaintiffs' income.  In fact, Plaintiffs allege that their income has suffered greatly as a result of these two bankruptcy filings, as will be established at trial.  Furthermore, Plaintiffs claim that they are entitled to their attorney's fees and statutory damages not to exceed $1,000.00.

Defendants contend that the Plaintiffs' prosecution of this case is not in good faith and intend to seek recovery of fees and costs as permitted by the provisions of California Civil Code section 1788.30, and the loan. In particular, Defendants allege that Plaintiffs faced foreclosure on other properties which caused them to file bankruptcy.

3. Stipulated, Undisputed Facts

    a. In 1994, Plaintiffs Timothy Bostwick and Michele Nessier ("Plaintiffs") purchased the real property located at 340 Dorantes Avenue, San Francisco, CA 94116 (the "San Francisco Property");

    b. At all relevant times, Plaintiffs have resided in the San Francisco Property as their principal residence;

    c. In 1999, Plaintiffs purchased the property located at 14049 Skislope Way,

Truckee, California 96161 (the "Truckee Property");

d. On or about June 20, 2013, Plaintiffs obtained a loan $403,350.00 by executing a promissory note ("Note");

e. The Note was secured by a recorded Deed of Trust ("DOT") (obligations under the Note and DOT are collectively referred to as the "Loan");

f. The DOT pledged real property located at 14049 Skislope Way, Truckee, California 96161 as collateral for repayment of the Note;

g. In 2014, Plaintiffs rented the Truckee Property "due to having incurred financial difficulties with [their] business that left [them] with almost no income for several years."

h. In May 2016, BANA transferred servicing rights for the Loan to Defendant Seterus, Inc. ("Seterus").

i. Plaintiffs were in default on payments under the loan beginning in April 2017; Plaintiffs made no payment on the Loan from April 2017 through December 2018;

j. On or about December 7, 2017, Plaintiffs formed AMI, Staging, LLC;

k. On or about July 27, 2018, a Notice of Default ("NOD") was recorded against the Subject Property by then Trustee and non-party to this action, PLM Loan Management Services, Inc. (the "Trustee"), stating that Plaintiffs were in default of the Loan as of April 1, 2017;

l. The Trustee recorded a Notice of Trustee Sale ("NOTS") on October 30, 2018 which set a foreclosure auction for November 26, 2018;

m. On November 9, 2018, Plaintiffs called Defendant Seterus regarding a modification;

n. On November 23, 2018, Plaintiff Bostwick called Seterus and inquired into the status of his request for a loan modification and to see if the trustee's sale was still scheduled for November 26, 2018 and Plaintiff

Bostwick was informed that it was still scheduled for sale on November 26, 2018;

o. Later on November 23, 2018, the foreclosure auction for the Truckee Property was postponed to January 15, 2019;

p. On or about December 12, 2018, Defendant Seterus sent Plaintiffs a letter titled "Notice of Servicing Transfer";

q. On or about December 17, 2018, Defendant Seterus sent Plaintiffs a letter, explaining that Plaintiffs were being denied a loan modification;

r. In January 2019, servicing of the Loan was transferred to SN from Defendant SETERUS INC ("Seterus");

s. Timothy Bostwick filed bankruptcy in the Northern District of California on January 7, 2019 as case number 19-30021;

t. On or about January 22, 2019, Plaintiffs commenced this lawsuit;

u. On or about February 1, 2019, Plaintiff Bostwick filed a "Statement of Financial Affairs" in his bankruptcy case;

v. On or about July 19, 2019, Plaintiff Bostwick filed an amended "Schedule A/B" in his bankruptcy case;

w. On October 26, 2020, Plaintiff Bostwick's bankruptcy case was dismissed, pursuant to his request;

x. On November 18, 2020, a Notice of Trustee's Sale was recorded against Plaintiffs' property with a sale date of January 4, 2021;

y. Michelle Nessier filed bankruptcy in the Northern District of California on December 27, 2020 as case number 20-31026;

z. On December 27, 2020, Plaintiff Nessier filed a "Statement of Your Currently Monthly Income" in her bankruptcy case;

aa. On January 25, 2021, Plaintiff Nessier filed a "Summary of Financial Status" in her bankruptcy case;

