Sarah Shapero (Bar No. 281748)
Jessica Adair (Bar No. 348364)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, CA 94111
Telephone: (415) 273-3504
Facsimile:  (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK
MICHELE L. NESSIER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-02560-LB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT SETERUS, INC.'S MOTION IN LIMINE NO. 1: TO EXCLUDE TESTIMONY FROM ANY UNDISCLOSED WITNESS**<br><br>Date: November 9, 2023<br>Time: 1:00 p.m.<br>Dept.: B<br><br>Trial Date: December 18, 2023 |

Plaintiffs, TIMOTHY S. BOSTWICK and MICHELE L. NESSIER (hereinafter "Plaintiffs"), hereby submits the following opposition to Defendant's Motion in Limine No. 1:

## I.   INTRODUCTION

For the foregoing reasons, this Court should deny MIL No. 1 and admit the highly relevant testimony of Melissa Bostwick ("Melissa"), as Plaintiffs maintain that they complied with the FRCP regarding disclosures and Defendant Seterus actually deposed Melissa, she produced several documents in advance, and Plaintiffs disclosed her identity multiple. Even if the Court finds that Plaintiffs did not properly disclose this witness under the FRCP, any "failure to disclose" was harmless.

## II. LEGAL ARGUMENT

### A. Legal Standard

Courts disfavor motions in limine seeking to exclude broad categories of evidence. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]." *Sperberg*, 519 F.2d at 712. The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Lane v. Beach* (E.D.Cal. Aug. 11, 2023, No. 1:20-cv-00147-JLT-GSA (PC)) 2023 U.S.Dist.LEXIS 141020, at *2.)

"[I]t is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 16-22484-CIV, 2016 U.S. Dist. LEXIS 191596, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) (citing *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (noting, "this is a bench trial, making any motion in limine asinine on its face"). "The rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence." *Id.* (citing *Pinal Creek Grp. v. Newmont Mining Corp.*, No. CV-91-1764-PHX-DAE, 2006 U.S. Dist. LEXIS 43307, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006); *see also matter of Blue Crest Holding Asset, Inc.*, No. 17-21011-CIV, 2018 U.S. Dist. LEXIS 238320, 2018 WL 1463644, at *1 (S.D. Fla. Jan. 24, 2018). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Id.* (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796 (PKL), 2004 U.S. Dist. LEXIS 17791, 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) (*W. Palm Beach Acquisitions, Inc. v. Kia Motors Am., Inc.* (S.D.Fla. Apr. 25, 2022, No. 20-cv-80780) 2022 U.S.Dist.LEXIS 75023, at *4.)

///

### B. Defendant Seterus Cannot in Good Faith Claim Plaintiffs Made a "Belated Disclosure" as Defendant Seterus Had Ample Opportunity to Inquire into This Witness.

Plaintiffs intend to call Melissa Bostwick to testify. Plaintiffs do not intend to call Jerry Bellman, Plaintiffs' "friends and family members", or individuals associated with the Mellen Law Firm. Defendant Seterus claims that Plaintiffs' actions are akin to *TechShop, Inc. v. Rasure* (N.D. Cal. 2019) 2019 U.S. Dist. LEXIS 78067, wherein the party did not identify the witness until the parties began to submit their pre-trial documents, and *Ollier v. Sweetwater Union High Sch. Dist.* (S.D. Cal. 2010) 267 F.R.D. 339, 343), wherein the party argued the "mere mention of a name in a deposition" gave sufficient notice to the opposing party that defendants intend to present that person at trial. The presentation of Melissa Bostwick is completely inapposite in Plaintiffs' case. Defendant Seterus cannot genuinely claim that Plaintiffs are sandbagging it with a witness never previously disclosed, or that Plaintiffs deprived it of the meaningful opportunity to inquire into this witness. First, Defendant Seterus **actually deposed** Melissa Bostwick on September 21, 2023.  (Declaration of Sarah Shapero, Exh. A).  Defendant now contends that the deposition only revealed "that Melissa Bostwick helped Plaintiffs manage their leasing/rental of the subject property", not "Plaintiffs' intentions regarding the use of the subject property at the time that they obtained the refinance loan." (MIL No. 1, pg. 9.) This is ludicrous as Ms. Bostwick testified about the property being a vacation home to Plaintiffs but Defendants failed to inquire into these subjects.  (Shapero Dec, Exh. A).  These subjects are at best related, at worst adjacent to each other. Defendant Seterus deposed Melissa because it believed she may have information on what Plaintiffs used the property for. Whether it got everything it needed out of that deposition is their issue, not Plaintiffs. Defendant Seterus can hardly claim this is a surprise, or that it prejudiced its ability to prepare for trial. In fact, Defendant Seterus should have a framework from that deposition—wherein Melissa Bostwick **also produced documents.**

### C. Plaintiffs Disputed that This was a Belated Disclosure, But Even if the Court Finds it Was, the Result was "Harmless".

Two express exceptions ameliorate the harshness of Fed. R. Civ. P. 37(c)(1). The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. (*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1104.) In *Yeti,* which Defendant Seterus cites throughout its Motion, the Court excluded testimony because "Plaintiffs received Vuckovich's report one month before they were to litigate a complex case. To respond to it, plaintiffs would have had to depose Vuckovich and prepare to question him at trial. *See NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000) ("Without even a preliminary or draft supplemental expert witness report from [the expert], NutraSweet was greatly hampered in its ability to examine him about his analysis of the site work. In these circumstances, the use of the 'automatic' sanction of exclusion was not an abuse of discretion.")(*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1107.) Plaintiffs' intent to produce Melissa Bostwick is completely inapposite from these cases, where the party was essentially sandbagged with a report one month before trial, without an opportunity to depose the witness. Here, Melissa Bostwick provided documents to Defendant Seterus **and** deposed her months ago. Defendant's "surprise" at Melissa's expected testimony is not the result of Plaintiffs' failure to disclose, but of poor preparation when Melissa was right at its disposal to ask probing questions in preparation for trial.

///

///

///

///

///

///

///

4

## V. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion in Limine to exclude highly relevant witness testimony.

DATED: September 28, 2023          Respectfully submitted,

                                   SHAPERO LAW FIRM

                                   __/s/ *Sarah Shapero*__
                                   Sarah Shapero
                                   Jessica Adair
                                   Attorneys for Plaintiffs
                                   TIMOTHY BOSTWICK
                                   MICHELE NESSIER