Sarah Shapero (Bar No. 281748)
Jessica Adair (Bar No. 348364)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, CA 94111
Telephone: (415) 273-3504
Facsimile:   (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK
MICHELE L. NESSIER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP, a business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-02560-LB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT SETERUS, INC.'S MOTION IN LIMINE NO. 2 and 3: TO EXCLUDE ANY UNDISCLOSED DOCUMENTS IN DISCOVERY; TO EXCLUDE ANY EVIDENCE OF CREDIT DAMAGES**<br><br>Date: November 9, 2023<br>Time: 1:00 p.m.<br>Dept.: B<br><br>Trial Date: December 18, 2023 |

Plaintiffs, TIMOTHY S. BOSTWICK and MICHELE L. NESSIER (hereinafter "Plaintiffs"), hereby submits the following opposition to Defendant Seterus' Motion in Limine No. 1 and 2:

**I.    INTRODUCTION**

For the foregoing reasons, this Court should deny MIL No. 2 and 3, and admit the highly relevant evidence of Plaintiffs' credit damages, and the AMI spreadsheet that demonstrates Plaintiffs' credit damages. Defendant Seterus brought two separate motions, however the evidence that Plaintiffs intends to present on this issue is the same, and the grounds for its admissibility is linked as well. While Defendant Seterus claims Plaintiffs sandbagged it with this

1

previously undisclosed evidence, this could not be further from the truth. Defendant Seterus **had possession** of the AMI spreadsheet it now claims it never received. Defendant Seterus referenced this document in its motion for summary judgment papers, in several emails and phone calls to Plaintiffs' counsel and even moved to disqualify an expert, who sought to use the spreadsheet in his report. Finally, while Defendant Seterus states that credit damages to a corporation cannot be claimed under the Rosenthal Act, the parties should appropriately argue that issue at trial, as admissibility is a different standard.

## II.   LEGAL ARGUMENT

### A.  Legal Standard

Courts disfavor motions in limine seeking to exclude broad categories of evidence. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]." *Sperberg*, 519 F.2d at 712. The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Lane v. Beach* (E.D.Cal. Aug. 11, 2023, No. 1:20-cv-00147-JLT-GSA (PC)) 2023 U.S.Dist.LEXIS 141020, at *2.)

"[I]t is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial." *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, No. 16-22484-CIV, 2016 U.S. Dist. LEXIS 191596, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) (citing *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (noting, "this is a bench trial, making any motion in limine asinine on its face"). "The rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence." *Id.* (citing *Pinal Creek Grp. v. Newmont Mining Corp.*, No. CV-91-1764-PHX-DAE, 2006 U.S. Dist. LEXIS 43307, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006); *see also matter of Blue Crest Holding Asset, Inc.*, No. 17-21011-CIV, 2018 U.S. Dist. LEXIS 238320, 2018 WL 1463644, at *1 (S.D. Fla. Jan.

2

24, 2018). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Id.* (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796 (PKL), 2004 U.S. Dist. LEXIS 17791, 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) (*W. Palm Beach Acquisitions, Inc. v. Kia Motors Am., Inc.* (S.D.Fla. Apr. 25, 2022, No. 20-cv-80780) 2022 U.S.Dist.LEXIS 75023, at *4.)

**B. Defendant Seterus Cannot in Good Faith Claim Plaintiffs Made a "Belated Disclosure" as Defendant Seterus Has Had the Document At Issue in their Possession Since Tim Bostwick's Deposition.**

Defendant Seterus claims that Plaintiffs' belated disclosure of credit damages and the AMI spreadsheet are akin to *TechShop, Inc. v. Rasure* (N.D. Cal. 2019) 2019 U.S. Dist. LEXIS 78067, wherein the party did not identify the witness until the parties began to submit their pre-trial documents, and *Ollier v. Sweetwater Union High Sch. Dist.* (S.D. Cal. 2010) 267 F.R.D. 339, 343), wherein the party argued the "mere mention of a name in a deposition" gave sufficient notice to the opposing party that defendants intend to present that person at trial. Defendant Seterus cannot genuinely claim that Plaintiffs are sandbagging it with a document that they produced at Bostwick's deposition, referenced multiple times in its MSJ, and moved to exclude an expert on. (*see also* Defendant's MSJ at p. 5, lines 21-25, and Plaintiffs alleged in their initial disclosures (for the first time in the lawsuit), that their business "AMI Staging" suffered millions of dollars in damages due to their inability to obtain financing for the business. (Hensley Decl., Ex. 6, Page 2 [where the spreadsheet created by Plaintiff Timothy Bostwick details that AMI Staging would have made millions more dollars if it had obtained a small business loan].).) Defendant Seterus can hardly claim this is a surprise, or that it prejudiced its ability to prepare for trial.

**C. Whether Plaintiffs Will Prevail on Establishing Credit Damages is Entirely Separate from Establishing Admissibility at This Stage.**

Defendant Seterus further states that the Court should exclude this evidence because "Plaintiffs' business entity (i.e., AMI Staging) does not qualify as a "debtor" because: (1) it is not

3

a "natural person"; and (2) it is not the borrower of the loan and, thus, was not the subject of Defendant's purported collection efforts." (MIL, pg. 7.) First, whether Plaintiff will prevail on this argument at trial is entirely different from the evidence's admissibility. The credibility of witnesses and the weight to be accorded evidence are matters within the exclusive province of the trial court. (*Pleasant Hill v. First Baptist Church* (1969) 1 Cal.App.3d 384, 395 [82 Cal.Rptr. 1].) Second, as Plaintiffs are the only members of AMI Staging, they are natural persons under the act and completely inapposite from the corporations cited in Defendant's MIL. Unlike the cited cases, Plaintiffs do not have any shareholders, outside investors, partners. Further, Plaintiffs, as individuals, filed for bankruptcy due to Defendant's actions—which is the basis for Plaintiffs' destroyed credit in this case. Loans such as SBA(7a) are given or denied based on a borrower's personal assets and creditworthiness. Borrowers are required to guarantee and sign loan documents personally. Further, Plaintiffs' individual bankruptcies disqualified them from receiving several loans for their business. Therefore, the cited cases are inapposite, as they discuss large corporations with many shareholders. (*See Erkenbrecher v. Gra*nt (1921) 187 Cal. 7, 9 – 10 ("[A] corporation is an entity separate and distinct from its stockholders . . . .")

## V. CONCLUSION

For the abovementioned reasons, the Court should deny Defendant's Motion in Limine to exclude highly relevant witness testimony.

DATED: September 28, 2023           Respectfully submitted,

                                    SHAPERO LAW FIRM


                                    ＿＿/s/ *Sarah Shapero*＿＿＿＿＿＿＿＿＿
                                    Sarah Shapero
                                    Jessica Adair
                                    Attorneys for Plaintiffs
                                    TIMOTHY BOSTWICK
                                    MICHELE NESSIER