Sarah Shapero (Bar No. 281748)
SHAPERO LAW FIRM, PC
100 Pine Street, Ste. 530
San Francisco, CA 94111
Telephone:  (415) 293-7995
Facsimile:   (415) 358-4116

Attorneys for Plaintiffs,
TIMOTHY S. BOSTWICK,
and MICHELE L. NESSIER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY S. BOSTWICK, an individual; and MICHELE L. NESSIER, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC., a business entity; US BANK, N.A., a business entity; SN SERVICING CORP., a business entity, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: 3:21-cv-02560-LB<br>Action Filed: January 22, 2019<br><br>Assigned for All Purposes to Hon. Laurel Beeler<br><br>**PLAINTIFFS' REPLY TRIAL MEMORANDUM**<br><br>Trial Date:   December 18, 2023 |

1

PLAINTIFF'S REPLY TRIAL MEMORANDUM

## INTRODUCTION

It should first be noted that **neither** of the Defendants followed the Court's instructions as neither Defendants cited to any evidence to rebut Plaintiffs' claims. Furthermore, Defendant SN's memorandum does not address Plaintiffs' claims whatsoever and appears to be a regurgitation of perhaps a settlement conference statement (see conclusion section) without any thought given to Plaintiff's opening memorandum. In fact, other than the addition of section 2(c), Defendant SN's memorandum appears identical to the one erroneously filed on September 28, 2023 at ECF No. 167. Both parties should be estopped from introducing any evidence or arguments not raised in these pretrial briefs.

Plaintiffs have carried their burden in the trial briefs and neither Defendants have introduced any evidence which refutes their claims. As set forth below, all of Defendants' arguments lack legal merit or are unsupported by evidence. For these reasons, and the reasons stated in Plaintiffs' opening brief, Plaintiffs should prevail in this action.

## LEGAL ARGUMENT

Contrary to Defendants' assertion, Plaintiffs can, and will, prevail on their Rosenthal claims as Plaintiffs are debtors and the loan is a consumer debt, Defendants' communications with Plaintiffs were confusing and misleading, and Plaintiffs' suffered damages as a result of Defendants' actions.

**1. Plaintiffs Are Entitled to Protection Under the Rosenthal Act.**

Both Defendants continue to argue that Plaintiffs' loan is not a consumer debt for purposes of the Rosenthal Act. Under the Rosenthal Act, a debt qualifies a "Consumer Debt" if it is incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); Cal. Civ. Code § 1788.2(e). The plain language of the statute speaks to the time when the debt was incurred and it only requires the debt be incurred *primarily* for personal, family, or household purposes, not

exclusively. To classify a debt as either "consumer" or "business," courts in the Ninth Circuit must "'examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'" Slenk v. Transworld Sys., Inc., 236 F.3d 1072, 1074 (9th Cir. 2001) (quoting Bloom, 972 F.2d at 1068). As this court noted in *Glawe*, "[c]ourts determine the debtor's purpose as of the time the debt was incurred." Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC, 859 F. App'x 102, 104 (9th Cir. 2021). In order to determine whether the loan was a consumer loan, the Court must look both the "substance of the transaction" as well as "the borrower's purpose in obtaining the loan" should be considered, "rather than the form alone." (Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 462 (5th Cir. 1999)). As indicated throughout Plaintiffs' opening brief, Plaintiffs have always considered this property as a vacation home for their family and it was never their understanding or intent that the refinance loan be for any other purpose. In fact, the loan documents list the purpose of the loan as a "Refinance" for "Term and Rate Reduction." (Exhibit 1). In fact, in Thorns v. Sundance Properties, 726 F.2d 1417, 1419 (9th Cir., 1984), the Court lists the following factors to determine the purpose of a loan, all of which heavily weight in Plaintiffs' favor:

>  (1) The relationship of the borrower's primary occupation to the acquisition. The less closely related, the more likely the loan is for a personal purpose.
> 
> *In 2013, Plaintiffs managed conferences and trade shows for high-tech companies. Their vocation had nothing to do with purchasing property.*
> 
> (2) The ratio of income from the acquisition to the total income of the borrower. The lower the ratio, the more likely the loan is for a personal purpose.

> *This ratio was negative since Plaintiffs have never generated net income from the home.*
>
> (3) The borrower's statement of purpose for the loan.
>
> Plaintiffs and their daughter testified that the subject property was purchased as a vacation home. There is nothing in the loan origination documents drafted by Plaintiffs which indicate that the loan was for anything other than to refinance the debt on their vacation home.

Throughout this case, Defendants have selected which evidence that they think is best for them in arguing that the loan is not a consumer debt, while ignoring plain arguments and evidence to the contrary. For instance, take Exhibit 6, the Schedule of Real Estate Owned. The Schedule gives two choices for "Status," "OO" or "R" but these are not mutually exclusive. A property can be owner occupied while also being a rental. Furthermore, this schedule lists "Rental Income" as "$0" which would indicate that the property was not rented. In the loan application, Exhibit 1, this document is to be filled out by the Lender, not the borrower. This document has the term "investment" checked but any real estate (primary, secondary or a rental) is an investment, therefore, this statement has no bearing on the use of the property. Furthermore, it is undisputed that Plaintiffs did not fill out these forms and only signed them several months after the forms were prepared by Bank of America in connection with the loan closing wherein many forms were signed at once. Thus, the evidence overwhelmingly establishes that the loan secured by the property was consumer debt under Rosenthal.

Defendants also argue that Plaintiffs' post funding conduct indicate that the property was not a vacation home, however, these arguments are all a red herring as the law makes clear that the time to evaluate the purpose of the loan is at origination, not thereafter. Furthermore, the court should disregard Defendant

Seterus' argument regarding a purported 2016 modification application, as this application is not in evidence and was never disclosed by Defendant in discovery.

