UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TIMOTHY S. BOSTWICK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SN SERVICING CORPORATION, et al.,<br><br>Defendants. | Case No. 21-cv-02560-LB<br><br>**FINAL PRETRIAL ORDER** |

The court held a final pretrial conference on December 1, 2023. The court issues the following pretrial order pursuant to Federal Rule of Civil Procedure 16(e).

1. **Trial Date and Length of Trial**

The bench trial will begin on December 18, 2023, in Courtroom B, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The trial will last two days. The trial day will run from 8:30 a.m. to approximately 1:30 or 2:00 p.m. and will include two fifteen-minute breaks after each one-and-one-half-hour segment to accommodate the court reporter. Counsel must arrive at 8:15 a.m. to address any issues before the trial day begins. Each side (plaintiffs and defendants, collectively) has five hours total of trial time for direct examination, cross examination, all objections raised during the trial day, and opening and closing statements That means that the trial will be a total of no more than ten hours.

ORDER – No. 21-cv-02560-LB

**2. Procedures During Trial; Exhibit and Witness Lists; Witnesses**

The parties should refer to the court's December 23, 2021 Pretrial Order[1] for the court's procedures regarding the presentation of exhibits, depositions, and witness testimony during trial. In particular, the court reminds the parties of its procedures for using deposition excerpts.[2]

The parties will call the witnesses on their separate witness lists. As discussed at the pretrial conference, if the parties identify the same witnesses, both parties will examine the witnesses during the plaintiffs' case (as opposed to recalling them).

The plaintiffs suggested putting in direct testimony by declaration, which is fine if the evidence is admissible. Assuming that the trial date sticks, as set forth in the last section of this order, any declarations must be submitted to opposing counsel by Tuesday, December 5. If the trial is continued, any declarations must be submitted to opposing counsel three weeks before the new trial date. Only agreed-to declarations will be admitted. Any admissibility issues will be vetted through live testimony.

**3. Claim**

Because disputed issues of fact precluded summary judgment, the parties will try the only claim remaining in the case: abusive debt-collection practices in violation of California's Rosenthal Act.

**4. Stipulations and Conclusions of Law**

The parties submitted a joint statement of stipulated facts.[3] They briefed the legal issues.[4]

---

[1] Case Mgmt. and Pretrial Order – ECF No. 63. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6–7.

[3] Joint Proposed Pretrial Order – ECF No. 181 at 2–5.

[4] Trial Brs. – ECF Nos. 190–193.

**5. Motions in Limine (MILs)**

The defendants joined in each other's MILs. The court rules as follows.

    **5.1    SN's MIL 1 to Exclude Evidence of Emotional-Distress Damages — Granted**

The motion is unopposed and is granted.

    **5.2    SN's MIL 2 to Exclude Hearsay — Reserved**

The court will evaluate any hearsay objections at trial.

    **5.3    Seterus's MIL 1 to Exclude Plaintiffs' Witnesses — Denied**

Witness disclosures must be made at least thirty days before trial. Fed. R. Civ. P. 26(a)(3)(A)(i). The witnesses are on the plaintiffs' witness list filed on September 28, 2023.[5] The motion is denied.

    **5.4    Seterus's MIL 2 to Exclude Evidence Not Disclosed — Denied**

The plaintiffs said that they produced the evidence during depositions and before summary judgment. The defendants seemingly disagree. If the evidence is on the exhibit list lodged with the court, then this MIL is not a ground to exclude the evidence. If it is something new, then it can't be admitted. Even if the evidence is not excludable under this MIL, that does not preclude other objections to the evidence (as discussed in the next section).

    **5.5    Seterus's MIL 3 to Exclude Credit Damages — Granted**

This motion concerns alleged damages to the plaintiffs' business, AMI Staging. At the hearing, the plaintiffs characterized these damages as being to their own credit scores. The parties' briefing also discusses the plaintiffs' damages theory that the defendants' acts allegedly caused the plaintiffs to file for bankruptcies, which in turn prevented AMI Staging from obtaining loans. But the plaintiffs have not explained how anything with AMI Staging affected their credit score. (Presumably, the bankruptcies are what did that.) Moreover, the spreadsheet that the plaintiffs contend constituted their disclosure of evidence and calculations is a spreadsheet concerning the profit AMI Staging could have generated had it been able to obtain loans. That is a spreadsheet about damages to AMI Staging, not the plaintiffs' credit scores.

---

[5] Pls.' Rule 26 Disclosures – ECF No. 170.

In any case, the motion is about the alleged lost-profits damages suffered by AMI Staging. The court grants the motion.

First, regarding whether the plaintiffs' damages evidence was not timely disclosed, the plaintiffs' spreadsheet was insufficient to satisfy their disclosure obligations.