bb. On February 10, 2021, Plaintiff Nessier filed a "Status Conference Statement" in her bankruptcy case;

cc. On March 1, 2021, Plaintiff Nessier filed a "Summary of Financial Status" in her bankruptcy case;

dd. On March 25, 2021, Plaintiff Nessier filed a "Summary of Financial Status" in her bankruptcy case;

ee. On April 9, 2021, Plaintiff Nessier filed a "Proposed Combined Plan of Reorganization and Tentatively Approved Disclosure Statement" in her bankruptcy case;

ff. On July 12, 2021, Plaintiff Nessier filed a "Summary of Financial Status" in her bankruptcy case;

gg. On July 12, 2021, Plaintiff Nessier filed a second "Summary of Financial Status" in her bankruptcy case;

4. <u>All Disputed Facts to be Tried</u>

The following facts are disputed:

- Whether Plaintiffs obtained the loan that is the subject of this action primarily for personal, family, or household purposes;
- Whether or not Plaintiffs were truthful in signing all loan origination documents or made misrepresentations therein;
- To what extent Plaintiffs rented the Truckee Property from 2013 to present;
- Whether or not Plaintiffs were truthful in signing all loan modification application documents or made misrepresentations therein;
- Whether Defendant Seterus engaged in any conduct to harass, oppress, or abuse Plaintiffs in connection with the collection of the loan that is the subject of this action;
- Whether Defendant Seterus used any false, deceptive, or misleading representation or means in connection with the collection of the loan that is the subject of this action;

- Whether Defendant Seterus used any unfair or unconscionable means to collect or attempt to collect on the loan that is the subject of this action;
- Whether Plaintiffs incurred any actual damages that were sustained as a result of Defendant Seterus' allegedly unlawful acts;
- Whether Defendant Seterus's allegedly unlawful acts were intentional;
- Whether Defendant Seterus employed procedures reasonably adapted to avoid any violation of the Rosenthal Act;
- Whether or not the December 17, 2018 letter from Defendant SETERUS was confusing or misleading;
- Whether or not the December 12, 2018 letter actually confused or misled Plaintiffs;
- Whether or not the December 17, 2018 letter actually confused or misled Plaintiffs;'
- Whether or not Plaintiffs were, or should have been, aware that servicing of the loan was being transferred to SN as of January 7, 2019;
- Whether or not Defendant SETERUS told Plaintiff it did not know who Plaintiff should appeal the loan modification application denial too, given the recent change in servicer;
- Whether or not Defendant SETERUS timely sent Plaintiff a reinstatement demand upon his request in or around late December 2018/early January 2019;
- Whether SETERUS stopped servicing the loan on January 7, 2019 or continued to service the loan through January 2019;
- Whether SETERUS intended to proceed with the January 2019 sale despite the December 17, 2018 letter giving Plaintiff 30 days to appeal;
- Whether SN Servicing provided Plaintiff with adequate notice of the transfer of servicing to SN Servicing;

- Whether SN Servicing provided Plaintiff with an inaccurate reinstatement quote in December 2020;
- Whether SN Servicing offered legal advice to Plaintiff in December 2020 regarding his options regarding the sale of the property;
- Whether SN Servicing informed Plaintiff in December 2020 that he had no options to save the property;
- Whether SN Servicing ever notified Plaintiff who the owner of the loan was;
- Whether the December 2020 reinstatement quote was accurate;
- Whether SN Servicing properly applied payments received from the debtor and the bankruptcy trustee during the course of Bostwick's bankruptcy;
- Whether Plaintiffs filed bankruptcy to prevent the foreclosure of their Dorantes Property, the Truckee Property, or neither;
- What was the cause of Plaintiffs' bankruptcy filings;
- Whether the cause of Plaintiffs' alleged damage was their decision to voluntarily file bankruptcy on two occasions;
- Whether Plaintiffs' bankruptcy filings rendered them unable to obtain a loan for any of their business entities (i.e., whether they could have obtained such a loan if they never filed bankruptcy);
- Whether Plaintiffs and/or their business entities were damaged by any act and/or omission of Defendant Seterus and, if so, to what extent;
- What was Plaintiffs' credit score at the time of loan origination;
- What was Plaintiffs' credit score near the time Seterus transferred servicing of the Loan to Defendant SN;
- To what extent did Defendant Seterus attempt to help Plaintiffs avoid foreclosure prior to transferring servicing of the Loan to Defendant SN?
- Whether or not Plaintiffs were offered—and failed to accept—foreclosure avoidance options that were offered to them by Defendant Seterus