2. **Defendants Did Violate the Rosenthal Act.**

Plaintiffs contend that the Defendants violated the Act in the following three particulars: First, using false, deceptive, or misleading representations or means in connection with collection of a debt (15 U.S.C. § 1692e); Second, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C.§ 1692e(10)); and third, using unfair or unconscionable means to collect or attempt to collect any debt (15 U.S.C. § 1692f) The Act states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2)(A) the false representation of—the character, amount, or legal status of any debt.   15 U.S.C. § 1692e(2)(A). Where Defendant SN failed to provide Plaintiffs with an accurate reinstatement quote and, instead, demanded amounts not due, it violated this section. McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 245-247 (3rd Cir. 2014).  Contrary to Defendant's assertion, the reinstatement quote was far from accurate, as will be established at trial.  Specifically, the following errors have been identified in the reinstatement quote:

- SN SERVICING miscalculated and overstated "Payments Due" in the Reinstatement Quote.

- SN SERVICING did not calculate escrow properly.

- SN SERVICING cannot explain the basis for other charges in the Letter.

- SN SERVICING's Software (AMS) Did Not Handle Bankruptcy Calculations Properly.

- No one at SN SERVICING was responsible for verifying that all charges were correct, and no one, in fact, did verify them.

- SN SERVICING did not maintain, or did not consult, an amortization table for Plaintiffs' mortgage based on the Note.

- As a result of all these errors, the "REINSTATEMENT TOTAL" in the Letter is incorrect.

The Act states A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2)(A) the false representation of—the character, amount, or legal status of any debt.   15 U.S.C. § 1692e(2)(A). Where Defendant Seterus failed to provide Plaintiffs with accurate information regarding the debt throughout December 2018 and January 2019, it violated this section. Whether the debt collector's action is such a violation, must be determined from the perspective of the least sophisticated consumer or debtor. Wilhelm v. Credico, Inc., 519 F.3d 416 (8th Cir. 2008); Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006); United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131 (4th Cir. 1996); Pipiles v. Credit Bureau, Inc., 886 F.2d 22, 25–26 (2d Cir. 1989); Crossley v. Lieberman, 868 F.2d 566, 571 (3d Cir. 1989); Swanson v. Southern Oregon Credit Service, 869 F.2d 1222, 1227–1228 (9th Cir. 1988).  Defendant SETERUS argues that it did not violate the Rosenthal Act based on Defendant's Bostwick's deposition testimony which was taken entirely out of context.  Specifically, contrary to Defendant's assertion, Plaintiff Bostwick testified that the December 12, 2018 and December 17, 2018 letters were confusing and formed the basis for his damages.

Defendant also argues that Plaintiffs did not respond to a series of loan modification letters in 2017 which Seterus claims were bona fide offers to modify Plaintiff's loan.  However, Plaintiffs will demonstrate that, had Plaintiffs accepted

these offers, they would have made Plaintiffs' financial situation worse. Furthermore, each of these letters contained their own Rosenthal violations, as follows:

- SETERUS twice sent proposals stating that Plaintiffs only had to submit three trial payments and their mortgage would then be modified. These letters were misleading since neither plan necessarily led to a modification.

- SETERUS twice sent letters that misleadingly implied that the July 24 offer was being extended to September 30 when in fact, the July 24 offer had expired.

- SETERUS sent a letter that denied an offer that Plaintiffs had not applied for. It later used this as evidence of Plaintiffs having "failed" the TPP.

- SETERUS twice did not disclose that the offered plans included a large step-up in the debtor's principal owed. These increases were not authorized by the mortgage agreement or permitted by law.

- SETERUS twice offered proposals that required Plaintiffs to pay a fee before SETERUS would determine Plaintiffs' eligibility for the Trial Period Plan. Such fees are prohibited by Fannie Mae guidelines.

- SETERUS offered Plaintiffs misleading alternatives to avoid foreclosure and omitted options favorable to Plaintiffs.

- SETERUS proposed a plan that did not stop the foreclosure process even if Plaintiffs made the required three payments.

Defendant also argues that these arguments are not contained in Plaintiffs' pleadings, however, it is Defendant, not Plaintiffs, who seeks to introduce these letters. Furthermore, these letters were produced in discovery after Plaintiffs' deadline to amend their complaint passed. The letters as a group demonstrate a systemic, persistent, and deliberate pattern of behavior by SETERUS.

PLAINTIFF'S REPLY TRIAL MEMORANDUM

Next, Defendant also argues that Plaintiffs' allegations relating to the treatment of their loan modification applications in 2018 are not actionable, however, as set forth above, Plaintiffs did not discover these violations (and could not have) until they received Defendant's internal servicing notes establishing the basis for these allegations.

### 3. Plaintiffs Have Damages

Plaintiffs have established damages resulting from Defendants' conduct. Specifically, as a result of Defendants' conduct, Plaintiffs had to file for two bankruptcies which has resulted in immense damage to Plaintiffs. Specifically, as a result of these bankruptcy filings, Plaintiffs income has dropped by over $1,000,0000.00. Also, Plaintiffs are entitled to attorney's fees.

### III. CONCLUSION

For all of these reasons, Plaintiffs are entitled to judgment in their favor after a trial on the merits.

DATED: October 30, 2023                     SHAPERO LAW FIRM, PC

                                            /s/ Sarah Shapero
                                            SARAH SHAPERO
                                            Attorneys for Plaintiffs Timothy
                                            Bostwick and Michele Nessier