"[Federal] Rule [of Civil Procedure] 26(a)(1)(A)(iii) requires the disclosure of 'a computation of each category of damages claimed by the disclosing party.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). "Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures 'in a timely manner' when the prior response is 'incomplete or incorrect.'" *Id.* "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Id.* "Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." *Id.* "[This] portion of Rule 37 . . . has been described as a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Id.* at 1180 (cleaned up). "The implementation of the sanction is appropriate even when a litigant's entire cause of action will be precluded." *Id.* (cleaned up). "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).

"Computation of each category of damages," as used in Rule 26, "contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Silver State Broad., LLC v. Beasley FM Acquisition*, No. 2:11-CV-01789-APG-CWH, 2016 WL 320110, at *2 (D. Nev. Jan. 25, 2016) (citing *City and Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) and other cases), *aff'd*, 705 F. App'x 640 (9th Cir. 2017). A party cannot satisfy its Rule 26 obligation to provide a "computation of each category of damages" simply by producing to the other side the documents or figures the disclosing party claims support its damages claims. "Rule 26(a) . . . requires Plaintiffs to disclose their 'computation' of lost profits, and cases have rejected the claim that the mere possession of raw financial data by the opposing party satisfies Rule 26." *Bennion and Deville Fine Homes Inc. v. Windermere Real Estate Servs. Co.*, No. ED CV 15-01921-DFM, 2018 WL 4802011, at *6 (C.D. Cal. July 17,

2018); *accord, e.g.*, *Silver State*, 2016 WL 320110, at *4 ("[A] plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages. The Defendants are not required to compute damages, Rule 26 requires plaintiffs to do so.") (cleaned up). For example, a plaintiff's disclosing "lump sums for each year of decline in its business and a lump sum for lost business opportunities" without "describ[ing] the assumptions required to calculate those lump sums" or "explain[ing] how it calculated its annual lost revenues, or how it calculated damages from lost business opportunities," is insufficient to comply with Rule 26. *Valley Surgical Ctr. v. Cnty. of Los Angeles*, No. CV 13-2265-DDP (AGRx), 2017 WL 10574240, at *3 (C.D. Cal. June 29, 2017).

Here, the plaintiffs simply provided a document or figures they claim support their damages claims. This was not enough to meet their obligations. The court thus grants this motion in limine.

Second, an independent reason to grant the motion is that the plaintiffs can't recover for damages to their business.

The Rosenthal Act provides for "actual damages sustained by the debtor as a result of the violation." Cal. Civ. Code § 1788.30(a). The same is true under the federal Act (and the Rosenthal Act incorporates the federal Act's remedies). 15 U.S.C.A. § 1692k(a). In this context, "[a]ctual damages not only include any out of pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress." *Panahiasl v. Gurney*, No. 04-04479 JF, 2007 WL 738642, at *1 (N.D. Cal. Mar. 8, 2007). This does not include secondary damages to a business owned by the plaintiffs, because those cannot be deemed "out of pocket expenses." Also, recoverable damages are those "sustained by the debtor," and the debtors here are the plaintiffs, not their business. *Johnson v. Wells Fargo Home Mortg.*, Inc., 558 F. Supp. 2d 1114, 1121–25 (D. Nev. 2008) (in the Fair Credit Reporting Act context, where damages are limited to those caused to the "consumer," losses sustained by the plaintiffs' businesses were excluded). A business entity is, of course, legally distinct from its owners. The court grants the motion on this ground too.

A final issue is that the initial disclosure was $100,000, which at minimum would cabin the available damages to $100,000, again, only if there were a viable damages theory.

The court grants the MIL.

**6. Objections to Exhibits**

Any objections to exhibits will be addressed during trial. The court encourages the parties to stipulate to chain of custody and authentication to avoid cutting into trial time.

**7. Trial**

By December 14, 2023 at 2 p.m., counsel must give notice of the order of proof (meaning, the order of witnesses and the exhibits, including illustrative exhibits) for the first day of trial. At the end of each trial day (generally, by 2:00 p.m.), counsel must give notice of the order of proof for the next trial day. The parties must notify the court of any issues by the end of the day so that the court can resolve them. To the extent that the parties will call hostile witnesses, which means that the opposing party's "cross examination" will be its direct examination, counsel must provide a list of all exhibits to be used with the same witness on cross examination (other than for impeachment). The parties will call their joint witnesses only once (which means that those witnesses will be called during the plaintiff's case).

**8.  Settlement**

The parties said that they were interested in a further settlement conference with Judge Westmore. The court will contact her and will continue the trial if necessary to accommodate her.

**IT IS SO ORDERED.**

Dated: December 1, 2023

LAUREL BEELER
United States Magistrate Judge