- Whether—and to what extent—the San Francisco Property was in foreclosure at the time Plaintiff Bostwick filed bankruptcy in January 2019;
- When did Plaintiffs form AMI Staging, Inc.
- Whether or not Plaintiffs' entity—AMI Staging, LLC—is allowed to do business in the State of California.
- Whether or not Plaintiffs submitted a loan modification application to Seterus in December 2016—and the contents thereof.
- When Plaintiffs defaulted on the subject loan and when certain payments were or were not made, and to whom.

5. All Disputed Legal Issues
   - Whether Plaintiffs complied with the provisions of Federal Rule of Civil Procedure, Rule 26 disclosures regarding their claimed damages;
   - Whether a debtor that chooses to file a voluntary bankruptcy can claim damages to credit rating resulting from the debtor's voluntary action;
   - Whether a plaintiff's claims under the consumer protection statutes of the Rosenthal Fair Debt Collection Practices Act, CA Civil Code §1788, can claim losses suffered by a limited liability company owned by the Plaintiff.
   - Whether Plaintiffs have offered sufficient evidence to claim emotional distress damages;
   - Whether Plaintiffs claimed business losses, even if a proper legal claim under the Rosenthal FDCPA, are too speculative to be awarded to Plaintiffs;
   - Whether Plaintiffs are permitted to introduce evidence of damages despite their failure to comply with the provisions of Federal Rule of Civil Procedure, Rule 26;
   - Whether Plaintiffs may call witnesses not previously disclosed pursuant to Federal Rule of Civil Procedure, Rule 26;

- Whether Plaintiffs are "debtors" within the meaning of the Rosenthal Act. *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11; Civ. Code § 1788.2, subd. (h);
- Whether the loan that is the subject of this action is a "consumer debt"; *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11; Civ. Code § 1788.2, subd. (e), (f);
- Whether Defendants are "debt collectors"; *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11;
- Whether Defendants violated the Rosenthal Act; *Barlow v. Cap. Accounts, LLC* (N.D. Cal. 2022) 2022 U.S. Dist. LEXIS 25065, at *5; *Ansari v. Elec. Document Processing Inc.* (N.D. Cal. 2013) 2013 WL 4647621, at *11;
- Whether Defendant violated the Fair Debt Collection Practices Act ("FDCPA"); 15 U.S.C. § 1692d, 1692e, 1692f;
- Whether Plaintiffs' claimed damages are recoverable under the Rosenthal Act and/or the FDCPA;
- Whether Defendants' alleged violations of the Rosenthal Act and/or FDCPA were intentional and/or resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation;
- Whether Plaintiffs are guilty of unclean hands;
- Whether Plaintiffs committed perjury;

6. <u>The Parties' Stipulations</u>

The Parties stipulate that Plaintiffs will not introduce evidence of any damages/harm/reduction in revenue to Action Motivation Inc.

7. <u>The Parties' Estimate of Trial Time</u>

The Parties estimate that trial will last approximately 2-4 court days, depending on the scope of the parties' factual and evidentiary stipulations.

8. Status of Settlement Negotiations

The Parties have engaged in multiple, unsuccessful settlement sessions. Plaintiff believes that after decisions on the Motions in Limine, another MSC session with Judge Westmore may be beneficial.

Defendants do not believe that any further settlement conferences will be beneficial.

DATED: September 14, 2023                SHAPERO LAW FIRM, PC

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Sarah Shapero

　　　　　　　　　　　　　　　　　　　　　　　　　　SARAH SHAPERO
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs Timothy
　　　　　　　　　　　　　　　　　　　　　　　　　　Bostwick and Michele Nessier

DATED: September 14, 2023                THE RYAN FIRM

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Michael Stoltzman

　　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL STOLTZMAN
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　　　SETERUS, INC

DATED: September 14, 2023                HUTCHINSON & STEFFEN, PLLC

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Michael Brooks

　　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL BROOKS
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　　　SN SERVICING CORP.